**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV0700 (PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF TRANSPORTATION | | |
| ET AL., | : | |
| *Defendants* | : | March 4, 2004 |

## DEFENDANTS' MOTION FOR EXPEDITED BRIEFING SCHEDULE

The defendants respectfully request leave of the Court to file the appended Defendants' Renewed Motion to Dismiss Pursuant to Federal Rule 37 and/or Rule 41 and, incorporated by reference, supporting memorandum of law (Doc. # 132). In support of this motion, the defendants represent as follows:

1. The defendants are cognizant of the Supplemental Order in the above-captioned matter and have complied regarding the filing of previous motions.

2. The defendants complied with the Supplemental Order in the original filing of their Motion to Dismiss pursuant to Federal Rule 37 and/or Rule 41. They filed a notice of compliance (Doc. # 128) with the Court on or about August 20, 2003 regarding serving their motion to dismiss and supporting papers on the plaintiff.

3. The defendants notified the plaintiff by letter dated August 20, 2003 regarding her obligation to respond to defendants' motion in a timely manner. Receiving no response from the plaintiff, the defendants filed their Motion to Dismiss (Doc. # 131), supporting Memorandum of Law (Doc. # 132) and Notice of Compliance with the Court (Doc. # 133).

4. The plaintiff, rather than follow the Court's directive, filed an appeal to the Second Circuit Court of Appeals on or about August 6, 2003. The Second Circuit in dismissing

1

the appeal in its entirety on February 20, 2004, said, in pertinent part, the appeal was "frivolous , as it is lacking an arguable basis in fact or law."

5. The defendants were forced to expend time and resources in response to the frivolous appeal, an expenditure that could have been better served in addressing the above-captioned matter.

6. The defendants seek to file their Renewed Motion to Dismiss Pursuant to Federal Rule 37 and/or Rule 41 expeditiously inasmuch as the plaintiff has wholly failed to comply with several Court orders and, despite the court bending over backward on many instances, is unlikely to cooperate now.

7. There is ample evidence on the record that the courtesy extended to the plaintiff has not been reciprocated. The defendants respectfully submit that their motion to dismiss was unduly delayed by said frivolous appeal and was the basis for the Court's denying the motion previously without prejudice. (Endorsement 131-1).

8. The defendants presume familiarity with the events of the case, but for the convenience of the Court recites as follows:

    a. The Court, in response to plaintiff's nunc pro tunc motion for extension of time to respond to defendants' interrogatories and requests for production (Doc. # 117), issued a Discovery Order (Doc. # 119, dated August 7, 2003) which ORDERED (emphasis in original) the plaintiff "to provide responses to *all* outstanding Interrogatories and Requests for Production **on or before August 11, 2003**."[1] The plaintiff, instead of taking advantage of the Court's bending over backward to allow her time to

---

[1] The Court's order also applied to responding to defendants' second set of interrogatories and requests for production. The prior deadline for responding to these discovery requests had been August 8, 2003 (Doc. # 115).

2

compile her responses, instead filed for an inappropriate Motion for Stay of All Proceedings Pending Appellate's Court Ruling that was received by the defendant counsel's office on August 11, 2003. This motion was simply a rehashing of pleadings that have been previously before this Court (Doc. # 108 and 109) and addressed by this Court (Ruling, Doc. # 111).

b.  The plaintiff wholly failed to respond to defendants' second set of interrogatories and requests for production thereby failing to comply with the above-described Court's Discovery Order (Doc. # 119, dated August 7, 2003).

c.  The discovery responses entitled "Plaintiff's Third Answer To Defendants' Interrogatories and Production, dated August 11, 2003, and the production which defendant received on August 18, 2003, were inadequate in response to defendant's first set of interrogatories and request for production and continued to raise inappropriate objections, thereby failing to comply with the Court's ruling of July 21, 2003 (Doc. #111).

9.  The defendants respectfully request their Renewed Motion to Dismiss Pursuant to Rule 37 and/or Rule 41, which by reference incorporates their previously filed motion to dismiss (Doc. # 131) and supporting memorandum (Doc. # 132), allowed to be filed with the Court unrestricted by the 21-day requirement of the Supplemental Order.

WHEREFORE, the defendants pray that the Court grant the instant motion for expedited briefing schedule and defendants' Renewed Motion to Dismiss Pursuant to Rule 37 and/or 41, which incorporates by reference their previously filed motion and accompanying supporting memorandum of law, be docketed.

>                    DEFENDANTS
>                    STATE OF CONNECTICUT
>                    DEPARTMENT OF TRANSPORTATION,
>                    ET AL.
>
>                    RICHARD BLUMENTHAL
>                    ATTORNEY GENERAL
>
> BY:                _____
>                    Eleanor May Mullen
>                    Assistant Attorney General
>                    Federal Bar No. ct22430
>                    55 Elm Street, P.O. Box 120
>                    Hartford, CT  06141-0120
>                    Tel: (860) 808-5340
>                    Fax: (860) 808-5383
>                    E-Mail Address:
>                    Eleanor.Mullen@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Motion for Expedited Briefing Schedule was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 4th day of March, 2004, first class mail, postage prepaid, to:

Vorcelia Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

                                                                                                                      _____

Eleanor May Mullen
Assistant Attorney General