UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No. 3:02CV0700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION, | | |
| ET AL. | : | |
| *Defendants* | : | March 4, 2004 |

### DEFENDANTS' RENEWED MOTION TO DISMISS
### PURSUANT TO FEDERAL RULES 37 AND 41

The defendants hereby renew their motion to dismiss pursuant to Federal R. Civ. P. 37(b)(2)(C) and 37(d), Rule 41 and Local Rule 37 that was denied without prejudice (Endorsement 131-1, September 25, 2003) pending resolution of plaintiff's appeal to the United States Second Circuit Court of Appeals. The Second Circuit dismissed the plaintiff's appeal on February 20, 2004 on, among other grounds, that the appeal was … "frivolous, as it is lacking an arguable basis in fact or law." (A copy of the Second Circuit's decision is attached).

The defendants presume familiarity with the events in this case but for the convenience of the Court recites the following:

The Defendants filed a Motion to Dismiss on September 17, 2003 (Doc. # 131), supporting memorandum of law (Doc. # 132) and a Notice of Compliance with the Supplemental Order (Doc. # 133). Defendants grounds for said motion were pursuant to Federal R. Civ. P. 37(b)(2)(C) and 37(d), Rule 41, and Local Rule 37.

The plaintiff wholly or in large part failed to cooperate during the discovery process. The defendants filed a Motion to Compel (Doc. # 87) on May 20, 2003 which was granted by the

Court on May 21, 2003 (Doc. # 94). The defendants filed a renewed motion to compel, motion for sanctions and/or summary dismissal (Doc. # 101) on June 11, 2003. The defendants, with permission from the court, served a second set of interrogatories and requests for production on the plaintiff on June 20, 2003. The defendants, due to plaintiff's failure to respond to the second set of discovery requests, filed, in compliance with the court's supplemental order, a second motion to compel (Doc. # 120) on July 23, 2003.

The Court, based on plaintiff's contention that she either "overlooked" or "was confused" issued several discovery orders. The final discovery order (Doc. # 119), dated August 7, 2003, ordered the plaintiff to comply with ALL outstanding discovery requests no later than August 11, 2003 and issued a warning that failure to comply could result in sanctions and/or dismissal of the court.

The court had already sanctioned the plaintiff (Doc. # 111, dated July 20, 2003) in the amount of $200 to compensate defendants' counsel for reasonable time and costs relating to bringing its motion to compel (Doc. # 101). The plaintiff, to date, has failed to satisfy this debt.

The plaintiff, rather than comply with the Court's order regarding discovery, filed a motion for extension of time to provide responses to the interrogatories and requests for production (Doc. # 117, dated August 6, 2003). The plaintiff did so, fully aware that she had filed with the United States Second Circuit Court of Appeals a motion to stay all proceedings below at the District Court level.

The motion for stay with the Second Circuit was also filed on August 6, 2003.

The Second Circuit on August 19, 2003 denied the plaintiff's motion for "emergency stay." The plaintiff on September 29, 2003 filed with the Second Circuit a motion for Preliminary and Permanent Injunction. The Second Circuit on October 7, 2003 granted the

2

defendants' motion to dismiss but requested in its ruling for letter briefs regarding the issue of jurisdiction over the issue of her appeal of the district court's July 23, 2003 (Doc. # 111) order denying her motion for reconsideration.

The defendants-appellees letter brief was filed on November 6, 2003.  The plaintiff-appellant, after requesting two extensions of time, filed her letter brief on or about January 12, 2004.

The Second Circuit issued a FINAL ruling on February 20, 2004 regarding plaintiff-appellant's appeal. The order stated, in pertinent part, that 1) the Second Circuit lacked jurisdiction to consider review of the district court's May 6, 2003 (Doc. #79)   ruling; and 2) that her appeal of the district court's denial of her motion for consideration was… "frivolous, as it is lacking an arguable basis in fact or law."  The Second Circuit's docket sheet cites the basis for disposing of the appeal because, "This appeal was dismissed because it was found to be frivolous, malicious or failed [lacking an arguable basis in fact or law]." (See attached docket sheet).

Now that the Second Circuit has issued its decision, the defendants file this renewed motion to dismiss and incorporate by reference the defendants' Motion to Dismiss (Doc. # 131)(Attachment A), Defendants' Memorandum of Law in Support of their Motion to Dismiss (Doc. # 132)(Attachment B); and Notice of Compliance with Supplement Order (Doc. # 133)(Attachment C).

The defendants' pray that their Renewed Motion to Dismiss will be granted.

DEFENDANTS
DEPARTMENT OF
TRANSPORTATION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Eleanor May Mullen
Assistant Attorney General
Federal Bar # ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Eleanor.Mullen@po.state.ct.us


## **CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing  Defendants' Renewed Motion to Dismiss was mailed, first class postage prepaid,  this       day of March, 2004 to:

Vorcelia Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514


_____
Eleanor May Mullen
Assistant Attorney General