# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT, <br> Plaintiff, <br> vs. <br> James F. Byrnes, Commissioner, ET. AL. <br> Defendant | CIVIL NO. 3:02CV00700(PCD) <br><br> March 24, 2004 |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41

The plaintiff moves for a denial of defendants' motion pursuant to rules 37 and 41 as the grounds defendants' site are with a skewed foundation. Defendant moves under rules 37 and 41. The Second Circuit ruled on plaintiffs' appeal on October 7, 2003 and in that ruling did not sight anything about the appeal being frivolous. The "appeal" that defendants' refer to as being dismissed on February 20, 2004 was actually a Preliminary Injunction that the appeals court interpreted as an appeal and as such it was their perception that the Injunction was "…frivolous and lacking in arguable basis in fact or law" The Defendants' misappropriate the Second Circuit statement. The Second Circuit final statement in the order states that "To the extent that appellant otherwise sought an injunction, any such motion must be made in the district court."

The grounds that the Defendants' raise for dismissal based on rules 37 and 41 should be denied because the arguments slants the truth as to what plaintiff has done or not done in these proceedings and speculates as to plaintiffs' motives and what she will or will not do.

The court has already made its ruling on the consequences of plaintiff's actions which resulted in sanctions. To continually visit dismissal on these grounds has resulted in many pleadings being filed by the defendants' and is contributing to bog-down the

proceedings. Plaintiff actions that resulted in sanctions was not willful or done in bad faith but was a result of her inability to comply. She did not have access to the law library that placed restrictions on plaintiff's time in which to respond to the defendants' many motions and she was not knowledgeable enough of the discovery process or the proceeding to continue without having such access to the law library. Plaintiff is pro se and is not a trained attorney and yet she has continued to diligently prosecute. Her inability posed by these restrictions again was not willful and not done in bad faith. *Societe Internationale Pour Participations Industrielles Et Commerciales v. Rogers*, 357 U.S. 197, 207, 78 S. Ct. 1087, 1093, 2L.Ed.2d 1255(*1958* )

Defendants' moving to dismiss by resorting to Federal Rule of Civil Procedure 41(b) is also inappropriate as it is concerned in the rules mainly with trials and lacks specific reference to discovery. The court has already addressed with particularity via rule 37 the consequences of plaintiff's failure to comply and now again the defendants' request dismissal based on speculation of plaintiff's failure to comply.

Defendants' reasons that are sited as to why the dismissal should be granted are based only on their reciting the events of these proceedings or the docket that have already been decided by the court and again is skewed with traces of inaccurate information. The following bold face replies are made in response to the paragraphs in the defendants' motion.

1. Plaintiff…failed to cooperate during the discovery process

**Plaintiff has already explained this position above as her inability to respond but not done willfully or in bad faith. Plaintiff did respond to the best of her ability at the time.**

2. ...Plaintiff failed to respond to second set of discovery request...

**Plaintiff did not fail to respond to the second set of discovery request. She responded to the best of her ability being that she had not gathered much of the information requested by that time as her time was absorbed in keeping abreast of the proceedings.**

3. The Court, based on Plaintiff's contention...

**The Court has made its rulings and continually revisiting these issues is only doing what the defendant has accused the plaintiff of doing and that is delaying the proceeding.**

4. The court has sanctioned the plaintiff...

**The plaintiff has not been working a full schedule and is presently out of work and does not receive workmen compensation or unemployment compensation.**

5. Plaintiff rather than comply with court's order...filed for an extension of time

**Plaintiff was within the rules to request an extension of time. In doing so plaintiff has not failed to diligently prosecute and comply with the federal rules in making such a request.**

6. The motion for stay with the Second Circuit was also filed on August 6, 2003.
   The Second Circuit denied plaintiff's motion for "emergency stay"

**The plaintiff did nothing wrong in making such a request that she needed as explained earlier due to the time restrictions she was experiencing. Plaintiff's appeal was filed on August 4, 2003 before the deadline for discovery of August 11, 2003.**

7. Plaintiff on September 29, 2003 filed with the Second Circuit a motion for Preliminary and Permanent Injunction. The Second Circuit on October 7, 2003 granted the defendant's motion to dismiss.

**This motion granted to dismiss on October 7, 2003 was not a dismissal of the Preliminary Injunction that plaintiff filed on or about September 26, 2003. The defendants began to harass the plaintiff that made filing for an injunction a necessity. October 7, 2003 was a denial of the appeal that the plaintiff filed on August 4, 2003. The Preliminary Injunction was ruled upon on February 20, 2004.**

8. The Second Circuit requested …the issue of jurisdiction over the issue of her appeal of the district court's July 23, 2003 order denying …reconsideration

**This all had to do with the motion for a preliminary injunction and not the appeal that was ruled on October 7, 2003. The defendants have confused the two thereby giving a wrong impression of the actual proceedings.**

9. Appelles-defendants letter brief was filed on November 6, 2003. The Plaintiff-appellant, after requesting two extensions of time, filed her letter brief on or about January 12, 2004

**Plaintiff was in the hospital twice within the period between October and December. She was in about two weeks each time. Plaintiff exercised the Rules to request an extension. The rules makes provisions for attorneys who are incapacitated but there is nothing that applies for a pro se litigant in these proceedings. The plaintiff again, did not request these extensions in bad faith**

but did so do as a result of her incapacity that prevented her from proceeding. **Plaintiff letter brief was dated December 8, 2003 and not December 12, 2003.**

10. Now that the Second Circuit has issued its decision the defendants file this renewed motion to dismiss and incorporate by reference the defendants' Motion to Dismiss.

**Plaintiff requests that defendants' Renewed Motion to Dismiss be denied. The grounds upon which Defendants' motion is made is inadequate and only give the appearance of the plaintiff proceeding in bad faith when in reality the plaintiff has not done anything wrong or in bad faith to warrant dismissal.** Wherefore, for all the reasons above Plaintiff prays that her motion in Opposition to Defendants' Renewed Motion to Dismiss Pursuant to Federal Rules 37 and 41 be granted.

Submitted by: _____
Vorcelia Oliphant
130 Cherry Ann Street, Unit 3
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the Motion In Opposition To Defendants Renewed Motion to Dismiss Pursuant to Federal Rules Of Federal Rules 37 and 41, in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 25th day March 2004 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

                    PRO SE Plaintiff

                    BY: *Vorcelia Oliphant* (signature)
                    Vorcelia Oliphant
                    130 Cherry Ann Street, Unit 3
                    New Haven, CT 06514
                    (203)237-7515