UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| VORCELIA OLIPHANT, Plaintiff, vs. James F. Byrnes, Commissioner, ET. AL., Defendant | CIVIL NO. 3:02CV00700(PCD) March 24, 2004 |
|---|---|

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41

Defendant moves under rules 37 and 41. It has been demonstrated that plaintiff's actions previously that warranted sanctions was not willful nor in bad faith but a result of her lack of access to the law library coupled with her pro se status and health. Defendants' raising this action under Federal Rule of Civil Procedure 41(b) which is concerned with trial and does not refer to discovery appears to be inappropriate. *Salahuddin v. Harris* (1986, CA2 NY) 782 F2d 1127, 4 FR Serv 3d 241.

Plaintiff has prosecuted and has continued in these proceedings to the best of ability. She is preceding Pro Se. Dismissal of this proceeding would be the most severe sanction for noncompliance with discovery orders. *National Hockey Leave v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 49 L. Ed. 2d 747, 96 S. Ct. 2778(1976) per curiam). The plaintiff's ability to comply with the court's order has in the past proven to be, at

times in these proceedings, outside of the plaintiff's control as a result of different factors previously mentioned. ***Bambu Sales, inc. v. Ozak Trading Inc.***, 58 F.3d 849, 852-54(2d Cir. 1995)*(citing Societe* 357 U.S. at 212-13 *and Jones v. Niagara Frontier Transp. Authority*, 836 F.2d 731 (2d Cir. 1987)). Any of Defendants' allegations of the plaintiff's appearance to be uncooperative with discovery that it has interpreted as bad faith is not. Plaintiffs' inability to provide " meaningful discovery" was partly due to plaintiff not having the ability to perform any discovery at all not even to request discovery from the defendants' in the time frame prescribed. Should she had the opportunity she would have been better prepared to address the defendants' interrogatories and request for production. Nothing that the plaintiff has done is in bad faith or is willful. Plaintiffs' lack of knowledge of these proceedings and not having access to resources in the past when discovery was ordered attest to plaintiff's inability to comply. Plaintiff has complied with all other filing dates and has not missed any in all of these proceedings.[1]

Defendant's through out has speculated on plaintiffs motive and abilities in their memorandum as grounds for dismissal. Dismissal, as a sanction, based on defendants' speculations, would be a harsh and appear unjustifiable especially since the accusations levied against the plaintiff are from a trained and skilled attorney which the plaintiff is not, plaintiff is pro se.

Defendants' motion to dismiss on the grounds raised and on rule 41(b) would be unjustifiable especially since noncompliance depends exclusively upon rule 37 and rule

---

[1] Defendants in their Memorandum To Dismiss states on page 3 that the responses on or about March 25, 2003 were filed untimely. Plaintiff mailed the responses and certified the same on or before the date due but it was then explained to the Defendant that the mailing had been returned for insufficient postage. Plaintiff believes that she mailed the defendant a photocopy of the envelope that showed the information on the returned envelope as proof.

41 is concerned with trial and lacks specific reference to discovery. The two rules do not appear to be interchangeable as the defendants' suggest.

Plaintiff has not attempted to delay but the numerous pleadings reflected in the docket for which the plaintiff has responded on time are proof of the plaintiff's vigorous prosecution in the proceedings and none have been filed late. There is no evidence of intentional delay on part of the plaintiff or bad faith in plaintiff exercising her right to appeal though if inartfully pleaded. *Haines v. Kerner* 404 U.S519 (1972), plaintiff has been diligent in complying and prosecuting in these proceedings *Debadele ben v. Quinlan* (1991 CA 10 KAN 937 F2d 502.

Wherefore, plaintiff prays that plaintiff's MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41 be granted.


Submitted By: *[signature]*
Vorcelia Oliphant
130 Cherry Ann Street
New Haven, CT 06514, Unit # 3
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the Memorandum In Opposition To Defendants Renewed Motion to Dismiss Pursuant to Federal Rules Of Federal Rules 37 and 41, in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 25th day March 2004 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

                    PRO SE Plaintiff

                    BY: _____
                    Vorcelia Oliphant
                    130 Cherry Ann Street, Unit 3
                    New Haven, CT 06514
                    (203)237-7515