UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No. 3:02CV0700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION, | | |
| ET AL. | : | |
| *Defendants* | : | April 6, 2004 |

**<u>DEFENDANTS' MOTION TO RENEW DEFENDANTS' RENEWED MOTION TO DISMISS
PURSUANT TO FEDERAL RULES 37 AND 41</u>**

The defendants hereby renew their renewed motion to dismiss pursuant to Federal R. Civ. P. 37(b)(2)(C) and 37(d), Rule 41 and Local Rule 37 that is presently pending compliance by the plaintiff with the Court's discovery order, dated March 10, 2004. (Doc.# 139). The discovery order requires responses to all outstanding Interrogatories and Request For Production by March 26, 2004. Plaintiff filed a Notice of Compliance, dated March 26, 2004. (Doc.#142). Plaintiff's responses have failed either wholly or in large part to comply with the Court's discovery order. (See Ex. 1 attached hereto).

The defendants presume familiarity with the events in this case as set forth in detail in their Renewed Motion To Dismiss, dated March 4, 2004, (Doc.# 138) and point out that the Court's most recent discovery order which is the subject of this motion is in addition to four previous discovery orders. (Doc. #94, 111, 115, 119).

The outstanding interrogatories and requests for production which were the subject of the Court's Discovery Order (Doc.#139) relate to Defendants' First Set of Interrogatories and

1

Request For Production, dated November 26, 2003, and were specifically set forth in the Court's Ruling, dated July 21, 2004.  (Doc. #111). The Court in its Ruling stated:

> "In the absence of Plaintiff's strict compliance with the Interrogatories ordered answered (e.g. Interrogatory Numbers 17, 19, 20, 23, and 24) Plaintiff will be deemed to have no information or facts to answer the same.  The same result will apply to production requests Numbers 1, 2, 6, and 8 with respect to documents or material called for in the requests and no such documents or material will be admitted into evidence."
> "Accordingly, Defendants' motion for sanctions is granted, and Plaintiff is ORDERED to pay $200 to defendants' counsel to compensate for the reasonable time and costs related to bringing the motion to compel."

In addition to the outstanding interrogatories from the Defendants First Set of Interrogatories and Requests for Production, plaintiff's responses to the Defendants' Second Set of Interrogatories and Requests for Production, dated June 20, 2003, were also outstanding. Defendants have made every effort to cooperate with plaintiff in order to give her still another opportunity to comply with the discovery orders. (See Ex. 2 attached hereto).  Nonetheless, plaintiff's responses have failed either wholly or in large part to comply with the Court's discovery order for the following reasons:

1. Interrogatory Request 17 of the Defendants' First Set of Interrogatories and Requests for Production, dated November 27, 2003, seeks statements given by either the plaintiff or any individual named in response to any of the interrogatories regarding the subject matter of this case or concerning the actions of any party or witnesses.

> Plaintiff's response:  "Jay Doody, attorney at Law Leeds, Morelli and Brown, Attorney Joseph Moniz, this may have to be supplemented at a later date because presently plaintiff's recollection is limited."

2

Plaintiff's response is unresponsive and incomplete to the extent there are other individuals who have made statements regarding the subject matter of this case or concerning the actions of any party or witness.

2.  Interrogatory Request 19 of the Defendants' First Set of Interrogatories and Requests for Production, dated November 27, 2003, seeks identification of medical treatment providers, dates of medical treatment, and medical opinions rendered.

Plaintiff's response: "Plaintiff was in the hospital June, 2002, under doctors care, Mark Josel in June, 2002, and presently. Dr. Kenneth Robson August 2003-October 2003, Dr. Enrique Tello presently. Plaintiff plans to supplement her complaint should she recall other doctors that she has not already provided in previous response or this one."

Plaintiff's response is incomplete and unresponsive to the extent that there are additional medical providers.

3.  Interrogatory Request 20 requests whether plaintiff made any recordings of conversations with anyone employed by DOT regarding the allegations of her complaint.

Plaintiff's response: "Plaintiff tape recorded a meeting on August 21, 2003. It was a meeting with her supervisors and Jay Doody, her union representative. The defendants were aware that the meeting was being tape recorded. Plaintiff presently does not know where that tape is and cannot find it."

Plaintiff's response is evasive and unresponsive and mirrors her similar response to Production Request 3 which requests a copy of the tape identified in Interrogatory Request 20 in which she states that the "one tape cannot be located at this time but if found plaintiff will provide it."

3

4. Interrogatory Request 23 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, requests plaintiff to state with specificity all damages and losses that she alleges to have suffered.

Plaintiff's response: "Punitive damages in an unspecified amount not less than $300, 000. Loss of earning due to illness from plaintiff's job in the amount of $30,000 estimated actual. Pain and suffering an unspecified amount not less than $300,000.00 Compensatory damages."

