# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED
2004 MAY -3 P 12: 19

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF<br>TRANSPORTATION, ET AL.<br>Defendants | CIVIL NO. 3:02CV00700(PCD)<br>NEW HAVEN, CO...<br><br>May 3, 2004 |

### PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41

Plaintiff pursuant to Federal Rule of Civil Procedure 37(a) and in opposition to defendants renewed motion to dismiss pursuant to Federal R. Civ. P. 37(b)(2)(C), 37(d) Rule 41 and Local Rule 37 move for defendants' motion to be denied.

The defendants in attempt to have the plaintiff sanctioned and information stricken has gone about the task of attempting to make the plaintiff appear uncooperative when the plaintiff has done above what has been required in attempts to comply fully with the court's March 10, 2004 court order. Plaintiff has responded to the Court's order of dated March 10, 2004(Docket No. 139) timely, in good faith and due diligence. Any appearances of non-compliance by the plaintiff is not out of willfulness but is only due to her inability or oversight in responding to the interrogatories and production. Plaintiff initiated an attempt to confer with defendants counsel to clarify among which of the two sets of interrogatories (November 26, 2002 and June 2003) were interrogatories that remained outstanding (See defendants Motion to Renew Defendants' Renewed Motion to Dismiss Pursuant to Federal Rules 37 and 41 dated April 6, 2004, attachment No. 2). Defendants counsel responded only by sending June 2003 interrogatories which plaintiff

i.

already had. To avoid any confusion as to which set of interrogatories were to be answered and to avoid the error of **not** answering any outstanding interrogatories, plaintiff answered **all** the interrogatories issued by the defendants (both and first set and second set) for this reason none of the answers should be stricken. Plaintiff in her 3rd response to interrogatories raised objection on grounds of patient/physician privilege and on the grounds that the interrogatories she was being ordered to answer were interrogatories from her first complaint filed when she had since that time amended her complaint. Plaintiff also objected to questions and production on the grounds that she had been barred from providing or answering certain questions (docket no. 119) for this plaintiff was sanctioned. In the fourth response to interrogatories plaintiff was ordered to answer all outstanding interrogatories (docket no. 139). Therefore, since plaintiff did as the court order by answering both sets of interrogatories plaintiff answers should not be stricken. The answers are directly related to the questions that were asked of the plaintiff and are not an attempt to address issues that have been dismissed by the court. The answers are those that relate directly to the harassment and retaliation and other treatment that the plaintiff received from the defendants. Therefore, Plaintiff to the best of her ability, and in good faith answered **all outstanding** interrogatories and production request pursuant to ruling dated July 21, 2003(Doc. No. 111) and March 10, 2004(Doc. No. 139).

With regards to interrogatory request number 17 of the Defendants First Set of Interrogatories Requests for Production, dated November 28, 2003 plaintiff responded to with all the names that she is aware of. Plaintiff only mentioned supplementing due to her being on medication or illness or state of mind in which her memory is impaired. If the court so desire, plaintiff has provided the defendants with medical releases that will

2.

substantiate this claim. Nonetheless, plaintiff provided all the names that she was aware of when answering the interrogatory in good faith and to the best of her ability and only mentioned supplementing should a party come to remembrance that plaintiff had unintentionally omitted. To the best of her knowledge plaintiff presently knows of no other parties that fit interrogatory no. 17.

Regarding interrogatory no. 19, plaintiff provided all the names of caregivers that she is aware of at this time. Defendants speculate as to what plaintiff plans to do as though they are mind readers. Plaintiff provided the information to the best of her knowledge, ability and in good faith and only mentioned supplementing should a doctor have been unintentionally omitted that the plaintiff does not presently recall. Also, plaintiff has previously provided the names of doctors when answering interrogatories previously who are not the same doctors mention herein because they have been seen since the previous answers were provided. Plaintiff has only attempted to answer the interrogatories completely and thoroughly by mentioning supplementing them though there are no other doctors that the plaintiff is presently aware of.

