UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAY -3 P 12: 19

| VORCELIA OLIPHANT, Plaintiff, vs. STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, ET AL. Defendants | CIVIL NO. 3:02CV00700(PCD) DISTRICT OF NEW HAVEN, CONN. May 3, 2004 |
|---|---|

## MEMORANDUM FOR PLAINTIFF'S RENEWED MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41

The defendants renewed their motion to dismiss pursuant to Federal R. Civ. P. 37(b)(2)(C), 37(d), Rule 41 and Local Rule 37 claiming that the outstanding production and interrogatories are non responsive, incomplete and does not comply with the court order. For this reason the defendants are seeking sanctions, dismissal of plaintiff's case and to have the responses stricken.

Plaintiff has moved the court for denial of the motion because the plaintiff has responded in good faith and to the best of her ability. *Societe Internationale Pour Particpations Industrielles ET Commerciales, S. A. v. Rogers* **(1958) 357 US 197, 2 L Ed 2d 1255, 78 S CT 1087)**. Dismissal or sanctions imposed by Rule 37 would make dismissal improper after plaintiff have shown a good faith effort to comply but made to appear to have failed in some aspect or another. *Von Der Heydt v Kennedy* **(1962) 112 AppDC 78, 299 F2d 459, 5 FR Serv 2d 607.**

Dismissal for noncompliance even if repetitive will not be wuphed due to inability rather than willfulness, bad faith or disregard of parties responsablilities. *Jones v Louisiana State Bar Asso.* **(1979, CA 5 La) 602 F2d 94, 28 FR serv F2d 162.**

Also, plaintiff has not been obstructionist or dilatory where she had not paid $200 sanction. The sanction as of April 27, 2004 has been paid. Plaintiff had been working sporadically since August 2002 due to illness. Thomas v Gerber Productions (1983, CA9 Cal) 703 F2d 353, 35 FR serv 2d 1216.

(Plaintiff is aware that this case is not of this circuit but the principals remain the same in this case and request the court to consider them on these grounds). The same applies to plaintiff inability to locate a tape recording for production. ***Haskell v Philadelphia Transp. Co.* (1956, DC Pa) 19 FRD 356**, the court will not order dismissal of action on failure of plaintiff to produce certain documents were plaintiff searched diligently and is unable to locate them and files an affidavit …that they will be produced immediately if located. For this reason plaintiff responded to supplement the complaint should she find the tape recording made on or about August 21, 2003.

Plaintiff has complied with the best of her ability and has not been willful or acted in bad faith in responding to interrogatories or production request. It has been shown in other districts that dismissal pursuant to 37(b) 2 is not justifiable. ***Kropp v Ziebarth*(1977, CA 8 ND) 557 F2d 142, 23 FR serv 2d 830, later app (CA8 ND) 601 F2d 1348, 778 F2d 120(2nd cir).**

Plaintiff case should not be dismissed if the information provided by her that is ordered by the court is sufficient. ***Valentin v Dinkins* (1997, CA2 NY) 121 F3d 72 (2nd Cir. 1997).** Plaintiff in spite of not being able to conduct discovery due to having no access to legal libraries which would have assisted her in answering and being prepared for defendants interrogatories and request for production nonetheless, answered all the

2.

interrogatories and provided production and has diligently and expeditiously complied with court order of March 10, 2004.

Wherefore, plaintiff respectfully request that the court deny the defendants motion for dismissal, sanctions and for answers to be stricken. Plaintiff has in good faith, diligently complied with the court's orders.

Submitted By: *[signature]*
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

3

# CERTIFICATION

This is to certify that a copy of the PLAINTIFF'S MEMORANDUM TO RENEW MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41 and in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 3rd day May 2004 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

                                                PRO SE Plaintiff

                                        BY: _____
                                              Vorcelia Oliphant
                                              130 Cherry Ann Street, Unit 3
                                              New Haven, CT 06514
                                              (203) 237-7515