UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | Docket No. 3:02CV0700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION, | | |
| ET AL. | : | |
|    *Defendants* | : | MAY 27, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41**

Plaintiff's appeal before the Second Circuit Court of Appeals having been concluded and a mandate issued on May 11, 2004, thereby allowing the District Court to assume jurisdiction in the above-entitled matter, the defendants, Department of Transportation et al., now file their reply to the Plaintiff's Motion To Renew Motion In Opposition To Defendants' Renewed Motion To Dismiss and state as follows:

Defendants object most strenuously to plaintiff's complete untruth in asserting the uncooperativeness of defendants' counsel in responding to her request for assistance in determining the outstanding interrogatories. The emails attached as Ex.2 to Defendants' Motion to Renew Defendants' Renewed Motion To Dismiss Pursuant to Federal Rules 37 and 41 show anything but a lack of cooperation on the part of defendants' counsel. Plaintiff, herself, refused defendants' counsel offer to send her both sets of interrogatories after defendants' counsel first referred plaintiff to the Defendants' Motion To Compel regarding the outstanding interrogatories.

Defendants also wish to point out that plaintiff's responses completely prejudice the defendant in defending this lawsuit.  Her answers continue to be limited to what she can remember at this moment in time.  Indeed, she has even based her unresponsive answers on *"her being on medication or illness of state of mind in which her memory is impaired* (Plaintiff's Motion To Renew Motion In Opposition To Defendants' Renewed Motion To Dismiss, p. 2). Contrary to plaintiff's assertion, she has never provided names of medical providers in any of her three responses, (See Ex. 1 attached hereto), other than her most recent responses, dated March 26, 2004 which are the subject of this motion.  Contrary to plaintiff's assertion regarding the lack of directions for providing the addresses of the medical providers on the medical authorization forms, Production Request #10 of Defendants' Interrogatories and Requests For Production, dated November 26, 2002, is clear in stating otherwise.  (See Ex. 2 attached hereto).

Plaintiff argues that she was prejudiced in answering the outstanding interrogatories because of defendants' failure to respond to her request to retrieve *"her things from her workstation"* by the March 26, 2004 deadline set by the Court for responding to all the outstanding interrogatories, (Doc. #142), having left defendants' employment on October 3, 2003.  Defendants remind the Court that its most recent discovery order was in addition to four previous discovery orders (Doc.#94, #111, #115, #119); the last one of which set the deadline of August 11, 2003.  Accordingly, plaintiff was well aware of the need for any documents among *"her things from her workstation"* before leaving defendants' employment in October, 2003. Furthermore, as of May 7, 2004, plaintiff has not responded to defendants' correspondence regarding the retrieval of her personal belongings by a co-worker as requested by plaintiff. (Ex. 3 attached hereto).  Accordingly, her assertion regarding prejudice in answering the outstanding

interrogatories because of defendants' failure to respond to her request to retrieve her personal belongings is absolutely disingenuous.

Finally, plaintiff's assertion that she does not understand and has answered the interrogatories to the best of her ability is simply disingenuous given the nature of the protracted pleadings in this case. The undersigned has devoted enormous amounts of time and resources to the defense of this lawsuit despite the demands of her caseload. Nonetheless, a year and a half after the filing of the first set of interrogatories on November 26, 2002, plaintiff has yet to provide a statement of damages but continues to assert that she does not understand the interrogatories.

Accordingly, defendants assert prejudice in their ability to defend this lawsuit and respectfully request that the Court grant their Renewed Motion To Dismiss. In the event the Court does not grant defendants' motion, defendants request in the alternative that the Court bar any evidence set forth in plaintiff's responses to Defendants' Second Set of Interrogatories and Request For Production to the extent said responses include evidence on issues already barred by the Court's ruling on July 21, 2003 (Doc. #111). Said responses should be stricken and rendered void as an attempt to circumvent the Court's ruling.

|  |  |
|---|---|
|  | DEFENDANTS DEPARTMENT OF TRANSPORTATION, ET AL. |
|  | RICHARD BLUMENTHAL ATTORNEY GENERAL |
| BY: | _____ Eleanor May Mullen Assistant Attorney General Federal Bar # ct22430 55 Elm Street, P.O. Box 120 Hartford, CT  06141-0120 Tel:  (860) 808-5340 Fax: (860) 808-5383 Eleanor.Mullen@po.state.ct.us |

## **CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing  Defendants' Motion To Renew Defendants' Renewed Motion to Dismiss was mailed, first class postage prepaid,  this 27th  day of  May, 2004 to:

Vorcelia Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

_____
Eleanor May Mullen
Assistant Attorney General

4