**MANDATE**

D.Conn. /NJHCT
02-CV-700
Dorsey, J.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

FILED
JUN 14  1 56 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

------

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 20th day of February two thousand four.

Present:
    Hon. James L. Oakes,
    Hon. Amalya L. Kearse,
    Hon. José A. Cabranes,
        Circuit Judges.

---

Vorcelia Oliphant,

        Plaintiff-Appellant,

v.                                                                     No. 03-7772

John Doe, 1-2, Jane Doe, 1-2,

        Defendants,

Department of Transportation, et al.,

        Defendants-Appellees.

---

[UNITED STATES COURT OF APPEALS FILED FEB 20 2004 Roseann B. MacKechnie, CLERK SECOND CIRCUIT — seal]

Appellant pro se moved in this Court for a preliminary and permanent injunction; appellees moved to dismiss the appeal. In a prior order, this Court dismissed the appeal except "[t]o the extent that Appellant intended to appeal the portion of the July 23, 2003 order denying her motion for reconsideration of the district court's May 2003 order denying a preliminary injunction," Oliphant v. Doe, No. 03-7772 (2d Cir. Oct. 6, 2003), and ordered the parties to submit copies of the papers filed in the district court in connection with appellant's preliminary injunction motion, as well as letter briefs addressing appellate jurisdiction. Such submissions have now been made, and appellees have taken the position that this Court has jurisdiction only over the July 2003 order denying reconsideration of the denial of injunctive relief, and not over the denial of injunctive relief itself.

FEB 20 2004                                  — ISSUED AS MANDATE MAY 19 2004 —

Upon due consideration, it is ORDERED, to the extent that appellant seeks review of the district court's May 2003 order denying appellant's motion for a preliminary injunction, that the appeal be and it hereby is dismissed for lack of appellate jurisdiction. The notice of appeal was filed more than 30 days after entry of the order denying that motion; the 30-day deadline for appeal, see Fed. R. App. P. 4(a)(1)(A), was not extended by the district court's granting of a motion to extend the time for reconsideration because the extension motion was not filed within 10 days of the entry of the order denying the injunction motion, see, e.g., Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 401 (2d Cir. 2000).

It is FURTHER ORDERED, to the extent that appellant seeks review of the district court's July 2003 order denying her motion for reconsideration of the denial of the injunction motion, that the appeal be and it hereby is dismissed sua sponte. Such an appeal calls up for review only the denial of the reconsideration motion, not the merits of the underlying judgment, and is reviewable only for abuse of discretion. See generally Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n.7 (1978). Given that standard of review, the appeal is frivolous, as it is lacking an arguable basis in fact or law. See, e.g., Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous . . . ."); Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995) (court of appeals has inherent power to dismiss an appeal on the ground that it is frivolous when "no arguably meritorious issue" is presented for review, even if appellant has paid the requisite appellate filing fees).

It is FURTHER ORDERED that appellant's motion for injunctive relief in this Court is denied. To the extent that appellant sought a motion for such relief pending appeal, that request, in light of the above dismissal of all remaining aspects of the appeal, is moot. To the extent that appellant otherwise sought an injunction, any such motion must be made in the district court.

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk

By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by: _____
DEPUTY CLERK