# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, ET AL.<br>Defendants | CIVIL NO. 3:02CV00700(PCD)<br><br>JUNE 18, 2004 |

FILED
JUL 19  2 10 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

### PLAINTIFF'S REPLY TO DEFENDANT'S REPLY(MAY 27, 2003) TO PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULE 37 AND 41

The defendants have protracted the proceedings by its many attempts to dismiss and then attempt to make it appear as though the plaintiff is causing them to assert prejudice in their ability to defend this lawsuit. The Plaintiff has respond to the Court's order dated March 10, 2004(Docket No. 139) timely, in good faith and due diligence. Plaintiff respectfully request that the defendants' request of the court to grant its Renewed Motion to Dismiss, or for the Court to bar any evidence set forth in the Plaintiff's response to the Defendants' Second Set of Interrogatories be denied. The plaintiff who has been forthright in responding to the defendants' production and interrogatories and has provided proof of the same has given information requested that provides the defendants information to continue litigating this case.

Counsel contends that she has expended enormous amount of resources in defense of this lawsuit. However it is the Plaintiff who has expended much energy in defending herself against the defendants many motions to dismiss and expedited Briefing and other groundless measures they have taken in attempt to dismiss this case and prolong the proceedings. Plaintiff has only responded to these motions in due diligence to defend against the defendants continued attempts at circumventing the proceedings which this their most recent motion serves as an example. In this motion, all defendants issues raised are "after the fact" which the plaintiff details as follows:

Defendants' counsel contends in her reply that Plaintiff asserts an "untruth" in showing the defendants' being uncooperative: Plaintiff emailed counsel to confer on which

interrogatories were outstanding and to know precisely what answers and production was required by defendant's counsel. Plaintiff was very exact to describe to what it was she was requesting. Defendants'counsel's only response was to send interrogatories that the plaintiff already had. However in her motion to dismiss No. 153, defendants' counsel details the "outstanding interrogatories" that she believe were not answered by the plaintiff when this was something that could have been done with the plaintiff when she had requested by email on March 23, 2004.

In her motion to Dismiss dated April 6, 2004, Doc 143 defendants' counsel provided these emails as exhibits. The emails illustrate how the defendants counsel did not provide the "outstanding interrogatories" and she did not answer the plaintiff as to which interrogatories were outstanding. She only was willing to forward all the interrogatories which plaintiff indicated that she already had. Plaintiff in the emails was also very precise to describe what she was requesting of the defendants' counsel with regards to "outstanding interrogatories". Defendant's counsel did not respond in kind to the plaintiff's request by email but did detail the "outstanding interrogatories" in her Motion to dismiss dated May 27, 2004 Doc. 153. The Defendant shows that she knew which interrogatories were outstanding and could have cooperated with the plaintiff and provided this information when plaintiff attempted to confer with her on it. Her mentioning the "outstanding interrogatories in good detail in the May 27, 2004, Doc. 153 motion to dismiss is "after the fact". Plaintiff respectfully requests that defendants motion be denied. Court's March 10, 2004, Doc 139 ruling only mention outstanding interrogatories and made no mention of what interrogatories these were. Plaintiff, in order to avoid omitting any interrogatories responded to both sets of interrogatories to avoid missing any. Plaintiff has in good faith complied with the court's March 10, 2004, Doc 139 ruling and the defendant detailing the "outstanding interrogatories" in her May 27, 2004 Doc 153 motion to dismiss is "after the fact" and is a good waste of the court's time in her attempts at circumventing the proceedings and

prejudicing the plaintiff by their actions(See Exhibit 1, emails attached). Plaintiff further request that nothing of her interrogatories be stricken or denied accepted into evidence.

Defendant can not be prejudiced by plaintiff's answers. Plaintiff has mentioned her memory being impaired by medicine as such may be the case, and so as to place the defendants on notice. But the plaintiff has **not** been willful, has not attempted to avoid answering any questions fully but has answered fully and provided plenty of information and all the information to the interrogatories that she is aware of so as not to present unresponsive interrogatories or to prejudice the defendants. The defendants have plenty of information in response to their interrogatories. Plaintiff has answered the interrogatories fully.

