# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>　　Plaintiff,<br>　　vs.<br>STATE OF CONNECTICUT DEPARTMENT OF<br>TRANSPORTATION, ET AL.<br>　　Defendants | CIVIL NO. 3:02CV00700(PCD)<br><br>August 11, 2004 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO PLAINTIFF'S REPLY TO DEFENDANT'S REPLY(MAY 27, 2003) TO PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULE 37 AND 41**

Plaintiff requests that Defendants' objection to plaintiff's reply be denied. Defendants' claim that plaintiff's reply is in violation of the Court's Supplemental Order, Paragraph 6. However plaintiff has complied with the process of these proceedings. She has timely filed her reply in accordance with the Fed. Rules of Civil Procedure on Pleadings (6-11).

Plaintiff reply was in opposition to the defendants' 12(b) motion and as an implied summary judgment the plaintiff responded to the motion as one that demanded an answer or risk the penalty of having her case dismissed for lack thereof or default.

Defendants' are forever refering to the plaintiff's pro se status and the court's ruling in (doc. 98) out of context. The truth is that the plaintiff is not a trained attorney but there is nothing willful or otherwise that the plaintiff has done to prejudice the defendants in filing her reply. In spite of her pro se status, plaintiff should not be precluded from protecting her right to respond to a summary judgement motion that appears to introduce new issues that warrants a response from the plaintiff or her risking default for a lack thereof.

The Defendants' for their own error in failing to respond to the plaintiff's reply now chooses to make it appear as though the plaintiff is in error for following procedure of the proceedings in responding to their summary judgement reply.

Should the court determine that the plaintiff's reply is a surreply then the pro se plaintiff respectfully request the court to grant her leave to file the motion.

In doing so the Defendants' are not prejudiced. They would be in a better position to respond by having additional time from since June 22, 2004 to prepare and respond to the plaintiff's reply or surreply however the court determines.

Wherefore, the plaintiff respectfully request that the defendants objection to the plaintiff's reply or surreply be denied.

Submitted by _/s/ Vorcelia Oliphant_
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

## CERTIFICATION

I hereby certify that a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO PLAINTIFF'S REPLY TO DEFENDANT'S REPLY (MAY 27, 2003) TO PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULE 37 AND 41 was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 12th day of August, 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Submitted by: _____
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514