UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUN 2  1 17 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, ET AL.<br>Defendants | CIVIL NO. 3:02CV00700(PCD)<br><br>May 23, 2004 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

I.     Defendants submitted a motion and memorandum to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). In response to this motion plaintiff submits this brief in opposition to the defendants' motion to dismiss.

II. Aruguments

a.     **The defendants claim that the court lacks subject matter jurisdiction over plaintiff's claims under Title VII and Conn. Gen Stat. §46a-60(a)(1), §46(a)-60(a)(4), §46a-70, §46-71(a)(b)(d) because the plaintiff has failed to exhaust her administrative remedies. Plaintiff's response is as follows:**

The circuit courts have held that Congress did not intend to make Title VII the exclusive remedy for discrimination in the work place against state and municipal officers for violations of Constitutional rights.   See Vulcan Soc'y of New York City Fire Dept., Inc. V. Civil Service Comm'n, 490 F.2d 387, 390 n.1 (2nd Cir. 1973) and Annis v. County of Westchester 36 F.3d 251(2nd Cir. 1994).  In Annis, dismissal was granted the defendants under the Federal Rules of Civil Procedure 12(b)(1) and (6) when the plaintiff failed to include a Title VII count alleging unlawful sex discrimination and to exhaust administrative remedies. The Second circuit reversed dismissal granted by the district

court. The circuit courts have held that an employment discrimination plaintiff alleging the violation of a constitutional right may bring suit under §1983 alone, and is not required to plead concurrently a violation of Title VII. Therefore the plaintiff is not required to exhaust administrative remedies having brought action under §§1983,1985 and 1986. See Bradley v Pittsburgh Bd. Of Educ,., 913 F.2d 1064, 1079(3rd Cir. 1990); Johnston v. Harris County Flood Control Dist., 869 F.2d 1565, 1573(5th Cir. 1989), cert. denied, 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738(1990); Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir. 1989); Roberts v. College of the Desert, 870 F.2d 1411, 1415-16 (9th Cir. 1988) Keller v. Prince George's County, 827F.2d. 952, 956-63(4th Cir. 1987) Trigg v. Fort Wayne Community Schools, 766 F.2d 299, 302(7th Cir. 1985) Day v. Wayne County Bd. Of Auditors, 749 F.2d 1199, 1205 (6th Cir. 1984). In **Zipes v. Trans World Airlines, Inc.,** 455 U.S. 388 (1982) the court held that Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that like a statute of limitations is subject to waiver, estoppel and equitable tolling. The structure of Title VII, the congressional policy underlying it and the reasoning of the Court's prior cases all led to that conclusion. Pp.1132-1135.

**b. Defendants further claim that the plaintiff did not receive a Right-to Sue letter.**

Plaintiff contends that as in Jackson v. Seaboard Coast Line R. Co. 678 F.2d 992 (11th Cir.1982) a Right-to-Sue letter is not a jurisdictional prerequisite in a Title VII charge that deprives the federal district court of its subject matter jurisdiction. A Right-to-Sue letter is a conditional prerequisite. In addition, the plaintiff is alleging a claim of retaliation against her for filing charges against the defendants. Generally it is not

2

required that the plaintiff exhaust administrative remedies before suing for retaliation in federal court. See Malarkey v. Texaco, Inc., 983 F.2d 1204 (2d Cir. 1994). Plaintiff has timely filed her complaint which is from the December 2003 date wherein the actions of the defendant culminated in retalitory disciplinary actions against the plaintiff based on a wrongly-pursued fact-finding hearing on September 26, 2003.

Plaintiff filed a complaint with the affirmative action office on or about January 30, 2003 but the office "played games" with the complaintant for the intake of the complaint; failed to continue with the complaint and never notified plaintiff of her rights to pursue that complaint further with the EEOC when it ceased to continue processing the complaint. Nonetheless, the defendants continuously and persistently harassed the plaintiff creating for the plaintiff a work environment that severely altered the conditions of her employment and caused the plaintiff's health to suffer. Thus, prompting the plaintiff to seek relief that could be expedited speedily. Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992(11th Cir. 1982) mandates that all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements. Zipes v. Trans World Airlines, inc., 455 U.S. 385, 102 S. Ct. 1127, 71 L.Ed. 2d. 234(1982) the requirement that EEOC charge be timely filed is not jurisdictional prerequisite. See Fouch v. Jekyll Island –State Park Authority, 713 F.2d 1518(1983). The fact that the plaintiff, since filing in federal court, has filed a charge with the Commission on Human Rights and Opportunities and Equal Employment Opportunities Commission, permits the application of principles of equitable tolling.

