UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

JUN 2  1 17 PM '04

| | |
|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:04CV274 (PCD) |
| v. | : |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL.<br>*Defendants* | :<br>:<br>:<br>: June 1, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW the defendants and for their reply to plaintiff's memorandum in opposition to defendants' motion to dismiss respectfully request that the Court grant defendants' motion to dismiss. In the alternative, defendants request that the Court apply its previous rulings in Civil Action No. 3:02-CV-0700 (PCD) to the above entitled action to the extent this action raises the same claims; said actions having been consolidated pursuant to the Court's ruling dated, April 28, 2004.(Doc. #11).[1] To the extent there are additional claims under 42 U.S.C. § 1982, §1985(3) and §1986, the defendants respectfully request that said claims be dismissed for the reasons set forth in their motion to dismiss. In addition, defendants request plaintiff's first amendment retaliation claim pursuant to 42 U.S.C. §1983 be dismissed for lack of personal involvement as set forth in their motion to dismiss. Finally, to the extent plaintiff alleges any additional constitutional claims pursuant to 42 U.S.C. §1983, defendants request that it be dismissed for failure to state a claim as set forth in their motion to dismiss.

---

[1] Defendants also request that the Court's ruling (Doc. #111) barring evidence on certain issues for plaintiff's failure to comply with discovery be applied to this case, Civil Action No. 3:04CV274 (PCD), as the law of the case.

Defendants strenuously object to plaintiff's request that she be allowed to amend her pleadings to allege additional facts. Plaintiff has already been granted permission to amend her latest complaint to include an additional defendant, (Doc. #9, Civil Action No.3:04-CV-274(PCD) ) bringing the number of individual defendants in these consolidated actions to eleven. In addition, the Court granted plaintiff the opportunity to amend her very first complaint, dated April 18, 2002, to include not only additional defendants but to allege additional facts to satisfy the notice pleading requirements of the federal rules after a series of protracted pleadings. (Doc. #31, Civil Action No. 3:02-CV-00700 (PCD)). She was granted an additional opportunity in the Court's ruling, dated February 27, 2003. (Doc. #59, Civil Action No. 3:02-CV-00700 (PCD)). Plaintiff is therefore well aware of the notice pleading requirements of the federal rules. As the Court stated in one of its previous rulings on defendants' motion to dismiss (Doc. #98, Civil Action No. 3:02-CV-00700 (PCD)) plaintiff's pro se status does not relieve her of all responsibilities. The Court noted that there are limits to the deference given even to a pro se plaintiff citing <u>Troni v. Di Milano</u>, 89 CIV. 3299, 1992 U.S. Dist. LEXIS 249, at *5 (S.D.N.Y. 1976). "Liberal construction of pleadings should not be permitted to completely override the rights of defendants." <u>Morpurgo v. Board of Higher Education</u>, 423 F. Supp. 704, 713 (S.D.N.Y. 1976).

At this point, the undersigned requests the court to consider the enormous amounts of time and resources that have been expended in defending plaintiff's lawsuits despite the undersigned's heavy caseload. Furthermore, the undersigned asserts that plaintiff's second lawsuit is nothing more than an attempt to circumvent the rulings of her first lawsuit to amend its complaint with five additional defendants and new causes of actions. Plaintiff should not be

rewarded for her circumvention of the court's rulings or the federal rules by being allowed to amend her pleadings yet again to allege additional facts.

Accordingly, defendants request that the Court grant its motion to dismiss or, in the alternative, that the Court apply its previous rulings in Civil Action No. 3:02-CV-0700 (PCD) to the above entitled action to the extent this action raises the same claims and furthermore dismiss any additional claims as set forth above.

DEFENDANTS
STATE OF CONNECTICUT,
DEPARTMENT OF TRANSPORTATION
ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail Address:
eleanor.mullen@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Reply To Plaintiff Memorandum In Opposition To Defendant's Motion To Dismiss was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 1st day of June, 2004, first class postage prepaid to:

Vorcelia Oliphant pro se
130 Cherry Ann St., Unit 3
New haven, CT 06141-0120

_Eleanor May Mullen_
Eleanor May Mullen
Assistant Attorney General