# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>　　Plaintiff,<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, ET AL.<br>　　Defendants | CIVIL NO. 3:04CV274(PCD)<br><br>JUNE 23, 2004 |

FILED
JUL 19  2 10 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## PLAINTIFF'S REPY TO DEFENDANTS' REPLY DATED JUNE 1, 2004 TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Comes now the plaintiff in response to **defendants' reply to plaintiff's memorandum in opposition to defendants' motion to dismiss** (dated June 1, 2004). Plaintiff requests that the Court deny defendants request that the court apply its previous ruling in Civil Action No. 3:02CV0700(PCD) to this above entitled action. Defendants believe that because this action has been consolidated with civil action 3:02CV0700 pursuant to a court ruling (Doc. No. 11) that it has the same claims as this action and for this reason request that the court to grant defendants' motion to dismiss. Plaintiff requests that the defendant's request be denied as the defendants appear to make no legal grounds for this request. There is nothing that the plaintiff has noted in her filing a new action that is outside of the Federal Rules of Civil Procedure or otherwise.

Plaintiff makes this request that defendants motion be denied on grounds, contrary to what the defendants assert. Defendants believe this action has the "same" issues as Civil Action No. 3:02CV0700, which is not the case. The claims in this action involved separate defendants, happened at separate times and is of a continuation of intensified severe retaliation actions that the defendants took against the plaintiff that significantly altered the conditions of the plaintiff's employment resulting in the plaintiff having to raise additional or different claims to address these issues in the above civil action. In this regards the claims that the plaintiff raised in this action are not the "same as" those that she raised in Civil Action 3:02CV0700. In this action

1

there are similar claims and additional different claims in this action that are different from and "similar to" the claims in the Civil Action 3:02CV0700 and not the "same as" those raised in that action as the defendants alleged. Plaintiff requests that the court deny defendants' request.

The defendants' requesting of the court to dismiss plaintiff's claims in this case is essentially on the grounds that the defendants have failed to distinguish between what are different and similar claims, from what claims are the same as those raised between the two Civil Actions. This will appear to circumvent any court ruling that would be in accordance with the Federal Rules of Civil Procedure that would permit plaintiff to amend her complaint or the court to rule pursuant to Federal Rule of Civil Procedure 12(b) 6 that may deny defendants' motion to dismiss.

Plaintiff has done nothing to circumvent any court rulings or the Federal Rules of Civil Procedures. Nor has she anticipated any ruling by initiating filing any motions to dismiss, replies or other pleadings that would appear to do so. The defendants have filed numerous motions to dismiss in these proceedings to which the plaintiff has only filed pleadings in opposition but has initiated none.

The defendants filed a forty page brief dated April 29, 2004(not yet docketed) raising 11 grounds for dismissal pursuant to Federal Rules of Civil Procedure 12(b) 6 and 12(b) 1. The plaintiff has responded. She in her motion in opposition requested that the court would deny defendants motion. Plaintiff in that motion has shown that there exist dispute as to a genuine issue of material fact that would entitled her to be heard on the issues pursuant to Federal Rule of Civil Procedure 12(b) 6. It appears that the defendants, in anticipation of the courts ruling on their motion to dismiss, has filed this reply to circumvent the court's forthcoming ruling and the Federal Rules of Civil Procedure and any motion that the plaintiff would make or the court may grant for her to amend her complaint as the plaintiff has already requested in her motion in opposition to defendants' motion to dismiss.

On one hand the defendants claims that the plaintiff has filed the "same issues" in this action as those in the 3:02CV0700 action but yet the defendant goes on in their reply to identify the additional or different claims that the plaintiff has raised in this action. Defendants state

**"... to the extend there are additional claims under 42 U.S.C. section 1982, section 1985 and section 1986, the defendants respectfully request that said claims be dismissed for the reasons set forth in their motion to dismiss".** In another place the defendant state that **"...plaintiff's second lawsuit is...with five additional defendants and new causes of actions.**

In this regard this civil action is not the "same as" civil action 3:02cvo700. Plaintiff respectfully requests that defendants requests for dismissal be denied and plaintiff's motion in opposition to the defendants motion is granted for the reasons set forth therein, or that the plaintiff is permitted to amend her complaint which the plaintiff would be with in the Rules of the Federal Court to request and the Court would be within its discretion to grant. Plaintiff request that the Court deny defendants request and that plaintiff's first amendment retaliation claim pursuant to 42 U.S.C. section 1983 is granted for the reasons set forth in her motion in opposition to the defendants motion to dismiss. In addition, as plaintiff has requested in her motion in opposition, to amend her complaint in accordance with the Federal Rules of Civil Procedure. The defendants are attempting to prejudice the plaintiff and circumvent the Federal Rules of Civil Procedure and any Court ruling the court may make in the Defendants' Motion to Dismiss and Plaintiff's briefs in opposition. This, the defendants are attempting by requesting that the plaintiff be denied to amend her complaint. In this action Plaintiff only amended her complaint to join a defendant that was mentioned in the body of her complaint and omitted in the title block of the pleading and to correct a deficiency. Plaintiff while not having to do so, requested leave of the court and was permitted the one amendment prior to the defendants' answer being served in accordance with the Federal Rules of Civil Procedure 15 . Plaintiff request that this request to prevent plaintiff from amending her complaint be denied as this is a circumvention of the Federal Rules of Civil Procedure and it will prejudice the plaintiff in these proceedings.

