UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| VORCELIA OLIPHANT, Plaintiff, vs. James F. Byrnes, Commissioner, ET. AL. Defendant | CIVIL NO. 3:02CV00700(PCD) September 13, 2004 |
|---|---|

## MOTION TO ALTER AND AMEND JUDGMENT AND RECONSIDERATION FROM JUDGMENT AND RELIEF

Pursuant to Rules 9(b)11(b) and 26(b)(2)b(i),(ii),(iii), c, 26(b)(4),ii,iii, 52(b),59(e) 60(b), 61, 78 of the Fed.R.Civ. P., and L. Rule Civ. P. 9(b) the Plaintiff moves the Court to alter and amend judgment and Reconsideration from judgment and relief from the Courts, August 25, 2004 Order for Plaintiff to "show cause". Plaintiff makes this request on the basis that:

1. She has not in bad faith or willfully done anything deliberately or in defiance of any of the Court's orders for discovery.

2. Plaintiff's health has severely impacted plaintiff in the proceedings and affected her inability to adequately respond to Court's discovery orders and perform and request discovery from the defendants in her own behalf.

Wherefore Plaintiff moves the Honorable Court for relief or reconsideration from this Order to Show Cause. Plaintiff provides the attached Memorandum of Law in support this motion and previous motions and Memorandum of law attached.

Oral Arguments Requested

Oral Testimony Required

Respectfully Submitted,

BY: *[signature]*
Vorcelia Oliphant, Plaintiff
130 Cherry Ann Street, Unit 3
New Haven, CT 06514
(203)237-7515

4

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, ET AL.<br>Defendants | CIVIL NO. 3:02CV00700(PCD)<br><br>JULY 1, 2004 |

FILED JUL 1 2 51 PM '04
DISTRICT COURT
NEW HAVEN, CONN.

## NOTICE OF COMPLIANCE WITH SUPPLEMENTAL ORDER ON PLEADINGS

In accordance with the Court's Supplemental Order on Filings, the plaintiff, Vorcelia Oliphant, has filed with the defendant the following documents for docketing:

- Plaintiff's Reply to the Defendants' May 27, 2004 Reply to Plaintiff's Motion to Renew Motion in Opposition to Defendants' Renewed Motion to Dismiss Pursuant to Federal Rule 37 and 41(Original document was mailed on June 18, 2004 to Defendants Counsel).

- Plaintiff's Motion to Renew Plaintiff's Motions set forth in Documents Nos. 147,148,149 and 140,141 in Opposition to Defendants' Motions to Renew set forth in Document Nos. 138 and 143 (Original document was mailed on June 18, 2004)

- Plaintiffs Reply to Defendants's Reply (Dated June 1, 2004) to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Original document was mailed June 24, 2004)

- Plaintiff's Notice of Compliance with Supplemental Order on Pleadings. Dated June 21, 2004, mistakenly mailed to the Defendants' counsel June 21, 2004.

Submitted by: _____
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

## CERTIFICATION

I hereby certify that a copy of the foregoing **Notice of Compliance with Supplemental Order on Pleadings** was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 1st day of July, 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Submitted by: *[signature]*
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514



```
***** WELCOME TO *****
UNITED STATES POSTAL SERVICE
FEDERAL STATION
NEW HAVEN, CT 06510-2020
07/01/04  02:59PM
Store            USPS
Wkstn            sys5004
Cashier          Trans  88
Cashier's Name   JANE    KG5137
Stock Unit Id    SIAJANE
PO Phone Number  203-752-3283
USPS #           083690510

1. First Class                  0.90
   Destination: 06141
   Weight:      0.90oz
   Postage Type: Affixed
   Affix. Post.:  -0.37
   Total Cost:     1.27
   Base Rate:      0.37
                SERVICES
   Cert of Mailing

Subtotal                        0.90
Total                           0.90

Cash                            1.00
Change Due
  Cash                          0.10

Number of Items Sold: 1

       Thank You
  Please come again!
```

Filed 2:51pm
Mailed 2:54pm

Exhibit 1B

U.S. POSTAL SERVICE  **CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE — POSTMASTER

Received From:

Vorzlia Oliphant
130 Cherry Ann St
New Haven, CT 06519

One piece of ordinary mail addressed to:

Eleanor May Mullen
Assistant Attorney General
55 Elm St
P.O. Box 120
Hartford, CT 06141-0120

PS Form 3817, Mar. 1989

[Postmark: JUL 1 2004 NEW HAVEN, CT FEDERAL STA.]

