# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>James F. Byrnes, Commissioner, ET. AL.<br>Defendant | CIVIL NO. 3:02CV00700(PCD)<br><br>August 13, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER AND AMEND JUDGMENT AND RECONSIDERATION FROM JUDGMENT AND RELIEF

Pursuant to Rules 9(b)11(b) and 26(b)(2)b(i),(ii),(iii), c, 26(b)(4),ii,iii, 52(b),59(e) 60(b), 61, 78 of the Fed.R.Civ. P., and L. Rule Civ. P. 9(b) the Plaintiff moves the Court to alter and amend judgment and Reconsideration from judgment and relief from the Court's, August 25, 2004 Order for Plaintiff to "show cause". The Plaintiff, pro se, relies upon the following in support of the attached motion.

**Plaintiff's health has paralyzed her in these proceedings and rendered her incapable of meeting the Courts discovery order to its satisfaction.**

Plaintiff has demonstrated due diligence in these proceedings. She timely filed all responsive pleading to Defendant's many motions to dismiss(There were a total of about 7 motions to dismiss filed by the defendants in these proceedings). Simultaneously Defendants' counsel was making repeated discovery request and raising issues over discovery to which plaintiff had to respond. The fact that plaintiff was timely in meeting

5

deadlines, timely responded to all Court orders deadlines, should demonstrate that plaintiff has been neither willful, or defiant in obeying the Courts discovery orders. Plaintiff's health rendered her incapable, under the unfair circumstances that the defendants posed in these proceedings. Pro se Plaintiff was incapable of researching discovery so much so that she was not able to make her request for discovery before the 18, 2004 the deadline. Plaintiff was forced to continually respond to defendants' many motions for dismissal, Court orders for discovery and defendants discovery issues and requests while coping with her health problem.

**Pro se plaintiff in comparison to the state's attorney has limited resources.**

Plaintiff as pro se prior to illness and being out of work as she now is litigated this case in due diligence. She requested time then due to her obligations of working full time and having limited access to the law libraries.

Plaintiff requests that the Court consider that the defendant's actions in discovery are a matter of Court record. They filed many motions to dismiss filed repeated discovery request and was uncooperative with plaintiff in her efforts to confer with them inorder to meet their discovery. Plaintiff's health in combination with the defendants' tactics and abuse of the Court are critical elements and a matter of substance in the proceedings and discovery.

The Defendants' have not sustained any harm in this discovery matter before the Court. If so they have only harmed themselves by their dilatory tactics and not cooperating with plaintiff in discovery(see docket        ). Wherefore plaintiff request that the Court reconsiders its position on the deference it believes it has shown the plaintiff. In light of the circumstances which has been and is now presented along with other proof,

6

which is a matter of record. The questions arise as to whether or not the Court could have taken other actions to move discovery forward that had consequences for both parties and not only dismissal for the plaintiff. Plaintiff request that the Court reconsider whether the deference it showed the plaintiff 1) could have involved the Court's intervening with discovery 2) To protect the plaintiff from the abuses of the defendant 3) or whether there was an alternative to assist the pro se plaintiff and the defendant in the discovery proceedings to move forward. 4) Whether actions could have been taken by the Court. other than issuing the same orders to the plaintiff that met with the same results and the same impending consequence. The plaintiff was powerless to comply in light of the circumstances and was in no position to request relief from the Court due to the same circumstances.

The Defendants have attempted to prejudice the plaintiff. This is evidenced by the Court's order to have Plaintiff appear on September 22, 2004 to "show cause". The Defendants in this matter has delayed the proceedings in its many motions which has hampered the pro se plaintiff in these proceedings for the following reasons:

**Plaintiff has not motioned to consolidate her complaints:**

Motions to consolidate have been used by plaintiffs to vexatiously delay the proceedings. Such is not the case for the plaintiff. The Defendants moved to consolidate 3:04CV274 with this action. The motion was granted absent objection by the plaintiff. Objection was not made due to plaintiff's health and shows again that plaintiff is not attempting to delay the proceedings.

