# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>    Plaintiff,<br>vs.<br>James F. Byrnes, Commissioner, ET. AL.<br>    Defendant | CIVIL NO. 3:02CV00700(PCD)<br><br>September 29, 2004 |

## MOTION FOR ARTICULATION, RECTIFICATION

Pursuant to Rules 7(b), of the Fed.R.Civ. P., and Local Rules 9 and 7 the Plaintiff moves the court for articulation of the Court hearing on September 22, 2004. Plaintiff has cooperated fully but does not wish to appear to be in noncompliance over anything she may have misunderstood in the hearing. Therefore Plaintiff request clarification as to what she is expected to do at this point in time.

A. Plaintiff understands she is to provide responses to defendants' out standing discovery. The court stated in essences that the defendants' questions must be put forth with particularity. Plaintiff recalls a time frame of ten days.

1. **Is ten days the time that the defendants are to provide the plaintiff with the outstanding questions with particularity?**

2. **Is the plaintiff to await defendants' questions before responding in order to avoid duplicating her efforts or is plaintiff also expected to have responses within ten days of the hearing?**

3. **Is there a deadline at this time for the date the plaintiff is expected to respond?**

4. **If so what is that deadline.**

B. Plaintiff had explained the extenuating circumstances regarding her performing discovery, both providing discovery and requesting discovery from the defendants.

1

1. Will plaintiff be able to request leave to request answers to interrogatories and production and other discovery apart from depositions that she has not been able to do?

2. May plaintiff request an extension to request interrogatories, production and from the defendants? To date she has not made any such requests.

C. Now that plaintiff has been permitted to obtain her things from the defendants, she will have items to provide for production that will be burdensome for the plaintiff to have copied and delivered.

1. Will the court designate a mutual place for the defendants to review the materials?

2. How is the plaintiff to go about making these arrangements? Is that to be through the defendants alone or through the court?

D. In the hearing there was mention of a magistrate or another party from the court to be involved with the discovery process.

1. Will plaintiff get any notice from the magistrate or the Court to know what she is expected to do regarding discovery from this point forward?

2. How should plaintiff provide her confidential medical information for discovery to ensure that it will not be made part of the public record or used by the defendants' to file motions to dismiss as they have done in some of their recent motions to dismiss? Plaintiff relies on Jaffee v. Redmond 51, 8 U.S. (1996) for seeking this direction from the court.

3. Is plaintiff expected to provide a statement documenting how she has met the defendant's discovery requests? If so, is such a statement to be done after this discovery is provided or prior to discovery?

Plaintiff does not wish to take-up the court's time, however, plaintiff respectfully requests this needed clarification in order to comply with all of the Courts' mandates which at this time are not clear to her.

Respectfully submitted by: *[signature]*
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

2

## CERTIFICATION

I hereby certify that a copy of the foregoing Motion for Articulation and Rectification was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 29 day of September 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Submitted by: /s/ Vorcelia Oliphant
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515