UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV00700(PCD) |
| | : | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION, | : | |
| *Defendant* | : | OCTOBER 4, 2004 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT AND RECONSIDERATION FROM JUDGMENT AND RELIEF

The defendant in the above-captioned matter hereby objects to the plaintiff's motion for reconsideration of the Court's Order to Show Cause. (Doc. #176) because it is untimely filed and plaintiff has not presented a valid claim for relief pursuant to Local Rule 7(c) or Fed R. Civ. P. 60(b). At the outset, defendants' counsel wishes to point out that plaintiff has not complied with Federal Rule Civ. P. 5(a) and (b) in that defendant's counsel has not received a copy of plaintiff's motion (Doc. #181) as of this date despite her assertion of having sent the same by certified mail; her assertion having been made at the hearing on the court's order to show cause held on September 22, 2004.

    1.    **PLAINTIFF'S MOTION FOR RECONSIDERATION IS NOT TIMELY PURSUANT TO LOCAL RULE 9(e).**

Local Rule 7(c), formerly Local Rule 9(e), requires filing and service of motion for reconsideration within ten (10) days of the court's ruling. Pursuant to Fed. R.Civ. P. Rule 6(a), any computation of time less than eleven (11) days excludes intermediate Saturdays, Sundays, and legal holidays. The Court's ruling was dated August 21, 2004 and filed on August 25, 2004 (Doc. #176). Given the most liberal interpretation, any motion for reconsideration by plaintiff

1

was due on September 9, 2004.    The two Notices of Compliance relating to plaintiff's motion being dated September 15, 2004 and September 20, 2004, thereby render said motion untimely.

While plaintiff has raised her medical condition as placing a burden on her ability to keep up with the pleadings and discovery orders in this case, plaintiff had every opportunity to request an extension of time to file a timely pleading in light of her medical condition.   Given the protracted nature of the pleadings and the many extensions of time that plaintiff has requested throughout this case, (Doc. #33, #41, #42, #54, #60, #82. #95, #104), she is well versed in the pleading requirements for filing a motion for extension of time under the federal rules. Furthermore, a glaring inconsistency arises in plaintiff's ability to file a fifteen (15) page memorandum despite her apparent serious medical condition for which she has requested special consideration by the Court instead of a far less onerous motion for extension of time.   Such a motion would have lent credence to the burden of plaintiff's medical condition as it relates to her ability to keep up with the pleadings and discovery in this case let alone demonstrate her good faith effort to comply with the 10-day filing requirements of Local Rule 7(c).   In the absence of a simple motion for extension of time to provide for the timely filing of plaintiff's motion for reconsideration, plaintiff's credibility as to the burden of her medical condition is called into question.

Finally, plaintiff has previously filed  several motions for reconsideration, (Doc. #32, #52, #106, #135).   In at least one such motion, she demonstrated her knowledge of the 10-day filing requirements of Local Rule 7(c) arguing that she had met its requirements. (Doc. #32). Finally, in at least one of defendants' objections to plaintiff's motions for reconsideration, defendants explained the 10-day filing requirement of Local Rule 7(c ) and plaintiff's failure to meet its requirements. (Doc. #56).   Accordingly, with all due deference to plaintiff's pro se

status, she has been more than educated at this point in her lawsuit regarding the 10-day filing requirement of Local Rule 7(c).  The bottom line is that she knowingly failed to comply with the rule and cannot again request the deference of the Court based on her pro se status or medical condition.

While defendants make no judgment on plaintiff's medical condition, any explanation of untimeliness based on plaintiff's medical condition is simply disingenuous given plaintiff's knowledge of the pleading requirements of the federal rules and ability to file a far more onerous fifteen page motion for reconsideration than a simple motion for extension of time. Accordingly, plaintiff 's medical condition and pro se status do not provide credible excuses for her untimeliness and are nothing more than her attempt to circumvent Local Rule 7(e).

    **2.**    **THERE IS NO INTERVENING CHANGE IN CONTROLLING LAW OR THE NEED TO CORRECT A CLEAR ERROR OF LAW OR TO PREVENT MANIFEST INJUSTICE JUSTIFYING RECONSIDERATION OF THE COURT'S RULING ON DFEENDANT'S MOTION TO DISMISS AND ORDER.**

The standard for granting a request for reconsideration pursuant to Local Rule 7(c) is very strict.  The Second Circuit has stated that a request for reconsideration is appropriate ONLY under certain conditions. an intervening change on controlling law, new evidence, or a need to correct a clear error of law or to prevent manifest injustice.  United States v. Sanchez, 35 F. 3d 763, 677 (2d Cir. 1994); Stanger v. HER-FIC, S.A., 2002 U.S. Dist. LEXIS 14047 (D.Conn. 2002).

