UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No. 3:02CV00700 (PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION, | | |
| Michael Lonergan | | |
| James Connery | | |
| Frank Kaminski | | |
| Cordula | | |
| Ines Feleciano | | |
| Wanda Seldon | : | |
| *Defendants* | : | October 19, 2004 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the defendants, by and through their attorney, and for their answer and affirmative defenses to plaintiff's Amended Complaint, dated February 23, 2004, state as follows:

Pursuant to the Court's Ruling On Defendants' Motion To Dismiss And Order (Doc. #176), the following claims set forth in plaintiff's Amended Complaint (3:04CV274(PCD)) designated as Oliphant II by the court have been dismissed as duplicative of the claims previously dismissed in her second amended complaint (3:02CV700(PCD)) designated as Oliphant 1 by the Court ( Doc.#96):

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. for failure to promote and discrimination on the basis of national origin, race, and gender;

2. Equal Pay Act of 1964, as amended, 42 U.S.C. §206;

3. Family Medical Leave Act, 29 U.S.C. §2601 et. seq.;

    4.    §504 of the Rehabilitation Act, 29 U.S.C. §794;

    5.    42 U.S.C. §1981;

    6.    American With Disabilities Act of 1990, 42 U.S.C. §12112; and

    7.    Conn. Gen. Stat. §46a-58 et seq.

Accordingly, defendants' answer is limited to the surviving claims of Oliphant 1 to the extent such claims are duplicated in Oliphant II; namely, a Title VII claim against the defendant, Department of Transportation, for retaliation for filing various complaints and grievances and a 42 U.S.C §1983 claim against the individual defendants for retaliation in violation of plaintiff's First Amendment rights after she organized approximately thirty individuals to seek redress for lack of promotion based on allegedly unlawful premises. In addition, pursuant to the above described court's ruling (Doc. #176), defendant's answer is limited to the surviving claim of Oliphant II (3:04CV274(PCD)); a Title VII claim for retaliation for filing an appeal to the Second Circuit.

    I.    Paragraph I is admitted as far as Vorcelia Tanya Oliphant is employed by the Department of Transportation. The defendants leave plaintiff to her proof as to the remainder of Paragraphs I.

    II.    The defendants leave plaintiff to her proof as to Paragraph II.

    III.    Do we admit they are officers and DOT employs over 15

    IV.    The defendants leave plaintiff to her proof as to her 42 U.S.C. 1983 claim; all other claims having been dismissed by the Court pursuant to its ruling, dated August 21, 2004, (Doc. #176).

    V.    To the extent Paragraph V alleges that the defendants in their individual and official capacities have conducted retaliation against plaintiff in violation of her first

Amendment rights under 42 U.S.C. §1983, defendants deny such allegation and leave plaintiff to her proof as to the remainder of the paragraph as it relates to her 42 U.S.C. §1983 claim; all other claims set forth in said paragraph having been dismissed by the Court pursuant to its ruling, dated August 21, 2004, (Doc. #176).

  VI.  Defendants leave plaintiff to her proof as to Paragraph VI.

  VII.  Defendants deny Paragraph VII to the extent it alleges that plaintiff has been victimized during her employment at the Department of Transportation. The remainder of the paragraph sets forth no allegation for which a response is required.

  VIII.  Paragraph VIII is admitted to the extent that plaintiff filed an appeal to the United States Court of Appeals for the Second Circuit. The remainder of the paragraph is denied.

  IX.  Paragraph IX is denied.

  IX (A)  Paragraph IX (A) is denied.

  IX (B)  Defendants leave plaintiff to her proof as to Paragraph IX (B).

  IX (C)  Defendants deny Paragraph IX(C) to the extent it alleges that plaintiff suffered discriminatory treatment since 1995 and leave plaintiff to her proof as to the remainder of the paragraph.

  IX (D)  Defendants deny Paragraph IX (D) to the extent it alleges unequal discriminatory practices and leave plaintiff to her proof regarding the remainder of the paragraph.

