reply

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED Nov 2 7 58 AM '04

VORCELIA OLIPHANT,
Plaintiff,
vs.
James F. Byrnes, Commissioner, ET. AL.
Defendant

CIVIL NO. 3:02CV00700(PCD)

November 1, 2004

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT AND RECONSIDERATION FROM JUDGMENT AND RELIEF FROM JUDGMENT**

The Plaintiff, pro se, relies upon her memorandum of law to alter and amend judgment and reconsideration dated September 15, 2004(docket No. 182) in reply to the defendants' objection.

**Plaintiff's reply to Defendants' contention that plaintiff's motion is untimely filed.**

Plaintiff's motion is not untimely. She seeks relief under Federal R. Civ. P. 60(b), the filing deadline is within one year from the Courts ruling. Should plaintiff's motion be considered untimely for the ten (10) day deadline pursuant to the Rules this pertains, it is due to a technicality and a harmless error. Plaintiff is not aware of ever filing anything untimely in the full two-three years of these proceedings.

The defendant points out to the court that the plaintiff is knowledgeable in these proceedings to know to request time extensions. Defendants' assertion is supports plaintiff's assertion that should the ten days have been missed it is a technicality in which the plaintiff may have made a harmless error in the calculating the due date.

Plaintiff calculated the days from the file date of the courts' August 25, 2004 ruling, L. Rule of Civ. P. 7(e)1. Following the guidelines of Fed. R. Civ. P. 6, Plaintiff did not include the day of the act and began counting from August 26, 2004. She added three days for mailing Fed. R. Civ. P. 6(e). She also did not include holidays, Saturdays or Sundays in this calculation. She arrived at September 15, 2004 as a due date.

The defendants' objection supports plaintiff's assertion that her health condition and most recently the change in her health condition has affected her in the proceedings. Defendants'

illustrating what appears to be an inconsistency of plaintiff's ability shows what the plaintiff has been saying all along about the affect of her health in these proceedings. In plaintiff past filings of "complex litigation" and her knowledge of the requirements to calculate due dates therefore supports the plaintiff's position that any failure on her part demonstrates that such is out of the ordinary for the plaintiff and is the result of the factors plaintiff pointed to in her memorandum dated September 15, 2004 Docket No. (182). One of these factors are directly related to changes in her current health situation. Plaintiff has substantiated the changes in her medical situation by providing the court with medical documentation of her current condition.

Defendants' throughout these proceedings have tried to paint the plaintiff in a bad light calling most of all plaintiffs' actions into question to the court. The same is the case with discovery that defendants could have handled with plaintiff and not made such issue before the court over the outstanding discovery requested seeing that the same information provided now could have been provided to the plaintiff in March when the plaintiff contacted the defendant on outstanding discovery. The same is the case regarding mailings to and from the plaintiff.

**Defendant states that they have not received a copy of plaintiff's motion (Doc.181/182) as of the October 4, 2004 filing of its Objection to plaintiff's motion for reconsideration.**

Defendant's counsel has repeatedly made many claims throughout these proceedings that she has not received mailings that plaintiff has certified to the court that she mailed and other claims that she has sent plaintiff pleadings that plaintiff received very late and in some instances plaintiff did not receive them at all.

But for Plaintiff's ability to demonstrate in her last motion how she had sent defendants counsel mail that defendant claims not to have ever received, this would call the plaintiff's compliance with the court's rules into question as the defendant has attempted to do with every aspect of these proceedings. However Defendants' dilatory tactics throughout these proceedings including discovery is revealed. From the outset in October 2002 Defendants certified sending a motion that plaintiff demonstrated to the court she never received from the defendant( See Docket No. 32). Other instances, which don't account for all instances, include one time that the plaintiff pointed out to the court in her last motion/memorandum to the court (Docket No. 181/182). Therein plaintiff provided proof that refuted defendant's charge that questioned plaintiff's compliance with the rules on service. Plaintiff certified that she mailed the items on September 15, 2002 and another mailing on September 20, 2004 or two days before the hearing. As of October 4, 2004 Defendants continue to claim not to have received the motion. (See Exhibit No. 1-1 A). On the same date, plaintiff mailed from the same Suffield Post Office the motion to District

court as well. The District court in New Haven received the mailing the next morning September 16, 2004 at 9:00am(See Exhibit 2), defendant 's local is closes to the post office yet claims not to have received the mailing.

In July/August 2004, Defendant counsel claimed, when it missed a filing deadline, not to have Plaintiff's correct address. Its motion for leave to file a reply that was supposed to be mailed to the plaintiff, defendants claim was "returned to sender"( See exhibit no. 6 )Defendant had missed a crucial filing deadline for which default was in place. It was only this time when defendant missed a filing deadline that the defendant claim not to have the plaintiff's correct address. Plaintiff's address has never changed during these proceedings.. This stood to prejudice the plaintiff because the motion was filed without the plaintiff receiving a copy, thus not permitting her opportunity to request default judgement or have prompt opportunity to reply.

July 15, 2004 Defendant sent a letter to the clerk requesting the filing of her motion along with the pleadings plaintiff had sent her in accordance with the court;s supplemental order on pleadings. Defendant claimed that they missed the deadline because it did not receive the plaintiff's notice of compliance.

