UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 NOV -5  P 3: 22

U.S. DISTRICT COURT
NEW HAVEN, CT

VORCELIA OLIPHANT,
   Plaintiff,
vs.
James F. Byrnes, Commissioner, ET. AL.
Defendant

CIVIL NO. 3:02CV00700(PCD)

November 5, 2004

## PLAINTIFF'S MEMORANDUM OF LAW FOR PROTECTIVE ORDER FOR MEDICAL INFORMATION

Plaintiff pursuant to Federal Rules of Civil Procedure 26(c) requests protection of her medical information in particular any and all psychological or psychotherapist communications between plaintiff and her providers.

The Supreme Court has ruled in Jaffee v. Redmond 000U.S. U20012 (1996), that, under rule 501 of the Federal Rules of Evidence, such communications are privileged. Defendants' have requested (See Exhibit 1 attached) this information pursuant to Connecticut General Statutes 52-146d, 52-146i, that the information may be had if it is in the interest of justice for which the evidentiary need for disclosure out weights the need for probative evidence.

Defendants' have demonstrated no good cause or reason for this highly confidential information. Neither has defendants demonstrated a probative need for this information for the interest of justice or otherwise. Plaintiff has provided defendants with medical records that included psychological information that included some of this highly confidential information that they should not have. Plaintiff has also provided signed notarized releases of information for therapist having only the addresses missing. Therefore, defendants already have access to

4

much of this information they are seeking. It appears that the interest of justice can be served without this confidential information.

In addition to the Authorized Releases for Information, Plaintiff has provided defendants' with reports and records related to psychological diagnosis, reports, laboratory blood work, etc. Psychotherapist/psychological notes and communications between a patient and therapist, the Supreme Court has ruled, should be protected from being compelled.

Patient's condition is not in question in this instance as it has been documented for the court and information provided from the Doctors and therapist to the defendants previously. This information alone can sufficiently satisfy the defendants perceived need for the information for which they have demonstrated no good cause to have.

Plaintiff is willing to provide the names of providers for psychological treatment and have reports released but the communications and notes of the communications between the patient and her providers for this treatment should remain closed. Defendants have already received and has access to all other information related psychologically, as justice may requires and does satisfy defendants' request for discovery. Defendants have plenty of information with regards to plaintiff's condition with needing the communications they have asked for.

Plaintiff has attempted in good faith to resolve this in the past and have her medical information protected for which she was sanctioned. Plaintiff is now requesting of the court to protect plaintiff's **confidential communications**

5

**between herself and her therapists.** The disclosure of this information will jeopardize plaintiff's ongoing treatment. The court has ordered plaintiff to either disclose information or give reasons of how she has satisfied the requests. This information was not part of the Defendants' Production requests for November 2002, nor any others before or after but they have added this to their production now. Plaintiff respectfully requests that this motion will satisfy the requirement for the medical releases for the reasons stated above aside from providing the names of additional providers and addresses for names previously given for releases not to include communications between plaintiff and therapists.

Wherefore, plaintiff requests the court issue a protective order denying the disclosure of information compelled by defendants as it relates to any and all communications and notes of communications between plaintiff and her therapist.

Respectfully submitted by: _/s/ Vorcelia Oliphant_
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

6

## CERTIFICATION

I hereby certify that a copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW FOR PROTECTIVE ORDER FOR MEDICAL INFORMATION was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 5day of November 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O.Box 120
Hartford, CT 06141-0120

Vorcelia Oliphant
130 Cherry Ann Street, 3
New Haven, CT 06514
(203) 237-7515

7