UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff* | CIVIL ACTION NO.<br>3:02CV00700(PCD) |
| V. | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION,<br>ET AL.<br>*Defendants* | NOVEMBER 8, 2004 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER FOR MEDICAL NOTES

To the extent plaintiff's Motion for Protective Order amounts to a request to for her medical documents, including psychiatric records, to be filed under seal, defendants object to her request as a blatant violation of the Court's order, dated September 29, 2004. (Doc. #178) and a circumvention of Local Rule 7(c). To the extent plaintiff claims the psychotherapist-patient privilege as to any medical notes comprising her *confidential communications* between herself and her psychotherapist, said privilege does not apply for the reason that plaintiff has placed her medical condition at issue in her allegation of having suffered an adverse employment action in being forced to file for disability retirement.[1]

---

[1] Plaintiff asserts that defendants are in possession of "notarized releases of information for therapist" and has already been provided with medical records. Defendants wish to point out that their counsel complied with the Court's order at the hearing on the order to show cause on September 20, 2004, to set forth the outstanding discovery requests in its filing, Doc. #189. Included in the outstanding discovery requests are executed medical authorizations forms including addresses of all medical providers. Accordingly, as of this date, defendants are not in possession of any executed medical authorizations forms complete with addresses contrary to plaintiff's assertion set forth on pp. 4-5 of its pleading (Doc. #203). Defendants acknowledge, however, that the Court set the deadline of November 12, 2004, to produce the same along with the other outstanding discovery requests. (Doc. #200).

1

Rule 501 of Article 5 of the Federal Rules of Evidence requires the federal courts to look to state law on privileges. Jaffe v. Redmond, 518 U.S. 1, 6; 135 L.Ed. 2d 337 (1996). Connecticut law recognizes a clear exception to the psychiatrist/patient privilege pursuant to Connecticut Code of Evidence, Sec. §5-1(d). in a civil proceeding where the patient introduces her medical condition. In addition, the Court clearly stated in its ruling, dated July 19, 2003, (Doc. #111), ordering plaintiff to produce her medical records that the production "may be material to defendants' preparation of a defense." The Court further stated in ordering plaintiff to produce her psychiatric records that the production "may be material to defendants' preparation of a defense." (See p. 11, Doc. #111). As a result, the Court itself made clear the probative value of this evidence in its ruling over fifteen months (15) ago which plaintiff now claims is lacking. Again, plaintiff's motion amounts to a circumvention of Local Rule 7(c)

Accordingly, to the extent plaintiff's motion amounts to a motion for reconsideration of the Court's ruling denying her request that her medical records be filed under seal, it is a blatant violation of the Court's ruling (Doc. #178) and circumvention of Local Rule 7(c). To the extent plaintiff claims the psychiatric/patient privilege as to any medical notes comprising her communications between herself and her therapist, her claim is legally deficient and amounts to a blatant violation of the Court's order issued over fifteen (15) months ago to produce the same based on their probative value and further amounts to a circumvention of Local Rule 7(c). Indeed, plaintiff's motion simply adds to her pattern of ignoring the Court's discovery orders which explains why after nearly two and one-half years, the merits of this case have yet to be addressed. The defendants respectfully request that her motion be denied.

DEFENDANTS
DEPARTMENT OF
TRANSPORTATION,
ET. AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General
Federal Bar # ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail :
eleanor.mullen@po.state.ct.us

### CERTIFICATION

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing Defendants' Objection To Plaintiff's Motion For Protective Order For Medical Notes was mailed, first class postage prepaid, this 8th day of November, 2004 to:

Porcelain Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

*Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General

3