# UNITED STATES DISTRICT COURT

FILED

## DISTRICT OF CONNECTICUT

Nov 22   8 49 AM '04

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>James F. Byrnes, Commissioner, ET. AL.<br>Defendant | CIVIL NO. 3:02CV00700(PCD)<br>NEW HAVEN, CONN.<br>November 22, 2004 |

## PLAINTIFF'S MEMORANDUM OF LAW FOR PLAINTIFF'S MOTION IN OBJECTION TO DEFENDANTS' MOTION TO FILE A SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT AND RECONSIDERATION FROM JUDGMENT AND RELIEF FROM JUDGMENT

Pursuant to Federal Rule of Civil Procedure 1(One), 12(f), Plaintiff objects to defendants motion to file a surreply(Docket No. 204) as the same constitutes unnecessary delay, prejudice to the plaintiff and circumvents the Federal Rules of Civil Procedure and attempts to once again circumvent a court orders (September v. 0 22, 2004 ruling at hearing and Docket No.192) denying defendant's first objection.

### Defendants have had opportunity to be heard on the issue.

Plaintiff's reply to Defendants first objection did not raise new issues but only substantiated with exhibits the original claims that plaintiff made regarding the defendants' pattern of dilatory and bad faith conduct in these proceedings pursuant to Federal Rules of Evidence 405(b), 406.

**Throughout the proceedings and in every aspect of discovery Defendants have acted in bad faith at any attempt by plaintiff to initiate any resolution or compromise of an issue.**

Pursuant to Federal Rules of Evidence 408 b 2 Plaintiff provided emails and other proof in her objection illustrating defendants' pattern of bad faith conduct in these proceedings. Plaintiff demonstrated that Defendant was uncooperative, and attempted to make an issue out of any attempts plaintiff made to either expedite an issue by requesting that the defendant email her which after plaintiff exposed defendants' tactic to mislead the plaintiff by not sending what the defendant suggested and said she was emailing, only then does the defendant raise an issue trying to make it appear that the plaintiff made a request contrary to the local rules( Docket No.197 as amended by 199 and Exhibit 5B, No. 4). (Plaintiff never requested the motion be emailed prior to it being filed that was the defendants idea (Docket No.197, 199 exhibit nos, 5-5d))

The same is the case with service or mailings to and from the defendants: Only when in plaintiff's objection that she proves the defendants inconsistent statements of not receiving mailings when plaintiff demonstrates that the mailing was made; only then does the defendant attempt to raise another explanation that she never mentioned prior when it was her opportunity to do so.

The same pattern is now demonstrated by defendant's request to file a surreply.

**Defendant only wishes to reply to plaintiff's objection in order to create some explanation that they could have made in their original objection:**

The plaintiff did not raise any new issues which is the grounds for which a surreply can be made, but only responded, paragraph-by-paragraph, to defendants' objection and provided exhibits showing the defendants' bad faith and dilatory tactics and how they have adversely affected these proceedings thereby. Any explanation the defendants could offer now in a surreply could have been made in their defense in their original objection.

**A surreply will only rob the court of its valuable time and resources, circumvent the courts order (Docket No.192 and Ruling in September 22, 2004 hearing), delay the proceedings and prejudice the plaintiff.**

Throughout these pleadings related to plaintiff's motion for reconsideration (Docket Nos.181,182,184,197(199) and as provided herein, the plaintiff has shown how the defendants actions are impacting the proceedings, the court resources and the plaintiff.

**Defendants given permission to file a surreply will undermine the entire judical process:**

There is nothing to protect the proceedings nor the plaintiff from the defendants future untrue claims regarding service, whether it receiving or making service and it not being received, when it is suites their interest to do so. In spite of the Plaintiff having demonstrated, in more instances than one time, the defendants dilatory actions that at every stage has hampered her and the

proceedings, the defendants yet wishes to offer another argument without providing one shred of evidence to refute the proof the plaintiff has provided. Without the courts' intervention what is there to stop the defendants from these vexatious actions. Such actions stand to subject the entire judicial process in this case to a matter of proving whether or not the defendant received or made service as certified even with additional proof. It is very reasonable to assume that had defendant not have received service as many times as plaintiff has documented, the defendants would have been anxious to bring this to the court's attention and seek relief or make plaintiff to appear in a bad light. As it stands, but for the plaintiff being able to document more than once the defendants' actions with additional proof, the plaintiff could again, as in discovery, be called into question regarding the mailings.

Wherefore, the plaintiff respectfully requests that 1) if defendant is permitted to file a surreply that plaintiff is given an opportunity to reply to the defendants surreply. 2). Plaintiff respectfully requests that defendants motion to file a surreply be stricken and the court ruling on the plaintiff's *Objection to Defendant Objection to Plaintiff's Motion for Reconsideration And Relief from Judgment and Amend Judgment* (docket No. 197(199) be granted. 3). Plaintiff respectfully requests that the court exercise its inherent power to grant any relief it deems appropriate in accordance with 28 U.S.C 1927 (1994), (a). find that the defendants have acted in bad faith and (b). have the defendant comply with Federal Rule of Civil Procedure 1(one) and (c). stop its bad conduct that is

adversely impacting the court, the plaintiff and these proceedings from moving

forward.

Respectfully submitted by: _(signature)_
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

**ORAL ARGUMENT NOT REQUESTED**

## CERTIFICATION

I hereby certify that a copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW FOR PLAINTIFF'S MOTIOON IN OBJECTION TO DEFENDANTS' MOTION TO FILE SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT AND RECONSIDERATION FROM JUDGMENT AND RELIEF FROM JUDGMENT was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 22 day of November, 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O.Box 120
Hartford, CT 06141-0120

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515