UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Vorcelia OLIPHANT,<br>         Plaintiff, | :<br>:<br>: |
| -vs- | :   Civil No. 3:02cv700  (PCD) |
| STATE OF CONNECTICUT<br>DEPARTMENT OF TRANSPORTATION<br>    et al.<br>         Defendants. | :<br>:<br>:<br>:<br>: |

## RULING ON PLAINTIFF'S MOTION FOR
## SCOPE AND LIMITATION OF DEPOSITION

Plaintiff moves [Doc. No. 213] for this Court to define the limits of a deposition[1] to be conducted by Defendants on December 10, 2004.[2]  She argues that Defendants: (1) provided her with conflicting dates for the deposition in an attempt to confuse and harass her; (2) improperly prohibited a companion from accompanying her during the deposition; (3) attempted to intimidate or harass her by passing notes to their attorney during the deposition; and (4) have selected a biased stenographer because Defendants' attorney has done business with the stenographer on previous occasions.  For the following reasons, this Court finds that Plaintiff's arguments are without merit.  Accordingly, Plaintiff's motion is **denied**.

---

[1] Defendant's counsel, Eleanor Mullen, informed this Court that the deposition at issue in this motion began on an earlier date.  That deposition was stopped and later rescheduled.

[2] Attorney Mullen contacted this Court on the morning of Friday, December 10, 2004, seeking a ruling on Plaintiff's motion.  She had recently received the motion and had no time to prepare an opposition to Plaintiff's motion, as the deposition was scheduled to take place on that morning.  Based upon the arguments raised in Plaintiff's motion and Defendants' general denial of any attempt to harass Plaintiff, this Court issued an oral ruling on Plaintiff's motion. This ruling expounds upon the reasoning of that oral decision.

Plaintiff argues that Defendants are attempting to delay or confuse her as to the date of the deposition because Defendants' counsel provided her with conflicting information. On the one hand, an email indicated that the deposition was to be held on *Monday* December 13, 2004. On the other hand, Plaintiff received two fax notices and a letter indicating that the deposition was scheduled for *Friday*, December 13, 2004. Plaintiff has not established and this Court is not persuaded that Defendants counsel provided Plaintiff with conflicting dates for the deposition in an attempt to confuse or harass her. Rather, it appears that Defendants counsel made an administrative error that unfortunately inconvenienced Plaintiff to the extent of having to contact Defendant's counsel for clarification.

Plaintiff also contends that Defendants attempted to harass her by prohibiting her companion, who was also an employee of the Defendant Department of Transportation, from remaining in the room while she was being deposed. Defendants stated that they asked for her companion to leave the room because they were concerned about a potential conflict of interest. This Court does not find this request unreasonable, especially in light of Rule 30(a) of the District of Connecticut Local Rules of Civil Procedure:

> Depositions on oral examination or written interrogatories are deemed to constitute private proceedings which the public is not entitled to attend. Any person other than the witness being deposed, the parties to the action, the parent of a minor deponent, counsel for the witness or any party, or any person who has been disclosed by any party as an expert witness in the case shall, at the request of counsel for any party, or the witness, be excluded from the hearing room while the deposition of any person is being taken. Application for an exception to this rule may be made to the presiding Judge.

Defendant's counsel requested that Plaintiff's companion not be permitted to remain in the room while Plaintiff was being deposed. Furthermore, Plaintiff's companion does not fall within any

of the exceptions to this rule.

Plaintiff next argues that Defendants' counsel improperly provided the five Defendants attending the deposition with note pads and pens, which they used to write notes and questions that were given to their attorney. Plaintiff argues that this procedure conflicted with Rule 30(c) of the Federal Rules of Civil Procedure which states, in relevant part, that "[i]n lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and the party taking the deposition shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim. In this case, Defendants were not submitting questions in lieu of participating in the oral examination. Rather, they were present in the room with their counsel who was conducting the oral examination. Defendants' conduct, therefore, does not offend the purpose of Rule 30(c), which, among other things, is to permit parties not participating personally in the oral examination to preserve the confidentiality of their questions by having them served in a sealed envelope on the party taking the deposition.[3] Defendants had no need to prepare their questions in advance or submit them in a sealed envelope because they were physically present and participating in the oral examination. Furthermore, they had no need to preserve the confidentiality of their questions, as they were given directly to their attorney. In fact, Defendants' practice of alerting their attorney, through notes of some sort, that a particular question may be appropriate or that inquiry into a particular area may be beneficial is in the spirit of oral depositions which, among

