UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff* | : | CIVIL ACTION NO.<br>3:02CV700(PCD) |
| v. | : | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL.<br>*Defendants* | : | January 4, 2005 |

## PLAINITIFF'S OBJECTION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

Pursuant to Federal Rule of Civil Procedure 1(One) Plaintiff objects to defendants motion for an enlargement of time.

Defendants claim that the deposition needs to be continued due to alleged "outstanding production of medical documents". Any outstanding medical information is a situation created by the defendants for which the plaintiff requests that the proceedings not be delayed from moving forward thereby. The plaintiff's medical documents have been provided and Authorizations provided and made available to the defendants.

At the deposition on December 3, 2004 plaintiff had prepared Authorizations for Medical Releases as she had already provided previously or about November 22, 2004 that defendants accepted and used to obtain plaintiff's medical information. Also, Plaintiff had provided in previous discovery the defendants with the medical records from both hospital stays in 2003 to the defendants which is the same information she is requesting presently.

Plaintiff prepared Authorizations forms because the new forms the defendants provided requested the confidential information for which the plaintiff had requested a

protective order on October 28, 2004 ( Doc. 202). The defendants counsel refused the plaintiff's authorizations forms on this occasion when they are the same that the plaintiff provided previously for which the defendants obtained the Authorizations from Hartford Hospital initiating them to obtain plaintiff's medical information that they requested.

Yet, at the December 3, 2004 deposition defendants counsel refused the plaintiff's forms stating that she would prefer to await the court's decision on the protective order.

Plaintiff pressed defendants counsel to use the authorizations to expedite the proceedings by obtaining information that was not a matter of the Plaintiff's motion for protective order for medical communications (Doc. 202), defendants counsel refused. Plaintiff again did the same at the Deposition on December 13, 2004 and to expedite matters also gave the Authorizations forms from Hartford Hospital for which the defendants' counsel could obtain her medical information that was not a matter of the requested protective order (Doc. 202), (Plaintiff had already provided the actual records from Hartford Hospital in previous discovery requests prior to November 22, 2004). Defendants have already obtained information from Bristol Hospital with the Authorization forms that plaintiff provided on or about November 22, 2004.

The information that is available apart from that for which the plaintiff has requested to be protected is complete showing diagnosis, treatment Discharge Summary even within which is a confidential communication that the defendants should not have but were already given as it was part of the discharge summary.

The outstanding Medical discovery to be had is of the defendants doing. The defendants are proving to be more interested in delaying the proceedings by not proceeding with obtaining the information plaintiff has made available to them, apart

from plaintiff's confidential communications, than they are with moving forward to the next phase of the proceedings in this case.

Defendants, being without the alledge "outstanding medical production" for which they request delaying the proceedings to continue the deposition until after court's ruling on plaintiff's protective order motion (Doc. No 202) is a situation that the defendants have created. The alledged "production of outstanding medical documents" is a situation only created by the defendants as shown above.

The confidential communications requested by the defendants in it Authorization forms is overboard. The information that the defendants would derive from plaintiff's confidential communications with her therapists providers and doctors would provide no more of a benefit to the defendants but would only attempt to serve to embarrass the plaintiff, jeopardize plaintiff's ongoing treatment and delay the proceedings from progress to the next phase. Defendants claim to need more time of thirty days after the court's ruling on plaintiff motion for protective order (Doc. 202)(This time frame does not take into account the time for the plaintiff to obtain the record and make any corrections which the rules provide for another 30 days all of which is a delay to moving to the next phase of the proceeding).

Furthermore, the Defendants permitted to depose plaintiff on her medical information when the defendants are not medical professionals based on information that is the medical opinion provided by plaintiff's doctors and providers appears only to embarrass the plaintiff, jeopardize her ongoing treatment is overboard and also is delaying the proceedings from going to the next phase.

Wherefore, for all of the above stated reasons the plaintiff respectfully requests that the court deny defendants motion for enlargement of time.

Respectfully submitted by: *[signature]*
Vorcelia Oliphant
Pro Se Plaintiff
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203)237 7515

## CERTIFICATION

I hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion For Enlargement of Time was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 4t$^h$ day of January 2005, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120

Vorcelia Oliphant
130 Cherry Ann St., No.3
New Haven, CT 06514
(203)237-7515