UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

VORCELIA OLIPHANT,
*Plaintiff*

v.

STATE OF CONNECTICUT,
DEPARTMENT OF TRANSPORTATION
ET AL.
*Defendants*

: CIVIL ACTION NO.
: 3:04CV0274(PCD)
:
:
:
:
:
: July 13, 2004

## DEFENDANTS' OBJECTION TO PLAINTIFF'S REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants hereby object to plaintiff's reply on the following grounds.

I. **PLAINTIFF HAS FAILED TO REQUEST PERMISSION TO FILE A SURREPLY.**

Plaintiff's reply brief is a surreply. Local Rule 9 sets forth the procedure for motion practice and does not provide for the filing of a surreply. In addition, plaintiff has not requested permission of the Court for the filing of a surreply. Accordingly, defendants respectfully request that Court not consider plaintiff's reply.

2. **ANY AMENDMENT OF PLAINTIFF'S COMPLAINT WOULD AMOUNT TO PREJUDICE UNDER FED. R. CIV. P. 15(a).**

To the extent plaintiff's reply brief amounts to a motion for permission to amend, she has failed to set forth what causes of action she wishes to amend. Nonetheless, defendants object to any amendment of plaintiff's complaint on the ground of prejudice pursuant to Fed. R. Civ. P. 15(a).

Fed. R. Civ. P. 15(a) provides that leave to amend the complaint should be freely granted when justice requires. Foman v. Davis, 371 U.S. 178, 182 (1962). District courts have

discretion whether to grant a motion to amend. Zenith Radio Corp. v. Hazeltime Research, Inc. 401 U.S. 321, 330-31 (1971). "Undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...{or} futility of amendment" will prevent the granting of a Rule 15(a) motion prior to trial. Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is considered futile if it fails to state a claim or would be subject to a successful motion to dismiss. Chan v. Reno, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996)(citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979); Freeman v. Marine Midland Bank-New York, 494 F.2d 1334, 1338 (2d Cir. 1974)).

Defendants have already addressed the prejudice that would arise from any amendment of plaintiff's complaint in their previous pleading entitled, Defendants' Reply To Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss, dated June 1, 2004 and urge the Court to deny plaintiff's motion on the ground of prejudice.

>DEFENDANTS
>STATE OF CONNECTICUT
>DEPARTMENT OF TRANSPORTATION
>ET AL.
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY: *Eleanor May Mullen*
>Eleanor May Mullen
>Assistant Attorney General
>Federal Bar No. ct22430
>55 Elm Street
>P.O. Box 120
>Hartford, CT 06141-0120
>Tel: (860) 808-5340
>Fax: (860) 808-5385
>E-Mail Address:
>eleanor.mullen@po.state.ct.us

2

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Objection To Plaintiff's Reply To Defendants' Reply To Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 13th day of July, 2004, first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann St.
New haven, CT 06514

*Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General