UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 MAY 27 A 10: 28
U.S. DISTRICT COURT
NEW HAVEN, CT

VORCELIA OLIPHANT,
*Plaintiff,*
vs.
Department of Transportation, ET. AL.
*Defendant*

CIVIL NO. 3:02CV00700(PCD)

May 26, 2005

**MEMORANDUM IN SUPPORT of PLANTIFF'S MOTION FOR RECONSIDERATION AND ARTICULATION, RELIEF AND TO AMEND JUDGMENT OF COURTS RULING ON PLAINTIFF'S MOTION PER RULE 56(F) FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENTPLANTIFF'S**

Plaintiff has requested reconsideration of courts ruling Docket No. 246. Plaintiff explains herein the basis upon which she makes this request. Pursuant to Federal Rules of Civil Procedure60 (b), 59, 46, 7(b) 11(b) L.Civ.R. 7(c),

For clarification, Plaintiff is in no way attempting to circumvent the court's order denying her motion (Docket No. 236) in which she notified the court of her intention to file for extension of time for discovery. The much needed time for discovery is requested per Federal Rule of Civil Procedure 56(f). Plaintiff's explanation is as follows:

1. Prior to the Discovery deadline, Plaintiff had submitted her interrogatories to defendants for which they provided none of the pertinent information that she requested (See attached interrogatories and Defendants' responses Exhibits 1, 2).
2. Defendants' grounds for refusing the request the plaintiff believes were based on reasons that form a basis to compel discovery.
3. Before Pro se Plaintiff could know exactly how to respond to defendants lack of response, and for the plaintiff having to keep abreast of other court proceedings, the discovery deadline

had ended, an oversight, prompting Plaintiff's (Docket 236) to give court notice of her
intentions to file at a later date a Nunc Pro Tunc motion for extension of time.

4.  Plaintiff as a pro se litigant is not astute to the discovery process.  Her knowledge of
discovery has been mainly that of keeping abreast of defendants' efforts through the
discovery process to have her case dismissed to which most of plaintiff's efforts were
directed during the discovery process to prevent. **Haines v. Kerner** 404 U.S. 519,52030 L.
Ed. 2d 652, 92 S. Ct 594 (1972), **Mcpherson v. Coombe**, 174 F.3d 276, 280[2d. Cir. 1999).

5.  Plaintiff due to the circumstances complied with the relevant rules of procedure and
substantive law and did not prejudice the defendants. **Traguth v. Zuck,** 710 2d. 90,95[2d. cir.
1983]

6.  Defendants' had requested numerous extensions for discovery 36, 73, 75, 84, 8, 137,139,191.
Plaintiff at this time could not make or focus on her discovery needed.  Plaintiff found herself
continually having to reply to and defend herself against the defendants many attempts at
having her case dismissed by them and their continual allegations of noncompliance with
discovery.  Wherefore time extensions requested of plaintiff were needed to respond to
defendants' discovery requests and prevent dismissal of her case.  Plaintiff is aware of only
two previous requests besides this one for extension of time to conduct her own discovery,
the requests were denied.  Wherefore, Plaintiff did not benefit from any of defendants'
extensions of time for discovery nor those that she requested to respond to defendants
discovery requests.

7.  The court sanctioned the plaintiff by dismissing many of her claims due to her response in
discovery.  Plaintiff was cooperating fully and was replying to the defendants' discovery
requests the best she could.  She did not have any assistance of counsel and she is pro se.  As
a result Plaintiff was left with little room to address her own discovery for the threat of the
court dismissing her entire complaint.  Plaintiff's deficiencies in responding to discovery
were due to her lack of experience, her health and other reasons as set forth in a previous

motions for reconsideration and oppositions to motions to compel and dismissal due to

discovery Docket No. 181,183,184,87, 75, 83,84, 81, 89, 102, 107,115,113,119,127,131, 138,

147,153,167. Defendants were not prejudiced in such a manner that could not have been

corrected and plaintiff did not respond in bad faith. **Steinfurth v. LaManna** 590, A.2d

1286[Pa. Super, 1991]

8.  In spite of plaintiff's limitations in the discovery process she was sanctioned with dismissal

of most of her claims. For example, on page 6 paragraph 4 of Docket no. 111. Plaintiff

responded to the defendant's question asking for "the facts upon which she based her

allegation that she suffered discrimination due to national origin or race". Plaintiff responded

based on what she believed to be the fact that "none or hardly any" African Americans are at

the working level of TEII. She stated "hardly any" incase there had been any changes to what

she was last aware. Because plaintiff stated that "hardly any African-americans" was used

the court termed this as a vague, unresponsive response and barred plaintiff from presenting

evidence on any particular individual of which there were many including the plaintiff

herself. **Phillips  v. Girdich** 2005 U.S App. Lexis 8692 Decided May 17, 2005.

9.  In view of the court's severe penalties that accompanied the defendants constant demands for

more information in discovery that Plaintiff faced in responding to defendants' discovery,

plaintiff had no room to pursue her own discovery.

