UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No.3:02CV0700 (PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF TRANSPORTATION | : | |
| *Defendants* | : | JUNE 6, 2005 |

**OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND ARTICULATION, RELIEF AND TO AMEND JUDGMENT OF COURTS RULING ON PLAINTIFF'S MOTION PER RULE 56(f) FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants in the above-captioned matter hereby object to plaintiff's motion for reconsideration and articulation of the court's ruling (Doc. # 246) because plaintiff has not presented a valid claim for relief pursuant to Fed. R. Civ. P. 60(b) and the court's ruling is clear on its face.

1. **THE COURT'S RULING (DOC. # 240) IS CLEAR ON ITS FACE.**

Plaintiff initially requested a Motion for Enlargement of Time (Doc. # 236) which amounted to a motion to reopen discovery. The court's ruling, dated May 2, 2005 (Doc. #240) denied the motion for extension of discovery but granted an extension until May 16, 2005, to respond to the defendants' motion for summary judgment. (Doc. # 240). Plaintiff subsequently filed a Motion For Further Extension of Time To Respond To Summary Judgment Motion requesting an additional twenty-five days which the Court granted in part by granting an extension to June 10, 2005 to respond to the summary judgment motion. (Doc. #246).   Plaintiff now requests articulation of the Court's ruling (Doc. #246) despite the clear language of the ruling.  Accordingly, plaintiff's request for

articulation amounts to nothing more than another example of her dilatory pattern in filing streams of pleadings designed to delay and obfuscate.

2. **THERE IS NO INTERVENING CHANGE IN CONTROLLING LAW OR NEED TO CORRECT A CLEAR ERROR OF LAW OR TO PREVENT MANIFEST INJUSTICE JUSTIFYING RECONSIDERATION OF THE COURT'S RULING. (DOC. 240).**

The standard for granting a request for reconsideration pursuant to Local Rule 7(c) is very strict. The Second Circuit has stated that a request for reconsideration is appropriate ONLY under certain conditions: an intervening change on controlling law, new evidence, or a need to correct a clear error of law or to prevent manifest injustice. United States v. Sanchez, 35 F. 3d 763, 766 (2d Cir. 1994); Stanger v. HER-FIC, S.A., 2002 U.S. Dist. LEXIS 14047 (D.Conn. 2002).

To the extent plaintiff argues manifest injustice in her failure to obtain any pertinent information through the discovery process, her argument is nothing more than a blatant attempt to circumvent the Court's ruling, dated July 21, 2003, (Doc. #111) barring her from presenting evidence on numerous issues which relate to the heart of her case. Furthermore, at no time during discovery did plaintiff attempt to take the depositions of any of the defendants nor file a motion to compel regarding the defendants' responses to her interrogatories. To the extent, plaintiff attempts to hide behind her pro se status and argue prejudice from such, the more than two hundred and forty pleadings and two frivolous appeals to the Second Circuit in this case completely undercut any such argument.

Accordingly, plaintiff's motion for reconsideration amounts to nothing more than another example in her dilatory pattern in filing streams of pleadings designed to delay and obfuscate.

### 3.  PLAINTIFF HAS NOT PRESENTED A VALID GROUND FOR RELIEF PURSUANT TO FED. R. CIV. P. RULE 60(b).

Fed. R. Civ. P. Rule 60(b) offers six possible bases upon which a court may relieve a party from final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b); (3) fraud…misrepresentation, or other misconduct of an adverse party; (4)) the judgment is void; (5) the judgment has been satisfied, released or discharged …; (6) any other reason justifying relief from operation of the judgment.  The Rule was designed to "strike a balance between serving the ends of justice and preserving the finality of judgments."  Petrykov and Pikulin v. The City of New York, 1998 U.S. Dist. LEXIS 3898 (S.D.N.Y. 1998), quoting Fleming v. New York University, 865 F.2d 478, 484 (2d Cir. 1989).

To the extent plaintiff argues excusable neglect on the basis of her pro se status, defendants strongly object and refer to the discussion above. The bottom line is that plaintiff is requesting reconsideration of not only the Court's ruling (Doc. #240) but the prior ruling, dated July 21, 2003, barring her from presenting evidence on numerous issues. (Doc. 111).  As such, it is blatantly untimely under Local Rule 7(c)(1) and clearly does not amount to justifying relief from the operation of the judgment.

WHEREFORE, the defendants respectfully pray that the Court deny plaintiff's motion for reconsideration and articulation.

                                             DEFENDANTS DEPARTMENT OF TRANSPORTATION, ET. AL.

                                             RICHARD BLUMENTHAL ATTORNEY GENERAL

BY: _____
     Eleanor May Mullen
     Assistant Attorney General
     Federal Bar # ct22430
     55 Elm Street, P.O. Box 120
     Hartford, CT  06141-0120
     Tel:  (860) 808-5340
     Fax: (860) 808-5383
     E-mail : eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing Defendants' Objection To Plaintiff's Motion For Reconsideration and Articulation, Relief And To amend Judgment Of Courts' Ruling On Plaintiff's Motion Per Rule 56(f) For Extension Of Time To Respond To Defendants' Motion For Summary Judgment was mailed, first class postage prepaid, this 6th day of June, 2005 to:

Vorcelia Oliphant,
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

                                                 _____
                                               Eleanor May Mullen
                                               Assistant Attorney General