UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No.3:02-CV-0700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF TRANSPORTATION | | |
| ET AL., | : | |
| *Defendants* | : | JUNE 6, 2005 |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR SANCTIONS**

Defendants, State of Connecticut, Department of Transportation et al. hereby moves to quash the subpoena duces tecum, dated June 2, 2005, issued by Phylis M. Malone, Clerk, on behalf of the plaintiff Vorcelia Oliphant and served upon non-parties to the above-entitled matter; including John Rorrio, Kim Medley, Robert O'Connor, John Vitale, and Peggy Desroberts on June 3, 2005. The subpoenas command these persons to appear at 43 Woodland St., Suite 200, Hartford, CT 06105 on June 7, 2005, for purposes of taking their deposition in the above-entitled matter.

Defendants move to quash the above-described deposition subpoenas pursuant to Fed R. Civ. P. Rule 45 (c)(1) for imposing an unreasonable burden upon the witnesses based on the short notice of four calendar days, including two business days, thereby requiring the protection of the witnesses by the Court.

In addition, defendants move to quash the above-described deposition subpoenas for the reason that the subpoenas amount to "fact" discovery beyond the deadline for discovery. The deadline for discovery in this matter was extended to January 28, 2005, pursuant to the Court's electronic order, dated January 19, 2005. (Doc.#224). This deadline had been modified

numerous times because of the protracted nature of the pleadings in this case which now amount to almost two hundred and fifty (250) and include the filing of a frivolous motion for temporary and permanent injunction as well as two frivolous appeals to the Second Circuit Court of Appeals.  Despite the deadline for discovery having been set for January 28, 2005, plaintiff filed a motion for enlargement of time on April 18, 2005, (Doc.#236) which included a request to reopen discovery.  The request was denied by electronic order dated May 2, 2005, (Doc. #240) which also granted an extension of time to May 16, 2005, to file a responsive pleading to the defendants' motion for summary judgment.  Plaintiff subsequently filed a Further Motion For Extension Of Time To Respond To the Defendants' Motion For Summary Judgment which included a veiled request to reopen discovery despite the Court's prior ruling (Doc. #240) which was clear on its face.  The Court responded in its electronic order (Doc. #246) granting in part plaintiff's motion for extension of time by granting additional time to June 10, 2005, to allow plaintiff to respond to defendants' Motion for Summary Judgment.  Plaintiff then filed a Motion For Reconsideration and Articulation (Doc. #247) to which defendants have filed an objection on this date.   The Court has not yet issued ruling on this motion.

Despite any ruling by the Court on plaintiff's Motion For Reconsideration and Articulation and the Court's standing order on the deadline for discovery as being January 28, 2005 (Doc. #224) and the Court's ruling denying plaintiff's request to reopen discovery (Doc. #240), five deposition subpoenas, dated June 2, 2005, were issued on behalf of the plaintiff and served on June 3, 2005, commanding five witnesses who are non-parties to this matter to appear for depositions on June 7, 2005.

The deposition of a non-party is considered "fact discovery" which is precluded because the discovery deadline has passed.  <u>Goldstein v. New Penn Motor Exp., Inc</u>., 1998 U.S. Dist.

LEXIS 1653 (S.D.N.Y. Feb. 1, 1998).   Deposition subpoenas issued to non-parties, long after the discovery deadline, are viewed as inappropriate and are vacated.  <u>Arkwright Mutual Ins. V. national Union Fire</u>, 1995 U.S. Dist. LEXIS 1765 (S.D.N.Y. Feb. 15, 1995).  Accordingly, the five subpoenas issued to non-parties on behalf of plaintiff in this matter amount to "fact" discovery and are inappropriate in being beyond the deadline for discovery requiring that the subpoenas be vacated.

Furthermore, plaintiff's conduct in causing the subpoenas to be issued amounts to willful disobedience of the Court's ruling denying plaintiff's request to reopen discovery thereby allowing the Court to exercise its discretion to impose sanctions.  <u>Chambers v. Nasco, Inc</u>. 501 U.S. 32, 48; 111 S.Ct. 2123 (1991).

For all the foregoing reasons, the Motion to Quash should be granted and defendants should be allowed to file a bill of costs in connection with the filing of this motion for purposes of imposing sanctions upon the plaintiff.

```
                                        DEFENDANTS
                                        STATE OF CONNECTICUT
                                        DEPARTMENT OF TRANSPORTATION
                                        ET AL.

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL


                        BY:     _____
                                        Eleanor M. Mullen
                                        Assistant Attorney General
                                        Federal Bar No. 22430
                                        55 Elm Street
                                        P.O. Box 120
                                        Hartford, CT  06141-0120
                                        Tel: (860) 808-5340
                                        Fax: (860) 808-5383
                                        email: eleanor.mullen@po.state.ct.us
```

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum In Support of Motion To Quash Subpoenas Duces Tecum was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 7th day of June, 2005, first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann St., Unit 3
New Haven, CT 06514

_____
Eleanor M. Mullen
Assistant Attorney General