UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Vorcelia OLIPHANT,                        : <br>       Plaintiff,                           : <br>                                      : <br>                -vs-                          : <br>                                      : <br> STATE OF CONNECTICUT            : <br> DEPARTMENT OF TRANSPORTATION : <br>      et al.                              : <br>         Defendants.                  : | Civil No. 3:02cv700 (PCD) |

**ORDER**

      On June 3, 2005, pro se Plaintiff Vorcelia Oliphant served subpoenas upon non-parties John Rorrio, Kim Medley, Robert O'Connor, John Vitale, and Peggy DesRoberts ("the non-parties"), commanding them to appear at a designated location on June 7, 2005 for the purpose of taking their deposition testimony. On June 6, 2005, Defendants moved to quash the subpoenas on the grounds that they unreasonably burdened the non-parties due to the brief notice period of four calendar days, of which only two were business days. In addition, Defendants argued that the depositions were improper because the deadline for discovery had expired on January 28, 2005, and this Court had previously denied Plaintiff's request to reopen discovery.

      This case has been pending since 2002 and the docket sheet, which contains 249 entries, reflects its lengthy history. Of particular relevance to the present issue is the fact that the discovery deadline expired on January 28, 2005, and that this Court has already denied Plaintiff's earlier request to reopen discovery. [Doc. No. 240.] In addition, Defendants served a motion for summary judgment on March 24, 2005, and the Court has already granted two requests for extensions of time to respond to the motion. [Doc. Nos. 236, 246] A request for a third

extension of time is currently pending. [Doc. No. 243]

The noticed depositions are hereby stayed.[1] Plaintiff shall respond to Defendants' motion to quash no later than 12:00 p.m. on Friday, June 10, 2005. In her response, Plaintiff shall address why she should be permitted to depose the non-parties at this late stage of the case notwithstanding the fact that: (1) the discovery deadline expired on January 28, 2005; (2) Defendants' motion for summary judgment has been pending since March 24, 2005; (3) the Court has already granted Plaintiff two extensions of time to respond to Defendants' motion for summary judgment; (4) Plaintiff noticed the depositions with only eight days remaining to respond to the summary judgment motion; and (5) Plaintiff provided the non-parties with only four days notice before the date on which they were ordered to appear. Defendants' may submit a reply brief no later than Monday, June 13, 2005.

The deadline for Plaintiff's opposition to Defendants' motion for summary judgment is also stayed. A new deadline will be issued at the time of the Court's ruling on Defendants' motion to quash.

SO ORDERED.

Dated at New Haven, Connecticut, June ___, 2005.

/s/_____
Peter C. Dorsey
United States District Judge

---

[1] Because the depositions at issue were scheduled to occur in less than twenty-four hours from the filing of the Defendants' motion to quash, the Court telephoned the parties with its decision on evening of June 6, 2005. This Order presents a written explanation in support of that ruling.