**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No.3:02CV0700 (PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF TRANSPORTATION | : | |
| *Defendants* | : | JUNE 7, 2005 |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendants, State of Connecticut, Department of Transportation et al., hereby move for a protective order pursuant to Fed. R.Civ. P. Rule 37 to limit the scope of the depositions of John Rorrio, Kim Medley, Robert O'Connor, John Vitale, and Peggy DesRoberts in the event the Court allows the depositions to go forward and denies the defendants' Motion To Quash which has been filed on this same date.  Specifically, the defendants request that the court issue an order directing as follows:

(a) that plaintiff may not inquire through discovery about matters that the court has precluded from her case pursuant to the order of the court dated July 21, 2003, (Doc. #111);

(b) that if the plaintiff asks questions of the deponents that violate the court order, the witness may decline to answer the question so counsel can present the issue to the court for a ruling, if necessary.

The limitation on the scope of the deposition is necessary based on the Court's prior ruling, dated July 21, 2003, (Doc. #111), barring plaintiff from presenting evidence

on numerous issues as a sanction for failure to comply with discovery. The ruling included barring evidence on the following issues:

1. dates and specifics where her work was unfairly scrutinized or work assignments or duties or specific assignments;

2. orchestration of any aspect of defendants' employment practices, policies and procedures in relation to plaintiff;

3. any claim that defendant DOT blocked plaintiff from any natural career progression and advancement;

4. any claim that defendants participated in contractual and other relationships and agreements that subjected her to disparate treatment;

5. any claim regarding lack of equal pay;

6. denial of training;

7. any evidence regarding any particular individual;

8. specific incidents and conversations indicating deliberate actions and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including employment practices by which she and others were impacted, increased scrutiny of her work to create pretexual situations for reprimanding plaintiff or for entering information in plaintiff's personnel file, lessening or changing her work duties, denying her work tools as well as accommodations, removing plaintiff's computer from active service, blocking her from any natural career progression and advancement including promotions, selection and financial support for job specific training, leaves of absences as related to sick time usage protection as provided under state and federal law, job recruitment and advertising procedures, organizational structures and job assignments;

9. specific occasions where defendants discriminated against her with malice and reckless indifference to her Title VII rights;

10. emotional distress damages, and;

11. any alleged loss, damage, suffering, injury, distress or harm sustained by plaintiff relating to issues raised in her complaint.

In a subsequent ruling, dated April 27, 2004, consolidating plaintiff's second lawsuit with her first lawsuit (Doc. # 174), the Court held that its prior ruling (Doc. # 111) barring plaintiff from presenting evidence on certain issues stood as the law of the case in the consolidated action.

The defendants seek this protective order to avoid any circumvention of the Court's prior ruling (Doc. #111) on the part of plaintiff. Defendants further request that the Court order the plaintiff to conduct the depositions at the courthouse because of information regarding plaintiff's medical condition that was disclosed during discovery.

For all the foregoing reasons, the motion for protective order should be granted.

DEFENDANTS
DEPARTMENT OF
TRANSPORTATION,
ET. AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Eleanor May Mullen
Assistant Attorney General
Federal Bar # ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail :
eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing Defendants' Memorandum In Support of Motion For Protective Order was mailed, first class postage prepaid, this 7th day of June, 2005 to:

Vorcelia Oliphant,
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

                                                            _____
Eleanor May Mullen
Assistant Attorney General