FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2005 JUN 10 A 11: 59

| VORCELIA OLIPHANT, | CIVIL NO. 3:02CV00700(PCD) |
| *Plaintiff,* | |
| vs. | |
| Department of Transportation, ET. AL. | June 9, 2005 |
| *Defendant* | |

## PLANTIFF'S MOTION TO QUASH AND FOR SANCTIONS AGAINST DEFENDANTS IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR SANCTIONS

Plaintiff moves to quash and for sanctions in opposition to defendants' motion to quash and for defendant to be held in contempt and for sanctions pursuant to Federal Rules of Civil Procedure 11, 45 and Local Rules of Civil Procedure 11(a), 16 (g). Defendants motion is made vexatiously, their motion is design to stonewall the plaintiff in violation of Fed. R Civ. Pr. Number One. Defendants diligently withstood Plaintiff from obtaining any discovery during the discovery period and filed various motions during discovery to attempt to have the plaintiff's case dismissed (as set forth in plaintiff's pending motion and memorandum for reconsideration (Docket Numbers 247, 248 filed May 27, 2005). And hence, one reason for this lengthy docket. Now and again, Defendants attempts the same; their motion to quash is an archetype of their activity, throughout these proceedings: The Defendants in this quash motion are vexatiously attempting to prevent plaintiff from obtaining information pursuant to the courts ruling (Docket 246) granting plaintiff's motion for discovery pursuant to Federal Rule of Civil Procedure 56(f) in order to respond to defendants summary judgment motion wherein they have moved for dismissal of plaintiff's case.

Defendants motion is frivolous and is used to vexatiously interfered with plaintiff's depositions, usurped the courts' authority. The defendants have no standing to file the motion to

quash and stop plaintiff's subpoenas served for the depositions of non-parties to this action and for whom they are not counsel.

Defendants' counsel is a trained attorney and her actions in this matter has only stood in bad faith to interfere in the proceedings and prejudice the plaintiff from obtaining the information she needs to respond to the defendants efforts to have her case dismissed via its summary judgment motion. Plaintiff has complied with the rules of the court in seeking the subpoenas and the courts' order (Docket No. 246) within its designated time frame, granted in response to plaintiff's 56(f) motion (Docket No. 243). Any issue with the subpoenas was to be raised by the witnesses themselves and cured by the court.

Wherefore, plaintiff requests that the defendants motion to Quash and for sanctions be denied. Plaintiff requests that defendants be held in contempt and sanctioned as a deterrent.

Plaintiff can set forth a bill of costs to recover her extensive costs incurred to have the subpoenas served and depositions postponed and her cost to respond to their motion to quash and any other motion related to the depositions and whatever additional sanction the courts rules just. Plaintiff also requests that the court grant her a date for the depositions to move forward and a means of curing the bad faith actions of the defendants by having the witnesses served again to appear for depositions without costs to the plaintiff. Plaintiff submits her Memorandum of law in support of this motion is attached.

Respectfully submitted by: _____
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the foregoing <u>PLANTIFF'S</u> <u>MOTION TO QUASH AND FOR SANCTIONS AGAINST DEFENDANTS IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR SANCTIONS</u> has been mailed, US Postage prepaid, this 10th day of June 2005, in accordance to Rule 5 of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Pro Se

BY: _____
Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514
(203) 237-7515