FILED

2005 JUN 10 A 11: 59

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| VORCELIA OLIPHANT, | CIVIL NO. 3:02CV00700(PCD) |
| *Plaintiff,* | |
| vs. | June 9, 2005 |
| Department of Transportation, ET. AL. | |
| *Defendant* | |

# MEMORANDUM IN SUPPORT Of PLANTIFF'S MOTION TO QUASH AND FOR SANCTIONS AGAINST DEFENDANTS IN OPPOSITION TO DEFENDANTS MOTION TO QUASH AND FOR SANCTIONS

Pro Se Plaintiff hereby moves to quash defendants' motion, for sanctions and for defendants to be found in contempt. Plaintiff has complied with the rules and the courts order Docket (246) and rule 45. Plaintiff also relies on her motion and Memorandum for Reconsideration (Docket Nos. 247, 248 filed May 27, 2005) in support of this memorandum.

### I. Plaintiff address of the court's matters in its ruling (Docket No. 253)

A. Introduction

Plaintiff's pending Reconsideration and clarification motion and memorandum( Docket 247, 248 filed May 27, 2005) address many of the court's concerns in its Docket ruling No. (253) the plaintiff is ordered to address. Plaintiff made the reconsideration clarification motion for the short time frame she was given and clarification in order that the defendants would have clarity on the ruling and not interfere with the plaintiff's efforts pursuant to Fed. R. Civ. P. 56(f) granted to obtain information to respond to their summary judgment motion requested.

B. Plaintiff's timing for noticing non-parties with only eight days remaining:

Plaintiff was complying within the time frame she was granted. Plaintiff relies on her pending motion and memorandum for reconsideration filed May 27, 2005 (Docket No. 247, 248).

Though the court denied (Docket No. 240) plaintiff earlier notice for discovery (Docket No.236), plaintiff's motion (Docket No. 243) prompting ruling (Docket No. 246) was not a request to reopen discovery such as that requested in her motion dated about (Docket Nos. 236, 237). Her motion and memorandum (Docket Nos. 243 and 245 and Affidavit) were specifically made per Fed. R. Civ. Procedure 56(f) to respond to summary judgment motion of the defendants. The reconsideration motion requested 25 days. The court granted the motion in part (Docket No. 246), giving plaintiff about seven days less or until June 10, 2005 to file and serve her response to summary judgment. Plaintiff proceeded to meet the courts' deadline absent the court's ruling on the pending motion for reconsideration so as not to be in contempt of the courts ruling (Docket No. 246) and default on responding to the defendant's summary judgment motion. For this reason, plaintiff noticed the witnesses.

C.   Why Plaintiff provided non-parties with four days notice before appearance due

Plaintiff efforts were to remain in keeping with court's order and the rules of the court.

The Federal Rule of Civil Procedure No. 45. nor Rule 34(there was only one subpoena duces tecum) designates any time limit within which to procure documents from third parties or for subpoena ad testificandum. There was nothing plaintiff found in the Federal Rules of Civil procedure nor in the courts ruling (Docket No. 246) to indicate a time limit to notice parties before the date on which they were to appear. Neither is there anything regarding the court clerk not to issue the subpoena as they are issued pursuant to rule 45(a)(3) to any party requesting it. As stated the federal rules provide no time limit, the State of Connecticut Rules of Court permits a time limit of 12 hours before parties are to appear. Rule 45 allows a court to modify a subpoena and clarify time. **Mariner Health Care, Inc. v. Indemnity Insurance Company of North America** 2005 U.S. Dist. Lexis 242, (January 2, 2005) to which plaintiff 's pending motion and memorandum for reconsideration sought to addressed. (Docket No. 247,248). The matter of time and service was addressed in one case I found which considered a subpoena being served after the

time had lapsed for the person to appear on the same day, **Kupritz v. Savannah College of Art & Design,** F.R.D. 84, 89 (E.D. Pa. 1994)

D. <u>Plaintiff noticed depositions with only eight days remaining to respond to the summary judgment motion</u>

Plaintiff had to secure the means and the information to know how to proceed with subpoenas and depositions. This took about one week from the court's ruling. The short time frame was the time frame the plaintiff was given Per court order (Docket No. 246) to work within to respond to the motion for summary judgment. This was a deadline not in plaintiff's control but with which she had to comply. Plaintiff had not missed any deadlines.

E. <u>Defendants motion for summary judgment has been pending since March 24, 2005</u>

Plaintiff has followed court procedure to request time granted to respond to defendants summary judgment motion. Plaintiff motion (Docket No. 236, 237) was for health reasons. Plaintiff motion per Federal Rule of Civil Procedure 56(f) (Docket No. 243) was requested in order to respond to defendants' summary judgment motion. The defendants frivolous actions with this motion to quash has delayed plaintiff proceeding, though within the short time frame, to meet the court's deadline of June 10, 2005 without delay.

F. <u>Why Plaintiff should be able to Depose non-parties at this stage of the case: Discovery ended January 28, 2005</u>

Plaintiff relies on her pending motion and Memorandum for Reconsideration and Clarification filed May 27, 2005(Docket Nos 247, 248) to answer the court's above concern. Plaintiff also relies upon her Motion and Memorandum and Affidavit for Extension per Federal Rule of Civil Procedure 56(f) (Docket No. 243, 244).

