UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL ACTION NO. |
| *Plaintiff* | : | Docket No.3:02CV0700 (PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | | |
| DEPARTMENT OF TRANSPORTATION | : | |
| *Defendants* | : | JUNE 13, 2005 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO QUASH AND FOR SANCTIONS AGAINST DEFENDANTS IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR SANCTIONS

Plaintiff has failed to comply with the Court's order, dated June 7, 2005. (Doc. #253). [1] She has not explained why she is conducting discovery after the discovery deadline expired on January 28, 2005, especially when the discovery period began on July 1, 2002. (Doc.#10). Instead, she blames the Court for the short deadline created by its rulings granting her extensions to respond to the summary judgment motion. (Doc. #243 and Doc. #247). The bottom line is that she simply ignored the court's ruling denying her motion to reopen discovery that was clear on its face (Doc. #240) and continued to file veiled motions to reopen discovery which the court never granted. Instead, the Court granted two extensions to file a responsive pleading to the motion for summary judgment. (Doc. #243 and Doc. #247) which plaintiff took the liberty to fashion into a ruling allowing her to conduct discovery thereby completely rendering meaningless

---

[1] It appears that plaintiff's pleadings, Doc.#255 and Doc.#256 are duplicative. It also appears that plaintiff is attempting to file a separate motion to quash together with a response to defendants' Motion To Quash (Doc.#257) thereby completely disregarding the order of pleadings with which she is quite familiar at this stage in this case given the protracted nature of the pleadings.

the court's prior ruling denying her motion to reopen discovery which was clear on its face. (Doc. #240).

Even as a pro se plaintiff, plaintiff is expected to abide by the orders of the court, especially in light of the Court's previous ruling issued almost a year ago on August 4, 2004, (Doc. #176) warning plaintiff that there are limits to the deference to which a pro se plaintiff is entitled citing Troni v. Di Milano, 89 Civ. 3299, 1992 U.S.Dist LEXIS 249, at *5 (S.D.N.Y. Jan. 14, 1992) and Peia v. United States Bankr. Courts; 3:00CV2310 (PCD), 2001 U.S. Dist. LEXIS 14328 at *3(D.Conn. May 22, 2001). More importantly, the Court noted *"All litigants, including pro se, have an obligation to comply with court orders."* Minotti v. Lensink, 895 F.2d 100, 103 (2d. Cir. 1990). (p.6, Doc. #276).

While plaintiff is clearly attempting to create the impression that she does not understand the difference between conducting discovery beyond the discovery deadline and responding to a summary judgment motion, it is ironic that she is able to fashion an argument on the defendants' standing to quash the subpoenas supported by reference to the Federal Rules of Civil Procedure and case law. Indeed, the protracted nature of the pleadings in this case would undercut any such argument of prejudice as a pro se plaintiff. At this point in the proceedings with two hundred and fifty pleadings in this case, this impression is one of mere convenience versus reality.

It is also convenient that plaintiff ignores the clear language of Fed. R. Civ. P. Rule 45 (c)(1) which requires 'the party responsible for issuance and service of the subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.' Indeed, she has not identified any new areas of discovery that were not covered during discovery. Seth Co. v. U.S. 2003 U.S. Dist.

LEXIS 7982 (2203).  To the extent she was not satisfied with the information that she received in the defendants' responses to her interrogatories which were based on the Court's ruling (Doc. #111) barring her presenting evidence on numerous issues, she did not avail herself of her rights under Fed. R. Civ. P. Rule 37 to file a timely motion to compel by the close of discovery.  She cannot hide behind any argument of prejudice based on her pro se status given her familiarity with the Federal Rules of Civil Procedure not just in her responsive pleading to this motion but throughout her pleadings in this case.  The bottom line is that she chose to file a second frivolous appeal to the Second Circuit Court of Appeals on another issue on the day that discovery closed.

      The disingenuousness of plaintiff is highlighted by her suggestion of conflict on the part of defendants' attorney in contacting the witnesses regarding the stay of the depositions pursuant to the Court's order.  Plaintiff was completely aware that defendants' attorney contacted the witnesses at the request of the Court as shown by the attached email.  (See Ex. A attached hereto).  Finally, plaintiff's argument regarding the defendants' lack of standing to file the motion to squash is simply specious given the prejudice to the defendants in plaintiff conducting discovery beyond the deadline for discovery and almost two and a half months after the filing of the Defendants' Motion for Summary Judgment on March 28, 2005, (Doc. # 233), thereby rendering the Court's scheduling order and numerous modifications of that scheduling order completely meaningless.  Such behavior, in addition to her blatant disregard and willful disobedience of the Court's order denying her motion to reopen discovery, justify the imposition of sanctions as an exercise of the Court's discretion.  Chambers v. Nasco, Inc. 501 U.S. 32, 48; 111 S.Ct. 2123 (1991).

WHEREFORE the defendants respectfully request the Court to grant its motion to quash and allow defendants to file a bill of costs in connection with the filing of its motion for purposes of imposing sanctions upon the plaintiff.

        DEFENDANTS
        DEPARTMENT OF TRANSPORTATION, ET. AL.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
        Eleanor May Mullen
        Assistant Attorney General
        Federal Bar # ct22430
        55 Elm Street, P.O. Box 120
        Hartford, CT  06141-0120
        Tel:  (860) 808-5340
        Fax: (860) 808-5383
        E-mail :
        eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing Defendants' Objection To Plaintiff's Motion To Quash and For Sanctions Against Defendants In Opposition To Defendants' Motion To Quash and For Sanctions was mailed, first class postage prepaid, this 13th day of June, 2005 to:

Vorcelia Oliphant,
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

_____
Eleanor May Mullen
Assistant Attorney General