UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| VORCELIA OLIPHANT, *Plaintiff,* vs. Department of Transportation, ET. AL. *Defendant* | CIVIL NO. 3:02CV00700(PCD)  June 17, 2005 |
|---|---|

## PLANTIFF'S REPLY TO DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION

Plaintiff objects to defendants' motion pursuant to Federal Rule of Civil Procedure One. Defendants objection of the above stated matter does not address the issues that plaintiff raised in the reconsideration motion. Defendants' objection is an exhaustive narration of innuendoes that are without merit and most unsupported by any controlling law. Defendants avoid addressing the facts of plaintiff's motion for reconsideration and clarification. They choose rather to offer the court, their subjective interpretation of plaintiff actions in the above matter thereby deviating from the matter and avoiding addressing the legitimate facts for which plaintiff has made the above motion. In turn they are obfuscating and delaying the proceedings.

**Defendants Paragraph 1 The Courts Ruling (Doc. #240) is Clear on its face. "Plaintiff's requests…amounts to nothing more than another example of her dilatory pattern in filing steams of pleadings designed to delay and obfuscate".**

Plaintiff relies on her Motion and Memorandum for Reconsideration. In particular plaintiff refers to the first paragraph of her Motion for Reconsideration (Motion is Docket # 247, memorandum is Docket #248).

- <u>Plaintiff is in compliance with the court to motion for reconsideration.</u>

  Plaintiff by raising a motion for reconsideration in compliance with the

  appropriate Federal Rules of Civil Procedure as she has done is an exercise of

the protection afforded both parties of their substantive right for which the Federal Rules of Civil Procedure is designed to enforce. To do so is not a dilatory tactic as the defendants contend. "Purpose of Rules is to make pleadings simple and intelligible and practice and procedure under them conducive to speedy and sure attainment of just results, and Rules are so drawn that conformity with them will give effect to this purpose." **Bell v Preferred Life Assurance Soc.** (1942, CA5 Ala) 131 F2d 516, revd on other grounds (1943) 320 US 238, 88 L ED 15, 64 S. Ct 5 at paragraph 242.

**Defendants statement that there is no intervening change in controlling law...**

The defendants efforts have been 1) to bar the plaintiff from obtaining any discovery, which to date she has **not** been able to obtain, and 2) to avoid addressing the facts of plaintiff's motion for reconsideration that demonstrates this to the court. Because of this, the defendants put forth the flagrant assertion that the plaintiff is attempting to circumvent the courts' ruling (Docket 111). This ruling No. 111 blocked the plaintiff from presenting critical evidence but did not block material to be discovered in accordance with Federal Rule of Civil Procedure 26(b)(1). Defendants' actions and comments in their response are nothing more than their tactics to attempt to prevent the plaintiff from obtaining **any** discovery. This is what they have done throughout these (discovery) proceedings and is for which reason they have not addressed plaintiff's reconsideration motion: It demonstrates this fact which their avoidance and lack of response to plaintiff's issues raised in the reconsideration motion openly illustrates their delusive tactics.

<u>Plaintiff brings the motion to prevent a manifest injustice</u>

Plaintiff pro se status is nothing that she has hidden behind as it is a well-known fact in these proceedings. Contrary to what the defendants' state about plaintiff's pro se

status she is yet pro se and is not a trained attorney. That should not be "undercut" because plaintiff, in spite of her health limitations including lack of legal resources and her pro se status, by the grace of God, has continually withstood the defendants many deceitful efforts to have plaintiff's case dismissed which has contributed to over two hundred pleadings in this action, which to date dismissal has not occurred, but defendants efforts has prevented plaintiff from obtaining discovery: One of the reasons amounting to the manifest injustice the plaintiff sought to prevent, by raising the reconsideration motion.

**Defendants' statement that "Plaintiff has not presented a valid ground…"** However defendants' attempt to twist and wrongly interpret plaintiff's requests for reconsideration, the facts still remain that Plaintiff has not raised no new issues, which is why she refers to the court's ruling docket No. 111 showing the cumulative affect of the courts' ruling and plaintiff's present lack of discovery. " Motion for reconsideration is not vehicle for introducing entirely new claims into action". **Stoller v Marsh** (1982, App DC) 221 US app DC 22, 682 F2d 971, 29 BNA FEP Cas 85, 29 CCH EPD 32847, cert den (1983) 460 US 1037, 75 L Ed 2d 787, 103 S Ct 1427. Plaintiff's motion is not untimely; it was filed within four days after the court's ruling. The rule 7(c) (1) states 10 ten days of the courts ruling a motion for reconsideration is to be filed.

Wherefore, Plaintiff respectfully requests that her motion for reconsideration and articulation be granted.

Respectfully submitted by: *[signature]*
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the foregoing <u>**PLANTIFF'S REPLY TOO DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION**</u> has been mailed, US Postage prepaid, this 17, day of June 2005, in accordance to Rule 5(b) of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

                                          Pro Se

                                BY: *[signature]*
                                   Vorcelia Oliphant
                                   130 Cherry Ann Street,# 3
                                   New Haven, CT 06514
                                   (203)237-7515