FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 JUN 20  P 3: 41

| | |
|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff,*<br>vs.<br>Department of Transportation, ET. AL.<br>*Defendant* | CIVIL NO. 3:02CV00700(PCD)<br><br>June 16, 2005 |

# **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFEDANTS MOTION FOR PROTECTIVE ORDER**

Defendants in anticipation of their legally deficient motion to quash is denied, brings this equally frivolous motion for protective order under Federal Rule Civ. Procedure 37. In so doing they continue to attempt to usurp the court's authority and demonstrate their total disregard for the Rules of the court and their insistence and attempts to prejudice the pro se plaintiff in these proceedings openly showing their affinity towards subverting justice at any cost.

Defendants' motions the court pursuant to Fed. R. Civ. P 37 for protective order for scope and limitation of deposition and therefore appears more or less to be some covert means of seeking sanctions against the plaintiff should their efforts to do so fails under their motion to quash fails.    Federal Rule Civ. P 26(c) addresses protective orders however; it appears that the defendant is seeking a scope and limitation of deposition a Fed. R. Civ. P 26(b) motion. However confused the defendants may be or attempt to make their pleading, they have no standing and should they be shown to have standing, their requests goes beyond the limits of what the rules permit.

1. Limitation of Scope pursuant to federal R. Civ. P. 26(b) (1) permits **any party discovery of any matter that is relevant to the claim or defense, even if that information is not admissible at trial, as long as the information sought is not privileged. RE Penn Cent. In re Penn Cent. Commercial Paper Litigation (1973, SD NY) 61 FRD 453, Muller v. Olin Matheson Chemical Corp. (1965, SD NY)**

240 F. Supp 662. The defendants in their claim for protective order "to avoid any circumvention of the Courts' prior ruling (Docket No. 111) asserts no privilege or personal right or confidential information for which a protective order should issue.

"Discovery under Federal Rules of Civil Procedure is not limited to issues raised by pleadings, nor is discovery limited to merits of case, for a variety of fact-oriented issues may arise during litigation that are not related to merits." **Oppenheimer Fund, Inc. Sanders** (1978) 437 US 340, 57 L Ed 2d 253, 98 S.CT 2380. Wherefore, should the defendants possibly claim attorney-client privilege this does not protect the disclosure of underlying facts at deposition.

2. "To secure protective order, party resisting disclosure must demonstrate that the information sought is confidential, and that good cause exists for issuance of order". **Four Star Capital Corp. v. Nynes Corp.** (1997, SD NY ) 183 FRD 91. Defendants bring this order in behalf of the court that its ruling (Docket 111) is not circumvented which does not appear to be a confidentiality measure, a privilege for which a protective order would issue.

3. Defendants did not confer with plaintiff prior to seeking the protective order pursuant to Fed. Rule Civil P. 26(c).

4. Pursuant to Fed. R. Civ. P Rule 37, the imposition of discovery sanctions requires an order compelling discovery, but defendants have made no requests for discovery for which this rule would apply.

5. Defendants' demonstrate no more standing in this motion for a protective order than they did in the motion to quash subpoenas tecus decum (of which there was only one, yet it caused all four depositions to be cancelled). Both motions are frivolous on their face for which plaintiff has sought sanctions for the motion to quash (Docket No. 256. 257).

This motion is nothing more than defendants' attempts to modify their motion to quash in the event their motion is denied.

Defendants seek to have the depositions had at the court. On one hand defendants bring its motion to quash stating undue burden on parties and yet plaintiff had depositions scheduled nearest to their places of employment.

Defendants' requests the location at the court due to plaintiff's health reasons. But plaintiff's health was documented to the defendants and the court when plaintiff was deposed by the defendants for which plaintiff sought a limitation and scope of deposition in order to be protected from the harassment of the defendants' (Docket No. 213). Motion was denied, (Docket 214). Yet plaintiff was subject to harassment by the defendants (Docket 216, 217, 218, 221) and o was subjected to the defendants' office conference room with all or most of defendants' present.

Plaintiff had subpoenaed 5 nonparties for deposition pursuant to Fed. R. Civ. P. 45. The Defendants do not have standing to quash the subpoenas only the nonparties do. According to Rule 45(c) (1) the defendants or party can bring a protective order if they have a protected right or privilege. Thus far in this motion, defendants have asserted no privilege that would give them standing to motion the court for a protective order for scope and limitation of deposition" that they have moved for under Federal Rule of Civil Procedure 37.

Wherefore, plaintiff respectfully requests that the depositions be had in the locations plaintiff had them scheduled so as not to be denied control over who is permitted in the depositions outside of the defendants, and not to place an undue burden on the non party witnesses and plaintiff requests that defendants motion be denied in the interest of justice.

Respectfully submitted by: *[signature]*
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the foregoing <u>PLAINTIFF'S</u> <u>MEMORANDUM IN OPPOSITION TO DEFEDANTS MOTION FOR</u> <u>PROTECTIVE ORDER</u> has been mailed, US Postage prepaid, this 16, day of June 2005, in accordance to Rule 5(b) of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Pro Se

BY: _____
Vorcelia Oliphant
130 Cherry Ann Street,# 3
New Haven, CT 06514
(203)237-7515