UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT : | CIVIL ACTION NO. |
| *Plaintiff* : | Docket No.3:02CV0700 (PCD) |
| : | |
| v. : | |
| : | |
| STATE OF CONNECTICUT | |
| DEPARTMENT OF TRANSPORTATION : | |
| *Defendants* : | JUNE 20, 2005 |

### DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

COMES NOW the defendants and for their reply to Plaintiff's Memorandum In Opposition To Defendants' Motion For Protective Order respectfully request that the Court grant Defendants' Motion For Protective Order in the event its Motion To Quash Subpoena Duces Tecum is denied.

To the extent plaintiff asserts that Defendants' Motion for Protective Order is not in compliance with the Federal Rules, she completely ignores Fed. R. Civ. P. Rule 26(c)(2) which allows the Court to designate the place of deposition and Fed. R. Civ. P. Rule 26(c) (4) which allows the Court to limit the scope of the deposition. Defendants' request for the depositions to be taken at the courthouse is based on information contained in plaintiff's medical records produced by plaintiff during discovery which raise safety and security concerns regarding her potential conduct toward others. Defendants are willing to submit these records to the court under seal or for in camera review, whichever the court requests.

To the extent plaintiff asserts lack of standing on the part of defendants to quash the subpoenas of non-parties, she is presenting an argument that more appropriately relates to the defendants' Motion To Quash which is a separate pleading.  Nonetheless, she ignores the case law holding that deposition of non-parties to be "fact discovery" and precluded because the discovery deadline has passed.  <u>Goldstein v. New Penn Motor Exp., Inc</u>. 1998 U.,S. Dist. LEXIS 16532 (S.D.N.Y. Feb. 1, 1998).  Furthermore, to the extent these witnesses are employees of the defendant, Department of Transportation, (hereinafter "DOT") and plaintiff intends to question them about actions which took place during their employment and attempt to impute these actions to defendant DOT as agents of DOT, they are parties to this action.  The bottom line, however, is that discovery ended on January 28, 2005, and plaintiff is barred from taking the depositions of the witnesses whether they are deemed parties or non-parties to this action.

Accordingly, defendants request that the Court grant its Motion for Protective order in the event the Court does not grant its Motion To Quash Subpoena Duces Tecum.

                                                    DEFENDANTS
                                                    DEPARTMENT OF
                                                    TRANSPORTATION,
                                                    ET. AL.

                                                    RICHARD BLUMENTHAL
                                                    ATTORNEY GENERAL


BY: _____
Eleanor May Mullen
Assistant Attorney General
Federal Bar # ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail :
eleanor.mullen@po.state.ct.us

## CERTIFICATION

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing Defendants' Reply to Plaintiff's Memorandum In Opposition To Defendants' Motion For Protective Order was mailed, first class postage prepaid, this 20th day of June, 2005 to:

Vorcelia Oliphant,
130 Cherry Ann Street, Unit 3
New Haven, CT 06514

                                                    _____
                                                    Eleanor May Mullen
                                                    Assistant Attorney General