United States District Court for the District of Connecticut  
Appeals for the Second Circuit  
File Number 3:02CV0700(PCD)

FILED  
2005 JUL -8 P 1: 28  
U.S. ___ ___ ___URT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Petitioner<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, ET AL.<br>RESPONDENTSs | NOTICE OF APPEAL<br><br>July 7, 2005 |

Notice is hereby given that Vorcelia Oliphant, Petitioner in the above named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the order Docket No. 246 entered in this action on the 23rd day of May, 2005, AND 262 ENTERED ON 21ST DAY OF JUNE, 2005.

Submitted by: _[signature]_  
Vorcelia Oliphant  
Petititioner  
130 Cherry Ann Street, No. 3  
New Haven, CT 06514

## CERTIFICATION

This is to certify that a copy of the NOTICE OF APPEAL COURT' S ORDER No. 246 in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 6711 day JULY 2005 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

                    PRO SE Plaintiff

                    BY: _____
                    Vorcelia Oliphant
                    130 Cherry Ann Street, Unit 3
                    New Haven, CT 06514
                    (203) 237-7515

| | | |
|---|---|---|
| 04/13/2004 | 144 | Opposition to 137 MOTION to Expedite briefing schedule filed by Vorcelia Tanya Oliphant. (Warner, R.) (Entered: 04/15/2004) |
| 04/13/2004 | 145 | Memorandum in Opposition re 137 MOTION to Expedite briefing schedule filed by Vorcelia Tanya Oliphant. (Warner, R.) (Entered: 04/15/2004) |
| 04/28/2004 | 146 | ORDER denying 137 Motion to Expedite briefing schedule, denying 138 Motion to Dismiss, denying 143 Motion to renew Renewed Motion to Dismiss. Signed by Judge Peter C. Dorsey on 4/27/04. (Warner, R.) (Entered: 04/28/2004) |
| 04/28/2004 | | Cases associated 2cv700; 4cv274. (Brown, S.) (Entered: 08/25/2004) |
| 04/28/2004 | 174 | ORDER CONSOLIDATING CASE with 04cv274 PCD. Signed by Judge Peter C. Dorsey on 4/27/04. (Brown, S.) (Entered: 08/26/2004) |
| 05/03/2004 | 147 | Motion to renew motion in opposition to 138 MOTION to Dismiss filed by Vorcelia Tanya Oliphant. (Warner, R.) (Entered: 05/05/2004) |
| 05/03/2004 | 148 | Memorandum for renewed motion in opposition to re 138 MOTION to Dismiss filed by Vorcelia Tanya Oliphant. (Warner, R.) (Entered: 05/05/2004) |
| 05/03/2004 | 149 | AFFIDAVIT re 147 motion to renew motion in opposition to (138) renewed motion to dismiss Signed By Vorcelia Oliphant filed by Vorcelia Tanya Oliphant. (Warner, R.) (Entered: 05/05/2004) |
| 05/03/2004 | 150 | AFFIDAVIT re: tape of meeting on or about 8/21/04 Signed By Vorcelia Oliphant filed by Vorcelia Tanya Oliphant. (Warner, R.) (Entered: 05/05/2004) |
| 05/24/2004 | 151 | NOTICE of complaince with supplemental order on filings re: proposed motion in opposition to defendants' motion to dismiss and all moving papers by Vorcelia Tanya Oliphant (Warner, R.) (Entered: 05/25/2004) |
| 05/28/2004 | 153 | MOTION to renew motions set forth in doc. #138 and #143 and to Withdraw motion set forth in doc. #137 by Dept of Administrative Svcs, Keith Anderson, James F Byrnes, Brian Castler, JoAnn Devine, Arthur Gruhn, Francine Houston, Mr. Mazzola, Dept of Transportation.Responses due by 6/18/2004 (Warner, R.) (Entered: 06/03/2004) |
| 06/02/2004 | 167 | MOTION to Dismiss by Dept of Administrative Svcs, Keith Anderson, James F Byrnes, Brian Castler, James Connery, Cory Cordula, JoAnn Devine, Ines Feleciano, Arthur Gruhn, Francine Houston, Frank Kaminsky, Micheal Lonergan, Mr. Mazzola, Dept of Transportation.Responses due by 6/23/2004 (Brown, S.) (Entered: 08/25/2004) |
| 06/02/2004 | 168 | Notice of Manually filing Memorandum in Support re 167 MOTION to Dismiss filed by Dept of Administrative Svcs, Keith Anderson, James F Byrnes, Brian Castler, James Connery, Cory Cordula, JoAnn Devine, Ines Feleciano, Arthur Gruhn, Francine Houston, Frank Kaminsky, Micheal |

