UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | 3:02CV700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF TRANSPORTATION | | |
| ET AL. | : | |
|    *Defendants* | : | March 24, 2005 |

### LOCAL 56(a)(1) DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Pursuant to Fed. R. Civ. Proc. Rule 56 and Local Rule 56, the defendants, State of Connecticut, Department of Transportation, James F. Brynes, Arthur Gruhn, Brian Castler, Francine Houston, Jo Ann Devine, Frank Mazzola, Keith Anderson, Michael Lonergan, James Connery, Frank Kaminski, Cordula, Ines Feleciano, and Wanda Seldon submit this statement of material facts as to which the defendants believe there is no genuine dispute. References are to supporting documents contained within defendants' Appendix as noted in an Index of Evidence.

1.    Vorcelia Oliphant was employed by the Department of Transportation (hereinafter "DOT") since 1994 in various capacities including Cooperative Intern, Engineer Technician, Engineer Intern, Transportation Engineer I. (Ex. 1, Plaintiff's Responses to Defendants' Interrogatories, dated March 6, 2003, unnumbered p.7, Answer # 2).

2.    Ms. Oliphant was placed on family medical leave on October 15, 2003. (Ex. 2, Affidavit of James Connery, dated March 23, 2005, ¶5, hereinafter "Connery Aff., dated March 23, 2005").

3. Ms. Oliphant filed an application for service-connected disability retirement on February 2, 2004. (Ex. 3, Application for Retirement Benefits on behalf of Vorcelia Oliphant, effective February 2, 2004).

4. Ms. Oliphant's above-described application for service-connected disability retirement was denied by the Connecticut Medical Examining Board on November 22, 2004, finding that Ms. Oliphant was disabled from performing the duties of Transportation Engineer but that her illness was not caused by her work or by the individuals with whom she interacted in State service. (Ex. 4, Notice of Decision In the Matter of the Application of Vorcelia Oliphant #418900, Hearing No. D-8729, dated November 22, 2004).

5. Ms. Oliphant made an informal complaint to Robert Gordon, Director of Affirmative Action, regarding unfair treatment by a secretary in 1995. (Ex. 1, Plaintiff's Responses to Defendants' Interrogatories, dated March 6, 2003, unnumbered p.10, Answer # 24).

6. Ms. Oliphant filed a grievance regarding a testing issue and reclassification of her position in 2000. (Ex. 1, Plaintiff's Responses to Defendants' Interrogatories, dated March 6, 2003, unnumbered p.11, Answer #24).

7. Ms. Oliphant filed an Affirmative Action complaint regarding a testing issue in February 2001. (Ex. 5, Letter from Vorcelia Oliphant to Cordula, Director Affirmative Action, dated February 2, 2001).

8. Ms. Oliphant filed a complaint with the Commission on Human Rights and Opportunities alleging retaliatory treatment and discrimination on April 2, 2001. (Ex. 6, Affidavit of Illegal Discriminatory Practice, dated April 2, 2001).

9. Ms. Oliphant filed her first lawsuit against defendants on April 18, 2002. (Doc. #1).

10. Ms. Oliphant filed an affirmative action complaint on January 30, 2003. (Ex. 1, unnumbered p. 11).

11.. Ms. Oliphant filed a motion for preliminary injunction for retaliatory treatment on April 11, 2003. (Doc. #68).

12. Ms. Oliphant filed a notice of appeal to the Second Circuit Court of Appeals on August 4, 2003. (Doc. #126).

13. Ms. Oliphant filed a complaint with the Commission on Human Rights and Opportunities alleging retaliatory treatment and discrimination on March 18, 2004. (Ex. 7, Affidavit of Illegal Discriminatory Practice, dated March 18, 2004).

14. Oliphant received service ratings in the normal course of employment, none of which were unsatisfactory and only one of which contained a fair rating for attendance. (Ex. 2, Connery Aff., dated March 23, 2005, ¶¶ 6 and 7).

15. The above-described service ratings were not grieveable under the collective bargaining agreement, applicable to Ms. Oliphant's bargaining unit. (Ex. 2, Connery Aff., dated March 23, 2005, ¶ 8).

16. Ms. Oliphant received verbal counselings on tardiness and use of the Outlook Calendar. (Ex. 2, Connery Aff., dated March 23, 2005, ¶ 9).

17. Ms. Oliphant received two written counselings on August 9, 2001 and June 10, 2002 for sick leave usage. (Ex. 2, Connery Aff., dated March 23, 2005, ¶10).

18. In her position as the Acting Agency Personnel Administrator 3, Wanda N. Seldon told plaintiff on August 27, 2003, that a fact-finding would be held regarding

her conduct of taking the leave slips of other state employees and copying the same. (Ex. 8, Copy of Affidavit of Wanda N. Seldon, dated October 29, 2003, ¶ 5; original of the same on file in the United States Court of Appeals for the Second Circuit in the matter of Vorcelia Oliphant v. State of Connecticut, Department of Transportation, Docket No. 03-7772, hereinafter Seldon Aff., dated October 29, 2003)

19. Written notice of said fact-finding was provided by the Construction Administrator of the Office of Construction and plaintiff-appellant was provided union representation at said fact-finding. (See Ex. 8, Seldon Aff., dated October 29, 2003, ¶ 6).

