UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL  NO.  3:02CV0700(PCD) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | |
| ET AL. | | |
| *Defendants.* | : | AUGUST 2, 2005 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S  MOTION FOR RELIEF
FROM COURT ORDER NO. 262 DATED JUNE 20, 2005, FOR FILING
DEADLINE ON JUNE 24, 2005, CHANGED TO JULY 1, 2005
OPPOSITION FOR SUMMARY JUDGMENT**

Defendants hereby object to plaintiff's Motion For Relief from the filing deadline

for her responsive pleading to the defendants' Motion For Summary Judgment, originally

set to June 24, 2005, by the Court's ruling regarding Defendants' Motion To Quash (Doc.

#262) and later extended to July 1, 2005, apparently by an ex parte agreement with the

Court.  Plaintiff's motion amounts to a motion for extension of time nunc pro tunc to July

7, 2005, and, in fact, is filed pursuant to Fed. R. Civ. P. Rule 6(b) and Local Rule 7(b)

with no valid showing of good cause or indication of any attempt to ascertain the

defendants' position on the motion.

Local Rule (b)2 provides:

"All other motions for extensions of time must be decided by a Judge and will not
be granted except for good cause.  The good cause standard requires a
particularized showing that the time limitation in question cannot reasonably be
met despite the diligence of the party seeking the extension."

Local Rule 7(b)3 provides in part:

"All motions for extensions of time, whether for consideration by the Clerk or Judge, shall include a statement of the moving counsel that(1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that(2) despite diligent effort, he or she cannot ascertain opposing counsel's position. All such motions shall also indicate the number of motions for extensions of time that have been filed by the moving party with respect to the same limitation."

Plaintiff has failed to meet the good cause standard of Local Rule(b)2 in requiring an additional six days from the July 1, 2005, deadline set apparently by the ex parte order of the Court. She alleges that *"she exercised all due diligence in an attempt to meet this deadline which the above circumstances contributed in my missing."* (See ¶8, Affidavit of Vorcelia Oliphant For Motion For Leave To File Opposition To Summary Judgment, dated July 7, 2005). However, her "due diligence" is undercut by two previous extensions of time granted to her by the Court (Doc. #240 and Doc. #246) which together with the June 24, 2005 deadline set by the Court's ruling (Doc. #262) allowed her a total of seventy-two (72) additional days June 24, 2005, to file her responsive pleading as well as an additional seven (7) days to July 1, 2005 by the Court's ex parte order. While plaintiff claims that her health may have affected her ability to meet the deadlines, her claim is undermined by her ability to file a third appeal to the Second Circuit on July 7, 2005.

Plaintiff also failed to comply with Local Rule 7(b)3 by not contacting defendants' attorney at any time to ascertain the defendants' position regarding her request for an extension of time to either of the two dates, July 1, 2005 or July 7, 2005, and, instead apparently called the Court to request the two extensions of time.

Plaintiff was warned by the Court in its ruling, dated June 25, 2003, (Doc. #105) that failure to comply with Local Rule 7(b)3 may result in summary dismissal of future

motions for extensions of time.  She was also warned by the Court in a subsequent ruling

(Doc. #111) that there are limits to the deference shown to pro se plaintiffs citing <u>Troni v.</u>

<u>Di Milano</u>, 89 CIV 3299, 1992 U.S.Dist LEXIS at *5 (S.D.N.Y. Jan. 14, 1992).  In this

same ruling the Court stated:  *"As this Court has noted before, Plaintiff's status as a pro*

*se party does not entitle her to override procedures or to ignore the rights of the*

*Defendants."*  (Doc. #111 Ftne. 2).  In light of the Court's previous warnings over two

years ago, plaintiff's conduct in ignoring the Federal Rules and the Court's orders on

deadlines is egregious and should not be tolerated or allowed.

Accordingly, defendants object to the plaintiff's motion for extension of time for

failure to meet the "good cause standard" of Local Rule 7(b)2 and to comply with Local

Rule 7(b)3 by not contacting defendants' attorney to ascertain the defendants' position

regarding her request for an extension of time to either of the two dates, July 1, 2005 or

July 7, 2005, and request that she not be allowed to file her responsive pleading.

DEFENDANTS
STATE OF CONNECTICUT
DEPARTMENT OF
TRANSPORTATION ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Eleanor M. Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5385
Email: eleanor.mullen@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Objection To Plaintiff's Motion For Relief From Court Order No. 262, Dated June 20, 2005, For Filing Deadline On June 24, 2005, Changed to July 1, 2005, Opposition for Summary Judgment was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 2nd day of August, 2005, first class postage prepaid to:

> Vorcelia Oliphant
> 130 Cherry Ann St.
> New Haven, CT 06514

_____
Eleanor M. Mullen
Assistant Attorney General