UNITED STATES DISTRICT COURT
DISTRICT OF  CONNECTICUT

VORCELIA OLIPHANT :  CIVIL  NO.  3:02CV0700(PCD)
     *Plaintiff,* :
      :
     v. :
      :
STATE OF CONNECTICUT, :
DEPARTMENT OF TRANSPORTATION :
ET AL.
     *Defendants.* :  AUGUST 2, 2005

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT OF
UNDISPUTED FACTS**

**I.**      **INTRODUCTION**

On March 25, 2005, the defendants moved for summary judgment on plaintiff's

complaint in this action pursuant to the Court's standing Supplemental Order.  Plaintiff

responded on July 7, 2005 by submitting her Local Rule 56(a)2 Statement of Undisputed

Material Facts (hereinafter "Plaintiff's Local Rule 56(a)2 Statement") and numerous

exhibits, together with her Opposition Memorandum of Law.

The defendants now move to strike numerous exhibits of plaintiff's Local Rule

56(a)2 Statement based on the Court's ruling (Doc. # 111) barring plaintiff from

presenting evidence on numerous issues as a sanction for refusing to cooperate in

discovery.   Additionally, defendants move to strike numerous paragraphs of Plaintiff's

Local 56(a)2 Statement because the allegations contained therein are unsupported by

citation to admissible evidence as required by Local Rule 56(a)3, lack any citation to

such evidence at all or merely assert legal conclusions and plaintiff's own opinion or

speculation and, furthermore, raise claims previously dismissed by the Court (Doc. # 98,

#106, #176) or assert new claims not raised in either of the two complaints that form the basis of this action.

Furthermore, defendants move to strike Plaintiff's Local Rule 56(a)2 Statement as an improper attempt to make an offer of proof before trial regarding a Court ruling that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery. Evidence was not ruled inadmissible by the Court's ruling (Doc. #111) but completely barred from being presented as a sanction for not cooperating in discovery. Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. #111) that is well beyond the ten (10) day deadline set by Local Rule 7(c) and serves as a back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. # 111) for her failure to cooperate in discovery.

Finally, defendants move to strike Plaintiff's Local Rule 56 (a)2 Statement in its entirety for failing to comply with Local Rule 56.

## II.    **MOTION TO STRIKE STANDARDS**

Pursuant to Fed. R. Civ. P. 56(e):

> When a Motion for Summary Judgment is properly made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided for under this rule, must set forth specific facts showing that there is a genuine issue of fact for trial.

The Second Circuit Court of Appeals has repeatedly construed Rule 56(e) as permitting "only admissible evidence . . . to resist a motion for summary judgment . . . ." Rohman v. New York City Transit Authority, 215 F.3d 208, 218 n. 6 (2d Cir. 2000); see also Union Ins. Soc'y of Canton, Ltd. V. William Gluckin & Co., Inc., 353 F.2d 946, 952

(2d Cir. 1965) (holding that "conclusory statements and statements not made on personal knowledge do not comply with the requirements of Fed. R. Civ. P. 56(e) and, therefore, may not be considered"). The principles concerning admissibility of evidence do not change on a motion for summary judgment. Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).

A motion to strike is the proper vehicle to challenge materials submitted in connection with a summary judgment motion. Newport Electronics v. Newport Corp., 157 F.Supp. 2d 202, 208 (D.Conn. 2001). "A motion to strike is also appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements." Hollander v. American Cyanide Co., 999 F.Supp. 252, 255-56 (D.Conn. 1998). A motion to strike is also appropriate to challenge documents submitted in opposition to a motion for summary judgment which contain inadmissible hearsay, are incomplete or have not been properly authenticated. Spector v. Experian Information Services, Inc., et al., 321 F.Supp. 2d 348, 352 (D.Conn. 2004) citing Hollander v. American Cyanide Co., 999 F.Supp. 252, 255-56 (D.Conn. 1998) and Dedyo v. Baker Engineering New York, Inc., et al., 1998 U.S. Dist. LEXIS 132, 1998 WL 9376 at * 4 (S.D.N.Y. 1998).

