UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT<br>  *Plaintiff,* | : | CIVIL NO. 3:02CV0700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL. | :<br>: | |
| *Defendants.* | : | AUGUST 2, 2005 |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff's response to the summary judgment fails for several reasons, but most notably because her conclusory allegations and opinions are not sufficient to defeat summary judgment. It is established law in this district that a plaintiff may NOT rely on "mere speculation or conjecture as compared to the proferred facts to overcome a motion for summary judgment." Lipton v. The Nature Company, 71 F.3d 464, 469 (2d Cir. 1995). The Plaintiff's Rule 56(a)2 Statement of Undisputed Facts (hereinafter "Plaintiff Local Rule 56(a)2 Statement") attempts to refute the specific facts set forth by the Defendants' Local Rule 56(a)1 Statement of Undisputed Facts (hereinafter "Defendants' Local Rule 56(a)1 Statement ") by citation to evidence that has been barred by the Court's ruling (Doc. # 111) as a sanction for not cooperating in discovery.[1] The result is that plaintiff simply repeats the allegations of her complaints in overly general conclusory statements, disguised to look like facts and raises claims that have been previously

---

[1] Defendants have filed a motion to strike and memorandum in support thereof regarding numerous exhibits and paragraphs of Plaintiff's Local Rule 56(a)2 Statement as well as Plaintiff's Local Rule 56(a)2 Statement in its entirety.

1

dismissed by the Court and even new claims never raised in either of the two complaints that form the basis of this action. She also inappropriately uses her responsive pleading to file two veiled motions for reconsideration of previous Court rulings (Doc. # 111, Doc. # 262) that are well beyond the seven day deadline set by Local Rule 7(c), thereby serving as a back-door attempt to circumvent the Court's ruling (Doc. # 262) denying her request to reopen discovery as well as the sanction imposed by the Court's ruling (Doc. # 111) for her failure to cooperate in discovery.

Except for some facts that are not in dispute as to the filing of her various complaints and grievances and her organizing of the group known as "Minorities In Action," Plaintiff's Local Rule 56(a)2 Statement states conclusions or opinions without citation to any admissible evidence. Accordingly, a party may not rest on the "mere allegations or denials" contained in their pleadings. Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995); Jing Ying Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993)(holding that a party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible).

The plaintiff's own deposition testimony in which she admits that she copied the leave slips belonging to other state employees on state equipment without requesting permission does not refute but supports the defendants' legitimate non-discriminatory reason for her five-day suspension. Even if the defendants could present no legitimate nondiscriminatory reason for the five-day suspension, plaintiff can present no evidence to create pretext on the part of defendant DOT for any alleged discriminatory act since the court's ruling (Doc. # 111) has barred her from presenting any evidence as to the

orchestration of defendants' leave policy in relation to her.  Furthermore, the plaintiff has offered no evidence other than her own personal opinion and conclusory allegations to refute the defendants' lack of personal knowledge of the formation and activities of the group known as "Minorities in Actions" to establish the retaliatory animus necessary for her First Amendment retaliation claim.

        1.        **PLAINTIFF CANNOT SHOW THAT SHE SUFFERED AN ADVERSE EMPLOYMENT ACTION AS TO HER WRITTEN AND ORAL COUNSELINGS OR ANY OTHER ACTIONS BY DEFENDANTS OTHER THAN THE FIVE-DAY SUSPENSION.**

Plaintiff's reliance upon Kaluczky v. City of White Plains, 57 F.3d 202, 208 (2d Cir. 1995) to refute defendants' citation to case law establishing that counselings do not constitute adverse employment actions is misplaced.  The Kaluckzky case does not address this issue in any way.  Indeed, the case dealt with whether a policy-making employee was retaliated against for exercising his First Amendment rights in the form of his political views, his party affiliation, and certain testimony that he gave at a disciplinary hearing that ended in the dismissal of a member of the opposing party.  The acts of retaliation included being isolated politically, being excluded from high-level meetings, withholding sensitive and confidential information from him, and transferring all of his policymaking responsibilities to persons loyal to the defendants.  The Court held that the "policymaker exception" which allows policymakers to hold their office at the will of their employer and to be discharged by reason of political affiliations, political beliefs, ideological viewpoints, or partisan activity permits such alleged adverse employments.

