## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>Plaintiff,<br>vs.<br><u>Department of Transportation , ET AL.</u><br>Defendant | CIVIL NO. 3:02CV00700(PCD)<br><br>August 31, 2005 |

### PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT OF UNDISPUTED FACTS

Plaintiff assumes courts' familiarity with the background of defendants' motion to strike. Plaintiff moves that defendants' motion to strike be denied for the following reasons:

Defendants' presents their opinion and is repetitious in their assertions without any factual foundation as to why plaintiff's 56(a) statement should be striken. Defendants fail to address any of the specifics of what plaintiff submitted to resist summary judgment in her 56(a) 2 statement.

Defendants' claim that plaintiff's evidence addressed claims dismissed by the court however, plaintiff only addressed issues defendants raised, albeit exclusionary, in their summary judgment motion: Plaintiff only responded with her proof.

Defendants assume that plaintiff's offer of proof is improper. Plaintiff's position is as follows:

Evidence being ruled on as inadmissible prior to trial makes the ruling evidentiary in nature. Furthermore, defendants moving for Summary Judgment as a matter of law under rule 50(a) is judged by the same standards applicable to a motion 50(b) for judgment after trial and causes the evidence to be considered as such would be actually admitted at trial, **Douglas v. Eaton Corp.,** 956 F.2d 1339(6th cir 1992) in which case a Fed. R. Civ. Proc. 46 to take exception and make offer of proof would be appropriate. Furthermore, Courts may also

notice adjudicative facts in ruling on a motion for summary judgment. In that case a district court may utilize the doctrines underlying judicial notice in hearing a motion for summary judgment substantially, as they would be used at trial. **St. Louis Baptist Temple, Inc. v Federal Deposit Ins. Corp.** (1979, CA10 Colo) 605 F2d 1169, 117-1172, 5 Fed Rules Evid Serv 23. It is in this instance that a party can move to offer evidence to provide sufficiency of evidence.

Defendants' continue throughout their motion to make allegations of plaintiff's evidence being hearsay, and the 56 statement being speculative with conclusory statements with providing the actual statements and evidence in particular to which they are referring. As to the paragraphs in addendum B defendants reference, plaintiff contends that she made mention of the events as she was prompted by what the defendants' raised in their summary judgment motion.

Plaintiff's affidavits establish issues of facts supporting plaintiff opposition to summary judgment and raises questions as to the defendants retaliatory behavior directed at plaintiff, in such an instance making summary judgment in appropriate because of the questions that remain as a result of the evidence plaintiff submitted showing a trial is necessary to resolve the issue. **Miller v. General Outdoor Advertising Co., Inc.**, 337 F.2d 944, **General Acci., Fire & Life Assurance corp. v. Goodyear Tire & Rubber co.**, 132 F. 2d 122(2nd Cir 1942)

Just as summary judgment would be inappropriate where there is enough evidence to permit an inference in plaintiff's favor with regard to her employers', so would striking plaintiff's 56(a) statement be in appropriate wherein is the circumstantial evidence shedding light on the intent of employer's actions, **Cifarelli v. Village of Babylon**, 93 F.3d 47 (2nd Cir 1996), **Montana v. First Fed. Sav. & Loan Ass'n**, 869 F.2d 100, 103 (2nd Cir1989).

Plaintiff by not being permitted to make an offer of proof is prejudiced tremendously and therefore a 56(a) statement should not be striken for the following reason: Summary judgment deprives a party the opportunity to offer rebuttal evidence. Caution must be used in determining that a fact is beyond controversy: **International Star Class Yacht Racing Ass'n v. Tommy Hillfiger U.S.A., Inc.**, 146 F.3d 66, 70 49 Fed. R. Evid. Serv. 719 (2nd Cir. 1998).

Fact that defendants' constantly refer to the court barring plaintiff's evidence is one of a constitutional due process matter that may have need to be revisited due to the apparent unfairness of the sanction in this case. Bon Air Hotel, Inc. v. Time, Inc., C.A. 5th, 1967, 376 F.2d 118, certiorari denied 89 S. Ct. 131, 393 U.S. 859, 21 L.Ed. 2d 127, 89 S. Ct. 225, 393 U.S. 815, 21 L. Ed. 2d 179.

But for the sake of opposing the defendants' motion to strike which is another "shot-at-the-apple" for them to bar plaintiffs' admissible evidence for summary judgment or dismissal of her complaint and plaintiff by defendants' motion to strike is unfairly prejudiced.

Wherefore, plaintiff respectfully requests that the defendants' motion to strike is denied.


Submitted by: /s/ Vorcelia Oliphant
Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the foregoing **PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS MOTION TO STRIKE PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT OF UNDISPUTED FACTS** has been mailed, US Postage prepaid, this 31st, day of August 2005, in accordance to Rule 5(b) of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

BY: /s/ Vorcelia Oliphant
Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514
(203) 237-7515