UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT, | : | CIVIL ACTION NO. |
|    *Plaintiff* | : | 3:02CV700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF TRANSPORTATION | | |
| ET AL. | : | |
|    *Defendants* | : | SEPTEMBER 6, 2005 |

**DEFENDANTS' REPLY TO PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT OF UNDISPUTED FACTS**

COMES NOW the Defendants and for their reply to Plaintiff's Reply In Opposition to Defendants Motion To Strike Plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts[1] respectfully request that the Court grant Defendants' Motion To Strike Plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts.

Plaintiff is disingenuous in characterizing her Local Rule 56(a)2 Statement as "*only address[ing] issues defendants raised, albeit exclusionary, in their summary judgment motion: Plaintiff only responded with her proof.*" (p. 1, unnumbered, Plaintiff's Reply In Opposition to Defendants Motion To Strike Plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts, hereinafter "Plaintiff's Reply To Defendants' Motion To Strike"). She further states; "*As to the paragraphs in addendum B defendants reference, plaintiff contends that she made mention of the events as she was prompted by what defendants raised in their summary judgment motion.*" (p. 2, unnumbered, Plaintiff's Reply To Defendants' Motion To Strike). Plaintiff's disingenuousness

---

[1] Plaintiff's pleading should be more appropriately titled a "Memorandum In Opposition To Defendants Motion To Strike.

1

amounts to taking the liberty of going beyond the material facts not in dispute as to the filing of her various complaints and grievances to present evidence regarding the allegations of those grievances and complaints and thereby circumvent the Court's ruling barring her from presenting evidence on numerous issues set forth in the complaints and grievances. (Doc. # 111). She also circumvents the Court's ruling (Doc. # 111) by attempting to present evidence on the retaliatory animus of the defendants regarding her five-day suspension. The bottom line is that plaintiff's Local Rule 56(a)2 amounts to willful disobedience of the Court's ruling. (Doc. # 111). She may regard the Court's ruling as unfair but her pro se status does not relieve her of a litigant's obligation to comply with a Court ruling. Indeed, the Court has warned plaintiff more than once that there are limits to the deference to which a pro se plaintiff is entitled, citing Troni v. Di Milano, 89 Civ. 3299, 1992 U.S. Dist. LEXIS 249 and Peia v. United States Bankr. Courts, 3:00CV2310(PCD), 2001 U.S. Dist. LEXIS 14328 at *3 (D.Conn. May 22, 2001). (See Doc. # 176, p.6 and Doc. # 262, p.4). More importantly, the Court noted, "All litigants, including pro se, have an obligation to comply with court orders." Minotti v. Lensink, 895 F.2d 100, 1003 (2d Cir. 1990). (Doc. # 176, p.6).

      Plaintiff's reliance upon the inappropriate and specious legal argument regarding making an offer of proof pursuant to Fed. R. Civ. P. Rule 46 further illustrates her blatant disregard of the Court's ruling. (Doc. # 111). To the extent she attempts to create the impression of a lack understanding of the applicability of Fed. R. Civ. P. Rule 46 to trials and the non-evidentiary nature of the Court's ruling (Doc. # 111) in imposing sanctions for not cooperating in discovery,[2] she is abusing her pro se status to file a veiled motion

---

[2] Plaintiff states, "*Evidence being ruled on as inadmissible prior to trial makes the ruling evidentiary in nature.*" (p. 1 unnumbered, Plaintiff's Reply To Defendants' Motion To Strike).

for reconsideration of the Court's ruling (Doc. # 111) that is well beyond the ten (10) day deadline set by Local Rule 7(c).  Her offers of proof are nothing more than a back-door attempt to circumvent the sanctions imposed by the Court's ruling (Doc.# 111) for her failure to cooperate in discovery.  She also inappropriately relies upon the doctrine of judicial notice set forth in St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corporation, 605 F.2d 1169 (10th Cir. 1979) given that none of her exhibits consist of the court's own records or files, or facts which are part of public records or records of prior litigation closely related to this case.  The bottom line is that she offers no legal authority for making an offer of proof at the summary judgment stage.

Furthermore, Plaintiff's Local Rule 56(a)2 Statement presents only evidence that has been barred by the Court's ruling (Doc. # 111),[3] making her statements nonresponsive, speculative and argumentative and setting forth conclusory allegations and, therefore, unsupported by citation to admissible evidence as required by Local Rule 56(a)3.

Accordingly, defendants request that the Court grant their motion to strike Plaintiff's Local Rule 56(a)2 Statement of Undisputed Facts

---

[3] Addendum "A" to Defendants' Motion To Strike Plaintiff's Local Rule 56(a)2  Statement of Undisputed Facts states that plaintiff's Exhibit 33 is barred by the Court's ruling (Doc. # 111) as it relates to emotional distress damages.   This exhibit is also barred by the same ruling to the extent it relates to "any alleged loss, damage, suffering, injury, distress, or harm." ( See Doc. # 111).

DEFENDANTS
STATE OF CONNECTICUT,
DEPARTMENT OF
TRANSPORTATION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail Address:
eleanor.mullen@po.state.ct.us


### **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Memorandum In Support Of Motion For Summary Judgment was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 6th day of September, 2005, first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann St., No.3
New Haven, CT 06514


_____
Eleanor May Mullen
Assistant Attorney General

4