UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff,*<br>vs.<br>Department of Transportation, ET. AL.<br>*Defendant* | CIVIL NO. 3:02CV00700(PCD)<br><br>June 22, 2005 |

## PLANTIFF'S REPLY TO DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION TO QUASH AND FOR SANCTIONS

Defendants' blanket assertions are not supported with anything plaintiff filed regarding this matter; defendants make no explanations nor support their objectionable statements with any references to the facts set forth by plaintiff neither can defendants connect their flagrant assertions with any standard of law. Their motion is complete speculation and is frivolous, designed to attempt to stonewall the plaintiff in her attempts to achieve any discovery necessary since she has not had opportunity to obtain discovery due to defendants deceitful tactics as their motion to quash and their objection motion demonstrates. Apart from the courts' upcoming ruling, Defendants' motion is moot on its face just as is their motion to quash filed wherein they demonstrated no standing to bring the motion.

Defendants' false assertions that plaintiff: has failed to comply with the courts' order (Docket 253); that she blames the court for the short deadline created by its ruling; and continue to file veiled motions to reopen discovery are all undercut by plaintiff's motion for reconsideration (Docket No. 247, 248). It was filed prior to the court's ruling (docket 253) and predicted defendants action before they occurred. Therein (Docket 247, 248), Plaintiff, 1) explains the reason for seeking discovery; 2) requests reconsideration of the short deadline; and 3) requests clarification regarding discovery to prevent defendants predictable attempts of maliciously interfering with plaintiff obtaining any

discovery as they have done throughout these proceedings. The boundless limit of Defendants predictable malicious intent is **demonstrated by their bringing a motion to quash subpoenas of nonparties when they have no standing neither assert no standing to do so.**

Defendants on page two state that the courts ruling (Docket 240) was clear on its face but presents no evidence or information to show how in their opinion the plaintiff knew that the court's order was "clear on its face" Plaintiff requests that Defendants objection be denied..

Defendants' state on page two that pro se plaintiff is expected to abide by the orders of the courts' and then refreshes the courts' memory on its ruling (Docket No. 176). Plaintiff would like to refer the court to her motion for relief (Docket No. 181, 183), filed prior to order to show cause hearing on September 22, 2004 with regards to the (docket 176 ruling). In the motion for relief she explained the circumstances with regards to the "deference shown pro se plaintiff" and her circumstances in these proceedings regarding discovery; and how she even then was being prejudiced by the defendants' actions. Defendants' fail to show how plaintiff failed to comply with the court's order based on the explanation plaintiff provided in her opposition and Quash motion in response to the court's order (Docket No. 253).

Defendants' assertion in the third paragraph on page 2: The impression that defendants have of the plaintiff understanding of discovery and responding to summary judgment is a false impression of their own imagination. Defendants pass judgment as to what they believe plaintiff's understanding is regarding the courts' order providing nothing to support that impression while ignoring and not addressing the explanations plaintiff provided in her motions and memoranda.

Defendants' counsel is a trained, experienced attorney. She observes the significance of plaintiff supporting her arguments with reference to the Federal Rules of Civil Procedure and case law. Yet in her motion herein she fails to support her judgmental false impressions of the plaintiff's actions with anything. This supports plaintiff's position that defendants have made a frivolous motion as one more of their many attempts to interfere with plaintiff obtaining any discovery for which they should be sanctioned. Defendants' motion to quash and the proceedings of over two hundred fifty entries encompasses their many deceitful measures of prejudicing the plaintiff in these proceedings.

Paragraph 4 page 2; Plaintiff took all steps as not to impose an undue burden or expense on the nonparty witnesses See Plaintiff Memorandum in Opposition to Defendants Motion for Protective Order Dated June 16, 2005 Page 3 paragraph 1.(filed but not docketed as of this date).

Defendants have no standing to raise this issue. Neither have they demonstrated standing in their motion to quash. **In Re Application for Subpoena To Kroll** 224 F.R.D. 326(ED NY 2004).

Plaintiff's position regarding discovery remains that she has not had opportunity to conduct discovery due to defendants actions throughout discovery and the proceedings.

Page 3 paragraph No. 1: Plaintiff's satisfaction with information received is not the issue, plaintiff takes issue in that she has not had any discovery due to defendants malicious actions throughout the proceedings. Plaintiff is pro se, does not have the resources that defendants' have including unlimited access to a law library. Federal Rule Civ. P. 26(b)(1) permits discovery of any matter that is relevant to the claim as long as the information sought is not privileged. RE Penn Cent. Commericial Paper Litigation (1973, SD NY) 61 FRD 453. Defendants' overstep their position usurping the courts'

authority and prematurely making determinations that is only in the courts' discretion to do. In so doing plaintiff has been prejudiced by defendants' actions. In addition, to discovery, plaintiff had to keep abreast of proceedings to protect her medical information for which an appeal was taken which is not a frivolous.

Paragraph 2 page 3: There is nothing "disingenuous" of plaintiffs' expressed conflict with defendant's contacting plaintiff's witnesses. Contrary to what defendants state, plaintiff never said that the defendant did **not** inform her that she contacted the witnesses (see page 4, paragraph 5 Docket No. 257) Memorandum in support of motion to Quash). Plaintiff has found that the Defendants' attorney has the propensity to be less than truthful with the Plaintiff at times and did not believe her statement that the court instructed her to contact plaintiff's witnesses. It was confirmed that she had contacted them when plaintiff followed-up the previous nights' emails with a morning phone call. Plaintiff sincerely believes that defendant's contacting plaintiff's witnesses pose a conflict.

In the last few sentences of defendants objection Defendants again assert prejudice. Defendants do not state however how the defendants are prejudiced by plaintiff obtaining information that she has not had opportunity to obtain due to defendants capricious actions and that has stood to prejudiced plaintiff in responding to their summary judgment motion. Throughout defendants requests for modifications to the scheduling order and other such motions during discovery were covers for motions to dismiss or sanctions filed by defendants during discovery designed to prevent plaintiff from discovery or have her case dismissed if she failed to respond. Plaintiff had no room to conduct her own discovery. . Defendants' motion to quash is one such frivolous motion attempting to prevent plaintiff from discovery and seeking sanctions.

Wherefore, plaintiff requests that the court grant plaintiff's motion to Quash and deny defendants motion to quash. Plaintiff requests that the court permit her to submit a bill of cost for the interference with the subpoenas and dismissal in favor of the plaintiff as defendants' actions throughout these proceedings have attempted prejudice the plaintiff.

Respectfully submitted by: *[signature]*
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the foregoing <u>PLANTIFF'S REPLY TO DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION TO QUASH AND FOR SANCTIONS AGAINST DEFENDANTS IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR SANCTIONS</u> has been mailed, US Postage prepaid, this 22, day of June 2005, in accordance to Rule 5(b) of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

Pro Se

BY: *Vorcelia Oliphant*
Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514
(203) 237-7515