UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2007 APR 24 P 3: 17
U.S. DISTRICT COURT
NEW HAVEN, CT

ROBERT F. SALATTO, *PRO SE*,

Plaintiff,

v.

TOWN OF BRANFORD, ET AL.,

Defendants.

Civil Action No.

3:02 CV 0230 (EBB) (JGM)

APRIL 15, 2006

## OBJECTION TO MOTION TO EXCLUDE (#120)

The defendants, TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor, object to the plaintiff's motion to exclude (#120).

In a repeat of his other motions, plaintiff, in motion 120, seeks to preclude more information, evidence and affirmative defenses of the defendants, already repeated throughout his prior pleadings, and seeks to establish facts as if proven. Neither is appropriate in this situation. While the defendants' counsel may not have been as diligent as necessary, an office error has compounded the problem and such a drastic sanction is not appropriate as suggested by the plaintiff. Upon learning of the issues, as appropriate, the defendants have taken the necessary steps. Plaintiff's pile-on attitude of requesting sanction after sanction when he chose not to address the defendants' proper objections to discovery is improper and should be rejected.

Since moving to set aside the default, defendants have acted promptly and lawfully only to be met by a blizzard of motions, some of which are wholly unfounded.

- 2 -

The best solution here is for a limited wrap-up of discovery and brief dispositive motion before a short trial on any fact-sensitive issue remaining as may result in the plaintiff's claim of excessive force.

WHEREFORE, the defendants pray their objection is sustained.

THE DEFENDANTS,
TOWN OF BRANFORD; ROBERT GILL, Chief of Police; PATRICK O'MALLEY, Patrol Officer; DAVID ATKINSON, Patrol Officer; and JOHN DOE, Shift Supervisor

/s/ John J. Radshaw III
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

I hereby certify that on April 17, 2006, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Robert F. Salatto, Jr.
c/o The Eddy Center
One LaBella Circle
P.O. Box 351
Middletown, CT 06457

/s/ John J. Radshaw III
John J. Radshaw III

# MANDATE FILED

DC/NH
02-cv-700
Dorsey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

2006 APR 24 P 3: 43

U.S. DISTRICT COURT
NEW HAVEN, CT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 3rd day of March, two thousand and six.

PRESENT:
        HON. SONIA SOTOMAYOR,
        HON. ROBERT A. KATZMANN,
            *Circuit Judges,*

        HON. RICHARD K. EATON,
            *Judge.*\*



-------------------------------------------X

VORCELIA OLIPHANT,

            *Plaintiff-Appellant,*

v.                                                                       No. 05-0618-cv

DEPARTMENT OF TRANSPORTATION, JAMES BYRNES,
Commissioner, FRANCINE HOUSTON, Personnel Officer,
ARTHUR GRUHN, Office of Const. Manager, BRIAN CASTLER,
Office of Const. Manager, JOHN DOES 1 & 2, JANE DOES 1 & 2,
DEPT. OF ADMINISTRATIVE SERVICES, MR. MAZZOLA,
Commissioner of Dept. of Administrative Services, KEITH ANDERSON,
Ofcr. Dept. of Administrative Services, JOANN DEVINE, Transportation
Supervising Engineer,

            *Defendants-Appellees,*

MICHAEL LONERGAN, JAMES CONNERY, FRANK KAMINSKY,

---

    \*The Honorable Richard K. Eaton, United States Court of International Trade, sitting by designation.

MANDATE ISSUED:    MAR 30 2006

CORY CORDULA, INES FELCIANO, WANDA SELDON

*Consolidated-Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    VORCELIA OLIPHANT, *pro se*, New Haven, CT.

APPEARING FOR APPELLEES:    JOSEPH A. JORDANO, Assistant Attorney General, New Haven, CT.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the appeal from the January 18, 2005, order of the United States Court for the District of Connecticut (Dorsey, J.) is DISMISSED for lack of jurisdiction.

    Plaintiff-appellant Vorcelia Oliphant ("plaintiff") appeals from a January 18, 2005 order of the district court denying a motion for a protective order preventing disclosure of her medical information under the psychotherapist-patient privilege in her suit against the Connecticut Department of Transportation, the Connecticut Department of Administrative Services and a number of individual employees and managers (collectively, "defendants"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1983.[1] Plaintiff alleges that the defendants' actions caused her severe emotional distress, led her to seek the services of a medical professional, and forced her to file for disability retirement. The district court denied the motion, holding that plaintiff had waived the psychiatrist-patient privilege by introducing her medical condition as an element of her claims. Plaintiff filed this appeal from the district court's denial of her motion for a protective order. She did not move to certify her appeal under 28 U.S.C. § 1292(b), and the district court did not *sua sponte* certify it.

