UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Vorcelia OLIPHANT,<br>   Plaintiff, | :<br>:<br>: |
| -vs- | :  Civil No. 3:02cv700 (PCD) |
| STATE OF CONNECTICUT<br>DEPARTMENT OF<br>TRANSPORTATION, et al.<br>   Defendants. | :<br>:<br>:<br>:<br>:<br>: |

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF

On November 16, 2005, Plaintiff moved for relief [Doc. No. 300] from this Court's order [Doc. No. 297] granting *nunc pro tunc* Plaintiff's Motion for Leave to File Surreply to Objection to Motion to Quash and For Sanctions [Doc. No. 264]. Plaintiff's pending motion appears to be grounded in some confusion. Granting a motion *"nunc pro tunc"* simply means to give retroactive legal effect to a decision. When an order is signed *"nunc pro tunc"* as of a certain date, the Court signals that the motion had been considered and decided on the earlier date. Although the order granting the motion *nunc pro tunc* is docketed on a certain date, the order retroactively applies to the earlier date listed.

In this case, Plaintiff moved for leave to file her reply to Defendants' objection to Plaintiff's Motion to Quash in a motion dated June 22, 2005. Even though the Plaintiff's motion for leave to reply was entered on the docket on November 4, 2005, the order was granted *"nunc pro tunc."* This simply means that the motion was given retroactive legal effect–that is, Plaintiff's reply was considered by the Court before it decided how to rule on the motion to quash, even though Plaintiff's motion for leave to file the reply was granted and entered on the

docket on the same day as the ruling on the motion to quash. Accordingly, Plaintiff's motion for relief [Doc. No. 300] is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, September  28 , 2006.

                                                      /s/
                                     PETER C. DORSEY
                            UNITED STATES DISTRICT JUDGE