# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>　　Plaintiff,<br>vs.<br>STATE OF CONNECTICUT DEPARTMENT OF<br>TRANSPORTATION, ET AL.<br>　　Defendants | CIVIL NO. 3:02CV0700(PCD)<br><br>October 6, 2006 |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY TO SUMMARY JUDGMENT

Contrary to defendants' allegations, plaintiff's opposition to summary judgment meets the Federal judicial standards to overcome summary judgment and support her cross motion for summary judgment (Docket No. 305).

It is the Defendants' who fail to meet these standards to prevail on their summary judgment motion. They offer no proof or affirmative defenses to justify or excuse their adverse actions against the plaintiff in violation of her federal protected rights; defendants make conclusory allegations and offer no proof or defense to contradict plaintiff's evidence that depicts their illegal actions against her. By defendants' refusal to address plaintiffs key proof and their raising mainly alleged claims of qualified immunity, they 1) waive their defense and their silence to address the facts amounts to defendants 2) admitting that they did what they are shown to have done by the plaintiff and by attempting to invoke claims of qualified immunity believe 3) their egregious actions are protected. Defendants fail at their burden of pointing to evidence that there was a legitimate, non-retaliatory reason for the complained of action. In total defendants fail to support their claim to summary judgment or resist plaintiff's cross motion for the same.

Page 2 of 7

To resist summary judgment [which also supports Plaintiff cross motion for summary judgment (Docket No. 305)], plaintiff submitted 34 exhibits and about 170 pages of evidence that include: affidavits of disinterested parties; deposition testimony, department organizational charts, and other numerous documents for which a plaintiff's own affidavit can suffice to resist summary judgment ***Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 ( 2nd Cir. 1998)**

Defendants' allegations that plaintiff's is relying on mere speculation or conjecture and not proferred facts is undermined by the evidence plaintiff submitted that shows the time frame of her participation in protected activity and the documented various means of adverse treatment she experienced from the defendants, ***Robinson Oil v. Shell Oil.*, 519 U.S. 337, 346 (1997).**

Defendants' reliance on **Lipton v. The Nature company, 71 F.3d 464, 469 (2nd Cir. 1995)** overlook that on the same page, **ibid. 469** "a Non-moving party may defeat the Summary Judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial", or in addition in this case, support plaintiff's cross motion for summary judgment proving that her allegations of retaliation and the other claims in her complaint against the defendants are true.

Defendants allegation that plaintiff ignores the Courts' preclusion order (Docket NO. 111) fails. Plaintiff wish to refer the Court to Plaintiff's motion in opposition to Defendants motion to strike Plaintiff's Local rule 56(a)2 Statement of Undisputed facts(Docket No. 292) also referred to in defendants reply opposition motion ( Docket No. 284 footnote number 1). Plaintiff invokes the same argument in this sur-reply regarding evidence presented in light of the courts' ruling (Docket no. 111)

Defendants wrongly misconstrue the rule for evidence requirements to resist summary judgment to be the same as evidence rendered inadmissible by the court's preclusion order barring evidence. The two are **not** the same.

The court's docket No. 111 sanction imposed because the court believed plaintiff' failed to cooperate in discovery <u>in its affect essentially dismiss plaintiff's complaint</u> by the court barring evidence to support all of the major pertinent claims of plaintiff's discrimination complaint.

Defendants ignore Federal Rules of Evidence 401, 402, 403, 408. Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable that it would be without the evidence. Rule 402 allows for the admission of all evidence defined relevant. Rule 403 protects against prejudice by evidence that can be misleading, a waste of time, etc. Rule 403 taken with rules 402 and 401 preserves the probative value of the evidence. Thus evidence need only be relevant to the subject matter of the issue and not the fact. Nonetheless, evidence presented by plaintiff has proven both and therefore does not attempt to undermine the court's ruling Docket no. 111, but serves to provide the Court with admissible evidence that support plaintiff's claims. Other circuits have leaned toward admissibility of evidence rather than preclusion. ***United states v. Dennis*, 625 F.2d 782, 797 (8th cir. 1980)** The evidence presented by the plaintiff should be weighted admissible in light of its probative value in unveiling the defendants extreme actions against the plaintiff. In addition, the Supreme Court recognizes the difficulty in providing evidence in Title VII and retaliation cases. To avoid excluding evidence if it sheds light on allegations made, The Supreme Court acknowledges the

significance of the presentation of evidence . *St. Mary's Honor Center v. Hicks* **(92-602) 509 U.S. 502 (1993).**

Rule of Evidence 403 leaving discretion to the trial judge, plaintiff leans to her confidence in the jurisprudence system that the court's "discretion" will be fair:

> **Discretion means… that something is to be done according to the rules of reason and justice, not according to private opinion; according to law, and not humor. It is to be, not arbitrary, vague, and fanciful, but legal and regular. And it must be exercised within the limit, to which an honest man competent to the discharge of his office ought to confine himself** "Reason and Justice" Lord *Halsbury in Sharp v. Wakefield* **[1891] A.C. 173, 179.**

Also,

> **…We had might as well candidly recognize that our having a fair trial depends to the highest degree upon the sense of fairness, the good faith, and the will-to-be-fair of the trial judge; and that if he intends to be unfair the whole thing will be a farce no matter how many detailed rules we lay down for him"** *"Fair Trial and fair judges 19 A.L.I. Proceedings,* 1942 p. 226 A.L.I., Model Code of Evidence 1942, p. 356

The defendants, in error, raise the contention that "plaintiff can not show she suffered adverse employment action…" Defendants fail to recognize that 1) plaintiff has already presented her proof that supports her position of defendants' hostile treatment and that it was their turn to now show that plaintiff's illegal five-day suspension was not an adverse or tangible employment action. Defendants have waived their defense by failing to do so.

Defendants present no proof or affirmative defense for their "tangible employment actions" or their "adverse employment actions" against the plaintiff *Burlington Northern & Sante Fe Railway Co.v. White , 126 S.Ct. 2405.*   2) The Supreme Court recognizes that "Hostile Environment claims are different in kind from discrete acts:  Their very nature involves repeated conduct, the 'unlawful employment practice' §2000e-5(e)(I), can not be said to occur on any particular day or perhaps years". National Railroad Passenger Corp v. Morgan, 524 U.S. 274(2002).  This case taken in conjunction with plaintiff's evidence defeats all of defendants claims with regards to there being "no casual connection between her protected activity and adverse employment action", casual connection, no retaliatory animus, defendants action being objectively reasonable fail to meet the burden to prevail on their motion for summary judgment and defeat plaintiff's cross motion of the same. Burlington Industries, INC. v Ellert, 524 U.S. 742, and Bulington North & Sante Fe Railroad Co., v. White, 126 S.Ct. 2405 clear depict the Supreme Courts' position on retaliation and discrimination claims for which most all of the facts of these cases support plaintiff's claims and evidence to resist defendant's summary judgment motion.

Wherefore, plaintiff respectfully request that defendants motion be denied and that plaintiff cross motion for summary judgment is granted.

Respectfully submitted by: /s/ *[signature]*
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203) 237 –7515

## **CERTIFICATION**

This is to certify that a copy of the PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY FOR SUMMARY JUDGMENT in accordance with Rule 5(b) has been mailed, U. S. Postage prepaid, this 6TH day October 2005 to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

                        PRO SE Plaintiff

                        BY: _____
                        Vorcelia Oliphant
                        130 Cherry Ann Street, Unit 3
                        New Haven, CT 06514
                        (203) 237-7515