UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL  NO.  3:02CV0700(PCD) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | |
| ET AL. | | |
| *Defendants.* | : | November 2,  2007 |

## DEFENDANTS' BILL OF COSTS

Defendants' motion for summary judgment was granted on October 23, 2006 (Doc.
# 319).  Judgment in this matter was entered on October 27, 2006. (Doc. # 320).  The pro
se plaintiff filed a timely appeal with the United States Second Circuit Court of Appeals on
November 17, 2006 (Doc. # 322) and filed a supplemental notice of appeal on November
29, 2006 (Doc. # 323).  The plaintiff's Notice of Appeal was docketed by the U.S. Second
Circuit Court of Appeals on November 17, 2006 and a Scheduling Order was issued
December 12, 2006 informing the pro se plaintiff that her appellant brief was due on
January 11, 2007.  The pro se plaintiff filed motions for extension of time regarding the
filing of her appellant brief on January 4, 2007, February 22, 2007 and April 17, 2007.  The
Second Circuit issued an Order on May 29, 2007 setting a deadline for the filing of the
appellant brief by June 15, 2007 and stated that "no further extensions" would be granted.

The pro se plaintiff filed a Motion to Withdraw the Appeal Without Prejudice on
July 3, 2007, some time after her brief was due, and the defendants-appellants filed an
objection on July 16, 2007.  The Second Circuit on October 22, 2007 issued the following
Order:

1

> Appellant, pro se, moves to withdraw her appeal without prejudice.  Upon
> due consideration, it is hereby ORDERED that the motion is DENIED and
> the appeal is DISMISSED for Appellant's failure to comply with the revised
> Scheduling Order, which required that her brief be filed no later than June
> 15, 2007, and ordered that no further extensions would be granted.

(Copy attached for convenience of the Court)

The Second Circuit Court of Appeals' dismissal of the pro se plaintiff-appellant's appeal makes the District Court's Summary Judgment ruling a Final Order.  Wherefore, pursuant to the provisions of Rule 54(d) of the Federal Rules of Civil Procedure, and Rule 54(a) of the Local Rules of Civil Procedure, the defendants, who are the prevailing party in the above-captioned case, respectfully requests that

a.    The court assess costs in this action in the amount of $1,631.70 consistent with the Bill of Costs and Certification attached to this motion as Exhibits A and B.

The actual amounts paid have, in applicable situations, been reduced to reflect the maximum allowable transcript rate, $4.13 per page, pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures" and to omit any charges for shipping and handling.

DEFENDANTS

RICHARD BLUMENTHL
ATTORNEY GENERAL


By:    _____

Eleanor May Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Email:
Eleanor.Mullen@po.state.ct.us
Federal Bar # ct22430

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Bill of Costs was mailed in

accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this    day of

November, 2007, first class postage prepaid to:


Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514


_____

Eleanor May Mullen
Assistant Attorney General


3

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL NO. 3:02CV0700(PCD) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | |
| ET AL. | | |
| *Defendants.* | : | November 2, 2007 |

BILL OF COSTS

1. Fees of the Court Reporter[1] .......................................... $ 157.95
    Deposition of Vorcelia Oliphant, dated
    December 3, 2004 – invoice attached

2. Fees of the Court Reporter[2]…………………………$ 768.75
    Deposition of Vorcelia Oliphant, dated
    December 13, 2004 – invoice attached

3. Fees of the Videographer…………………………….. $ 705.00
    Deposition of Vorcelia Oliphant[3], dated
    December 13, 2004 –invoice attached

**TOTAL**                        **$ 1631.70**

---

[1] The attached invoice states "Original and Two." Counsel is aware that pursuant to Local Rule 54(c)(2)(ii) the cost of an original and one copy is recoverable. The cost for an original plus one is as noted, $82.95 plus the Attorney General Appearance fee, which is also recoverable. Counsel has no knowledge why the invoice says original plus two. No additional cost was incurred for a second copy.

[2] The attached invoice states "Original and Two." Counsel is aware that pursuant to Local Rule 54(c)(2)(ii) the cost of an original and one copy is recoverable. The cost for an original plus one is as noted, $651.75 plus the Attorney General Appearance fee, which is also recoverable. Counsel has no knowledge why the invoice says original plus two. No additional cost was incurred for a second copy.

[3] Nothing in the local rules prohibits recouping the costs for videotaping depositions. Pursuant to Fed R. Civ. P. 56 and D. Conn. Local Rule 54, the prevailing party has the right to recoup its costs for the entire duration of the proceeding. In this case, the deposition of the plaintiff Vorcelia Oliphant was videotaped at this time based upon her volatility and, if necessary, for use at trial to impeach the plaintiff's credibility. See Ruling, Bill of Costs, Fairbrother v. DMHAS, 3:01CV0162(PCD), dated December 20, 2006. (copy attached).

4

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL  NO.  3:02CV0700(PCD) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | |
| ET AL. | | |
| *Defendants.* | : | November 2, 2007 |

**CERTIFICATION**

I, Eleanor May Mullen, an Assistant Attorney General for the State of Connecticut,

hereby certify that the foregoing costs were necessarily incurred in the defense of this

matter, and that they accurately and completely reflect the costs spent by defendant in

preparation of trial, preliminary injunction hearing and/or the motion for summary

judgment filed in this case.


_____
Eleanor May Mullen
Assistant Attorney General


Subscribed and sworn to before me by the above affiant on this the      day of

November,  2007.



_____

Notary Public/Commissioner of the Superior Court