Plaintiff's response is unresponsive.

5. Production Request 1 of the Defendants' First Set of Interrogatories and Request For production, dated November 27, 2002, seeks copies of all medical reports and records, and itemized statement s of medical expenses related to plaintiff's complaint.

Plaintiff's response: "Provided are Medical Authorizations."

Plaintiff's response is incomplete in that the medical authorizations contain no addresses.

6. Production Request 2 of the Defendants' First Set of Interrogatories and Request for production, dated November 27, 2002, seeks copies of each non-privileged statement identified in response to Interrogatory No. 17.

Plaintiff's response: "Plaintiff will need to contact the parties to whom she made such statements and will supplement this request should she obtain it."

Plaintiff's response is evasive, incomplete, and unresponsive based on the fact that the Defendants' First Set of Interrogatories and Request for Production are dated November 27, 2002 and have been in plaintiff's possession since November 27, 2002.

7. Production Request #6 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, requests documents that relate to any treatment, examination or consultation that you received in the past three years for any psychiatric or psychological illness, disorder or condition.

Plaintiff's response: "Medical releases are provided as well as some doctor statements."

Plaintiff's response is incomplete in that the medical releases contain no addresses. (See Ex. 3 attached hereto). Plaintiff's response is further incomplete to the extent there are additional doctor statements beyond the "some" already provided that relate to this request.

8. Production Request #8 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, seeks all notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the complaint.

Plaintiff's response: "Enclosed but will supplement as others become available.

Plaintiff's response is unresponsive and incomplete to the extent there are additional documents related to this request based on the fact the Defendants' First Set of Interrogatories and Request for Production are dated November 27, 2002 and have been in plaintiff's possession since November 27, 2002.

9. Production Request #10 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, seeks complete medical authorizations.

Plaintiff's response: "Enclosed." (See Ex. 3 attached hereto).

Plaintiff's response is incomplete in not providing the addresses of the medical providers.

5

9. Plaintiff has failed to pay $200 to defendants' counsel to compensate for the reasonable time and costs related to bringing the original motion to compel despite the Court's order and correspondence from the undersigned's office regarding the same. (Doc.#111) (See Ex. 4 attached hereto).

Plaintiff has responded to Defendant's Second Set of Interrogatories and Requests For Production. (See Ex.1 attached hereto) However, defendants wish to point out to the Court that her responses to the Defendants' Second Set of Interrogatories and Requests For Production should be stricken and rendered void as they relate to the Court's Ruling, dated July 21, 2003, regarding Interrogatories 5, 7, 8, 9, 10, 11, 12, 15, 16, 25, and Production Request 7 of the Defendants' First Set of Interrogatories and Request for Production. (Doc. #111). The Court's Ruling barred plaintiff from presenting evidence on issues raised in these interrogatories and request for production based on plaintiff's noncompliance with discovery.

Defendants received the permission of the Court to file a Second Set of Interrogatories and Requests For Production (Doc. #99), after the plaintiff was granted permission to amend her complaint. (Doc.#65). Because the second amended complaint included five additional individual defendants and an additional state agency as well as many more detailed factual allegations, several of the interrogatories and requests for production likewise mirrored with more detail those of the first set. After the defendants filed their Second Set of Interrogatories and Request For Production on June 20, 2003, the Court issued its Ruling on July 21, 2003, regarding plaintiff's noncompliance with discovery regarding the First Set of Interrogatories and Request For Production barring plaintiff from presenting evidence on certain issues. (Doc. #111). To the extent plaintiff's responses to the Second Set of Interrogatories include evidence on those issues already barred by the Court's Ruling and thereby amount to an attempt to bypass the

Court's Ruling (Doc.#111), plaintiff's responses to the Second Set of Interrogatories and Request for Production should be stricken and rendered void.

WHEREFORE the defendants respectfully request that their Motion to Renew Defendants' Renewed Motion To Dismiss be granted on the basis of plaintiff's continued and inexcusable noncompliance with the Court's most recent discovery order regarding specific interrogatories and request for production as set forth in the Court's Ruling, dated July 21, 2003. (Doc.#111).   In the alternative, the defendants request that plaintiff's responses to Defendants' Second Set of Interrogatories and Requests be stricken and rendered void as they relate to issues that plaintiff has been barred from presenting on as set forth in the Court's Ruling, dated July 21, 2003. (Doc.#111).

DEFENDANTS
DEPARTMENT OF
TRANSPORTATION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Eleanor May Mullen
Assistant Attorney General
Federal Bar # ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Eleanor.Mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing Defendants' Motion To Renew Defendants' Renewed Motion to Dismiss was mailed, first class postage prepaid, this 6th day of April, 2004 to:

Vorcelia Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

_____
Eleanor May Mullen
Assistant Attorney General