Interrogatory no. 20 Plaintiff recalls only a single tape that she made, with the foreknowledge and permission of the defendants attending a meeting. Plaintiff has misplaced the tape. It is possible that the defendants may have its own tape of the meeting unknowingly to the plaintiff. Nonetheless, the plaintiff not long after the meeting missed placed the tape and has not yet found it. Plaintiff is not being willful but only truthful as to the production of this recording.

Interrogatory no. 23 is one that the plaintiff must not have understood the question. Again plaintiff inability to answer the question is not due to her deliberately

3

attempting to disobey the court order or trying to be unresponsive. Plaintiff answered the question to the best of ability, as she comprehended it.

Production request no. 1, the addresses was an oversight by the plaintiff. There is nothing on the page for authorization provided by the defendants requesting the information to remind plaintiff to provide an address. Plaintiff in addition went through the extra expense and time to have the documents notarized as was required for each doctor she listed. The lack of address is only an inadvertent error. The information provided however is sufficient to locate any of the doctors listed with the Authorizations and the interrogatories having their full names provided.

Production request no. 2, plaintiff did not fully understand the question but does not recall parties to whom she made non-privileged statements which is why she needed to contact the parties who she did recalled such as Jay Doody, Joseph Moniz and other previously listed for such statements. Also, plaintiff had requested of the defendants a time when she could retrieve her things from her workstation that she believes the production material is among these things. This request was sent via fax on March 8, 2004. The Court order was issued on March 10, 2004. Plaintiff did not get a response from defendants until after April 2, 2004. As noted, these things have not been in plaintiff possession. Plaintiff has been out of work since October 2003. Plaintiff did not want to request an extension until after her things were recovered from her work station to respond to the interrogatories/production for concern of appearing obstinate and accused of delaying the proceedings as has been done previously. Therefore, plaintiff answered the interrogatories and provided production to the best of ability without her materials from her workstation (See Exhibits No. 1-2) that the defendants have in their

4

own possession. Plaintiff also mentioned this factor in her last motion in opposition to defendants' motion to dismiss dated March 25, 2004.

Production request no. 6, plaintiff refers to "some doctors statements" because plaintiff could only provide the statements she had in her possession. She provided the Authorizations to the Attorney General's office of the doctors for the AG's office to obtain any doctor statements that she did not have. This is the reason why the plaintiff referred to "some doctors' statements".

Production request no. 8 is the same as production request no. 2. Plaintiff is without her things from her workstation, which she believes items for this request are among. Plaintiff made a request to get these things March 8 and only heard from the defendants after her interrogatories were due and submitted. The items were not available to the plaintiff that is why she mentioned providing them when they became available. Plaintiff lack of response was not willful. (See Exhibits No. 1-2).

Production request no. 9 Plaintiff provided the Attorney General Authorizations and had them notarized to comply with this authorization. Again, the lack of addresses was an oversight by the plaintiff. Defendants authorization showed nothing to request or remind one to provide an address. However the information provided is sufficient to locate the doctors or a phone call between the plaintiff and the defendant would take little time to clear up this oversight and not cause any delays by which the defendant would be prejudiced.

On April 27, 2004 Plaintiff mailed to the defendants' counsel a bank check in the amount of $200(See attached Exhibit No. 3) in compliance with Court ruling document

5

no 111. Plaintiff's gainful employment was reduced dramatically since August 2002 and has been out of work since October 2003 due to health reasons.

Wherefore, the Plaintiff respectfully request that the court deny defendants Renewed Motion to Dismiss on the grounds that the plaintiff has complied with the court's order to the best of her ability and there is nothing willful that would require dismissal or sanctions or that items be stricken.