Defendant contends that plaintiff never provided names of medical providers in any of her three responses. This is pointless as it has nothing to do with plaintiff's current responses to interrogatories. This issue has been addressed in the previous orders by the court and the past medical providers names given or not given is not an issue here as it has already been ordered by the court that the plaintiff must provide this information which in her latest response to the interrogatories and previously she has. Plaintiff maintains that in her first response to interrogatories she relied on client/attorney privilege and the HIPPA law for confidential health information which court also rejected. The plaintiff then relied on confidentiality based on patient/physician privilege. The court rejected this objection and ordered plaintiff to provide the information. Nonetheless, in the previous production requests, the plaintiff had provided medical reports from her doctors to the defendants' counsel. These reports included the names of the physicians that have treated the plaintiff within the past 10 years. In the last set of interrogatories plaintiff provided all the names of physicians that she is aware of which includes doctors that have treated her for the past 15 years and not only the most recent doctors as the defendants' counsel contends.

In the most recent responses to interrogatories Defendants' counsel continue to contend that plaintiff did not provide addresses for medical providers despite the production request of

November 26, 2002 requesting it. The plaintiff maintains that the forms the defendant provided for this information did not detail an "address" section on it that easily made the omission of the address an oversight for the plaintiff. The plaintiff provided plenty of information, including medical reports that provided this information. The defendants with the doctors names alone had enough information to locate these Registered Medical professionals. The defendants' counsel is making the "doctor's addresses" out to be more of an issue than what it is. Plaintiff provided the medical information that the court ordered.

Defendants again make an issue of a matter that is "after the fact". This matter regarding plaintiff having her things from her workstation. Defendants are attempting to contend that they are prejudiced by actions that they controlled and which was outside of the plaintiff's power to reconcile. Plaintiff had written for her things on March 8, 2003 which she provided the fax memo to the court in her previous defense to dismissal. The court's order was issued on March 10, 2004. Within all that time defendants did not respond to plaintiff's request to retrieve her things. When they did it was again "after the fact" or after the deadline that the plaintiff had to respond to the court's mandate. Plaintiff anticipated a mover or a courier to retrieve her things for her. When she did not hear from the defendants until after the date that she had to submit interrogatories, plaintiff had to coordinate and make arrangements with someone else to retrieve her things. This happen in April after hearing from the defendants long after the interrogatories and production was due. Plaintiff could not have anticipated needing her things from her workstation to respond to the interrogatories or the Courts March 10, 2004 order prior to her having notice of the order. Plaintiff without being aware of this order had already attempted to get her things as she has shown by the fax of March 8, 2004. She also could not anticipate the defendants taking so long to respond to her request which was beyond the due date of March 26, 2004 ordered by the court. Plaintiff has since retrieved her things through another party. The fact that the defendants raise the point that it was on May 7, 2004 is again "after the fact" because the reply by the defendants came after plaintiff's response was due and this was not in anyway in

4

control of the plaintiff as her belongings were in the possession of the defendants who she awaited and anticipated a time before the March 26, 2004 deadline to receive a reply from them but did not. Plaintiff did not fail to respond to the defendants to retrieve her things since the defendants did not respond until April. The time plaintiff needed a response would have been within the time she had made request for them, with in the period of March 8, 2004 through March 26, 2004.

Plaintiff maintains that she is not a trained attorney and there is nothing protracted in plaintiff admitting her lack of understanding of the questions posed. Plaintiff is not fully understanding how to detail the damages and requests that she is permitted to confer with counsel or given opportunity to revisit this item on this topic to know exactly how the damages is to be addressed. Plaintiff is not a trained attorney.

Submitted By:  /s/ Vorcelia Oliphant
Vorcelia Oliphant
130 Cherry Ann Street No. 3,
New Haven, CT 06514
(203) 237-7515

5

# CERTIFICATION

This is to certify that a copy of the **PLAINTIFF'S REPLY TO DEFENDANT'S REPLY (MAY 27, 2003) TO PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULE 37 AND 41** in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 18TH day May 2004 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

        PRO SE Plaintiff

BY: *Vorcelia Oliphant* (signature)
     Vorcelia Oliphant
     130 Cherry Ann Street, Unit 3
     New Haven, CT 06514
     (203) 237-7515