Plaintiff is pro se and though she may have filed a previous lawsuit (Oliphant v. State of Connecticut, Department of Transportation et al., 3:02 CV-700 (PCD) this does

3

not mean that she is versed in the practices and procedures of the law. Haines v. Kernier 404 U.S. 519, 520-21 (1972), Lugo v. City of Charlotte, 577 F. Supp. 988(W.D.N. Carolina 1984). Plaintiff complaint filed with the district court included pending or supplemental jurisdiction and equitable tolling.

The plaintiff claims, for the defendants' violation of plaintiff's rights protected under the state law, that the district court has pending jurisdiction to hear these matters as they involve a violation of plaintiff's rights guaranteed under the 14th amendment Accordingly, the plaintiff demonstrates and respectfully requests that none of her claims be dismissed for lack of subject matter jurisdiction.

**c. Defendants contend that plaintiff's complaint should be dismissed for plaintiff's failure to state claim**

Also, the second Circuit in Annis v. County of Westchester, 36 F.3d 251(2nd Cir 1994) ruled on appeal from an order dismissing complaint for failure to state claim upon which relief can be granted that the Court of Appeals must assume truth of allegations in complaint. Furthermore, pursuant to Fed. Rules of Civ. Proc 12(b)(6), the District court's dismissal of complaint for failure to state claim upon which relief can be granted is subject to de novo review by the Court of Appeals; taking all of plaintiff's factual allegations as true, Court of Appeals will affirm only where no set of facts could support claim.

In Akos Swierkiewicz v. Sorema N.A. 534 U.S. 506, 152 L.Ed. 2d pursuant to Federal Rule of Civil Procedure 8(a) and 9(b), the Supreme Court ruled that Complaints in employment discrimination actions need only satisfy the simple notice pleading requirements of provision of Federal Rules of Civil Procedure, and are not subject to a

heightened pleading standard. Also, Complaints in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under McDonnell Douglas frame work, but instead, must contain only a short and plain statement of the claim showing that the pleader is entitled to relief' and a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest. Plaintiff has done this. Contrary to what the defendants state, the plaintiff has provided notice of the basis of her claims, alleged that she has been discriminated against which includes being harassed and retaliated against for filing earlier complaints, and provided relevant dates. See Conley v. Gibson, 355 U.S. 41,47, 78 S. Ct. 99,2 L.Ed.2d 80. Therefore, plaintiff respectfully requests that the defendant's claims for dismissal for failure to state a claim not be granted the defendants as the Plaintiff has satisfied the requirements in accordance with Akos Swierkiewicz v. Sorema.

**d.      The Eleventh Amendment Bars Plaintiff's Claim against DOT under 42 USC§1981, §1983, §1985(3),§1986, the ADA, the Rehabilitation Act, the FMLA, CFEPA, and against the Defendants in their official Capacity to the extent plaintiff seeks money damages from the Defendants in their official capacities under 42 USC§1983.**

Plaintiff has done more than made conclusory allegations in her complaint but has with particularity put forth her claims. In the event that the court determines for the sake of her claims under the above statutes or §1983 that this is not the case, "the circuit's have directives to permit plaintiff's initially failing to state a claim the opportunity to amend or supplement the pleadings freely, so that he may state his best case." Wicks v. Miss State Employment Svces., 41 F.3d 991 (5th Cir. 1995).

Plaintiff states the following in response to defendants defense raising the Eleventh Amendment. The Eleventh amendment does not bar suits for relief against state officials in their official capacity. See Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714(1908) nor does the amendment preclude a damages award against state officials in their individual capacity. See Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114(1985). Court would err to dismiss plaintiff's claims on basis of Sovereign Immunity. Plaintiff under 1983 has stated that the defendants actions violated plaintiff's rights to equal protection and due process under the 14th amendment. See Carrion v. Yeshiva University 535 F. 2d. 722, 729(2nd Cir. 1976).