3

Regarding the existence of deficiencies of plaintiff's complaint, the plaintiff respectfully requests that she is permitted to amend her complaint in accordance with the Federal Rules of Civil Procedure or as the court may deem, as justice requires. Plaintiff amended her complaint once, to include a defendant that had been omitted. Plaintiff, pursuant to the Federal Rules of Civil Procedure, is permitted to amend her complaint prior to an answer, without having to request leave of the court. Plaintiff was permitted to amend her complaint because she moved the court to do so. She was entitled in accordance with the Federal Rules of Civil Procedure to do so without requesting leave of the court.

She requests in this reply as she has moved the court in her motion in opposition to defendants motion to dismiss that she be permitted to amend her complaint in this action to correct deficiencies that may exists.

At no time in this action did plaintiff request to amend her complaint to "allege additional facts" as the defendants claims in their reply

There is no rule that the plaintiff is aware of as to how many individual defendants that the plaintiff may name in bringing a civil action. The defendants wrongly point out that there are now eleven defendants in the combined actions. There are not currently eleven defendants as the Court in its previous ruling Doc. 98 dismissed actions against a number of the name defendants reducing significantly the number of defendants in the two combined civil actions. The plaintiff granted opportunity to amend her first complaint, as the defendants mentions, was not in this action 3:040CV274. The court determined in action 3:020CV700 the justice required plaintiff to amend her complaint. Defendants points out to the court that the Plaintiff is "well aware of the notice pleading requirements" which plaintiff has done nothing in this action contrary to the notice of pleading requirements and the Plaintiff in spite of her pro se status has not neglected none of her responsibilities thereto. The defendants quoting the Court's notation of the limitations "to the deference given ...to a pro se plaintiff citing <u>Troni v. Di Milano,</u> 89 CIV.

4

3299, 1992 U.S Dist. Lexis 249, at *5(S.D.N.Y. 1976), has been misapplied to this action 3:040CV274.

In essence, the defendants reply to have plaintiff's action dismissed is groundless and is an attempt to circumvent the Federal Rules of Civil Procedure and in anticipation of the Courts denial of its motion to dismiss, circumvent the courts ruling and prejudice the plaintiff in these proceedings.

The defendants have requested that the court apply its ruling in Doc. No. 111 barring evidence on certain issues for plaintiff's failure to comply with discovery to be applied to this case, Civil Action No. 3:04CV274(PCD).

Plaintiff request that this request by the defendants be denied. The issues warranting the court's ruling in that action was of different circumstances and a different time surrounding discovery in that matter. Applying that ruling to this action would penalize the plaintiff for nothing wrong that she has committed in this action that is a separate matter that may even require a separate judgment though it is consolidated. Therefore, plaintiff should not have to be penalized in this action for circumstances that were beyond her control in the previous matter for which the court made its ruling. Having that ruling (no. 111) applied to this new action which as the defendant has pointed out, contains "additional (which are different) constitutional claims pursuant to 42 U.S.C. section 1983" "and new causes of actions" which is what prompted this "new" civil action and therefore is not the same as the 3:02CV0700 Civil Action, would be a tremendous injustice to the plaintiff.

The defendants attempting to move for the court to deny plaintiff opportunity amend her complaint in this action prejudices plaintiff in this action.

The defendants' counsel has requested that the court consider the enormous amounts of time and resources that have been expended in defending the plaintiff's lawsuit despite her heavy case load. Yet, this enormous amount of time and resources is not of the plaintiff's doing. The defendants have filed numerous or a barrage of Motions in attempt to have this case dismissed of

5

which this reply in opposition to plaintiff's motion in opposition to dismiss is an example. Plaintiff has initiated no motions to dismiss but has only responded to the many attempts at dismissal the defendant has made.

All of defendants' time and resources expended is of their own doing and is not as a result of anything the plaintiff has initiated outside of filings in attempts to get relief from the intense harassment, retaliation and discrimination that she has been made to undergo by the defendants.

Wherefore, the plaintiff requests that the Court grants her motion in opposition to defendants motion to dismiss. And that the Court deny defendants' motion of the same and its request that the previous ruling of the separate case 3:02CV0700(PCD) be applied to this ac tion to the extent that this action, as previously noted by the defendant, raises additional or new claims as set forth above.

Submitted by: *(signature)*
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

## CERTIFICATION

I hereby certify that a copy of the foregoing **Plaintiff's Reply to Defendants' Reply to Plaintiff's Memorandum In Opposition to Defendant's Motion to Dismiss** was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 24 day of June, 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O.Box 120
Hartford, CT 06141-0120

Submitted by: *Vorcelia Oliphant*
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514