U.S. POSTAGE PAID
NEW HAVEN, CT
06510
JUL 01 '04
AMOUNT $0.90
0001417309

1C



Exhibits 1B-1C

Exhibit 1B - Exhibit 1C

Subj:     **RE: Your phone message regarding my address**
Date:     8/16/2004 9:35:45 AM Eastern Daylight Time
From:     Eleanor.Mullen@po.state.ct.us
To:       VTO1@aol.com

Dear Ms. OLipahnt:
  I will try again and send the mail again to the same address.
Thank you,
Eleanor Mullen

**From:** VTO1@aol.com [mailto:VTO1@aol.com]
**Sent:** Thursday, August 12, 2004 3:47 PM
**To:** Mullen, Eleanor M.
**Subject:** Your phone message regarding my address

I received your message today regarding my address. I decided to email so that you can verify my address in writing. My address remains as it is on my court pleadings:

Vorcelia Oliphant
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

I have no idea as to why the mail is being returned.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

2004 MAY -3  P 12: 20

DISTRICT ...
NEW HAVEN. CONN.

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, ET AL.<br>Defendants | CIVIL NO. 3:02CV00700(PCD)<br><br>May 3, 2004 |

## PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41

Plaintiff pursuant to Federal Rule of Civil Procedure 37(a) and in opposition to defendants renewed motion to dismiss pursuant to Federal R. Civ. P. 37(b)(2)(C), 37(d) Rule 41 and Local Rule 37 move for defendants' motion to be denied.

The defendants in attempt to have the plaintiff sanctioned and information stricken has gone about the task of attempting to make the plaintiff appear uncooperative when the plaintiff has done above what has been required in attempts to comply fully with the court's March 10, 2004 court order. Plaintiff has responded to the Court's order of dated March 10, 2004(Docket No. 139) timely, in good faith and due diligence. Any appearances of non-compliance by the plaintiff is not out of willfulness but is only due to her inability or oversight in responding to the interrogatories and production. Plaintiff initiated an attempt to confer with defendants counsel to clarify among which of the two sets of interrogatories (November 26, 2002 and June 2003) were interrogatories that remained outstanding (See defendants Motion to Renew Defendants' Renewed Motion to Dismiss Pursuant to Federal Rules 37 and 41 dated April 6, 2004, attachment No. 2). Defendants counsel responded only by sending June 2003 interrogatories which plaintiff

Exhibit 2

already had. To avoid any confusion as to which set of interrogatories were to be answered and to avoid the error of **not** answering any outstanding interrogatories, plaintiff answered **all** the interrogatories issued by the defendants (both and first set and second set) for this reason none of the answers should be stricken. Plaintiff in her 3rd response to interrogatories raised objection on grounds of patient/physician privilege and on the grounds that the interrogatories she was being ordered to answer were interrogatories from her first complaint filed when she had since that time amended her complaint. Plaintiff also objected to questions and production on the grounds that she had been barred from providing or answering certain questions (docket no. 119) for this plaintiff was sanctioned. In the fourth response to interrogatories plaintiff was ordered to answer all outstanding interrogatories (docket no. 139). Therefore, since plaintiff did as the court order by answering both sets of interrogatories plaintiff answers should not be stricken. The answers are directly related to the questions that were asked of the plaintiff and are not an attempt to address issues that have been dismissed by the court. The answers are those that relate directly to the harassment and retaliation and other treatment that the plaintiff received from the defendants. Therefore, Plaintiff to the best of her ability, and in good faith answered **all outstanding** interrogatories and production request pursuant to ruling dated July 21, 2003(Doc. No. 111) and March 10, 2004(Doc. No. 139).

With regards to interrogatory request number 17 of the Defendants First Set of Interrogatories Requests for Production, dated November 24, 2003 plaintiff responded to with all the names that she is aware of. Plaintiff only mentioned supplementing due to her being on medication or illness or state of mind in which her memory is impaired. If the court so desire, plaintiff has provided the defendants with medical releases that will

substantiate this claim. Nonetheless, plaintiff provided all the names that she was aware of when answering the interrogatory in good faith and to the best of her ability and only mentioned supplementing should a party come to remembrance that plaintiff had unintentionally omitted. To the best of her knowledge plaintiff presently knows of no other parties that fit interrogatory no. 17.