**3:02CV274 was filed on legitimate grounds:**

7

The Court's order dated August 25, 2004 showed reasons as to the similarities with this case as though it was duplicative or a covert means to have her previously dismissed actions readmitted. It is the plaintiff's intention that the claims raised in CV 274 are not duplicative: The spreadsheet in the order showed the same wording at the beginning of the counts in **some** of the charges. However, it did not show the additional charges or the complete statements made which departed from or made additional allegations due to the defendants **continuous harassment** and bad treatment of the plaintiff. Plaintiff referred back to the original time when actions like, failure to promote, and other actions that the defendants had taken against her had begun. However, the defendants actions against the plaintiff were continuing which is why the plaintiff raised them in complaint CV274, because they were ongoing and made for new actions. In addition, the plaintiff had numerous additional charges in the CV 274 case that were not in the CV 700 case which should show that plaintiff was not attempting to resurrect issues but only bringing the recent charges that the defendants created.

**Plaintiff has not caused undue delay in the proceedings for discovery:**

Plaintiff has cooperated with the defendant for discovery in good faith and with due diligence to the best of her ability.

It is understood that the Court's position is that it is limited to the deference it can show the pro se plaintiff. However, the matter appears not to be one of the deference that the Court has permitted the pro se plaintiff but whether or not the defendants' abuse of the discovery proceedings and plaintiff's health has contributed to paralyzing or render Plaintiff incapable in the discovery proceedings because such is the case.

8

In this way, the defendants have attempted to gain the advantage over the pro se plaintiff in having her case dismissed.   Defendant attempted in the pleading process filing 40 page briefs for dismissal to which the plaintiff responded with particularity. Defendants having failed in Pleading stage should not be rewarded by their dilatory and abusive tactics in discovery to have plaintiff case dismissed.

Plaintiff is already disadvantage from the outset of the proceedings.  The deference the Court has shown the pro se plaintiff in this matter, could not fit the circumstances that was also before the Court in plaintiff opposition motions to defendants motions to dismiss due to alleged discovery noncompliance.

The following details the advantages by which the Plaintiff is disadvantaged in these proceedings that have been raised by the plaintiff to explain the circumstances making her to appear noncompliant with the Court orders for discovery when she has not been or has not been deliberately:

1) Plaintiff's limited resources in comparison to the defendants'

    a. Defendants filing many pleadings to dismiss at the same time filing discovery

    b. Plaintiff not having the resources, or any prior training to adequately respond

        i. Plaintiff is limited to the law library

        ii. Plaintiff has to research and respond to every motion to dismiss which there has been a total of over seven motions, including those motions to dismiss disguised as Motions for Expedited Briefing Schedules.  Many times there are two such motions pending plaintiff's response at the same time that discovery request is pending.  Plaintiff can not research discovery to adequately

9

respond; to know how to respond; and neither how to request

discovery. Such abuse by the defendants' counsel blocks plaintiff

from having her matters heard which stand to be dismissed not for

subject matter or any matter of law but rather by the plaintiff

abusing the discovery process and the Court. Example of

Defendants actions are: Filing late then claiming not to have

received notice(See Exhibit No. 1-1C)(certificate of mailing dated

the same day and mailed approximately 9 minuets after the Notice

was filed with the Court.) Court took no action to enter default.

And neither did plaintiff pursue default.

2) Plaintiff's health and impairment as a result of medications she has been prescribed

has affected her tremendously. Her doctors have recently attempted adjusting or

increasing the dosage.

a. Plaintiff is on strong doses of medicine for her medical condition

b. Plaintiff will divulge these under seal should the Court request them.

3) Defendant's uncooperativness and attempts to hamper the plaintiff in the discovery

proceeding, then try to make it appear as though it is the plaintiff who is at fault has

not helped the discovery proceedings.

a. Plaintiff requested of defendants the outstanding interrogatories prior to

answering the Courts order of March 10, 2004. Defendant's counsel tried to

confuse plaintiff's request and was uncooperative(see exhibit   ).

b. Plaintiff did not have the production materials in her possession. She had

prior to the Court's March 10, 2004 order requested her things from her work

10

that was in the possession of the defendants. (Plaintiff for health reasons has not worked since October 2003). Defendants delayed getting plaintiff her things until after she was to make the deadline to meet the Court order.