Plaintiff raises no new facts, intervening change on controlling law or need to correct a clear error of law or to prevent manifest injustice to meet the requirements of Local Rule 7(c) as it relates to the Court's ruling dismissing the duplicative allegations of her second complaint. She simply once again disagrees with the Court's reading of her complaint.

Plaintiff raises no new facts, intervening change on controlling law or need to correct a clear error of law or to prevent manifest injustice to meet the requirements of Local Rule 7(c) as it relates to the Court's order to show cause.  To the extent plaintiff argues manifest injustice in her prejudice in complying with the court's discovery orders based on her medical condition, her pro se status, defendants counsel's alleged abuse of the discovery process and refusal to allow her to retrieve her personal items to the prejudice of the plaintiff, plaintiff herself admits that she has previously raised these issues repeatedly in her previous pleadings. (Doc. #147, #159)  *"In previous motions regarding discovery she noted medical condition, she notes not having access to law library, she notes defendants many motions to dismiss, she notes defendants being in possession of her things which had discovery and production."* (Doc. #181, p. 11).  Accordingly, plaintiff's own admissions demonstrate her failure to meet the requirements of Local Rule 7(c), thereby requiring the dismissal of her motion for reconsideration.

    **3.**     **PLAINTIFF HAS NOT PRESENTED A VALID GROUND FOR RELIEF PURSUANT TO FED. R. CIV. P. RULE 60(b).**

Fed. R. Civ P. Rule 60(b) offers six possible bases upon which a court may relieve a party from final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence cold not have been discovered in time for a new trial under Rule 59(b); (3) fraud … misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged …; or (6) any other reason justifying relief from the operation of the judgment.  The Rule was designed to "strike a balance between serving the ends of justice and preserving the finality of judgments." Petrykov and Pikulin v. The City of New York, 1998 U.S. Dist. LEXIS 3898 (S.D.N.Y. 1998) quoting Fleming v. New York University, 865 F.2d 478, 484 (2d Cir. 1989).

4

To the extent, plaintiff argues excusable neglect on the basis of her medical condition, defendants strongly object. Plaintiff presents a blatant inconsistency between the constraints of her medical condition and her ability to file complex legal motions against defendants, including a motion for a temporary and permanent injunction, an appeal to the Second Circuit and a second complaint adding five individual defendants and a morass of claims. Indeed, she raises her medical condition only as it relates to her own burden in responding to defendant's motions dealing with her unfounded claims set forth in her two lawsuits and the prolonged discovery. The bottom line is that plaintiff needs to take the Court's orders seriously and not rely upon her pro se status to comply with discovery nor the pleadings requirements of the federal rules as she sees fit as discussed, supra.

To the extent, plaintiff argues excusable neglect on the basis of her pro se status, defendants strongly object. Plaintiff's continued argument of prejudice in not having access to a law library is disingenuous as it relates to complying with the Court's discovery orders. Her continued argument of prejudice in her pro se status and therefore being "powerless" (Doc. #181, p. 7) in not being trained in the law while undoubtedly true, is completely undercut by the numerous pleadings not to mention a motion for temporary and permanent injunction, a Second Circuit appeal, and a second lawsuit. Indeed as discussed above, she knows quite well the option for filing a motion for extension of time under the federal rules, having exercised that option numerous times throughout this case. (Doc. #33, #41, #42, #54, #60, #82. #95, #104). She also knows and understands the 10-day filing requirement for motions for reconsideration having argued her compliance in a previous motion for reconsideration (Doc. # 32) and received the objection of the defendant to another such motion discussing its untimeliness under Local Rule 7(c). (Doc. #56). Nonetheless, she filed no motion for extension of time to comply with the ten

5

day filing requirement of Local Rule 7(c).  Plaintiff's conduct is simply and plainly demonstrative of her conduct throughout this lawsuit of using the federal rules as she chooses.

Plaintiff can no longer use her pro se status to describe herself as "powerless" to comply with the Courts' discovery orders (Doc. #181, p. 7) and justify her blatant disregard of the federal rules.  Indeed, she states in her discovery response that she has consulted with lawyers on numerous occasions and paid consultation fees, further undercutting any prejudice caused by her pro se status. (Exhibit 1 attached hereto).  While defendants certainly sympathize with her medical condition, they have every right to vigorously defend themselves against a lawsuit that they consider meritless and file forty page briefs in an attempt to deal with the morass of claims that she has raised against eleven (11) individual defendants.  Indeed, she may perceive their conduct and the conduct of their counsel as being uncooperative but her noncompliance with the Court's four discovery orders throughout this case suggests otherwise.