  IX (E)  Defendants leave plaintiff to her proof as to Paragraph IX (E).

  IX (F)-(H).  Paragraphs IX (F) – (H) are denied.

IX (I)-(M).    Paragraphs IX (I)-(M) are duplicative of Paragraphs IX (E)–(H) and, accordingly, need no response.

X.    Defendants deny Paragraph X to the extent it alleges retaliation and cannot admit or deny the remainder of the paragraph and leave plaintiff to her proof as to remainder of the paragraph.

XI.    Defendants admit that plaintiff filed an appeal to the Second Circuit on August 4, 2003, and deny the remainder of the paragraph.

XII.    Paragraph XII is denied.

XIII.    Paragraph XIII is admitted to the extent that plaintiff requested to be removed from the work of final audits. The remainder of the paragraph is denied.

XIV.    Paragraph XIV is admitted to the extent that plaintiff requested a time to be taken off the temporary work. The remainder of the paragraph is denied.

XV    Paragraph XV is denied to the extent it alleges that plaintiff's work was "overly and wrongly critiqued."

XVI.    Paragraph XVI is denied.

XVII    Paragraph XVII is denied.

XVIII    Defendants leave plaintiff to her proof of emotional distress and deny the remainder of the paragraph.

XIX.    As to Paragraph XIX, defendants cannot admit or deny and leave plaintiff to her proof.

XX.    Paragraph XX is admitted to the extent that plaintiff filed a complaint with the Affirmative Action Office on January 30, 2003; the remainder of the paragraph is denied.

XXI.   Paragraph XXI is denied to the extent it alleges harassment and that James Connery directed plaintiff to take personal leave.  Defendants leave plaintiff to her proof as to becoming ill as a result of the harassment.

XXII.   Paragraph XXII is denied to the extent it alleges that Mike Lonergen and James Connery checked with Personnel to tape record the meeting; the remainder of the paragraph is admitted.

XXIII.   Paragraph XXIII is denied.

XXIV   Paragraph XXIV is denied.

XXV   Paragraph XXV is admitted to the extent plaintiff was told that it was possible that the tardiness issue could affect her service rating; the remainder of the paragraph is denied.

XXVI   Paragraph XXVI is admitted.

XXVII   Paragraph XXVII is admitted.

XXVIII.   Paragraph XXVIII is admitted to the extent that plaintiff took approximately five hundred (500) personal leave slips of her own as well as other employees, containing confidential information from the drawer of Kim Medley, the secretary in charge of their maintenance.  Defendants lack sufficient knowledge to admit or deny the remainder of the paragraph, leaving plaintiff to her proof as to the remainder.

XXIX.   Paragraph XXIX is admitted to the extent filing cabinets and file drawers containing work-related documents are located throughout the Office of Construction and are accessible to employees.  In addition, Paragraph XXIX is admitted to the extent that personal leave slips are kept in the desk drawer of secretary, Kim Medley.  The remainder of the paragraph is denied.

XXX.      Paragraph XXX is admitted to the extent that plaintiff took the personal leave slips for 2003 and 2001; the remainder of the paragraph is denied.

XXXI      Paragraph XXI is admitted to the extent that leave slips contain boxes to check-off to indicate the type of leave requested, the reason for the leave, and the dates for the period of time requested. Paragraph XXXI is denied to the extent it alleges that it is general knowledge in the office that leave slips are kept in an unlocked drawer in the secretary's area for anyone to retrieve anytime and that plaintiff was being singled-out and reprimanded. Defendants cannot admit or deny the remainder of the paragraph and leave plaintiff to her proof.

XXXII.     Paragraph XXXII is denied to the extent that it alleges that plaintiff was singled out regarding her personal leave slips or reprimanded regarding the same. Paragraph XXXII is admitted to the extent that plaintiff used state time and state equipment to copy the personal leave slips of other employees. To the extent the remainder of the paragraph sets forth an opinion or state of mind, defendants cannot admit or deny and leave plaintiff to her proof.