However, Plaintiff demonstrated to the court with 1) Certification in accordance with Federal rule 5 that the plaintiff mailed the notice( exhibit 7,). Plaintiff goes beyond this and demonstrated to the court with a postal form #3817 Certificate of mailing, that is date stamped. The US postal Service form shows the dates and address of item mailed to the defendant counsel (See exhibits 8). Exhibits 3-4a explains Postal form 3817 Certificate of mailing. 3)Plaintiff also demonstrated with Postal Receipt (Exhibit 9)on this same mailing that the same was mailed 9(nine) minutes after the time and date that it was filed at the US district Court in New Haven on July 1, 2004.See (Exhibit10). The postal receipt also showed the time, date, and zip code to where the item was mailed and proof of payment for the certificate of mailing. For this one item of mailing the Plaintiff provided four documents collaborating that the item was mailed. Yet the defendant's counsel made the assertion that she did not receive it weeks after it was sent( See Exhibit 11-11a).

As it stands, this has been a tactic defendant continues to use

Most recently defendant does the same regarding the last motion in which she contacts the plaintiff prior to filing the motion for Extension of Discovery Deadlines. Defendant claims to send the motion when none was sent. Plaintiff did not request that the defendant send the motion (See Exhibit 5-5D). Plaintiff will stop here in demonstrating defendants' dilatory tactics reverted to in these proceedings. Defendants dilatory tactics reverted to as demonstrated above are similar to those used throughout the discovery proceedings. Defendant could have conferred with the

plaintiff to resolve any discovery disputes. Plaintiff contacted Defendant on March 23, 2004 to resolve the issue about the outstanding interrogatories by seeking to know what she was seeking. Defendant had the same opportunity on that date to make this known. Instead she has used the court's time and delayed the proceedings to require an order to show cause to accomplish what could have been achieved had she cooperated with the plaintiff when the plaintiff contacted her for the information( See Exhibits 12-12B). Defendants efforts to attempt to paint the plaintiff in a bad light with the hopes of having her case dismissed has only delayed the proceedings ands prejudiced the plaintiff.

Defendants counsel opposition to the motion for to alter and amend judgment well illustrates plaintiff's assertions. Defendants by showing how plaintiff fared well in her ability in these proceedings in the beginning and how she has failed to do so now, (i.e. defendants show that plaintiff was able to file complex motions in appeals proceeding and yet currently fails to request a simple motion for an extension of time. Defendants also show that Plaintiff not making a request for an enlargement when she has demonstrated in the past her utilization of this motion for time extensions when it appeared that one was obviously in place in this instance attempts to prove defendant's position). Plaintiff does not argue the defendants' observation because her observations are consistent with what the plaintiff's has been attempting to show the court asd to how her current medical condition has affected her in these proceedings. Plaintiff does not argue her knowledge of the proceedings just her ability to carryout what is required due to the reasons she has documented herein, in her Memorandum of Law and as related to health (docket No.182)

**DEFENDANTS CONTENTION THAT THERE IS NO CHANGE IN CONTROLLING LAW...**

Again, Plaintiff relies on her memorandum of law filed September 15, 2004 for the grounds for which she has made this request for reconsideration and relief from judgment. The Defendants fail to recognize that the issue is not one so much of controlling law. It is one in which plaintiff is requesting the court to prevent a manifest injustice in this case due to the plaintiff's limitations outlined in Plaintiff's September 15, 2004 Memorandum of Law, the changes in the plaintiff's health condition, that has further impacted her and elements mentioned in this reply.

Defendant states that plaintiff had since November of 2002 to satisfy discovery. Courts order of March 2004 was the last motion but plaintiff did not have her things from her work station though she had requested them long before the court order was issued and the discovery was due( See Exhibit No. 13). Plaintiff has not worked since October 2003. Plaintiff still

believes this again was defendant's dilatory tactic to make her miss the deadline and not have the material she needed.

**Conclusion**

Plaintiff has been straightforward in these proceedings. Yet she has had to contend with the defendants' dilatory tactics and other issues discussed in this response and the September 15, 2004 pleading(Docket No. 181/182). Plaintiff prays that the court will order the defendant to stop with its many tactics that are delaying these proceedings and prejudicing the plaintiff. Plaintiff also ask the defendants' request for dismissal be stricken as the hearing on September 22, 2004 provided the deciding factor being that related to plaintiff and defendant fulfilling their obligation to the court's order that both the defendant and the plaintiff can get beyond discovery for which only the plaintiff is subject to any penalty which is the severe sanction of having her case dismissed should she fail to comply. The Court stated in the hearing that plaintiff would be given opportunity to provide outstanding interrogatories that the defendant must provide with particularity. Yet the defendant's attempt to circumvent the court's order in its one additional effort for dismissal, ignores the court mandate and again requests dismissal before plaintiff is given any opportunity comply.

For the foregoing reasons, the plaintiff respectfully request that the defendant request for dismissal be denied or stricken and plaintiff is granted reconsideration of the Courts order for all of the afore stated reasons and defendants sanctioned with default judgment for the dilatory tactics they have used or sanctioned should they continue.

Respectfully submitted by:

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203)237-7515

**CERTIFICATION**

I hereby certify that a copy of the foregoing Plaintiff's reply to defendants objection to plaintiff's motion for reconsideration and relief was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 1 day of November 1, 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O.Box 120
Hartford, CT 06141-0120

Vorcelia Oliphant
130 Cherry Ann Street, 3
New Haven, CT 06514
(203)237-7515