---

[3]See the advisory committee note for Rule 30(c), which provides, in relevant part: "Parties choosing to serve written questions rather than participate personally in an oral deposition are directed to serve their questions on the party taking the deposition, since the officer is not often identified in advance. Confidentiality is preserved, since the questions may be served in a sealed envelope."

other things, include the opportunity to ask follow-up questions. *See, e.g.*, *In re Subpoena Issued to Dennis Friedman, Esq.*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) (citing cases supporting its proposition that "[d]istrict courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories").

Plaintiff next requests that fairness dictates that the stenographer selected for the deposition be a neutral party with whom Defendants' counsel has not done business with previously. She also requests to have input regarding the selection of the stenographer. Plaintiff's argument is without merit. Rule 30(b)(3) provides that "[w]ith prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders." Plaintiff's assertion that the stenographer in this case is biased is highly dubious.[4] Furthermore, Plaintiff may have arranged, at her own cost, to have Defendants' deposition recorded through another method or by another stenographer.[5] Defendants are not obligated to receive Plaintiff's approval regarding the stenographer used for a deposition they are conducting. Therefore, Plaintiff is not entitled to provide input regarding the selection of the stenographer and her disapproval with the stenographer may have been ameliorated by her choosing her own

---

[4]Plaintiff provides no support for this specious allegation. On a practical note, this Court notes that a stenographer is engaged in a trade dedicated to providing transcripts of legal proceedings to the legal community. Transcripts are thereafter scrutinized by the parties and, assuming they are represented by counsel, their attorneys. If, as Plaintiff contends, the stenographer in this case was biased and, as implied, was inclined to provide inaccurate transcripts to parties, the stenographer's business would not survive.

[5]As discussed *infra*, Defendants arranged, at their expense, to have the deposition video recorded.

stenographer, at her own cost, to attend the deposition. Plaintiff's failure to do so in no way imposes an obligation upon this court to intervene.

Lastly, Plaintiff requests that the court order the deposition to be conducted by video[6] *or* monitored by a court appointed officer.[7] This issue is moot, as this Court was informed that Defendants arranged, at their own cost, for both a stenographer and videographer to record the deposition. This Court notes, however, that Defendants' provision of the videographer, at no cost to Plaintiff, and while under no legal obligation to do so, undermines Plaintiff's claim that Defendants are attempting to harass her.

For the foregoing reasons, Plaintiff's motion is denied.

---

[6]Subsequent to this Court's oral notification of its resolution of the merits of the present motion, Plaintiff informed this Court that she had requested that the video recording encompass all of the persons in the room, not just the person being deposed. Plaintiff's motion, however, may not be reasonably interpreted to include such a request, as her request appears in paragraphs expressing concern about the potential bias of the stenographer who had worked previously with Defendants' counsel and about Defendants' adherence to the Federal Rules of Civil Procedure without harassing her. Even assuming, however, that Plaintiff's motion included such a request, it nevertheless would be without merit. The video recording of the deponent addresses both concerns raised by Plaintiff. Assuming, for the sake of argument, that the stenographer was biased, the video recording of the deposition could be used to dispute any alleged errors in the stenographer's transcription. Likewise, the video recording, even if focused only on the deponent, would capture the audio of the entire room.

[7]Subsequent to this Court's oral notification of its resolution of the merits of the present motion, Plaintiff informed this Court that she has requested both that the deposition be conducted by video *and* that a court appointed officer monitor the deposition. This Court's oral decision, however, was limited to the language contained in Plaintiff's motion. This court considered Plaintiff's request that the court order the deposition to be conducted by video *or* monitored by a court appointed officer as "an inclusive 'or,'" which may be interpreted as one or the other or both ("at least one"). As a result, this Court determined that a decision regarding Plaintiff's request for a court appointed officer to attend the deposition need not be resolved as Defendants informed the Court that they had arranged for the deposition to be video recorded. Accordingly, this decision does not address the merits of Plaintiff's request for a court appointed officer.

_____ SO ORDERED.

Dated at New Haven, Connecticut, December __23__ , 2004.

                                                                         /s/

                                                     Peter C. Dorsey
                                        United States District Judge