10. In one of the courts rulings the courts ruling for an extension for discovery made by plaintiff

the court noted that Plaintiff at one time had an attorney however, the attorney filed his

appearance on January 8, 2003 (Docket No.34) and motion to withdraw was filed January 29,

2003 (Docket No. 39), Plaintiff refiled her pro se appearance February 21, 2003 (Docket No.

54) (Please note: The Docket shows a motion to withdraw by the same attorney Brewer as

of recently in April 2005 which the court ruled was moot in light of his withdrawal being

docketed in January 2003 (Docket No. 241). Since the time the attorney filed his appearance

it's believed that he has been disbarred.) For the short duration of his appearance there was

no time had for discovery that the plaintiff is aware of. **Goktepe v. Lawrence**, d/b/a U.S.

District Court for the District of Connecticut 2004 U.S. Lexis 22420

11. In spite of the many extensions that were made, with each extension granted per defendants requests was a demand for information with some renewed sanction, usually dismissal, should plaintiff fail in anyway to meet the demand. **Goktepe v. Lawrence** U.S. Dist  Lexis 1689.

12. Defendants' motion for summary judgment states specific grounds upon which the motion is made.

13. Plaintiff in her motion for an extension of discovery to respond to this motion pursuant to Fed. R. Civ. P 56 (f) which provides for discovery to defend against summary judgment, is concise in her requests as to what she is seeking discovery for and is not making an all out requests to extend discovery.

14. Plaintiff is not attempting to conduct full discovery that she has not been permitted due to the circumstance described above and circumvent the court's order.  To do so would require much more time than the 25 days requested. The defendants' many requests for modification to the scheduling order or such time extensions had for additional discovery up to 45 days with many such requests. Plaintiff is not requesting such an amount of time but only the time she believes is needed to acquire the information to respond to the defendants summary judgment motion and for defendants to cooperate with her discovery requests.  **Commer v. McEntee** 2004 U.S. Dist. Lexis 24450; 176 L.R.R. 2406; 150 Lab. Cas. (CCH) P10, 472.

15. The second circuit court believes it is well within the District's court discretion to permit discovery . **Jorgensen v. Epic/Sony Records** 351 R.3d at 56.

Wherefore, the plaintiff respectfully requests the court to reconsider is ruling (Docket No. 246) and alter its ruling  to grant plaintiff the time extension, pursuant to her motion and memorandum Docket Number 244, 243 to conduct discovery in order to respond to defendants

motion. Plaintiff requests 25 days or such additional time that the court deems for plaintiff to respond to defendants motion for summary judgment.

Respectfully submitted by:

Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237 -7515

## CERTIFICATION

This is to certify that a copy of the foregoing **MEMORANDUM IN SUPPORT of PLANTIFF'S MOTION FOR RECONSIDERATION AND ARTICULATION, RELIEF AND TO AMEND JUDGMENT OF COURTS RULING ON PLAINTIFF'S MOTION PER RULE 56(F) FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENTPLANTIFF'S** has been mailed, US Postage prepaid, this 27th day of May 2005, in accordance to Rule 5(b) of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Pro Se

BY: [signature]
Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514
(203)237-7515

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br>James F. Byrnes, Commissioner, ET. AL.<br>Defendant | CIVIL NO. 3:02CV00700(PCD)<br><br>December 6, 2004 |

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE DEFENDANTS

The plaintiff pursuant to the Federal Rules of Civil Procedure 33 and 34 hereby requests the defendants to respond to the following interrogatories within thirty (30) days of the certification of the mailing hereof, and to produce for inspection or copying such documents as may be requested hereinafter.

**INSTRUCTIONS AND DEFINITIONS:**

1. The attached interrogatories and production requests shall be deemed to be continuing in nature. Amended answers are required to the date of the trial as supplemental or additional information is discovered.

2. If no one person is competent to answer all the interrogatories and requests for production, the responses should be separately answered, under oath, by as many agents of the defendants as might be necessary.

3. If a claim of privilege is asserted concerning any information or documents sought herein:

   (a) Identify such information or document with sufficient particularity to allow the matter to be brought before the Court;

   (b) State the nature of the privilege asserted; and,

   (c) State the factual or legal basis for the claim of privilege.

4. If a particular interrogatory or request for production cannot be answered or fulfilled in its entirety after exercising due diligence to secure the information or documentation requested, so state and answer it to the extent possible. Specify the basis for the inability to answer the remainder of the interrogatory and provide whatever information, knowledge or documentation that you have concerning the unanswered portion.

5. If, in the exercise of due diligence, the plaintiff cannot furnish the exact information requested, he/she should supply estimated information to the extent possible. When estimated information is used, it should be indicated. An explanation should be furnished as to the basis on which the estimate was made and the reasons(s) why the exact information requested cannot be provided.

6. As used herein, the term "you" means you, yourself, the person to whom these interrogatories and requests for production are addressed or any of your agents, partners, associates or any employees, employers or organizations of which you are a member or an employee, or other person acting on your behalf.