**Summary of Court's order (Docket No. 253)**

Plaintiff has been prejudiced in the discovery proceedings in such a way that the short time granted and limited discovery she has requested per Federal Rule of Civil Procedure 56(f) in order to respond to defendants motion to summary judgment will not prejudice the defendants.

## II. Defendants have proceeded with the motion to quash in bad faith

Defendants have interfered in bad faith. The defendants have elected themselves as "Protector of Witnesses (POW)" as they hold plaintiff as a prisoner of their own war to attempt to prevent her from obtaining any information to respond to their summary judgment motion and have her case dismissed. Defendants have done so with all disregard to the Court Rules and proceeding. **Blaw Knox Corp v. AMR Industries, Inc. (1990) EDWIS) 130 F.R.D. 400**

### Defendants have demonstrated no standing to quash subpoenas

Federal Rule of Civil Procedure 45 provides no standing to a defendant to object on behalf of the third party witnesses or nonparty witnesses subpoenaed. Other circuits have case law on this topic. **Thomas v. Marina Assocs.,** 202 F.R.D. 433, 434 (E.D. Pal 2001), In re Seagate Tech. II Sec. Litig., No. C-89-2493(A)-VRW, 1993 U.S. Dist. Lexis 18065, at *1-*2(N.D. Cal. June 10, 1993).

Defendants claim the subpoenas were untimely on the witnesses behalf yet, the rule 45 ( c ) (3) requires that the rights and duties of the witnesses are printed on the subpoena to inform them of their rights. The clerks phone number is also printed on the subpoena.

### Defendants contacted plaintiff witnesses without conferencing with Plaintiff first

Defendants on about June 7, 2005 informed plaintiff they had contacted plaintiff witnesses to inform them that the depositions were canceled. Plaintiff believes this may pose a conflict. Plaintiff had informed the court upon notice that the depositions were postponed the night before

they were to go forward, that she did not have the witnesses home telephone numbers to notify them of the change. Plaintiff later found one home address on the internet and emailed others She followed up with phone calls to the individuals who when she inquired, informed her that the Attorney Mullen had contacted them.

### Sanctions requested should be denied.

Plaintiff has not done anything in bad faith to warrant sanctions. The defendants have callously overstepped its bounds both by bringing a motion to quash for the protection of the nonparty witnesses for which it does not have standing to do. And defendants have attempted to usurp the courts authority to quash a subpoena when the court has the authority to modify it. Determining what is an undue burden as the defendants have claimed is a matter of discretion on the part of the court **Curro v. Watson**, 884 F. Supp. 708, 714 (E.D.N.Y 1995),

### Plaintiff went through great lengths not to place an undue burden on Witnesses

Plaintiff provided the expense for service and mileage costs for witnesses to appear. Plaintiff also arranged to have depositions taken in the locality of the witnesses' places of employment as to not cause an undue burden on them. It is the witnesses place to raise such a claim that the defendants raise, none raised an issue of undue burden.

### Deposition of non party witnesses beyond the discovery deadline

Defendants compare plaintiff request for discovery with Arkwright Mutual Insurance Company v. Nation Union Fire, 1995 U.S. Dist. LEXIS 1765 (S.D.N.Y. Feb 15, 1995) this case does not apply, this case is one in which the defendants had taken depositions that did not produce what was sought and outside of the discovery deadline he requested leave to take more depositions. This is not at all plaintiff's position. Plaintiff has not had discovery and discovery

requested is pursuant to Federal Rule of Civil Procedure 56(f) for discovery to respond to summary judgment. See plaintiff memorandum for Reconsideration (Docket Number 247).

Goldstein v. New Penn Motor Exp., Inc., 1998 U.S. Dist. LEXIS1633 (S.D.N.Y. Feb 1, 1998) is a case with regard to deposing expert witnesses. Though an expert is also a nonparty a non party witness in not also an expert. Plaintiff is not intending to depose any experts. She has motion the court and believed she was granted though with a short time frame, to move forward with obtaining and conducting the discovery needed per Fed. R. Civ. P. 56(f) to respond to summary judgment. **Commer v. McEntee** 2004 U.S. District LEXIS 24450 (S.D.N.Y) Dec 13 2004.

Wherefore, plaintiff requests that defendants motion to quash be quashed and that plaintiff be compensated and defendants be sanction Chambers v. Nasco, Inc. 501 U.S. 32, 48, 111 S.Ct 2123(1991).

Respectfully submitted by: _____
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

CERTIFICATION

This is to certify that a copy of the foregoing MEMORANDUM IN SUPPORT Of PLANTIFF'S MOTION TO QUASH AND FOR SANCTIONS AGAINST DEFENDANTS IN OPPOSITION TO DEFENDANTS MOTION TO QUASH AND FOR SANCTIONS has been mailed, US Postage prepaid, this 10, day of June 2005, in accordance to Rule 5 of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Pro Se

BY: *Vorcelia Oliphant*
Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514
(203)237-7515