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Vorcelia OLIPHANT,<br>Plaintiff, | :<br>:<br>: |
| -vs- | :    Civil No. 3:02cv700 (PCD) |
| STATE OF CONNECTICUT<br>DEPARTMENT OF TRANSPORTATION<br>et al.<br>Defendants. | :<br>:<br>:<br>:<br>: |

## RULING ON DEFENDANTS' MOTION TO QUASH AND FOR SANCTIONS

On June 3, 2005, pro se Plaintiff Vorcelia Oliphant served subpoenas upon non-parties John Rorrio, Kim Medley, Robert O'Connor, John Vitale, and Peggy DesRoberts ("the non-parties"), commanding them to appear at a designated location on June 7, 2005 for the purpose of taking their deposition testimony. On June 6, 2005, Defendants moved to quash [Doc. No. 250] the subpoenas on the grounds that they unreasonably burdened the non-parties due to the brief notice period of four calendar days, of which only two were business days. In addition, Defendants argued that the depositions were improper because the deadline for discovery had expired on January 28, 2005, and this Court had previously denied Plaintiff's request to reopen discovery.

On June 7, 2005, the Court stayed the depositions and ordered Plaintiff to explain why she should be permitted to depose the non-parties notwithstanding the fact that: (1) the discovery deadline had expired on January 28, 2005; (2) Defendants' motion for summary judgment has been pending since March 24, 2005; (3) the Court had already granted Plaintiff two extensions of time to respond to Defendants' motion for summary judgment; (4) Plaintiff had noticed the

depositions with only eight days remaining to respond to the summary judgment motion; and (5) Plaintiff had provided the non-parties with only four days notice before the date on which they were ordered to appear. In response, Plaintiff submitted a Motion to Quash and for Sanctions Against Defendants in Opposition to Defendants' Motion to Quash and for Sanctions [Doc. Nos. 255, 256] and a memorandum in support thereof [Doc. No. 257].[1] Thereafter, Defendants submitted a reply memorandum. For the reasons that follow, Defendants' motion to quash is **denied as moot**, and the motion for sanctions is **denied**.

In her memorandum in response to the Court's order, Plaintiff relies primarily upon the arguments presented in her pending Motion for Articulation, Relief, and to Amend Judgment of Court's Ruling on Plaintiff's Motion Per Rule 56(f) for Extension of Time to Respond to Defendants' Motion for Summary Judgment. [Doc. No. 247].[2] Plaintiff states that she had failed to complete discovery within the discovery period because she did not "know exactly how to respond to defendants' lack of response" to the interrogatories she had served during the discovery period and "for having to keep abreast of other court proceedings," including addressing Defendants' efforts to dismiss her case. In addition, she argues that she is not attempting to circumvent the Court's previous denial of her request to reopen discovery [Doc.

---

[1] Because Plaintiff's memorandum opposes Defendants' motion, and does not seek to quash any other pending subpoenas or motions, Plaintiff's motion is appropriately considered a Memorandum in Opposition to Defendants' Motion to Quash and for Sanctions.

[2] In Plaintiff's Motion for Reconsideration, she requests clarification regarding whether, in its granting her request for an extension of time within which to respond to Defendants' motion for summary judgment [Doc. No. 243], the Court also granted her permission to conduct limited discovery in support of her opposition. Upon reconsideration, the Court finds that Plaintiff has not established good cause for permitting the attempted depositions and, thus, Plaintiff's motion to amend the Court's judgment is denied.

2

No. 240], and that her requests for additional discovery are concise and necessary to respond to Defendants' motion for summary judgment.

Rule 56(f) of the Federal Rules of Civil Procedure provides:

when it appear[s] from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). A party requesting discovery under Rule 56(f) must file an affidavit describing: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Gualandi v. Adams, 385 F.3d 236 (2d Cir. 2004).