20. The testimony at said fact-finding showed that plaintiff took leave slips belonging to other state employees containing information on illness, vacation, funeral leave and FMLA, dating back to 2001, and copied hundreds of said leave slips. Said copies numbered five hundred and two (502). (See Ex. 8, Seldon Aff., dated October 29, 2003, ¶ 7).

21. The testimony at said fact-finding showed that said copying of leave slips of other State employees was unrelated to the responsibilities of plaintiff job and involved the use of State equipment and State time in violation of Personnel Memorandum 96-2. (See Ex. 8, Seldon Aff., dated October 29, 2003, ¶ 8).

22. The testimony at said fact-finding showed that plaintiff-appellant made no request for said leave slips from either her supervisor or through the Freedom of Information Act and that plaintiff entered the work desk of an administrative assistant to obtain the leave slips without her approval in violation of Personnel Memorandum 96-2A. (See Ex. 8, Seldon Aff., dated October 29, 2003, ¶ 9).

23. As a result of the above-described fact-finding, Ms. Oliphant received a five-day suspension for misuse of state time and equipment and poor judgment in removing DOT records without permission and authorization. (Ex. 9, Letter to Vorcelia Oliphant from Wanda Seldon, Acting Personnel Administrator, dated December 9, 2003).

24. Ms. Oliphant admits that she engaged in the copying of the above-described leave slips on a DOT copying machine and did not seek the permission of any supervisors regarding the same. (Ex. 10, Continued Deposition of Vorcelia Oliphant, dated December 13, 2004; p. 101:23-25, p. 102:1-25; p. 103:1-9; p. 128:21-25, p.129:1-6; hereinafter "Oliphant Continued Depo").

25. Ms. Oliphant alleges that the organization of the thirty employees to address issues of discrimination and promotion among women and minorities employed at DOT resulted in the formation of a group known as Minorities In Action. (Ex. 10, Oliphant Continued Depo. p.148:16-18).

26. The above-described group met no more than three times in a church and in the office of attorney Joseph Moniz during the first three months of 2001. (Ex. 10 Oliphant Continued Depo., p. 134:9-23; p.152:1-5).

27. The individual defendants have no personal knowledge of any act at anytime on the part of Ms. Oliphant to organize any groups or anyone for addressing issues of discrimination or promotion among women and minorities employed at DOT. (Ex. 11, Affidavit of Cordula, dated November 15, 2004; Ex. 12, Affidavit of Michael Lonergan, dated November 15, 2004; Ex. 13, Affidavit of James P. Connery, dated November 15, 2004; Ex. 14, Affidavit of Francis J. Kaminski, dated November 15, 2004; Ex. 15, Affidavit of Wanda N. Seldon, dated November 15, 2004; Ex. 16, Affidavit of

Ines M. Feliciano, dated November 15, 2004; Ex. 17, copies of Affidavits of Arthur W. Gruhn, Brian Castler, Keith Anderson, Jo Ann Devine, Francine Houston, Alan J. Mazzola, James F. Brynes, Jr.; all of the foregoing being dated October 23, 2003; the originals of the same on file in the United States Court of Appeals for the Second Circuit in the matter of Vorcelia Oliphant v. State of Connecticut, Department of Transportation, Docket No. 03-7772.)

28.     Oliphant admits that defendants Houston, Mazzola and Anderson have no personal knowledge of her above-described organizing of thirty employees to address issues of discrimination and promotion among women and minorities employed at DOT. (Ex. 10, Oliphant Continued Depo. p.144:14-18; p.145:16-25).

29.     Oliphant admits she is uncertain as to whether defendant Lonergan had any personal knowledge of her above-described organizing of the thirty employees to address issues of discrimination and promotion among women and minorities employed at DOT. (Ex. 10, Oliphant Continued Depo., p.138:4-14).

30.     Ms. Oliphant alleges that the individual defendants Connery, Kaminski, Cordula, Feliciano, Seldon, Castler, Brynes, Gruhn, and Devine's personal knowledge of her attempt to organize over thirty individual through the formation of the above-described group was based on rumor and another basis that she is unable to tell "right now." (Ex. 10, Oliphant Continued Depo., p.136:2-25; 137:1-25; 138:1-3; 140:23-25; 141:1-2; 142:1-25; 143:1-20; 144:19-25; p. 145:1-11).

DEFENDANTS

STATE OF CONNECTICUT,
DEPARTMENT OF
TRANSPORTATION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail:
eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Local 56(a)(1) Statement of Undisputed Facts was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this     24th     day of March, 2005, first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann St., No.3
New Haven, CT 06514

In accordance with the Court's Supplemental Order (Doc.# 2) in this matter, this certification represents only that this document has been provided to the above for her review and response, to then be returned to the undersigned for filing with the Court along with any reply thereto as may be deemed appropriate.

_____
Eleanor May Mullen
Assistant Attorney General