**III.  ARGUMENT**

    **A.  The Court Should Strike Plaintiff's Exhibits Because They Are Barred By The Court's Ruling (Doc. #111) Barring Plaintiff From Presenting Evidence On Numerous Issues.**

The Court's ruling (Doc. #111) barred plaintiff from presenting evidence on the following issues, which go to the heart of her case, as a sanction for not cooperating in discovery:

1.     dates and specifics where her work was unfairly scrutinized or work assignments or duties or specific assignments;

2.     orchestration of any aspect of defendants' employment practices, policies and procedures in relation to plaintiff;

3.     any claim that defendant DOT blocked plaintiff from any natural career progression and advancement;

4.     any claim that defendants participated in contractual and other relationships and agreements that subjected her to disparate treatment;

5.     any claim regarding lack of equal pay;

6.     denial of training;

7.     any evidence regarding any particular individual;

8.     specific incidents and conversations indicating deliberate actions and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including employment practices by which she and others were impacted, increased scrutiny of her work to create pretexual situations for reprimanding plaintiff or for entering information in plaintiff's personnel file, lessening or changing her work duties, denying her work tools as well as accommodations, removing plaintiff's computer from active service, blocking her from any natural career progression and advancement including promotions, selection and financial support for job specific training, leaves of absences as related to sick time usage protection as provided under state and federal law, job recruitment and advertising procedures, organizational structures and job assignments;

9.     specific occasions where defendants discriminated against her with malice and reckless indifference to her Title VII rights;

10.    emotional distress damages, and;

11.    any alleged loss, damage, suffering, injury, distress or harm

Addendum "A" to this motion identifies plaintiff's exhibits that should be stricken because they present evidence that either has been barred by Court's ruling (Doc. # 111) or is incomplete; namely Exhibits 3A, 3B, 3C, 3D, 6, 7, 9A, 10-34.  Exhibits 3, 3E, 4, 5,

6, 9B, and 14 are admissible for the limited purpose of showing the filing of plaintiff's various complaints and grievance; facts which are not in dispute.  (See FACTS 5-13 of Defendants' Local Rule 56(a)1 Statement of Undisputed Facts).

> **B.    Paragraphs of Plaintiff's Local Rule 56(a)2 Statement Must Be Stricken Because They Rest Upon Conclusory Allegations And Not Supported by Admissible Evidence And Present Evidence On Claims That Have Been Dismissed Or Never Raised In The Complaints.**

Addendum "B" to this motion identifies "paragraphs" in the 56(a)2 response that should be stricken because they present evidence which is barred by the Court's ruling; specifically paragraphs 13, 15, 16, 17, 20, 21, 22, 23, 24 and 27; thereby making the assertions set forth in these paragraphs nothing more than conclusory allegations and **not supported by any admissible evidence** as required by Local Rule 56(a)3.  To the extent plaintiff takes exception to the Court's ruling throughout her responsive pleading, it amounts to an improper attempt to make an offer of proof before trial regarding a Court ruling that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery.  Evidence was not ruled inadmissible by the Court's ruling (Doc. #111) but completely barred from being presented as a sanction for not cooperating in discovery.  Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. # 111) that is well beyond the ten-day deadline set by Local Rule 7(c) and serves as a back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. # 111) for her failure to cooperate in discovery.

Addendum B also identifies paragraph 13 that presents simply conclusory allegations unsupported by any admissible evidence in the self-serving filings of

plaintiff's Affirmative Action complaint and other pleadings. In addition, Addendum B identifies paragraphs 17 and 27 that present evidence on plaintiff's FMLA and race discrimination claims that were dismissed by the Court in previous rulings. (Doc. # 98, # 106, # 176). Finally, Addendum B identifies paragraph 23 that attempts to present evidence on a due process claim not raised in either of plaintiff's two complaints that form the basis of this action.

Accordingly, the above-described paragraphs and exhibits should be stricken based on previous Court rulings which either bar plaintiff from presenting evidence or dismiss the claims about which she attempts to provide evidence, thereby rendering the evidence submitted inadmissible and irrelevant. Furthermore, the above-described paragraphs should be stricken for attempting to present evidence on claims not raised in either of the two complaints that form the basis of this action, thereby rendering the evidence inadmissible and irrelevant.

**C.** **Plaintiff's Local Rule 56(a)2 Statement Must Be Stricken In Its Entirety For Failing to Comply with Local Rule 56.**