Similarly, plaintiff's reliance upon Rutan Et Al. v. Republican Party of Illinois, 497 U.S. 62, 75; 111 L. Ed. 2d 52 (1990), is also misplaced. The Rutan  case dealt with

whether the political patronage practices of hiring, promotions, shorter commuting hours and lower maintenance expenses incident to transfers to more convenient work locations, and even rehires after layoffs violated the First Amendment. The Court rejected as unduly restrictive the Seventh Circuit's test for measuring patronage practices in government employment based on the employment decisions being the equivalent of a dismissal because it failed to recognize deprivations less harsh than dismissal. The Court did not include counselings as one of the political patronage practices that amounts to a deprivation less harsh than dismissal. Accordingly, plaintiff's reliance upon case law is misplaced and does not serve to refute defendants' citation to case law establishing that counselings do not constitute adverse employment actions

In addition, the only evidence offered by plaintiff to establish an adverse employment action, including the lessening of her work duties, the orchestration of defendants' employment practices policies and procedures as to its sick leave and attendance policies, the practice of the Outlook Calendar, the disciplinary procedure of the counselings and the fact-finding process, the handling of her affirmative action complaints as well as denial of promotional and training opportunities together with the emotional distress of stress from work has been barred by the Court's ruling (Doc. # 111) as a sanction for refusing to cooperate in discovery.[2]

---

[2] To the extent plaintiff takes exception to the Court's ruling throughout her responsive pleading, it amounts to an improper attempt to make an offer of proof before trial regarding a Court ruling that was not an evidentiary ruling but a ruling imposing a sanction for not cooperating in discovery. Evidence was not ruled inadmissible by the Court's ruling (Doc. # 111) but completely barred from being presented as a sanction for not cooperating in discovery. Accordingly, plaintiff's attempt to make an offer of proof is nothing more than a veiled motion for reconsideration of the Court's ruling (Doc. #111) that is well beyond the ten-day deadline set by Local Rule 7(c) and serves as a

Accordingly, the only adverse employment action suffered by plaintiff is the five-day suspension for which defendants offer a legitimate nondiscriminatory reason supported by plaintiff's own deposition testimony as discussed below.

### 2. PLAINTIFF HAS NOT SHOWN THAT SHE WAS CONSTRUCTIVELY DISCHARGED.

Plaintiff points to essentially the same smorgasbord of evidence described above to establish her claim of constructive discharge, including the increased scrutiny of her work to create pretexual situations to reprimand her and sick time usage as well as her emotional distress. (See pages 10-13 of Plaintiff's Memorandum of Law in Opposition To Defendants' Motion For Summary Judgment Per Rule 56(a)2, hereinafter *Plaintiff's Memorandum*). The bottom line is that plaintiff has been barred from presenting this evidence pursuant to the Court's ruling (Doc.# 111). More importantly, plaintiff cannot meet the high standard of proof necessary to establish constructive discharge because the Court's ruling (Doc.# 111) barred her from presenting any evidence as to "any individual," as well as any "deliberate actions by the defendants," including the very actions set forth in her responsive pleading.

Accordingly, plaintiff's claim of constructive discharge is supported by nothing more than her subjective opinion that she was forced to retire.

### 3. PLAINITFF'S OWN ADMISSION SUPPORTS DEFENDANTS' LEGITIMATE NONDISCRIMATROY REASON AS TO HER FIVE-DAY SUSPENSION

Plaintiff's own deposition testimony (FACT 24, Defendants' Local Rule 56(a)1 Statement) in which she admits that she copied leave slips of other state employees on

---

back-door attempt to circumvent the sanction imposed by the Court's ruling (Doc. # 111) for her failure to cooperate in discovery.