    On March 2, 2005, defendants moved this Court to dismiss plaintiff's appeal for want of

---

[1] Plaintiff alleges that defendants discriminated against her on the basis of race, gender and national origin and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII") and Conn. Gen. Stat. § 46a-60(a)(4). She claims also that they discriminated against her on the basis of a perceived illness in violation of the American With Disabilities Act of 1990, and violated her rights under 42 U.S.C. §§ 1981 and 1983, the Equal Pay Act of 1964, as amended, 42 U.S.C. § 206, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and Section 504 the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court dismissed all of plaintiffs claims except for her Title VII claim against defendant-appellee the Department of Transportation ("DOT") for retaliation for filing various grievances and complaints, and a First Amendment claim under § 1983 "for retaliation after she organized approximately thirty individuals to seek redress for lack of promotion based on allegedly unlawful premises." *Oliphant v. Conn. Dep't of Transp.*, Nos. 3:02CV700 & 3:04CV274 (PCD), 2004 WL 3249237, *1 (D. Conn. Aug. 25, 2004).

2

appellate jurisdiction. We issued an order denying the motion, explaining that, although jurisdiction may be lacking under 28 U.S.C. § 1291 and the collateral order doctrine, we could not determine on the papers then before us whether this proceeding was encompassed under our mandamus jurisdiction. *See, e.g., Chase Manhattan Bank N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 162-63 (2d Cir. 1992). Accordingly, we directed the parties to brief whether plaintiff's appeal should be construed as a mandamus proceeding and whether plaintiff met the mandamus standard. We further directed the parties to supplement the record with relevant documents from the district court pertaining to how plaintiff's claims put her mental condition in issue.

The writ of mandamus "is meant to be used only in the exceptional case." *In re von Bulow*, 828 F.2d 94, 96 (2d Cir. 1987) (citation and internal quotation marks omitted). "Pretrial discovery orders, such as the one here, are generally not reviewable by means of direct appeal, and 'we have expressed reluctance to circumvent this salutary rule by use of mandamus.'" *United States v. Coppa*, 267 F.3d 132, 137 (2d Cir. 2001) (quoting *In re W.R. Grace & Co.*, 984 F.2d 587, 589 (2d Cir. 1993)). Mandamus may be available, however, where "'a discovery question is of extraordinary significance or there is extreme need for reversal of the district court's mandate before the case goes to judgment.'" *In re von Bulow*, 828 F.2d at 97 (quoting *Am. Express Warehousing, Ltd. v. Transamerica Ins. Co.*, 380 F.2d 277, 282 (2d Cir. 1967)); accord *Coppa*, 267 F.3d at 137-38.

Plaintiff contends that the medical information sought in the defendants' interrogatories and requests for production is absolutely protected against involuntary disclosure by the psychotherapist-patient privilege, pursuant to the Supreme Court's decision in *Jaffee v. Redmond*, 518 U.S. 1 (1996). In *Jaffee*, the Supreme Court recognized a federal common law privilege[2] that protects psychotherapist-patient communications. Although declining to "delineate [the] full contours" of the psychotherapist privilege, *Jaffee*, 518 U.S. at 18, the Court described the privilege broadly as protecting "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment," *id.* at 15. Finding that effective psychotherapy "depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears," *id.* at 10, the Court concluded that "protecting confidential communications between a psychotherapist and her patient . . . outweigh[s] the need for probative evidence," *id.* at 9-10.

As the Supreme Court noted in *Jaffee*, however, the psychotherapist-patient privilege, like other testimonial privileges, may be waived. *See id.* at 15 n.14. Although we have not ruled on the precise circumstances in which a waiver is effective, we have no jurisdiction to consider

---

[2] Federal privilege law generally applies to all federal question cases. *See* Fed. R. Evid. 501. Because the only claims at issue here are federal claims under Title VII and 42 U.S.C. § 1983, we apply federal law. The result would not be any different under Connecticut law, however, because Connecticut General Statute § 52-146f(5) provides that "[c]ommunications or records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense."

3

that question here because plaintiff's assertion that there is an absolute privilege against such disclosure is without merit.[3] This case thus does not present the extreme need for reversal that must be shown to justify mandamus. *See In re Dep't of Investigation of the City of New York*, 851 F.2d 65, 68 (2d Cir. 1988).

Nor is this a case in which there are no other means of obtaining review of the order. "[G]enerally, a litigant who wants to challenge a discovery order must disobey the order, be held in contempt of court, then bring an appeal; mandamus is not usually appropriate where such path is available."[4] *In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 188 (2d Cir. 2004). Accordingly, this dispute fails to present any of the rare circumstances permitting the use of mandamus.

For the foregoing reasons, we DISMISS for lack of jurisdiction plaintiff's appeal of the district court's denial of plaintiff's motion for a protective order.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

*Lucille Carr*
By:

---

[3] We note, however, that courts that have considered the question have generally held that a plaintiff who alleges that defendants caused extreme emotional distress puts his or her mental state at issue and thus waives the psychotherapist-patient privilege. *See, e.g., Schoffstall v. Henderson*, 223 F.3d 818, 822 (8th Cir. 2000) ("Numerous courts since *Jaffee* have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue."); *cf. John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) ("It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted. . . . The loss of the privilege in these circumstances is sometimes described as . . . *'at issue' waiver* because it results from the party having placed a contention at issue . . . ." (emphasis in original)).

[4] Plaintiff should not construe this holding as an invitation to run the risk of a contempt proceeding, *see supra* note 3.

4

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *Deborah Holmes*
DEPUTY CLERK