Submitted By: *[signature]*
Vorcelia Oliphant
130 Cherry Ann Street No. 3,
New Haven, CT 06514
(203) 237-7515

6

## CERTIFICATION

This is to certify that a copy of the PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41 in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 3rd day May 2004 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

                                      PRO SE Plaintiff

                              BY: _/s/ Vorcelia Oliphant_
                                Vorcelia Oliphant
                                130 Cherry Ann Street, Unit 3
                                New Haven, CT 06514
                                (203) 237-7515

To: Mike Lonergan, Kenneth Fargnoli, James Connery

From: Vorcelia Oliphant

Date: March 8, 2003

Re: Retrieving all of my things from my work statation

I am writing per Wanda Seldon's letter to me wherein she instructed me to make arrangements to pick-up my things from my work station.

I would prefer to do this after work hours. Please let me know if arrangements can be made with security to accompany me.

I do not wish to encounter anyone from the office and hope that this can be arrange in this way with security. Also, there are somethings I need from my desk immediately today and have asked if Peter Macher can come to my work area at lunch time or break time to retrieve these items for me.

Thank you for your consideration.

*Exhibit 1*



# STATE OF CONNECTICUT
## DEPARTMENT OF TRANSPORTATION

2800 BERLIN TURNPIKE, P.O. BOX 317546
NEWINGTON, CONNECTICUT 06131-7546

Phone: (860) 594-2680

April 16, 2004

VIA CERTIFIED MAIL

Ms. Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

Dear Ms. Oliphant:

    This is a follow up to my April 1, 2004 letter to you regarding your request to make arrangements to retrieve your personal belongings from your workstation. As previously explained, you can make arrangements to retrieve your personal belongings anytime between the hours of 7:30 AM and 4:30 PM, Monday through Friday, provided that you give a minimum 24-hour prior notice to this office. Arrangements can be made with Security personnel to accompany you as requested and you are also allowed to have Union representatives accompany you if you desire.

    Contact me as soon as possible to make the proper arrangements. In my absence you may also contact Kenneth Fargnoli, James Connery, Robert Wiecki or Kim Breton.

Very Truly Yours,

Michael W. Lonergan
Construction Administrator
Bureau of Engineering and
Highway Operations

*An Equal Opportunity Employer*
Printed on Recycled or Recovered Paper

Exhibit #2

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

April 27, 2004

Eleanor M. Mullen
Attorney at Law
55 Elm Street
Employment Rights Department
P.O. Box 120
Hartford, CT 06141-0120

Re: $200.00 bank check for sanctions

Dear Attorney Mullen:

Please find enclosed a bank check for $200.00 for sanctions per Judge Dorsey's Court Order.

Sincerely,

*Vorcelia Oliphant*
Vorcelia Oliphant

enclosure

No. 848999

```
WITHDRAW CHECK   WC   04-26-04 14:46:06 MEMBER              50   123 CHK
ACCT    AMOUNT    WITHDRAWAL   FED-WH    BALANCE   WTH-FEE   ST-WH
  2     200.00      200.00      0.00
```

VORCELIA OLIPHANT
278 BROAD ST
MERIDEN CT 06450

CONNECTICUT
STATE EMPLOYEES'
CREDIT UNION, INC.

THE PLACE TO
SAVE
BORROW
INVEST

TELLER

SUPERVISOR

---

CONNECTICUT STATE EMPLOYEES'
CREDIT UNION, INC
84 Wadsworth St., Hartford, Connecticut 06106
TELEPHONE (860) 522-5388

DEDICATED TO FINANCIAL NEEDS
OF STATE EMPLOYEES'

No. 848999

51-44
119

DATE 04-26-04    CHECK NO. 000848999    AMOUNT **********200.00

TWO HUNDRED AND .00 DOLLARS

PAY TO THE ORDER OF

VORCELIA OLIPHANT
OR OFFICE OF STATE
ATTORNEY GENERAL

VOID AFTER 180 DAYS

FLEET BANK
HARTFORD, CONNECTICUT

AUTHORIZED SIGNATURE

⑈848999⑈ ⑆011900445⑆ 0125 0476⑈



Exhibit 5