Plaintiff demonstrates in her claims that she was denied an impartial decision in the fact-finding hearing. <u>In Carrero v. New York City Housing Authority,</u> 890 F.2d 569(2nd Cir.) the right to an impartial decision maker is one of the most elemental due process rights. See Goldberg v. Kelly, 397 U.S. 254, 271, 90 S.Ct. 1011, 1027, 25 L.Ed. 2d 287(1970). The plaintiff asserts in her complaint that the Affimative Action Officer, Wanda Seldon, and DOT fact finding panel do not qualify as an impartial decision maker as all are employees of the department of transportation. This is one example of the plaintiff setting forth her claims in her complaint with particularity which would satisfy the requirements of the Eleventh Amendment in stating her claims against the state officials under the statutes that the defendants reference.

It has been determined by congress' authority under section 5 of the 14th amendment that the Eleventh Amendment does not bar Title VII claims. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456, 96 S.Ct 2666, 2671, 49 L. Ed. 2d 614(1976).

In <u>Wu v. Thomas</u>, 863 F.2d 1543 (11th Cir. 1989) The Eleventh Amendment does not bar suits for relief against state officers in their official capacities nor damages award against state officials in their individual capacities. In this case, <u>Wu v. Thomas</u>, the circuit court erred for dismissing the plaintiff's complaint under the Eleventh Amendment. Plaintiff's claims are brought under 42 U.S.C. §2000e under Title VII for which no eleventh amendment barrier exists under this section. Lastly, under §1983 plaintiff is seeking properly damages from state officials sued in their personal capacities as they fit the definintion of person for the sake of this statute. See <u>Hafer v Melo</u>(1991) 502 US 21, 116 L.Ed 2d 301, 112 S Ct 358, 91 CDOS 8883, 91 Daily Jorunal Dar 13658, 57 BNA FEP Cas 241, 6 BNA IER Cas 1487, 57 CCH EPD ¶41059. Plaintiff respectfully request that are claims not be dismissed under these provisions or that she is permitted to amend her complaint if the court finds that in accordance with rule 7(a) that the court require greater detail in addition to what the plaintiff has already provided to respond the the defendants' claims though in doing so it would appear that the plaintiff is being subject to a heightened standard of pleading that has previously been discussed above.

e.  **Plaintiff's 1981 and 1983 claims:**

Circuit courts under **§1981** have suggested an imtermediate postion that treat §1981 claims as overruling the *Jett* holding that §1981 violations can be remedied only under §1983. Plaintiff's is proceeding against the State of Connecticut in her §1981 action

Plaintiff for her 1981 claims asserts intentional discrimination which makes compensatory damages available and damages available under Title VII and the ADA and the damages under these provisions as authorized by §706 of Title VII. Because

7

plaintiff's supervisors are nongovernmental defendants who have engaged in unlawful discrimination practices against her with malice and reckless indifference to her federally protected rights plaintiff is entitled to punitive damages.

**f. Defendants claim that individually named defendants may not be held liable under Title VII, The ADA, §504, and FMLA lack requisite personal involvement under §1983 plaintiff states the following:**

The state of Connecticut DOT ADA, §504 and the FMLA may be held liable. §1983 and the rehabilitation act and ADA prohibits retaliation. ADA and RHA prohibits retaliation even when the complaintant is adjudged not to be a qualified individual with a disability. In Krouse v. American Sterlizer Co., 126 F.3d 494(3rd Cir. 1997). Retaliation claims brought under ADA a nd RHA are treated the same as Title VII retaliation claims. ADA states that:

> "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this chapter."

The Supreme Court decision in Kimel v. Florida Bd. Of Regents, 139 F.3d 1426 (11th Cir. 1998) Muller v. Costello, 187 F.3d 298, 307-119(2nd Cir 1999) had found that congress clearly and properly abrogated states' immunity. Plaintiff raises her claims against the state and the defendants in there proper capacities for these statutes.

**g. Defendant's claim that Plaintiff's claims under 42 U.S.C. §1983 should be dismissed because she fails to state a cause of action should not be dismissed because of the following reason.:**

8

Plaintiff on page six of this brief states the deficiencies of the fact-finding process. In addition, §1983 provides for a cause of action for the violation of federal rights protected by the constitution. The plaintiff claims the defendants violated her first, fifth and fourteenth amendments rights as state previously. She should not be subject to a heightened standard of pleading as set forth in Akos Swierkiewicz v. Sorema N.A. Only tow allegations are required in order to state a §1983 cause of action: 1) Plaintiff must allege that some person has deprived her of federal right and 2) Plaintiff must allege that the person who had deprived her of that rights acted under color of state …law. See Gomez v. Toledo, 100 S.Ct1920(1980). Wherefore, the plaintiff requests that the defendants' motion for dismissal on these grounds be dismissed.