Regarding interrogatory no. 19, plaintiff provided all the names of caregivers that she is aware of at this time. Defendants speculate as to what plaintiff plans to do as though they are mind readers. Plaintiff provided the information to the best of her knowledge, ability and in good faith and only mentioned supplementing should a doctor have been unintentionally omitted that the plaintiff does not presently recall. Also, plaintiff has previously provided the names of doctors when answering interrogatories previously who are not the same doctors mention herein because they have been seen since the previous answers were provided. Plaintiff has only attempted to answer the interrogatories completely and thoroughly by mentioning supplementing them though there are no other doctors that the plaintiff is presently aware of.

Interrogatory no. 20  Plaintiff recalls only a single tape that she made, with the foreknowledge and permission of the defendants attending a meeting. Plaintiff has misplaced the tape. It is possible that the defendants may have its own tape of the meeting unknowingly to the plaintiff. Nonetheless, the plaintiff not long after the meeting missed placed the tape and has not yet found it. Plaintiff is not being willful but only truthful as to the production of this recording.

Interrogatory no. 23 is one that the plaintiff must not have understood the question. Again plaintiff inability to answer the question is not due to her deliberately

attempting to disobey the court order or trying to be unresponsive. Plaintiff answered the question to the best of ability, as she comprehended it.

Production request no. 1, the addresses was an oversight by the plaintiff. There is nothing on the page for authorization provided by the defendants requesting the information to remind plaintiff to provide an address. Plaintiff in addition went through the extra expense and time to have the documents notarized as was required for each doctor she listed. The lack of address is only an inadvertent error. The information provided however is sufficient to locate any of the doctors listed with the Authorizations and the interrogatories having their full names provided.

Production request no. 2, plaintiff did not fully understand the question but does not recall parties to whom she made non-privileged statements which is why she needed to contact the parties who she did recalled such as Jay Doody, Joseph Moniz and other previously listed for such statements. Also, plaintiff had requested of the defendants a time when she could retrieve her things from her workstation that she believes the production material is among these things. This request was sent via fax on March 8, 2004. The Court order was issued on March 10, 2004. Plaintiff did not get a response from defendants until after April 2, 2004. As noted, these things have not been in plaintiff possession. Plaintiff has been out of work since October 2003. Plaintiff did not want to request an extension until after her things were recovered from her work station to respond to the interrogatories/production for concern of appearing obstinate and accused of delaying the proceedings as has been done previously. Therefore, plaintiff answered the interrogatories and provided production to the best of ability without her materials from her workstation (See Exhibits No. 1-2) that the defendants have in their

4

own possession. Plaintiff also mentioned this factor in her last motion in opposition to defendants' motion to dismiss dated March 25, 2004.

Production request no. 6, plaintiff refers to "some doctors statements" because plaintiff could only provide the statements she had in her possession. She provided the Authorizations to the Attorney General's office of the doctors for the AG's office to obtain any doctor statements that she did not have. This is the reason why the plaintiff referred to "some doctors' statements".

Production request no. 8 is the same as production request no. 2. Plaintiff is without her things from her workstation, which she believes items for this request are among. Plaintiff made a request to get these things March 8 and only heard from the defendants after her interrogatories were due and submitted. The items were not available to the plaintiff that is why she mentioned providing them when they became available. Plaintiff lack of response was not willful. (See Exhibits No. 1 -2).

Production request no. 9 Plaintiff provided the Attorney General Authorizations and had them notarized to comply with this authorization. Again, the lack of addresses was an oversight by the plaintiff. Defendants authorization showed nothing to request or remind one to provide an address. However the information provided is sufficient to locate the doctors or a phone call between the plaintiff and the defendant would take little time to clear up this oversight and not cause any delays by which the defendant would be prejudiced.

On April 27, 2004 Plaintiff mailed to the defendants' counsel a bank check in the amount of $200(See attached Exhibit No.3-5 )in compliance with Court ruling document

3-5

no 111. Plaintiff's gainful employment was reduced dramatically since August 2002 and has been out of work since October 2003 due to health reasons.

Wherefore, the Plaintiff respectfully request that the court deny defendants Renewed Motion to Dismiss on the grounds that the plaintiff has complied with the court's order to the best of her ability and there is nothing willful that would require dismissal or sanctions or that items be stricken.