Plaintiff provided production for what she could and also provided a copy to the Court. It was returned from the Court. See exhibit .

## Summary

Plaintiff has done all in her power to meet the Court's order and fulfill obligation to discovery. Plaintiff needed the insight of the Court in accordance with Rules of Civ. Procedure 26(b) (2), (4) ii, iii for discovery due to the circumstances.

See Finney v. Arkansas Board of Correction 505 F 2d. 194, 98 U.S.S.Ct 2565.

Plaintiff did neither request information or relief because she is not familiar with these proceedings but she did provide enough information to show that such an order was needed from the Court. (See Docket No.83, 81) In previous motions regarding discover she noted medical Condition, she notes not having access to law library, she notes defendants many motions to dismiss, she notes defendants being in possession of her things which had her discovery and production (See Attached Exhibit 2 pp. 8-12). Pressey v Patterson 898 F2d. 1023 (5th cir) 1990. Although plaintiff had been sanction previously she did not willfully or in bad faith disobey the Court order to provide specific interrogatories or production. She even contacted defendant's counsel to this end who was not cooperative with plaintiff's efforts to meet the Court's March 10, 2003 order.

In addition, Plaintiff was not aware that she could provide the materials once she had them in her possession from the Defendants, after they responded to her

11

request to retrieve her things after the March 26th deadline had passed. Attorney had not contacted the plaintiff to provide the documents and neither was plaintiff aware at that time that she could still give the documents after the defendants provided them.

Court noted in its August 25, 2004 order that "Plaintiff had since November 2002 to satisfy the requirement. Plaintiff was not aware of the timing remaining open that she could provide this information after the March 26' 2004 deadline. The Plaintiff would have willingly complied had the Court prompted her to this fact as it had done for the Defendant in (Dockets No.129) Defendant had filed in August 2003 to dismiss, the Court in its ruling denying the motion prompted Defendants' counsel as to what time or when in the proceedings the motion could again be made.

The Plaintiff, being pro se, and in the face of plaintiff facing the sanction of having her case dismissed, such prompting by the Court informing her that she could provide production after the March 26, 2004 deadline that the defendants caused her to miss, when it had been brought to the Courts attention would have been beneficial to her as she was not aware that such was permitted. She was also concerned that attempting to provide the materials after she had them from the defendants and the deadline had passed would be misconstrued as defiance of the Court's March 26 2003, deadline.

Defendants replied to the plaintiff's request for her things from her work to about April 6, 2004.

12

Hence, the Court by permitting plaintiff or ordering plaintiff to answer interrogatories and provide production without addressing the actions of the defendants and health issues raised in the plaintiff's oppositions to dismissal based on discovery, could do nothing to allow plaintiff to meet the discovery order. Without the Court addressing the other matters of substance that plaintiff raised in those motions apart from giving her additional chances to do discovery proved futile if the Court were not to take in consideration the actions of the defendants in these discovery proceedings. Plaintiff having to "show cause" and facing Dismissal of her case as a sanction for circumstances out of her control is substantial and procedural injustice to the plaintiff.

**Court notes deference shown plaintiff in filing a request for an enlargement of time to do discovery on or about August 1, 2003.**

Plaintiff in making that motion stated that she had confused the deadline. The reason she was confused was because the Court order had an error. The date set for the deadline preceded the date of the order. It was an oversight when plaintiff originally read the order and was not realized until the time that plaintiff was responding to the order. The plaintiff, rather than embarrass or seek to blame the Court in her request for an extension, simply requested the time because of the confusion that existed (See Dockets No.118, 115) There was nothing willful or done in bad faith on part of the plaintiff in making this request.