Plaintiff argues misconduct on the part of defendants in failing to respond to her request to retrieve her personal things from her workstation, causing her prejudice in responding to the outstanding interrogatories by the March 26, 2004 deadline set forth in the Court's discovery order (Doc. #142).  The defendants note, however, that the First Set of Interrogatories, dated November 26, 2002, were filed almost a year before the date that plaintiff left defendants' employment in October, 2003.  In addition, the Court had issued three discovery orders setting various deadlines; the last one of which was August 11, 2003, again before the October, 2003 date of plaintiff's departure from defendants' employment. (Doc. #94, #111, #115, #119).  Accordingly, plaintiff was well aware of the need for any documents among "her things from her workstation" to respond to discovery before leaving defendants' employment in October, 2003.

6

To the extent plaintiff claims misconduct on the part of defendants counsel in refusing to cooperate in her request for the outstanding interrogatories, she has presented another blatant mischaracterization.  The e-mails between defendants' counsel and plaintiff regarding her request for the outstanding interrogatories show that defendants' counsel gave plaintiff access to each and every interrogatory that had been filed. (Doc. #143, Ex. 2).  Indeed, plaintiff answered all the interrogatories, including the outstanding interrogatories.  She now argues that defendants' counsel prevented her from meeting the August 11 2003 deadline set forth in the Court's order.  (Doc. #119).  The bottom line is that she met the deadline but her answers to the outstanding interrogatories were once again unresponsive, evasive and incomplete.   Defendants' counsel had no part in compiling her answers.

Finally, plaintiff's characterization of defendant's motion to consolidate as a "vexatiously delay" tactic (Doc. #181, p. 7) is beyond belief.  The credibility of any of plaintiff's arguments is simply undercut when she can characterize the grounds of judicial efficiency in consolidating cases as a delay tactic as well as accuse the Court of not offering her assistance in prosecuting her case and showing favoritism to defendants. (Doc. #181, p. 12 referring to Doc. #129). Indeed, plaintiff's credibility is again seriously called into question when she can point to a one-page margin order but presumably not have in her possession the Court's 16-page ruling (Doc. # 111) which undoubtedly amounts to one of the most important rulings in her case, setting forth in great detail the outstanding interrogatories, as well as setting another discovery deadline, giving notice of dismissal and imposing sanctions.  (Doc. # 111).   At this point, it is clear that plaintiff is prepared to turn any action upon the part of defendants or the Court into prejudice against her.

Having raised no valid grounds for excusable neglect or misconduct on the part of defendants' counsel, plaintiff has failed to present a valid ground for relief pursuant to Fed. Rule Civ. P. Rule 60(b).

**CONCLUSION**

Plaintiff has been given every benefit throughout these proceedings as a pro se plaintiff. While the Second Circuit admonishes the district courts to extend a "special solicitude" to pro se litigants, it is a necessary collorary that district court orders must be obeyed, and "willful intransigence" will result in the dismissal of a pro se plaintiff's action with prejudice." Carvalho v. Reid, 193 F.R.D. 149, 2000 U.S. Dist LEXIS 4366 (S.D.N.Y. 2000). The bottom line is that not only has plaintiff failed to comply with five discovery orders (Doc. # 94, # 111, # 115, # 119, # 139) but she has offered no new facts to justify her conduct. The Court has already imposed the lesser sanctions of a fine and barring of evidence on certain issues. (Doc. #111). Notice of dismissal has been made repeatedly by the court in each and every one of its discovery orders. Eleven individual defendants and a state agency, the Department of Transportation, are left completely prejudiced in being unable to bring this lawsuit to conclusion; plaintiff having made discovery a matter of her present recollection subject to supplementation at a later date when her memory improves or she can locate relevant documents. (See Plaintiff's Responses to outstanding Interrogatories, listed below). Accordingly, the final sanction of dismissal is warranted.

For all the foregoing reasons, defendants respectfully request that plaintiff motion for reconsideration be denied and that the sanction of dismissal be imposed for plaintiff's failure to show cause.

In the event the Court grants plaintiff's motion for reconsideration and does not dismiss plaintiff's case pursuant to its order to show cause and in response to the Court's request at the show cause hearing on September 22, 2004, defendants' counsel sets forth the outstanding interrogatories for which plaintiff has provided incomplete, unresponsive, and evasive responses to date in violation of the court's fifth ruling on discovery. (Doc. #139). Defendants' counsel has included italicized directions of what plaintiff needs to provide in order to comply with discovery.

1. Interrogatory Request 17 of the Defendants' First Set of Interrogatories and Requests for Production, dated November 27, 2003, seeks statements given by either the plaintiff or any individual named in response to any of the interrogatories regarding the subject matter of this case or concerning the actions of any party or witnesses.

   Plaintiff's response: "Jay Doody, attorney at Law Leeds, Morelli and Brown, Attorney Joseph Moniz, this may have to be supplemented at a later date because presently plaintiff's recollection is limited."