XXXIII     Paragraph XXXIII is admitted to the extent that plaintiff was found to be in possession of 300-400 activity reports displaying the daily schedules of employees. As to the remainder of Paragraph XXXIV, defendants cannot admit or deny and leave plaintiff to her proof.

XXXIV     Paragraph XXXIV is admitted to the extent that plaintiff was found to be in possession of 300-400 activity reports displaying the daily schedules of employees  As to the remainder of Paragraph XXXIV, defendants cannot admit or deny and leave plaintiff to her proof.

XXXV.     As to Paragraph XXXV, defendants cannot admit or deny and leave plaintiff to her proof.

6

XXXVI. Paragraph XXXVI is denied to the extent it alleges that Kaminski acted as an investigator; the remainder of the paragraph is admitted.

XXXVII. Paragraph XXXVII is admitted to the extent that Frank Kaminski came to plaintiff's work area to discuss DBE regulations. Defendants cannot admit or deny the remainder of the paragraph and leave plaintiff to her proof.

XXXVIII. To the extent Paragraph XXXVIII alleges that plaintiff wanted to clarify what she could regarding the August 21st meeting and be prepared for her service rating meeting, defendants cannot admit or deny and leave plaintiff to her proof. The remainder of the paragraph is denied.

XXXIX. Paragraph XXXIX is denied to the extent that it alleges that information from personal leave slips is accessible to employees at anytime or that plaintiff was singled out in any way. As to the remainder of the paragraph, defendants cannot admit or deny and leave plaintiff to her proof.

XL. Paragraph XL is admitted to the extent that Jim Connery stated to plaintiff that Mr. Kaminski and other employees saw plaintiff copying personal leave slips belonging to other employees. Paragraph XL is denied to the extent that Jim Connery went straight to Frank Kaminski's area upon returning from a field meeting.

XLI. Paragraph XLI is denied to the extent that plaintiff offered to disclose the content of the box containing the personal leave slips and that Connery stated that Frank Kaminski had taken a course in Freedom of Information. The remainder of the paragraph is admitted.

XLII.        Paragraph XLII is denied to the extent it alleges that plaintiff continued to insist that Mr. Connery look into the contents of the box.  The remainder of the paragraph is admitted.

XLIII.       Paragraph XLIII is admitted.

XLIV.       Paragraph XLVI sis denied.

XLV.        Paragraph XLV is admitted.

XLVI.       To the extent Paragraph XLVI sets forth plaintiff's opinion as to Mr. Connery telling his side of the story, no response is required. Paragraph XLVI is admitted to the extent that Ms. Seldom stated that plaintiff would be charged $0.25 for each page copied.

XLVII.      Paragraph XLVII is denied.

XLVIII.     Paragraph XLVII is admitted.

XLVIX.     Paragraph XLVIX is admitted.

L.          Defendants cannot admit or deny Paragraph L and leave plaintiff to her proof.

LI          Paragraph LI is admitted to the extent that a fact-finding hearing was held on September 26, 2003.  The remainder of the paragraph is denied.

LII.        Paragraph LII is admitted to the extent it alleges that a suspension is pending upon plaintiff's return to work.  The remainder of the paragraph is denied.

LIII.       Paragraph LIII is admitted to the extent that a fact-finding took place on September 26, 2003, and that the fact-finding was originally scheduled for September, 5, 2003, and rescheduled to September 26, 2003, because of plaintiff's absence from work from September 5 through September 15, 2003.  Paragraph LIII is further admitted to the extent that

copies of both memorandums scheduling the fact-finding for the above-described dates was left in plaintiff's in-box. Defendants leave plaintiff to her proof as to the remainder of the paragraph.

    LIV.        Paragraph LIV is admitted.

    LV.        Defendants leave plaintiff to her proof as to Paragraph LV.

    LVI.        Paragraph LVI is admitted to the extent that plaintiff has filed for disability retirement; the remainder of the paragraph is denied.