7. Use of the term "identify" with reference to an individual person, means to state his full name, his business and home addresses and telephone numbers, his present position and business affiliation or employment, if any, his date of birth, and his social security number.

8. Use of the term "identify" with reference to a communication means to state the date of the communication; the mode of the communication; if by telephone, the place where such communication originated and terminated; the identities of the maker(s) and the receivers(s) of the communication and the subject matter discussed.

9. As used herein, the term "identify" or "identification" with reference to a document means to state the date of its creation, its author, the addressee or intended recipient(s) of the document, and the present or last known location and the name, business and home address, and telephone numbers of the person(s) having control or custody of such document or a copy thereof. If any such document was, but is no longer in your possession or subject to your

control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name, business and home address and telephone number of the person(s) having control or custody of such document, with sufficient particularity to enable the plaintiff to request its production.

10. As used herein, the term "statement" means;

    (a) a written statement in the handwriting of the person making it, or one which is signed, or initialed, or otherwise in writing adopted or approved by the person making it, or

    (b) a stenographic, mechanical, electrical or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and which is contemporaneously recorded.

11. As used herein, the term "document" means the original as well as any copy, regardless of origin location, of any typewritten, handwritten, printed or recorded material including, but not limited to, any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, note, draft, chart, paper, graph, index, tape, disc, data sheet, diary, calendar, or any other written, recorded, transcribed, punched taped, filmed or graphic matter, however produced or reproduced, to which you have or have had access or control.

12. A document is deemed to be in your "control" if you have the right or the abiltiy to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

13. Wherever it may be used herein, the masculine shall be deemed to include the neuter or feminine gender and vice versa, unless the context expressly indicates otherwise; the singular shall be deemed to include the plural and vice versa; the present tense shall include the past tense and vice versa; and the word "or" wherever it may be used shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories and requests for production any information which might otherwise be looked upon as outside their scope.

14. If there is insufficient space following any particular interrogatory in which to completely and truthfully provide all of the information requested, attach additional sheets of plain paper upon which your answer to such an interrogatory may be given, and note the phrase " see attached sheets" in the space provided for said interrogatory.

15. To the extent that any of these interrogatories may be fully and completely answered by attaching copies of documents, you may attach such documents in lieu of making a narrative response, but must specifically indentify which page or portion of such document is responsive to which interrogatory.

**INTERROGATORIES:**

1. Identify the person(s) answering these interrogatories. Include, full name, home address, work address, date of birth and social security number.

Answer:

3. Please state whether the defendant's hiring or promotional decisions have ever been based in whole or in part on a standard criteria, if the answer is in the affirmative, please state:

a) The criteria and the weight given to each,

b) The dates during which such policy has been in effect,

Answer:

4. Please state whether an employee's opposition to discrimination or retaliation has ever been grounds for discipline, or discharge,

a). Describe the date and circumstances in which the discipline or discharge has resulted.

b). Describe the date and circumstances in which discipline or discharge has resulted.

Answer:

9. Do you allege or contend that the plaintiff was not engaging in protected activity if so, state the basis for your allegation or contentions.

   Answer:

10. Do you allege or contend that the plaintiff was not retaliated against by defendants for engaging in a protected activity.

    Answer:

11. If the proceeding interrogatory is in the affirmative please state the basis for your allegations or contention

    Answer:

12. Please state the reason that the plaintiff was disciplined or discharged.

    Answer:

13. Please state when the defendants first learned of the plaintiff's intention to protest or oppose specific acts of discrimination.

    Answer:

14. Please state the location of all employee records and the name and job title of the person responsible for maintaining the records for the defendants.

    Answer:

15. Please state how long employee or applicant records are kept:
a) after the making of the record,
b) from the date of any personnel action.

    Answer:

16. Has the defendant ever been named as a defendant in any judicial action brought under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Age Discrimination in Employment Act, Section I of the Civil Rights Act of 1866, Section II of the Civil Rights Act of 1971 section 504 of the Rehabilitation Act of 1973 or any state fair employment practices law?

Answer:

17. If your answer to the proceeding interrogatory is in the affirmative, please state for each such judicial action",

a) the date the action was filed,

b) the name and address of all parties to the action,

c) the current status of the action if still pending

d) the final deposition of the action if not pending.

Answer:

18. Has the defendant ever been subjected to review or charges due to its employment practices by any federal agency, or labor union please state for each such review:

a) the name of the reviewing agency or labor union,

b) whether the defendant held federal contracts at the time of the review and if so, the name of the contracting agency,

c) the date of the review,

d) the nature of any investigation, the findings of any investigation,

e) the results of the review.

Answer:

19. Have you, your attorney or other representative taken or received any statement, either orally or in writing, from any person, including parties who had any information or knowledge relating to the alleged discrimination or this case, state for each such statement:

(a) name, address and job title of the person making the statement,

(b) the date of the statement,

(c) the content of the statement,

(d) for each written statement please attach a copy or indicate where and when pro se counsel may examine a copy of the statement.