In her affidavit, Plaintiff merely asserts that the depositions would establish "defendants' state of mind or intent in their actions against plaintiff," and that "the fact-finding on September 26, 2004, was not normal." She fails, however, to establish how those facts, if obtained, would enable her to raise a genuine issue of material fact in opposition to Defendants' motion for summary judgment. Plaintiff also fails to adequately explain why she did not seek to compel Defendants' disclosure of the information at an earlier date. Although the discovery period began on July 1, 2002 and closed on January 28, 2005, Plaintiff fails to explain why she never timely filed a motion to compel responses to her interrogatories or why she waited more than two months after receiving Defendants' motion for summary judgment before serving the subpoenas. In fact, Plaintiff's numerous filings with the court undermine her assertion that she was too

3

consumed with responding to Defendants' attempts to dismiss her case to take earlier action in an effort to obtain this information. For example, Plaintiff filed a notice of appeal with the Second Circuit on January 28, 2005, the date on which discovery closed. Furthermore, the information that Plaintiff seeks to obtain–"defendants' state of mind or intent in their actions against plaintiff," and that "the fact-finding on September 26, 2004, was not normal"– was presumably important to establishing Plaintiff's cause of action and, thus, should have been pursued during the discovery period or, at best, a point earlier than eight days before the deadline for filing an opposition to summary judgment.

Plaintiff also asserts that Defendants' lacked standing to quash the subpoenas served to the non-party witnesses. Plaintiff is correct that parties generally lack standing to quash a subpoena served to a third party. See, e.g., United States v. Reyes, 162 F.R.D. 468, 470 (S.D.N.Y. 1995) (citing Langford v. Chrysler Motors Corp., 513 F.2d 1121 (2d Cir. 1975) (absent claim of privilege, party usually has no standing to object to subpoena directed at non-party)). Plaintiff fails to appreciate, however, that, pursuant to the court' scheduling order, the two and one-half year discovery period had expired more than four months before she served the subpoenas noticing the depositions at issue. As a result, Plaintiff's attempt to depose the five non-parties directly violated the Court's scheduling order which, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, "shall not be modified except upon a showing of good cause."

The Court is sympathetic to plaintiff's pro se status, and recognizes that pro se plaintiff's are held to less stringent standards than attorneys, but there are limits to the deference to which a plaintiff-even one appearing pro se-is entitled. Troni v. Di Milano, 89 Civ. 3299, 1992 U.S. Dist. Lexis 249, at *5 (S.D.N.Y. Jan. 14, 1992); see also Peia v. United States Bankr. Courts,

4

3:00cv2310 (PCD). Plaintiff was provided with more than two and one-half years within which to pursue discovery. In addition, the Court has granted Plaintiff two extensions of time for completing her opposition to defendants' motion for summary judgment. Notwithstanding her assertions to the contrary, Plaintiff's attempt to depose five persons at this late stage is an attempt to reopen discovery for which Plaintiff has failed to justify reopening. Accordingly, Plaintiff may not conduct the noticed depositions.

Defendants also seek sanctions and requests permission to file a bill of costs to recover the costs incurred in connection with filing their motion. Rule 11(b) of the Federal Rules of Civil Procedure provides that:

> [b]y presenting to the court a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 11(c) permits the court to impose "an appropriate sanction . . . [on] parties that have violated subdivision (b) or are responsible for the violation."

Notwithstanding Defendants' assertion that Plaintiff's frequent citation to the Federal Rules of Civil Procedure negate any requirement of deference to her proceeding pro se, the Court is not persuaded that sanctions would be appropriate in this case. Plaintiff may well believe that her request was reasonable and there is no evidence that she served the subpoenas for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Although Defendants likely incurred some expense in opposing the noticed depositions, the Court is also aware that Plaintiff incurred expenses in noticing the depositions. Consequently, imposing sanctions on Plaintiff for serving the subpoenas would not further the

5

deterring purpose behind Rule 11–deterring abuses in signing submissions to the court– and, thus, would be inappropriate in this case.

Defendant's motion to quash is granted, but the motion for sanctions is denied. Plaintiff shall file her opposition to Defendants' motion for summary judgment on or before June 24, 2005.

_____SO ORDERED.

Dated at New Haven, Connecticut, June \_20\_, 2005.

_____/s/_____
Peter C. Dorsey
United States District Judge

6