Local Rule 56 is very simple to understand. It requires that the non-movant's resistance to summary judgment contain two parts. First, the plaintiff must admit or deny each of the facts set forth in the defendants' Rule 56(a)1 statement. Second, the plaintiff must set forth a separate section of FACTS evidencing disputed issues of fact that in total would support a prima facie case. Furthermore, Section (a) 3 of Local Rule 56 requires that each denial of a fact or affirmative statement of fact be supported by "affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial." Local Rule 56(a)3; <u>Avery v. City of West Haven</u>, 2001 U.S. Dist. LEXIS 24394 (D. Conn. 2001). The rule does not say: At the plaintiff's option, she can

simply combine the two portions or omit references to admissible evidence and ignore a Court ruling (Doc. # 111) barring her from presenting evidence on numerous issues wherever convenient as discussed above, as she apparently interprets the rule.  Nor does the Local Rule suspend the Federal Rules of Evidence that require such things as foundation for facts based on personal knowledge or the exclusion of hearsay unless evidence is offered establishing a recognized exception to the hearsay rule as discussed above.  Plaintiff apparently believes that her response can simply contain her opinion or speculation despite the requirements of the rules of evidence.  She also apparently feels free to present evidence on claims that have been dismissed by previous Court rulings or claims that have never been raised in either of the two complaints that form the basis of this action as discussed above.

Accordingly, plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts should be stricken in its entirety for its failure to conform to Local Rule 56.

### D.    CONCLUSION

For the foregoing reasons, the defendants respectfully submit that numerous exhibits and paragraphs of Plaintiff's Local 56(a)2 Statement should be stricken as well as Plaintiff's Local 56(a)2 Statement in its entirety.

DEFENDANTS,

DEPARTMENT OF
TRANSPORTATION, ET AL.

By:     RICHARD BLUMENTHAL
        ATTORNEY GENERAL


_____
Eleanor M. Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383


**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing Defendants' Memorandum in Support of Motion to Strike Plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts, was mailed this 2nd day of August, 2005, first class postage prepaid, to:

Vorcelia Oliphant, pro se
130 Cherry Ann Street, Unit 3
New Haven, CT 06514


_____
Eleanor M. Mullen
Assistant Attorney General

## ADDENDUM "A" TO MOTION TO STRIKE

Defendants move to strike the following exhibits attached to plaintiff's Rule 56(a)2 statement:

**Exhibit 3** is admissible for the limited purpose of showing that plaintiff filed an Affirmative Action complaint on January 24, 2001. This fact is not in dispute. The allegations of this exhibit, however, are barred by the Court's ruling (Doc. #111) as it relates to any "claim that defendant DOT blocked plaintiff from any natural career progression and advancement." [1]

**Exhibits 3A, 3B, 3C, and 3D** are barred by the Court's ruling (Doc. #111) as these exhibits relate to the handling of plaintiff's Affirmative Action complaint, dated January 24, 2001, and thereby relate to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 3 E** is admissible for the limited purpose of showing that plaintiff filed a grievance over reclassification. This fact is not in dispute. The allegations of the exhibit, however, are barred by the Court's ruling (Doc. #111) as it relates to any "claim that defendant DOT blocked plaintiff from any natural career progression and advancement."

**Exhibit 4** is admissible to the extent that it shows that plaintiff filed a reclassification grievance on February 2, 2001. This fact is not in dispute

**Exhibit 5** is admissible for the limited purpose of showing that plaintiff filed a CHRO complaint on August 2, 2001. This fact is not in dispute.

**Exhibit 6** is barred by the Court's ruling (Doc. #111) as it relates to the handling of plaintiff's Affirmative Action complaint, dated January 30, 2003, and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff." Exhibit 6 is admissible for the limited purpose of showing that plaintiff filed an affirmative action complaint on January 30, 2003. This fact is not in dispute.

**Exhibit 7** is barred by the Court's ruling (Doc. #111) as it relates to the orchestration of defendants' attendance policy against plaintiff and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 9A** is barred by the Court's ruling (Doc. #111) as it relates to the orchestration of defendants' sick leave policy against plaintiff and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 9B** is admissible for the limited purpose of showing that plaintiff received two written counselings. This fact is not in dispute.

---

[1] All quotations refer to the language of the Court's ruling (Doc. # 111).

**Exhibit 10** is barred by the Court's ruling (Doc. #111) as it relates to the defendants' sick leave policy and the disciplinary procedures and practices of the fact-finding process and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 11** is barred by the Court's ruling (Doc. #111) as it relates to the defendants' practice of using the Outlook Calendar as a tool for scheduling and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 12** is barred by the Court's ruling (Doc. #111) as it relates to the defendants' practice of using the Outlook Calendar as a tool for scheduling and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 13** is barred by the Court's ruling (Doc. #111) as it relates to the defendants' practice of using the Outlook Calendar as a tool for scheduling and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 14** is barred by the Court's ruling (Doc. #111) as it relates to the defendants' sick leave policy and pre-disciplinary procedure of the fact-finding and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff" and "specific incidents and conversations indicating deliberate actions and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including … leave of absences as related to sick time usage…" Exhibit 14 is admissible for the limited purpose of showing that a fact-finding occurred on September 26, 2003. This fact is not in dispute.