5

state equipment without requesting the permission of her supervisors supports defendants' legitimate nondiscriminatory reason for the five-day suspension. Despite her admission, she tries to shift the focus away from her own admitted conduct towards her allegation that the defendants orchestrated the leave slip policy against her through the pre- disciplinary proceeding of the fact-finding. Her evidence is barred by the Court's ruling (Doc. # 111) as to the orchestration of defendants' employment practices, policies and procedures and defendants have requested that it be stricken in the accompanying motion to strike.

      She further attempts to shift the focus away from her own conduct and admission by alluding to a race discrimination claim in her allegations that all the *"attendees"* to the fact-finding were *"Caucasian"* (See p.14, Plaintiff's Memorandum) while *[she] and her union representative are minority"* (See pp.14-15, Plaintiff's Memorandum). She completely disregards the Court's previous rulings dismissing any such claim as well as denying her motion for reconsideration. (Doc. # 98, # 106, # 176). She then alludes to a due process claim in her allegation that the *"attendees"* were not *"impartial decision makers"* and that the *"fact-finding is in no way even a quasi-judicial forum."* (See p. 15, Plaintiff's Memorandum). No due process claim was raised in either of the two complaints that form the basis of this action. Even plaintiff's pro se status does not allow her to disregard Court rulings and amend the complaint at the summary judgment stage. Indeed, this Court has acknowledged the sympathy given to plaintiff's pro se status in previous rulings but also warned over a year ago and more recently that there are limits to the deference to which a plaintiff-even one appearing pro se is entitled, citing Troni v. DiMilano, 89 Civ. 3299, 1992 U.S. Dist. LEXIS 249, at *5 (S.D.N.Y. Jan. 14, 1992); and

Peia v. United States Bankr. Courts, 3:00CV2310 (PCD). (See Doc. #262, pp. 4-5; Doc. #176, pp.5-6). More importantly, the Court noted; *"All litigants, including pro se, have an obligation to comply with court orders." Minotti v. Lensink, 895 F.2d 100, 103 (2d. Cir. 1990).* (p. 6 Doc. #276).

Accordingly, plaintiff has failed to rebut defendants' legitimate nondiscriminatory reason for the five-day suspension nor has she presented any evidence to create pretext.

  **4. PLAINTIFF'S TITLE VII RETALIATION CLAIM FAILS BECAUSE PLAINTIFF CANNOT ESTABLISH THE CAUSAL CONNECTION**

Plaintiff cannot establish the temporal connection to the alleged adverse employment actions of denial of training and lessening or changing of duties (See p. 18, Plaintiff's Memorandum) because the Court's ruling (Doc. # 111) bars her from presenting evidence on these issues. Accordingly, plaintiff's only adverse employment action is her five-day suspension for which the temporal connection may exist to the filing of her appeal to the Second Circuit on August 4, 2003, (FACT 12, Defendants' Local Rule 56(a)1 Statement) but for which defendants' have offered a legitimate nondiscriminatory reason that plaintiff has not rebutted but supported with her own deposition testimony.

  **5. PLAINTIFF'S EQUAL PROTECTION ARGUMENT FAILS BECAUSE SHE CANNOT SHOW RETALIATORY ANIMUS.**

Plaintiff has failed to raise a genuine issue of material fact as to the defendants' lack of personal knowledge of her organizing of the group known as "Minorities in Action" that forms the basis of her First Amendment retaliation claim. Her own deposition testimony states that several of the defendants had no personal knowledge of her organizing of the group known as Minorities In Action, she was uncertain as to the

7

personal knowledge of another, and the remaining defendants' personal knowledge was based on "rumor" (FACTS 28, 29, 30, Defendants' Local Rule 56(a)1 Statement). She then attempts to contradicts her deposition testimony in her responsive pleading; *"Plaintiff testified that all defendants knew of her activities based on "word of mouth," rumor or other means which would be, in plaintiff's understanding, second hand knowledge rather than first or personal knowledge."* (See p.19, Plaintiff's Memorandum). She then clarifies the *"other means"* as *"the way she was treated or retaliated against during those times."* (See p. 20, Plaintiff's Memorandum). Simply put, the plaintiff has offered no evidence other than hearsay and her own conclusory allegations which would not be admissible at trial and, therefore, does not raise a genuine issue of fact to defeat summary judgment.