**h. Defendants' claim that plaintiff's claim under 42 U.S.C. §§1985(3) and 1986 fail to state a cause of action.** The plaintiff states the following: Plaintiff's claims should be permitted to stand under these provisions. Plaintiff had in January 2003 notified the affirmative action office of retaliation against her by her supervisors and that office refused to act. §1986 creates a claim against any person who "having knowledge that any of the wrongs conspired to be done, in §1985 action or of actions hindering one's equal protection under the law, and the same having power to prevent or neglects or refuses to prevent the commission of the actions "shall be liable to the party injured. Plaintiff has demonstrated that her claim does state a cause of action and respectfully request that this court not dismissed her claims to this action.

**i. Defendants claim that Title VII is on the only remedy for retaliation claims under §1983. Plaintiff states the following:**

9

In Annis v. County of Westchester, 36 F.3d 251(2nd Cir 1994) the court determined that Title VII is not the only sole statutory remedy for employment discrimination by state and municipal empoyers that amounts to a constitutional tort. The court held that an employent discrimantion plainitiff alleging the violation of constitiutional right may bring an action under §1983 alone, and is not required to plead concurrently a violation to Title VII.

**j. Defendants assertion that plaintiff's claims are time-barred under§ §1983, 1982,1985, and 1986. Plaintiff states the following:** Plaintiff has set for the dates in her complaint which demonstrates that her claims are not time-barred. Plaintiff documents the defendants continuous actions against her which she shows dates from the past to the present.

**k. Defendants asserts that the defendants are entitled to qualified immunity. Plaintiff states the following:** The Eleventh amendment does not bar sutis for equitable relief against state officers in their official capacities nor damages award against state officials in their individual capacities. See Wu v. Thomas, 863 F.2d 1543(11th Cir. 1989) as plaintiff has made claims under 42 U.S.C.§2000e. Under this action Congress has abrogated a states eleventh amendment rights. In a §1983 action against a public official whose postion might entitle him to qualified immunity, a plaintiff need not allege that the official acted in bad faith in order to state a claim for relief; burden is on the defendant to plead a good faith as an affirmative defense. The defendants have not done this in its memorandum but has only pleaded conclusory statements of the law. See Gomez v. Toledo, 100 S.Ct 1920(1980). In Shultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) the court placed the burden on the defendant to show the requirements necessary for the defense of

qualified immunity; good faith. See Gomez v. Toledo, 446 U.S. at 638 n.5, 100 S. Ct at 1922 n. 5 and Id. At 640, 100 S.Ct at 1924. The Court held that it saw 'no basis for imposing ... an obligation to anticipate such a defense' in the complaint. Id. It is the defendant that must plead this defense with some particularity which the defendants in this case have not done. And therefore the plaintiff can not respond in kind. The plaintiff requests that the defendants' defense of qualified immunity be denied. In such a defense properly raised the district court under § 1983 must insist on a short plaint statement, and the court in its discretion may insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Lastly, a conflict appear to arise from the heightened standard of pleading in accordance with the Federal Rules of Civil Procedure and the substantive right of qualified immunity. To this the Supreme Court 'has never squarely held a provision of the civil rules to be invalid on its face or as applied.' " See Exxon Corp. v. Burglin, 42 F.3d 948(5th Cir. 1995) (citation ommited).

### III. Conclusion

Wherefore, the plaintiff respectfully request that the defendants' motion for dismissal be denied and the plaintiff's claims are permitted to go forward or that the plaintiff be permitted to amend her complaint as is permitted in Qualified Immunity claims if the court deems it.

Submitted By: *[signature]*
Vorcelia Oliphant
130 Cherry Ann Street No. 3,
New Haven, CT 06514
(203) 237-7515

/ /

## CERTIFICATION

This is to certify that a copy of the PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 24TH day May 2004 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

        PRO SE Plaintiff

        BY: *Vorcelia Oliphant*
        Vorcelia Oliphant
        130 Cherry Ann Street, Unit 3
        New Haven, CT 06514
        (203) 237-7515