Submitted By: *Vorcelia Oliphant*
Vorcelia Oliphant
130 Cherry Ann Street No. 3,
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the PLAINTIFF'S MOTION TO RENEW MOTION IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS PURSUANT TO FEDERAL RULES 37 AND 41 in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 3rd day May 2004 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120

                      PRO SE Plaintiff

              BY: _____
                     Vorcelia Oliphant
                     130 Cherry Ann Street, Unit 3
                     New Haven, CT 06514
                     (203) 237-7515

To: Mike Lonergan, Kenneth Fargnoli, James Connery

From: Vorcelia Oliphant

Date: March 8, 2003

Re: Retrieving all of my things from my work statation

I am writing per Wanda Seldon's letter to me wherein she instructed me to make arrangements to pick-up my things from my work station.

I would prefer to do this after work hours. Please let me know if arrangements can be made with security to accompany me.

I do not wish to encounter anyone from the office and hope that this can be arrange in this way with security. Also, there are somethings I need from my desk immediately today and have asked if Peter Macher can come to my work area at lunch time or break time to retrieve these items for me.

Thank you for your consideration.



# STATE OF CONNECTICUT
## DEPARTMENT OF TRANSPORTATION

2800 BERLIN TURNPIKE, P.O. BOX 317546
NEWINGTON, CONNECTICUT 06131-7546
Phone:
(860) 594-2680

April 1, 2004

Ms. Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

Dear Ms. Oliphant:

    This is in response to your note dated March 8, 2003, which was faxed to the Department of Transportation, Office of Construction on March 1, 2004, regarding your request to make arrangements to retrieve your personal belongings from your work station. Please be advised that you can make arrangements to retrieve your personal belongings anytime between the hours of 7:30 AM and 4:30 PM, provided that you give a minimum 24-hour prior notice to this office. Arrangements can be made with Security personnel to accompany you as requested and you are also allowed to have Union representatives accompany you if you desire.

    Contact me as soon as possible to make the proper arrangements. In my absence you may also contact Kenneth Fargnoli, James Connery, Robert Wiecki or Kim Breton.

                                         Very Truly Yours,

                                         Michael W. Lonergan
                                         Construction Administrator
                                         Bureau of Engineering and
                                         Highway Operations

*An Equal Opportunity Employer*

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

April 27, 2004

Eleanor M. Mullen
Attorney at Law
55 Elm Street
Employment Rights Department
P.O. Box 120
Hartford, CT 06141-0120

Re: $200.00 bank check for sanctions

Dear Attorney Mullen:

Please find enclosed a bank check for $200.00 for sanctions per Judge Dorsey's Court Order.

Sincerely,

*Vorcelia Oliphant*
Vorcelia Oliphant

enclosure

```
WITHDRAW CHECK   WC   04-26-04 14:46:06 MEMBER              50  123 CHK

ACCT     AMOUNT    WITHDRAWAL    FED-WH    BALANCE   WTH-FEE    ST-WH
 2       200.00      200.00       0.00


              VORCELIA OLIPHANT
              278 BROAD ST
              MERIDEN CT 06450
```

CONNECTICUT
STATE EMPLOYEES
CREDIT UNION, INC.

THE PLACE TO
SAVE
BORROW
INVEST

TELLER

SUPERVISOR

---

CONNECTICUT STATE EMPLOYEES
CREDIT UNION, INC.

84 Wadsworth St., Hartford, Connecticut 06106
TELEPHONE (860) 522-5388

No. 848999

51-44 / 119

DEDICATED TO FINANCIAL NEEDS
OF STATE EMPLOYEES

DATE 04-26-04    CHECK NO. 000848999    AMOUNT *********200.00

TWO HUNDRED AND .00 DOLLARS

PAY TO THE ORDER OF                                VOID AFTER 180 DAYS

VORCELIA OLIPHANT
OR OFFICE OF STATE
ATTORNEY GENERAL

FLEET BANK
HARTFORD, CONNECTICUT                              AUTHORIZED SIGNATURE

⑈848999⑈ ⑆011900445⑆ 0125 0476⑈



U.S. POSTAL SERVICE  **CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL. DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:
Voscelia Oliphant
130 Charry Ann St #
New Haven, CT 06514

One piece of ordinary mail addressed to:
Eleanor M. Mullen
55 Elm Street
Employment Rights Dept
P.O. Box 120
Hartford CT 06141-0120

PS Form 3817, January 2001

Exhibit