**Court notes that plaintiff requested leave to provide production.**

In August 2003 Plaintiff will or had provided an affidavit of the same. Because the production material mailed was over one pound, it was returned to the Plaintiff. The U.S. Postal service noted a new security measure as a result of the 9/11 terrorist attack as the

13

reason for the production material being returned. The rules were for any package over one pound had to first be inspected by a Postal person before it was sealed for mailing. Plaintiff was not aware of this new security measure prior to mailing the package. It was only for this reason that Plaintiff had to request leave of the Court to mail the item. Nonetheless, the Plaintiff had also on that same date delivered to the Court in the after hour drop-box the same production material mailed to the defendants' counsel. The Court returned these materials to the plaintiff with a note that the Court did not have to receive a copy. Plaintiff had not filed the production material late (see docket no. 124), Please also note that the defendants have filed things late, claimed not to have received notice and in two occasions claimed items mailed to the plaintiff were returned because she had improper address (show exhibit recent return envelope, and Docket No.   10/18/02 motion to dismiss. Plaintiff to her knowledge has not missed any pleading deadlines in the two years of these proceedings and has not failed to provide defendant's its responses on time.  Neither has plaintiff raised issue to the Court for defendant's late filings or her claims of mailing notice of her late filings to me because she had the wrong address.  The late filings alone were grounds for default but have delayed and taken more of the Court's time (see exhibits 1-1D) which shows proof of mailing and docketed item, and communication of mail allegedly sent by defendants to the wrong address), Plaintiff, with the exception of the alleged mailed 10/18/02 motion to dismiss, that plaintiff never received, she has not raised any issue with defendants' counsel late filings with the exception of this last motion for leave to file that the Court granted.

14

**Defendants made many motions for extensions for discovery apart from any fault of the plaintiff.**

Plaintiff requests the Court to note that the plaintiff had not requested unnecessary extensions but only made requested them when necessary. For example, Once because more time was needed because she also had to respond to other of defendants motions. Another time was when the post office return the production mailed to defendants and when her mother was hospitalized and defendants took advantage of this time to make it appear that plaintiff was in noncompliance with discovery by filing a motion to compel. **Plaintiff, given ample time in consideration of her medical condition would have been able to meet discovery obligations to the Courts satisfaction were it not for having to contend with Defendants abuse of the Court in filing the many motions to dismiss, also disguised as Expedited Schedule Briefings, Defendants' uncooperativeness and defendants filing repeated and duplicative discovery requests which many had been answered.**

Plaintiff tried to cooperate with defendants. After she was granted leave to file her amended complaint, in April 2002, Defendants' counsel again made discovery requests but the requests were made on the original complaint and many questions were invalid by reason of the complaint being amended. Plaintiff raised this as an objection to questions that were being asked because the issues they addressed were not longer valid. Defendant then requested an extension for discovery until after the amended complaint was ruled upon. Defendants attempted to use plaintiff's objection in this instance as grounds that she was not complying with discovery, which is not true. In addition, plaintiff is not learned in the discovery proceeding. In the first response she objected to which the Court

15

directed her to answer. The second time she objected to interrogatories it was due to matters of privacy regarding her medical reports and any psychological psychiatric reports. The Court denied this and plaintiff provided all doctor records in her possession including psychiatric records which contained communications made with the psychiatrist. Defendants again returned saying that plaintiff had not put address for the physicians she had seen but plaintiff had provided the information requested on the forms that the defendants had provided which did not show anything requesting address. Defendants' filed their motion for dismissal using the information plaintiff provided in production. The information showed the confidential information of Plaintiff's doctors, doctor reports and the psychiatric hospital where she was a patient. Defendants used these as evidence of their request for dismissal and made these documents a part of public record when it should not have been. Proven to breach plaintiff's privacy. Plaintiff had not delayed the proceedings. The defendants requested discovery at the same time plaintiff had asked the Court for an extension in the proceedings about June 11, 2003 due to her mother's emergency surgery and plaintiff being her caregiver. Plaintiff did not fail to comply with the Court order for discovery. Defendants aware of plaintiff's circumstances took advantage and at this time filed a motion to Compel (Docket no. 101)

Wherefore Plaintiff requests that the Court reconsider its order of August 25, 2004 for plaintiff to show cause and the sanction of dismissal of her complaint for the above reasons.

16

Respectfully submitted by:

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203)237-7515

17