   Plaintiff's response is unresponsive and incomplete to the extent there are other individuals who have made statements regarding the subject matter of this case or concerning the actions of any party or witness. *If there are additional individuals, please provide their names now.*

2. Interrogatory Request 19 of the Defendants' First Set of Interrogatories and Requests for Production, dated November 27, 2003, seeks identification of medical treatment providers, dates of medical treatment, and medical opinions rendered.

   Plaintiff's response: "Plaintiff was in the hospital June, 2002, under doctors care, Mark Josel in June, 2002, and presently. Dr. Kenneth Robson August 2003-October 2003, Dr.

9

Enrique Tello presently. Plaintiff plans to supplement her complaint should she recall other doctors that she has not already provided in previous response or this one."

Plaintiff's response is incomplete and unresponsive to the extent that there are additional medical providers. *If there are additional medical providers, please provide their names now.*

3. Interrogatory Request 20 requests whether plaintiff made any recordings of conversations with anyone employed by DOT regarding the allegations of her complaint.

Plaintiff's response: "Plaintiff tape recorded a meeting on August 21, 2003. It was a meeting with her supervisors and Jay Doody, her union representative. The defendants were aware that the meeting was being tape recorded. Plaintiff presently does not know where that tape is and cannot find it."

Plaintiff's response is evasive and unresponsive and mirrors her similar response to Production Request 3 which requests a copy of the tape identified in Interrogatory Request 20 in which she states that the "one tape cannot be located at this time but if found plaintiff will provide it." *If there is a tape as described above, please provide it now.*

4. Interrogatory Request 23 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, requests plaintiff to state with specificity all damages and losses that she alleges to have suffered.

Plaintiff's response: "Punitive damages in an unspecified amount not less than $300,000.00  Loss of earning due to illness from plaintiff's job in the amount of $30,000.00 estimated actual.  Pain and suffering an unspecified amount not less than $300,000.00 Compensatory damages."

Plaintiff's response is unresponsive. *Please set forth with specificity the basis of damages, including the period of time covered by the damages.*

10

5.	Production Request 1 of the Defendants' First Set of Interrogatories and Request For production, dated November 27, 2002, seeks copies of all medical reports and records, and itemized statements of medical expenses related to plaintiff's complaint.

Plaintiff's response: "Provided are Medical Authorizations."

Plaintiff's response is incomplete in that the medical authorizations contain no addresses. *Please provide completed medical authorizations for each and every medical provider, including addresses of all medical providers and an itemization of medical expenses.*

6.	Production Request 2 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, seeks copies of each non-privileged statement identified in response to Interrogatory No. 17.

Plaintiff's response: "Plaintiff will need to contact the parties to whom she made such statements and will supplement this request should she obtain it."

Plaintiff's response is evasive, incomplete, and unresponsive based on the fact that the Defendants' First Set of Interrogatories and Request for Production are dated November 27, 2002 and have been in plaintiff's possession since November 27, 2002. *If there are non-privileged statements as described above, please provide them now.*

7.	Production Request #6 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, requests documents that relate to any treatment, examination or consultation that you received in the past three years for any psychiatric or psychological illness, disorder or condition.

Plaintiff's response: "Medical releases are provided as well as some doctor statements."

11

Plaintiff's response is incomplete in that the medical releases contain no addresses. (See Ex. 3 attached hereto). Plaintiff's response is further incomplete to the extent there are additional doctor statements beyond the "some" already provided that relate to this request. *Please provide medical releases with proper addresses for each and every medical provider for any psychiatric or psychological illness, disorder or condition. If there are additional medical records in your possession as described above please provide them now.*

8. Production Request #8 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, seeks all notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the complaint.

Plaintiff's response: "Enclosed but will supplement as others become available.

Plaintiff's response is unresponsive and incomplete to the extent there are additional documents related to this request based on the fact the Defendants' First Set of Interrogatories and Request for Production are dated November 27, 2002 and have been in plaintiff's possession since November 27, 2002. *If there are additional documents related to this request, please provide them now.*

9. Production Request #10 of the Defendants' First Set of Interrogatories and Request for Production, dated November 27, 2002, seeks complete medical authorizations.

Plaintiff's response: "Enclosed." (See Ex. 3 attached hereto).

Plaintiff's response is incomplete in not providing the addresses of the medical providers. *Please provide completed medical authorizations including addresses.*

Defendants' counsel requests that the Court set forth a deadline for plaintiff's responses and production to the outstanding interrogatories described above.

DEFENDANTS
DEPARTMENT OF
TRANSPORTATION, ET. AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Eleanor May Mullen
Assistant Attorney General
Federal Bar # ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail :
eleanor.mullen@po.state.ct.us


## CERTIFICATION

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing  Defendants' Objection To Plaintiff's Motion To Alter And Amend Judgment And Reconsideration From Judgment And Relief was mailed, first class postage prepaid,  this 4th[th] day of  October, 2004 to:

Vorcelia Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514


_____
Eleanor May Mullen
Assistant Attorney General

13