    LVII.        Paragraph LVII is denied.

    LVIII.        Plaintiff has been barred from presenting any evidence on emotional distress, thereby requiring no response to Paragraph LVII to the extent it alleges emotional distress damages. Defendants leave plaintiff to her proof as to the remainder of Paragraph LVII.

### COUNT ONE

Plaintiff's claims set forth in Count One have been dismissed by the Court's ruling, incorporating its ruling, dated June 9, 2003, (Doc.#98) thereby requiring no response.

### COUNT TWO

Plaintiff claims set forth in Count Two have been dismissed by the Court's ruling, incorporating its ruling, dated June 9, 2003, (Doc. #98) thereby requiring no response

### COUNT THREE

To the extent Count Three alleges claims under Title VII, 42 U.S.C ,2000e et seq., said claims are limited to retaliation for filing various grievances and filing an appeal to the second Circuit pursuant to the Court's ruling, dated August 21, 2004, (Doc. #176). Accordingly, defendants incorporates its responses set forth above to the allegations contained in paragraphs VII-LVII solely as they relate to said Title VII claims. Any claims pursuant to Conn. Gen. Stat. §46a-60 et. seq. have been dismissed by the court pursuant to its ruling dated, August

21, 2004, (Doc. #176) incorporating by reference its prior ruling , dated June 9, 2003, (Doc. #98).

## COUNT FOUR

To the extent Count Four alleges claims under 42 U.S.C. §, 1981, §1982, §1985(3), §1986 and S504 of the Rehabilitation Act , 29 U.S.C. §794, said claims have been dismissed by the Court pursuant to its ruling, dated August 21, 2004, (Doc. #176) incorporating its previous ruling dated  June 9, 2003 , (Doc. #98).

## COUNT FIVE

To the extent Count Five alleges claims under the Family Medical Leave Act, 29 U,S.C. §2601 et seq. ("FMLA"), said claim has been dismissed by the Court pursuant to its ruling, dated August 21, 2004, (Doc. #176) incorporating its previous ruling dated June 9, 2003, (Doc. #98).

## COUNT SIX

Plaintiff has been barred from presenting evidence on emotional distress or any alleged loss, damage, suffering, injury distress or harm sustained by plaintiff relating to issues raised in her complaint by the Court's ruling dated  July 19, 2003(Doc. #111).  To the extent there are additional damages not related to the Court's ruling, defendants deny all of plaintiff's claims for relief.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim against the defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants lack the requisite personal involvement.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has been barred from presenting evidence by the Court's ruling dated July 19, 2003(Doc. #111) on any claims regarding unfair treatment in regard to unfair scrutiny of her work, change in work duties, orchestration of DOT's employment practices, policies, and procedures in regard to plaintiff, failure to promote, disparate treatment, lack of equal pay, blocking plaintiff from any natural career progression, specific incidents and conversations indicating deliberate actions and forethought, lack of training, specific occasions that defendants discriminated against her with malice or reckless indifference to her Title VII rights, including the date, time, and place of the discrimination, the person who discriminated against her, the form of the discrimination, and the name, address, and telephone number of each person who has knowledge of her allegations of discrimination. as well as any evidence regarding emotional distress or evidence regarding any alleged loss, damage, suffering, injury distress or harm sustained by plaintiff relating to issues raised in her complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendants reserve the right to assert additional defenses as they become known through discovery.

```
                                        DEFENDANTS
                                        STATE OF CONNECTICUT
                                        DEPARTMENT OF TRANSPORTATION
                                        ET AL.

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL


                                BY:     _____
                                        Eleanor M. Mullen
                                        Assistant Attorney General
                                        Federal Bar No. ct22430
                                        55 Elm Street, P.O. Box 120
                                        Hartford, CT  06141-0120
                                        Tel: (860) 808-5340
                                        Fax: (860) 808-5383
                                        email: eleanor.mullen@po.state.ct.us
```

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 19th day of October, 2004, first class postage prepaid to:

Vorcelia Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

```
                                        _____
                                        Eleanor M. Mullen
                                        Assistant Attorney General
```