Answer:

**20.** Does the defendant plan to call any expert witnesses at trial? Please state as to each such expert witness:

a) the name profession or occupation, and address,

b) the opinion of the expert subject matter or area on which the expert is to testify,

c) the substance of the facts and opinions to which the expert is to testify,

d) a summary of the grounds for each opinion of the expert.

Answer:

**21.** Did the defendant use any objective tests to determine qualifications for hire, promotion or transfer of engineers during the relevant time period or since 1999, include, describe or explain

(a) the name and describe the content of the test,

(b) the dates during which the test was used,

(c) the reason for any period which the test was not used

(d) the skills which the test was designated to measure,

(e) the title of and describe the jobs for which the test was used to evaluate applicants,

(f) each other evaluation measure used to recruit job applicants

(g) the relationship between the skills required to perform the job, and the skills measured on the test

(h) the weight given to the test relative to other evaluation mechanisms in rating applicants,

(i) how the test was scored,

(j) the score or rank considered to be passing, and the reason such score or rank was chosen as the cut-off point,

(k) how the test is administered and the instruction which were given to persons taking the test,

(l) whether the test is used to evaluate applicants for transfer or promotion

(m) attach a copy hereto or state time and place when pro se counsel may examine a copy of the test

(n) whether the test ever been shown to have a disparate impact or treatment of any members of a protected class.

(o) Whether in the engineering series has the test ever been shown to have a disparate impact or treatment on members of a protected class?

(p) Whether there ever been any promotions with out the test.

1. Name, race, gender of individuals promoted or reclassification with out taking or passing an exam
2. name, race, gender of individuals denied promotions or reclassification for not having passed an exam

Answer:

22. For each objective test used to determine the qualifications for hire, promotion or transfer, please state the name of the test and specify the number of applicants who took the test each year during the relevant time period or since 1999, who were:

(a) male
(b) female
(c) white
(d) white males
(e) white females
(f) black
(g) black females
(h) black males
(i) Spanish-surnamed Americans
(j) Spanish-surnamed American males,
(k) Spanish-surnamed American Females
(l) Other minorities (Oriental, American Indian, etc.),
(m) Other minority males
(n) Other minority female

Answer:

23. Does the defendant allege that the plaintiff was not promoted due to unsatisfactory test performance, please identity each individual hired to a position for which the plaintiff applied or was considered subsequent to the plaintiff's application and for each such individual, include:

(a) name and last known address,
(b) the individual's sex, age, race, religion, and national origin,
(c) the date of hire,

(d) the position to which the individual was hired,

(e) the individual's qualifications

(f) the test score or rank received by the individual.

Answer:

**24.** Has the defendant ever had reason to rearrange the office seating or furniture in unit 501 Office of Construction within the relevant time period or since 1999, and please state the reason for each occurrence and who was moved each time?

Answer:

**25.** How many African-American Female Engineers have worked in the Office Of Construction Unit 501 prior to and since 1994 to October 2003, include the name, address position number and social security number of the individual.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VORCELIA OLIPHANT, *Plaintiff* | : | CIVIL ACTION NO. 3:02CV700(PCD) |
| v. | : | |
| STATE OF CONNECTICUT, DEPARTMENT OF TRANSPORTATION ET AL. *Defendants* | : | January 5, 2005 |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE DEFENDANTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil procedure, the defendants respond as follows:

**INTERROGATORIES 1-25**

**RESPONSE:** The defendants object to all of these interrogatories on various grounds as follows: (1) the information requested is overly broad, burdensome, and not reasonably calculated to lead to admissible evidence; (2) the information requested goes back more than a four-year period. It will take weeks and hundreds of man hours to review files to obtain such information. The same burden exist for most of the questions presented; (3) the defendants cannot determine to which of the twelve defendants the interrogatories are directed, especially since several interrogatories refer to "defendant" and other interrogatories refer to "defendants."

In addition, the Court has limited plaintiff' claims to a Title VII claim for retaliation for filing various complaints and grievances and a 42 U.S.C. §1983 First Amendment retaliation claim for organizing over thirty Department of Transportation ("DOT") employees to seek redress for lack of promotion at DOT based on allegedly unlawful premises and dismissed the following claims:

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. for failure to promote and discrimination on the basis of race, national origin, and gender, the Equal Pay Act of 1964, as amended 42 U.S.C. §206; the Family Medical leave Act, 29 U.S.C. §2601 et seq.; 504 of the Rehabilitation Act, 29 U.S.C. § 794; 42 U.S.C. §1981, the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12112; and Conn. Gen. Stat. §46a-58(a), §46a-60(a)(8). (Doc.#98).

Accordingly, any questions relating to any of the above-described claims that have been dismissed by the Court are not relevant to these proceedings and are unduly burdensome, overly broad and not reasonably calculated to lead to admissible evidence.