**Exhibit 15** is inadmissible as incomplete. It is furthermore barred by the Court's ruling (Doc. #111) as it relates to the orchestration of defendants' leave slip policy and the pre-disciplinary procedure of the fact-finding, the practice of using the Outlook Calendar as a tool for scheduling, and the handling of plaintiff's Affirmative Action complaint and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff." It is further barred by the Court's ruling (Doc.#111) as it relates to the lessening or changing of plaintiffs work duties and thereby relates to "specific incidents and conversations indicating deliberate action and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including… lessening or changing her work duties…" Finally, it is barred by the Court's ruling (Doc. #111) as it relates to emotional distress damages.

**Exhibit 16** is barred by the Court's ruling (Doc. #111) as it relates to defendants' disciplinary procedure and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 17** is barred by the Court's ruling (Doc.#111) as it relates to the orchestration of defendants' sick leave and attendance policies against plaintiff and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 20** is barred by the Court's ruling (Doc.#111) as it relates to a "claim that defendant DOT blocked plaintiff from any natural career progression and advancement." and "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 21** is barred by the Court's ruling (Doc.#111) as it relates to a "claim that defendant DOT blocked plaintiff from any natural career progression and advancement." and "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 22** is barred by the Court's ruling (Doc.#111) as it relates to the lessening or changing of plaintiffs work duties and thereby relates to "specific incidents and conversations indicating deliberate action and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including… lessening or changing her work duties…"

**Exhibit 23** is barred by the Court's ruling (Doc.#111) as it relates to a "claim that defendant DOT blocked plaintiff from any natural career progression and advancement." and "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 24** is barred by the Court's ruling (Doc.#111) as it relates to the lessening or changing of plaintiffs work duties and thereby relates to "specific incidents and conversations indicating deliberate action and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including… lessening or changing her work duties…"
**Exhibit 24** is further barred by the Court's ruling (Doc.#111) as it relates to the orchestration of defendants' sick leave and attendance policies against plaintiff and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 25** is barred by the Court's ruling (Doc.#111) as it relates to the lessening or changing of plaintiffs work duties and thereby relates to "specific incidents and conversations indicating deliberate action and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including… lessening or changing her work duties…"

**Exhibit 26** is barred by the Court's ruling (Doc.#111) as it relates to the orchestration of defendants' sick leave policy against plaintiff and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 27** is barred by the Court's ruling (Doc. #111) as it relates to the lessening or changing of plaintiffs work duties and thereby relates to "specific incidents and conversations indicating deliberate action and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including… lessening or changing her work duties…"

**Exhibit 30** is barred by the Court's ruling (Doc. #111) as it relates to the orchestration of defendants' attendance policy against plaintiff and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 31** is not referenced in plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts.  It is barred by  the Court's ruling (Doc. #111) as it relates to plaintiff's grievance regarding reclassification and thereby relates to any "claim that defendant DOT blocked plaintiff from any natural career progression and advancement." and "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."   It is furthermore barred by the Court's ruling (Doc. #111) as it relates to emotional distress damages.

**Exhibit 32** is barred by the Court's ruling (Doc. #111) as it relates to the orchestration of defendants' vacation policy against plaintiff and thereby relates to "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

**Exhibit 33** is barred by the Court's ruling (Doc. #111) as it relates to emotional distress damages.

**Exhibit 34** is not referenced in plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts.  It is barred by the Court's ruling (Doc. #111) to the extent it relates to any "claim that defendant DOT blocked plaintiff from any natural career progression and advancement." and "the orchestration of defendants' employment practices, policies, and procedure in relation to plaintiff."

## ADDENDUM "B" TO MOTION TO STRIKE

Defendants move to strike the following paragraphs of plaintiff Rule 56(a)(2) statement:

#6      Move to strike the assertion regarding the handling of plaintiff's Affirmative
        Action complaint, dated January 24, 2001, as nonresponsive, speculative, and
        argumentative and setting forth conclusory allegations and, therefore, **not
        supported by any admissible evidence** as required by Local Rule 56(a)(3).  Said
        assertion together with Exhibits 3A, 3B, 3C, and 3D relate to "the orchestration of
        defendants' employment practices, policies and procedure in relation to plaintiff"[2]
        and are, therefore, barred by the Court's ruling. (Doc. #111).  The remaining
        assertions regarding the filing of an Affirmative Action complaint, dated January
        24, 2001 and a grievance regarding reclassification, dated are not in dispute.
        Exhibit 3 and 3E are, therefore, admissible for the limited purpose of showing that
        plaintiff filed these actions.