### 6. PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS BECAUSE SHE CANNOT ESTABLISH A CAUSAL CONNECTION.

Not only has plaintiff not proven retaliatory animus but she is unable to prove a causal connection between her formation of the group known as "Minorities In Action" and the adverse employment action of her five-day suspension based on the insufficient temporal connection; the group being formed in the first three months of 2001 and the five day-suspension occurring in December, 2003, let alone her filing for disability retirement in February, 2004. (See FACTS 26, 23, 3, Defendants' Local Rule 56 (a)1 Statement). She relies upon evidence including her *"quasi promotion"* and *"a campaign of trying to reprimand plaintiff on sick leave usage and tardiness and placing things on outlook calendar"* and *"a method of reprimands that the pinnacle was a fact-finding that plaintiff was subject"* (See p. 17, Plaintiff's Memorandum). All such evidence relates to the orchestration of defendants' employment practices, policies and procedures and has

8

been barred by the Court's ruling (Doc.# 111) as discussed in Defendants' Motion To Strike.  Accordingly, plaintiff has not established the causal connection for her equal protection claim.

### 7. DEFENDANTS' ACTIONS WERE OBJECTIVELY REASONABLE AS TO PLAINTIFF'S FIVE-DAY SUSPENSION TO BE ENTITLED TO QUALIFIED IMMUNITY.

Defendants' legitimate non-discriminatory reason for plaintiff's five-day suspension establishes the objective reasonableness of their action.  It is further established by the defendants' lack of retaliatory animus based on their lack of personal knowledge of plaintiff's organizing of the group known as "Minorities In Action." Plaintiff again attempts to establish a form of *"second-hand knowledge based on interest and belief"* (p. 20, Plaintiff's Memorandum) but offers no case law for support.  The bottom line is that she offers only hearsay to support her allegation of the defendants' personal knowledge. [3]  She has presented no material issue of fact to overcome the defense of qualified immunity.

**CONCLUSION**

For the foregoing reasons and those set forth in defendant's principal memorandum, defendants' summary judgment should be granted.

---

[3] Plaintiff once again attempts to reopen discovery under Fed. Rule Civ. P. Rule 56(f) in her assertion that *'the facts that are dispositive are solely within the knowledge of the defendants and their collaborators, thereby requiring the plaintiff an opportunity for discovery as to the questions bearing on the defendants' claim of immunity."* (See p. 21, Plaintiff's Memorandum).  Plaintiff's request to reopen discovery is nothing more than a veiled motion for reconsideration of the Court's Ruling On Defendants' Motion To Quash (Doc. #262) wherein the Court denied her request to reopen discovery under Fed. Rule Civ. P. 56(f). Plaintiff's veiled motion for reconsideration is well beyond the ten-day deadline set by Local Rule 7(c).  In addition, plaintiff's reliance upon Castro v. United States of America, 34 F.3d 106 (2d Cir. 1994) is misplaced as a criminal case with completely different facts and standard of proof but more importantly based on the Court's prior ruling denying her request to reopen discovery. (Doc. # 262).  The bottom line is that plaintiff had two and one-half years to conduct discovery on one of the central issues of her case; namely, the defendant's personal knowledge of her organizing the group known as "Minorities In Action."

                                      DEFENDANTS
                                      STATE OF CONNECTICUT
                                      DEPARTMENT OF
                                      TRANSPORTATION ET AL.

                                      RICHARD BLUMENTHAL
                                      ATTORNEY GENERAL

BY:                                 _____
                                      Eleanor M. Mullen
                                      Assistant Attorney General
                                      Federal Bar No. ct22430
                                      55 Elm Street, P.O. Box 120
                                      Hartford, CT  06141-0120
                                      Tel:  (860) 808-5340
                                      Fax: (860) 808-5383
                                      Email: eleanor.mullen@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Reply To Plaintiff's Memorandum of Law In Opposition To Defendants' Motion For Summary Judgment was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 2nd day of August, 2005, first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann St.
New Haven, CT 06514

                                      _____
                                      Eleanor M. Mullen
                                      Assistant Attorney General