Finally, the Court has barred plaintiff from presenting evidence on numerous issues as a sanction for failure to comply with discovery, (Doc.#111), including the following:

1. dates and specifics where her work was unfairly scrutinized or work assignments or duties or specific assignments;

2. orchestration of any aspect of defendants' employment practices, policies and procedures in relation to plaintiff;

3. any claim that defendant DOT blocked plaintiff from any natural career progression and advancement;

4. any claim that defendants participated in contractual and other relationships and agreements that subjected her to disparate treatment;

5. any claim regarding lack of equal pay;

6. denial of training;

7. any evidence regarding any particular individual;

8. specific incidents and conversations indicating deliberate actions and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including employment practices by which she and others were impacted, increased scrutiny of her work to create pretexual situations for reprimanding plaintiff or for entering information in plaintiff's personnel file, lessening or changing her work duties, denying her work tools as well as accommodations, removing plaintiff's computer from active service, blocking her from any natural career progression and advancement including promotions, selection and financial support for job specific training, leaves of absences as related to sick time usage protection as provided under state and federal law, job recruitment and advertising procedures, organizational structures and job assignments;

9. specific occasions where defendants discriminated against her with malice and reckless indifference to her Title VII rights;

10. emotional distress damages; and

       11. any alleged loss, damage, suffering, injury, distress or harm sustained by plaintiff relating to issues raised in her complaint.

Accordingly, any questions relating to the above-described evidence that has been barred by the Court are not relevant to these proceedings and are unduly burdensome, overly broad and not reasonably calculated to lead to admissible evidence.

Please note that the numbering of the interrogatories is out of sequence and defendants' answers correspond to said numbers.

1. Identify the person(s) answering these interrogatories. Include full name, address, date of birth and social security number.

**ANSWER**: Object to this request to the extent it requests information regarding the social security number of the person answering the interrogatories as that information is protected by federal law and confidential. Notwithstanding this objection, the defendants state that Cordula, Affirmative Action Administrator I, Department of Transportation, assisted in answering these interrogatories. Her work address is 2800 Berlin Tpke., Newington, CT 06131

3. Please state whether the defendant's hiring or promotional decisions have ever been based in whole or in part on a standard criteria, if the answer is in the affirmative, please state:
   a) The criteria and the weight given to each,
   b) The dates during which such policy has been in effect,

**ANSWER:** Object to this request as vague, ambiguous, overly broad, burdensome and not reasonably calculated to lead to admissible evidence based on the lack of any failure to hire claim, on the court's ruling dismissing plaintiff's failure to promote claim (Doc. # 98) and the court's ruling barring plaintiff from presenting evidence on the issue that defendants blocked plaintiff from any natural career progression and advancement (Doc. #111). Notwithstanding this objection, defendants hiring and promotional decisions are based on the 1978 EEOC Uniform Guidelines, the provisions of the State Personnel Act, C.G.S.§5-193 et seq. and relevant regulations and the civil service examination procedures.

4. Please state whether an employee's opposition to discrimination or retaliation has ever been grounds for discipline, or discharge.

a). Describe the date and circumstances in which the discipline or discharge has resulted.

b). Describe the date and circumstances in which discipline or discharge has resulted.

**ANSWER:** Object to this request as overly broad, burdensome and not reasonably calculated to lead to admissible evidence in that no time period is set forth, thereby requiring defendants to examine records from the beginning of time. In addition, the court has dismissed plaintiff's discrimination claim under Title VII. (Doc. #98). Notwithstanding this objection, we are not aware of any case in which an employees' opposition to discrimination or retaliation has been grounds for discipline or discharge.

5. Please state whether the defendant has ever received complaints of harassment, unfair work assignment or discrimination or whether any such complaint has been filed with any governmental agency or asserted in any legal action since 1999. Please provide:

a. state the name, address, sex, age, race, religion or nation origin of the complainant,
b. state the nature of the complaint,
c. state the date of any such complaint,
d. identify any agency or court with whom such complaint was filed,
e. state the findings of any investigation,
f. attach a copy of both the complaint and any findings or state time and place counsel may examine a copy of the complaint.

**ANSWER:** Object to this request as overly broad, burdensome and not reasonably calculated to lead to admissible evidence based on the dismissal of the plaintiff's claims of harassment and discrimination by the court. (Doc. #98) and plaintiff having been barred from presenting any evidence on unfair work assignments. (Doc. #111).

6. Please provide the names, race, national origin, age, sex, highest year of education completed, of individuals in the Unit 501 Office of Construction who worked in the relevant time period or since 1999 to present.

**ANSWER:** Object to this request as not reasonably calculated to lead to admissible evidence based on the court's ruling dismissing plaintiff's discrimination claims under Title VII (Doc. #98) and the court's ruling barring plaintiff from presenting any evidence regarding any particular individual. (Doc. # 111).

4. If the defendant has ever received complaints of harassment, denial of benefits, or unfair work assignments by employees who had opposed discrimination, please state how such complaints were handled, i.e. through grievance, arbitration or individual's supervisors.