#13.    Unclear what part is admitted but move to strike entire paragraph as
        nonresponsive, speculative, and argumentative and, therefore, **not supported by
        any admissible evidence** as required by Local Rule 56(a)3.  Furthermore, move
        to strike plaintiff's assertion regarding the handling of her Affirmative Action
        complaint, dated January 30, 2003, as it relates to "the orchestration of
        defendants' employment practices, policies and procedure in relation to plaintiff
        and is barred by the Court's ruling. (Doc. #111).

#14     No response provided.

#15     Move to strike entire paragraph as nonresponsive, speculative, and argumentative
        and setting forth conclusory allegations. To the extent it refers to the defendants'
        sick leave and attendance policies, it relates to "the orchestration of defendants'
        employment practices, policies, procedures and is barred by the Court's ruling
        (Doc. #111) and is, therefore, **not supported by any admissible evidence** as
        required by Local Rule 56(a)3.

#16     Move to strike entire paragraph as nonresponsive, speculative, and argumentative
        and setting forth conclusory allegations.  To the extent the assertion refers to
        defendants' disciplinary procedures, it relates to the orchestration of defendants'
        employment practices, policies and procedures, and is barred by the Court's
        ruling(Doc. #111) and therefore **not supported by any admissible evidence** as
        required by Local Rule 56(a)3.

---

[2] All quotations refer to the language of the Court's ruling (Doc. # 111).

#17    Unclear what is being admitted in part but move to strike entire paragraph as nonresponsive, speculative, and argumentative and setting forth conclusory allegations. To the extent it refers to evidence regarding plaintiff's FMLA claims set forth in her two complaints, it is barred by the Court's ruling dismissing plaintiff's FMLA claim among other claims. (Doc. #98, #106, #176).

To the extent it refers to evidence regarding the "orchestration of defendants' employment practices, policies and procedures" and includes "evidence regarding any particular individual" or "specific incidents and conversations indicating deliberate actions and forethought relating to plaintiff's claims of retaliation as set forth in paragraphs 7-11 of her original complaint, including … leave of absences as related to sick time usage protection as provided under state and federal law, it is barred by the Court's ruling (Doc. #111) and, therefore, **not supported by any admissible evidence** as required by Local Rule 56(a)3.

To the extent plaintiff takes exception to the Court's ruling, it amounts to an improper attempt to make an offer of proof before trial regarding a Court ruling that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery. Evidence was not ruled inadmissible by the Court's ruling (Doc. #111) but completely barred from being presented as a sanction for not cooperating in discovery. Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. #111) that is well beyond the ten-day deadline set by Local Rule 7(c) and serves as a back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. #111) for her failure to cooperate in discovery.

#20.    Move to strike entire paragraph as nonresponsive, speculative, and argumentative and setting forth conclusory allegations. To the extent the assertion refers to the defendants' leave slip policy, practice of using the Outlook Calendar, and the pre-disciplinary procedure of the fact-finding, it relates to "the orchestration of defendants' employment practices, policies and procedures," and includes "evidence regarding any particular individual," and is, therefore, barred by the Court's ruling (Doc. #111) and **not supported by any admissible evidence** as required by Local Rule 56(a)3.

To the extent plaintiff takes exception to the Court's ruling, it amounts to an improper attempt to make an offer of proof before trial regarding a Court ruling that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery. Evidence was not ruled inadmissible by the Court's ruling (Doc. #111) but completely barred from being presented as a sanction for not cooperating in discovery. Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. #111) that is well beyond the ten-day deadline set by Local Rule 7(c) and serves as a back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. #111) for her failure to cooperate in discovery.

#21    Move to strike entire paragraph as unresponsive, speculative, and argumentative and setting forth conclusory legal conclusions.  To the extent the assertion refers to defendants' leave slip policy or practice and the pre-disciplinary procedure of the fact-finding, it relates to "the orchestration of defendants' employment practices, policies and procedures"  and is, therefore, barred by the Court's ruling (Doc. #111) and **not supported by any admissible evidence** as required by Local Rule 56(a)3.