**ANSWER:** Object to this request as overly broad, burdensome and not reasonably calculated to lead to admissible evidence in that no time period is set forth, thereby requiring defendants to examine records from the beginning of time. Object further based on the court's ruling dismissing plaintiff's harassment, equal pay, and FMLA claims (Doc. #98) and the court's ruling barring plaintiff from presenting any evidence on the orchestration of defendants' employment practices, policies and procedures in relation to plaintiff or unfair work assignments. (Doc. #111).

8. If your answer to the proceeding interrogatory is affirmative describe the facts and outcome of each such complaint.

**ANSWER:** See 4 above.

9. Do you allege or contend that the plaintiff was not engaging in protected activity if so, state the basis for your allegation or contentions.

**ANSWER:** Object on the ground that the answer calls for a legal conclusion.

10. Do you allege or contend that the plaintiff was not retaliated against by defendants for engaging in a protected activity?

**ANSWER:** Object on the ground that the answer calls for a legal conclusion.

11. If the proceeding interrogatory is in the affirmative please state the basis for your allegations or contention.

**ANSWER:** See answer to #10 above.

12. Please state the reason that the plaintiff was disciplined or discharged.

**ANSWER:** See letter of December 9, 2003, from Wanda Seldon, Acting Personnel Administrator to Vorcelia Oliphant, attached hereto.

13. Please state when the defendants first learned of the plaintiff's intention to protest or oppose specific acts of discrimination.

**ANSWER**: Object to this request as vague, overly broad, burdensome and not reasonably calculated to lead to admissible evidence. Object further based on the court's ruling dismissing plaintiff's claims of discrimination under Title VII. (Doc.#98).

14. Please state the location of all employee records and the name and job title of the person responsible for maintaining the records for the defendants.

**ANSWER:** Object to this request as vague, overly broad, and not reasonably calculated to lead to admissible evidence based on the court's ruling barring plaintiff from presenting any evidence of specific individuals as well as any evidence of orchestration of any aspect of defendants' employment practices, policies and procedures in relation to plaintiff. (Doc. #111).

15. Please state how long employee or applicant records are kept:

a) after the making of the record,
b) from the date of any personnel action.

**ANSWER:** See answer to #14 above.

16. Has the defendant ever been named as a defendant in any judicial action brought under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Age Discrimination in Employment Act, Section I of the Civil Rights Act of 1866, Section II of the Civil Rights Act of 1971 section 504 of the Rehabilitation Act of 1973 or any state fair employment practices law?

**ANSWER:** Object to this request as overly broad, burdensome and not likely to lead to admissible evidence based on the court's ruling dismissing plaintiff's claims except for a Title VII retaliation claim against the defendant DOT for filing various complaints and grievances and a 42 U.S.C. § 1983 First Amendment retaliation claim against the individual defendants for organizing over thirty employees. (Doc. # 98). In addition, the request sets forth no time period. Notwithstanding this objection, the defendant DOT has been named in other judicial actions alleging a Title VII retaliation claim since 1999. The individual defendants have not been named in any other judicial action alleging a 42 U.S.C. §1983 First Amendment retaliation claim.

17. If your answer to the proceeding interrogatory is in the affirmative, please state for each such judicial action",

a. the date the action was filed,
b. the name and address of all parties to the action,
c. the current status of the action if still pending
d. the final deposition of the action if not pending.

**ANSWER:** See objection set forth in Answer # 16. Notwithstanding the objection set forth in Answer #16, the following is a list of judicial actions including a Title VII retaliation claim against the defendant DOT:

Susan Orsini vs. DOT 3:03CV1949 (AWT)

Robert Gordon vs. DOT 3:99CV1266 (AHN)

Cindy Lewis vs. DOT 3:98CV02155 (WWE)

Rickey Reed vs. DOT 3:98CV00426 (AVC)

Robert Gordon vs. DOT 3:98CV02532 (AWT)

Oliphant v. DOT et al. 3:02CV700(PCD)

Any information regarding the status or disposition of the above-described judicial actions is a matter of public record.

18.    Has the defendant ever been subjected to review or charges due to its employment practices by any federal agency, or labor union please state for each such review:

a) the name of the reviewing agency or labor union,
b) whether the defendant held federal contracts at the time of the review and if so, the name of the contracting agency,
c) the date of the review,
d) the nature of any investigation, the findings of any investigation,
e) the results of the review.

**ANSWER:**    Object to this request as vague, ambiguous, overly broad, burdensome, and not reasonably calculated to lead to admissible evidence in that no time period is set forth, thereby requiring defendants to examine records from the beginning of time.   Object further based on the court's ruling barring plaintiff from presenting any evidence regarding the orchestration of any aspect of defendants' employment practices, policies and procedures in relation to plaintiff as well as any employment practices by which she and others were impacted.