#22    Move to strike entire paragraph as unresponsive, speculative and argumentative and setting forth conclusory allegations. To the extent the assertion refers to the defendants' leave slip policy or practice, the practice of using the Outlook Calendar, and the pre-disciplinary procedure of the fact-finding, it relates to "the orchestration of defendants' employment practices, policies and procedures" and is, therefore, barred by the Court's ruling (Doc. #111) and **not supported by any admissible evidence** as required by Local Rule 56(a)3.

#23    Move to strike the entire paragraph as unresponsive, speculative and argumentative and setting forth conclusory allegations.  To the extent the assertion refers to defendants' disciplinary procedure, it relates to "the orchestration of defendants' employment practices, policies and procedures" and is, therefore, barred by the Court's ruling (Doc. #111) and **not supported by any admissible evidence** as required by Local Rule 56(a)(3).
To the extent plaintiff takes exception to the Court's ruling, it amounts to an improper attempt to make an offer of proof before trial regarding a Court ruling that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery.  Evidence was not ruled inadmissible by the Court's ruling (Doc. #111) but completely barred from being presented as a sanction for not cooperating in discovery.  Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. #111) that is well beyond the ten-day deadline set by Local Rule 7(c) and serves as a back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. #111) for her failure to cooperate in discovery.
Finally, to the extent the paragraph asserts a due process claim, it was not raised in either of plaintiff's two complaints that form the basis of this action, thereby rendering the evidence **inadmissible and irrelevant**.

#24    Move to strike entire paragraph as unresponsive, speculative and argumentative and setting forth legal conclusions.  To the extent the assertion refers to the defendants' leave slip policy or practice, or the practice of using the Outlook Calendar, it relates to "the orchestration of defendants' employment practices, policies and procedures" and, therefore, is barred by the Court's ruling (Doc. #111) and **not supported by any admissible evidence** as required by Local Rule 56(a)3.
To the extent plaintiff takes exception to the Court's ruling, it amounts to an improper attempt to make an offer of proof before trial regarding a Court ruling

15

that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery. Evidence was not ruled inadmissible by the Court's ruling (Doc. #111) but completely barred from being presented as a sanction for not cooperating in discovery. Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. #111) that is well beyond the ten-day deadline set by Local Rule 7(c) and serves as a back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. #111) for her failure to cooperate in discovery.

#27.    Move to strike entire paragraph as unresponsive, speculative and argumentative and setting forth conclusory allegations. The assertion regarding "defendants' second hand knowledge of the meetings of the Minorities In Action" is **not supported by any evidence** as required by Local Rule 56(a)(3) except for plaintiff's own self-serving statements. The assertion is plaintiff's improper opinion, lacks foundation, is hearsay, calls for speculation, and **does not refute the stated fact in the Rule 56(a)1 statement.**

Furthermore, to the extent the assertion refers to evidence regarding "any particular individual" or "the specific incidents and conversations indicating deliberate actions and forethought relating to plaintiff's claim of retaliation as set forth in paragraphs 7-11 of her original complaint including … lessening or changing her work duties…blocking her from any natural career progression and advancement including promotions … leave of absences as related to sick time usage protection as provided under state and federal law [and] organizational structures and job assignments" it is barred by the Court's ruling (Doc. #111) and therefore **not supported by any admissible evidence** as required by Local Rule 56(a)3.

To the extent the assertion refers to "the orchestration of defendants' employment practices, policies and procedures" as it relates to sick leave and attendance policies, the practice of using the Outlook Calendar, and pre-disciplinary procedures, it is further barred by the Court's ruling (Doc. #111) and therefore **not supported by any admissible evidence** as required by Local Rule 56(a)(3).

To the extent it refers to evidence regarding plaintiff's FMLA and race discrimination claims, it is barred by the Court's ruling dismissing those claims among others. (Doc. # 98, #106, #176).

To the extent plaintiff takes exception to the Court's ruling, it amounts to an improper attempt to make an offer of proof before trial regarding a Court ruling that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery. Evidence was not ruled inadmissible by the Court's ruling (Doc. #111) but completely barred from being presented as a sanction for not cooperating in discovery. Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. #111) that is well beyond the ten-day deadline set by Local Rule 7(c) and serves as a back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. #111) for her failure to cooperate in discovery.

#28.    Move to strike the entire paragraph as unresponsive, speculative and argumentative and setting forth conclusory allegations.  The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3) except for plaintiff's own self-serving statements. The assertion is plaintiff's improper opinion, lacks foundation, is hearsay, calls for speculation, and  **does not refute the stated fact in the Rule 56(a)1 statement.**

#29     See 28 above.

#30     See 28-29 above.