19.    Have you, your attorney or other representative taken or received any statement, either orally or in writing, from any person, including parties who had any information or knowledge relating to the alleged discrimination or this case, state for each such statement:
a.        name, address and job title of the person making the statement,
b.        the date of the statement,
c.        the content of the statement,

d.    for each written statement please attach a copy or indicate where and when pro se counsel may examine a copy of the statement.

**ANSWER:**    Object to this request as overly broad, burdensome and not likely to lead to admissible evidence based on the Title VII claim for race and sex discrimination having been dismissed by the Court. (Doc. # 98). Furthermore, object to this request as calling for information that is confidential and protected by the attorney work product privilege. Notwithstanding this objection, any statements as described above were taken in connection with the affirmative action complaints and grievances filed by plaintiff which are on file at DOT and available for review by plaintiff at a mutually convenient time.

20.    Does the defendant plan to call any expert witnesses at trial? Please state as to each such expert witness:
a)    the name profession or occupation, and address,
b)    the opinion of the expert subject matter or area on which the expert is to testify,
c)    the substance of the facts and opinions to which the expert is to testify,
d)    a summary of the grounds for each opinion of the expert.

**ANSWER:**    Object to this request as calling for information that is confidential and protected by the attorney work product privilege. Notwithstanding this objection, it is unknown at this time as to whether defendants plan to use expert witnesses at trial.

21.    Did the defendant use any objective tests to determine qualifications for hire, promotion or transfer of engineers during the relevant time period or since 1999, include, describe or explain
(a)    the name and describe the content of the test,
(b)    the dates during which the test was used,
(c)    the reason for any period which the test was not used
(d)    the skills which the test was designated to measure,
(e)    the title of and describe the jobs for which the test was used to evaluate applicants,
(f)    each other evaluation measure used to recruit job applicants
(g)    the relationship between the skills required to perform the job, and the skills measured on the test
(h)    the weight given to the test relative to other evaluation mechanisms in rating applicants,
(i)    how the test was scored,
(j)    the score or rank considered to be passing, and the reason such score or rank was chosen as the cut-off point,
(k)    how the test is administered and the instruction which were given to persons taking the test,

(l)  whether the test is used to evaluate applicants for transfer or promotion
(m) attach a copy hereto or state time and place when pro se counsel may examine a
     copy of the test
(n)  whether the test ever been shown to have a disparate impact or treatment of any
     members of a protected class.
(o)  Whether in the engineering series has the test ever been shown to have a disparate
     impact or treatment on members of a protected class?
(p)  Whether there ever been any promotions with out the test.
  1.  Name, race, gender of individuals promoted or reclassification with
      out taking or passing an exam
  2.  name, race, gender of individuals denied promotions or reclassification
      for not having passed an exam

**ANSWER:**        Object to this request on grounds not being likely to lead to
admissible evidence based on the complaints setting forth no claim challenging a
hiring decision and the failure to promote claim having been dismissed by the court.
(Doc. #98).  In addition, to the extent that plaintiff requests information regarding the
hiring, promotion and transfer of employees, plaintiff has been barred by the court
from presenting any evidence on the orchestration of any aspect of defendants'
employment practices, policies and procedures in relation to plaintiff as well as any
employment practices by which she and others were impacted. (Doc. #111).

22.        For each objective test used to determine the qualifications for hire,
promotion or transfer, please state the name of the test and specify the number of
applicants who took the test each year during the relevant time period or since 1999,
who were:
  (a) male
  (b) female
  (c) white
  (d) white males
  (e) white females
  (f) black
  (g) black females
  (h) black males
  (i) Spanish-surnamed Americans
  (j) Spanish-surnamed American males,
  (k) Spanish-surnamed American Females
  (l) Other minorities (Oriental, American Indian, etc.),
  (m) Other minority males
  (n) Other minority female

**ANSWER:** Object to this request on grounds of not being likely to lead to admissible evidence based on the complaints setting forth no claim challenging a hiring decision and the failure to promote claim and the Title VII claim based on race and sex having been dismissed by the court. (Doc. #98). In addition, to the extent that plaintiff requests information regarding the hiring, promotion and transfer of employees, plaintiff has been barred by the court from presenting any evidence on the orchestration of any aspect of defendants' employment practices, policies and procedures in relation to plaintiff as well as any employment practices by which she and others were impacted. (Doc. #111). Finally, to the extent plaintiff's requests information regarding race and sex of applicants, plaintiff has been barred by the court from presenting any evidence regarding any particular individual. (Doc. #111).

23. Does the defendant allege that the plaintiff was not promoted due to unsatisfactory test performance, please identity each individual hired to a position for which the plaintiff applied or was considered subsequent to the plaintiff's application and for each such individual, include:

(a) name and last known address,
(b) the individual's sex, age, race, religion, and national origin,
(c) the date of hire,
(d) the position to which the individual was hired,
(e) the individual's qualifications
(f) the test score or rank received by the individual.

**ANSWER:** Object to this request on grounds of being overly broad, burdensome and not likely to lead to admissible evidence based on the complaints setting forth no claim challenging a hiring decision and the failure to promote claim, the Title VII discrimination claim based on race and sex, and the ADA claim having been dismissed by the court. (Doc. # 98). In addition, to the extent that plaintiff requests information regarding the hiring, promotion and transfer of employees, plaintiff has been barred by the court from presenting any evidence on the orchestration of any aspect of defendants' employment practices, policies and procedures in relation to plaintiff as well as any employment practices by which she and others were impacted. (Doc. #111). Finally, to the extent plaintiff's requests information regarding race, sex, and age of applicants, plaintiff has been barred by the court from presenting any evidence regarding any particular individual. (Doc. #111).

24. Has the defendant ever had reason to rearrange the office seating or furniture in unit 501 Office of Construction within the relevant time period or since 1999, and please state the reason for each occurrence and who was moved each time?

**ANSWER:** Object to this request on grounds of being overly broad, burdensome and not likely to lead to admissible evidence based on the court's ruling barring plaintiff from presenting any evidence on the orchestration of any aspect of defendants' employment

practices, policies and procedures in relation to plaintiff as well as any employment practices by which she and others were impacted. (Doc. #111).

25. How many African-American Female Engineers have worked in the Office Of Construction Unit 501 prior to and since 1994 to October 2003, include the name, address position number and social security number of the individual.

**ANSWER:** Object to this request on grounds of being overly broad, burdensome, and not likely to lead to admissible evidence in requesting information that goes back more than a four-year period. In addition, to the extent plaintiff requests information regarding race, the Title VII claim based on race and sex discrimination has been dismissed by the court. (Doc. #98). Furthermore, the court has barred plaintiff from presenting any evidence regarding any particular individual. (Doc. #111).

**PRODUCTION RESPONSES**

1. Time sheets for the employees of the Office of Construction unit 501 for the period between July 1, 2003 through September 30, 2003.

**ANSWER:** Object to this request on grounds of not likely to lead to admissible evidence based on the Court's ruling barring plaintiff from presenting evidence of any particular individual. In addition, object to this request to the extent it requests information regarding the defendants' employment, policies, practices and procedures regarding which plaintiff has been barred from presenting any evidence by the Court. (Doc. 111).

2. Any and all electronic recordings defendants intend to use in this case.

**ANSWER:** Videotape of plaintiff's deposition, dated December 13, 2004.

3. Any statements by any individual regarding this case.

**ANSWER:** Object to this request on grounds of not likely to lead to admissible evidence based on any relevant statements being encompassed within the court's ruling barring plaintiff from presenting evidence on numerous issues.

4. The names of individual defendants attend to call as witnesses.

**ANSWER:** Question is unintelligible. To the extent plaintiff requests the names of witnesses that defendants intend to call at trial, defendants object to this request as calling for information that is confidential and protected by the attorney work product privilege. Notwithstanding this objection, it is unknown at this time as to what witnesses will be called at trial. Defendants will provide this information if required by the Court's trial preparation order.

5. Names of expert witness the defendants intend to call.

**ANSWER**: See answer to Interrogatory Request #20 above.

6. Any and all background information on the plaintiff to be used in this case.

**ANSWER**: Object to this request as overly vague and burdensome and not likely to lead to admissible evidence. Notwithstanding this objection, defendants do not know at this time what evidence will be used at trial. Defendants will provide this information if required by the Court's trial preparation order.

7. Any and all doctor statements defendants plan to use in this case.

**ANSWER**: Unknown at this time.

8. All statements, either orally or in writing, from any person, including parties who had any information or knowledge relating to the alleged discrimination or this case.

**ANSWER:** Object to this request as not likely to lead to admissible evidence based on the court's ruling dismissing plaintiff's Title VII discrimination claim based on race, national origin, and sex. (Doc. #98).

9. All documents, including notes, diaries or other writings, including emails, kept by the defendants that relate or refer to allegations in the complaints.

**ANSWER:** Any relevant documents are encompassed within the court's ruling barring plaintiff from presenting evidence on numerous issues. (Doc. #111).

10. Any and all documents identified in or used or relied upon by the plaintiff in preparing answers to any of the defendant's interrogatories.

**ANSWER:** Question is unintelligible. To the extent plaintiff requests documents used or relied upon by defendants in preparing answers to any of the plaintiff's interrogatories, see attached.

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff* | : | CIVIL ACTION NO.<br>3:02CV700(PCD) |
| vi. | : | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL.<br>*Defendants* | : | January 5, 2005 |

## OATH OF RESPONDENT

I, Cordula, being of sound mind and legal age, and having

Been duly sworn, do hereby depose and say that:

1. I am the respondent identified in interrogatory no. 1 above.
2. The answers and documents provided in response to the attached interrogatories are true, accurate and complete to the best of my knowledge and belief, excepting only those to which I have objected, if any.

Cordula
_______________________
Cordula

Cordula
_______________________
Print Name of Respondent

Subscribed and sworn to before me this 5th day of January, 2005

Eleanor May Mullen
_______________________
~~Notary Public or~~ Commissioner of the Superior Court