UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff,*<br>vs.<br>Department of Transportation, ET. AL.<br>*Defendant* | CIVIL NO. 3:02CV00700(PCD)<br><br>November 25, 2007 |

## **MOTION IN OPPOSSITION TO TAXATION (BILL) OF COSTS**

Plaintiff pursuant to Fed.R. Civ. P. 12 Local Rule of Procedure 54(a) 1 (b) objects to defendants' motion for Bill of Costs and requests that the motion be dismissed in its entirety with prejudice for the following reasons.

1) Court has no jurisdiction of this motion due to the time frame in which it is filed.

The District Court entered its final judgment October 27, 2006. Plaintiff timely filed the Notice of Appeal on November 17, 2006. The Appellate Court on October 22, 2007 dismissed the appeal (Exhibit A) and on November 6, 2007 issued its mandate (Exhibit B). For this reason, the Defendants' motion is not filed in accordance with L. R. Civ. P. No. 54(a).

Defendants contend that:

> The Second Circuit Court of Appeals' dismissal of the pro se plaintiff-appellant's appeal makes the District Court's Summary Judgment ruling a Final Order. Wherefore, pursuant to the provisions of Rule 54(d) of the Federal Rules of Civil Procedure, and Rule 54(a) of the Local Rules of Civil Procedure, the defendants, who are the prevailing party in the above-captioned case, respectfully requests that (a) the court assess cost.

Rule 54(a) 1 allows for taxation of costs to be made within 10 days after the appeal period expires or within 10 days after the mandate by a federal appellate Court has issued. The defendants' motion is not filed within either of these allowable time frames.

2) The defendants' attorney used the videoagrapher for its own vexatious purpose and convenience in taping plaintiff's deposition. Defendants make many various claims in attempts to justify video taping the plaintiff for deposition.

One attempted claim by defendants is "plaintiff's volatility" (see Exhibit A, footnote No. 3 on page 4) where defendants demonstrate no such volatility to the court by the plaintiff in none of her work history or character.

a) The video taping of plaintiff's deposition served to multiply the proceedings as another measure of the defendants' attorneys' vexatious conduct in taking the plaintiff's deposition. There is no justifiable reason the defendant's could not use a stenographer to accomplish its purpose of taking the deposition.

b) Costs for videotaping the deposition were bourn solely by the defendants. Exhibit (C) page 2 of Docket No. 220 attached).

c) Plaintiff because of defendants vexatious conduct motioned the court on December 10, 2004 (Docket No.213 ) prior to her scheduled deposition on December 13, 2004, for its intervention because of the way it was being conducted by the defendant's attorney. Plaintiff requested a court monitor for the deposition or in the alternative that the proceedings be videoed for the purpose of monitoring the defendants actions, or for the deposition to be held at the court or a place other than the defendants' office for the same monitoring purpose or by video to show the entire room and the defendants' actions, none of these plaintiff's requests were granted by the court or done by defendants. Video was only of the plaintiff. After the deposition plaintiff filed a motion for sanctions on December 29, 2004 (see Docket Nos. 216, 217) against the defendants' attorney for her vexatious conduct during the deposition and supported it with affidavits see Docket No. 218,221)

d)     Pursuant to 28 USC 1927 as afore stated, The videographer for defendant's purpose and the costs incurred thereby were unreasonable and excessive and used in the plaintiff's deposition solely for the defendants purposes and to harass the

plaintiff. The defendants' attorney should satisfy their own costs incurred as they agreed (Exhibit B---Docket No. 220 p. 2 of 3)

3)    The defendants' cost for Court Reporter (Exhibit A Nos. 1-2 and page 2 of her motion). Defendants quote the maximum price of $4.13 per page for transcripts. Though defendants say this amount has been '"reduced" to allow for the "maximum allowable transcript rate of the $4.13' this amount is not permitted in accordance with the L.Civ.R. No. 54 (c) 2, this is an expedited rate and in accordance with L.Civ.R. No. 54 (c) 7(iv) it is excessive produced for the convenience of defendants' counsel

Wherefore, plaintiff requests that defendants' motion for costs be denied with prejudice. Respectfully submitted by:

*[signature]*
Vorcelia Oliphant, Pro Se
130 Cherry Ann Street
New Haven, CT 06514
(203) 237-7515

## CERTIFICATION

This is to certify that a copy of the foregoing <u>MOTION IN OPPOSITION TO DEFENDANTS MOTION FOR BILL OF COSTS</u> has been mailed, US Postage prepaid, this 26, day of November 2007, in accordance to Rule 5 of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

                                          Pro Se


BY: _____
    Vorcelia Oliphant
    130 Cherry Ann Street, # 3
    New Haven, CT 06514
    (203)237-7515

```
                                                              D. Conn.
                                                              02-cv-700
                                                              04-cv-274
                                                              Dorsey, J.
```

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22 day of October, two thousand seven,

Present:

    Hon. Amalya L. Kearse,
    Hon. Peter W. Hall,
        *Circuit Judges,*
    Hon. Jed S. Rakoff,[*]
        *District Judge.*

Vorcelia Oliphant,

    *Petitioner-Appellant,*

    v.                                              06-5334-cv

Department of Transportation, et al.,

    *Respondents-Appellees,*

Appellant, *pro se*, moves to withdraw her appeal without prejudice. Upon due consideration, it is hereby ORDERED that the motion is DENIED, and the appeal is DISMISSED for Appellant's failure to comply with the revised Scheduling Order, which required that her brief be filed no later than June 15, 2007, and ordered that no further extensions would be granted.

                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe, Clerk
                                  By: *Lucille Carr*

---

[*]The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

SAO-PR

Exhibit A



D. Conn.
02-cv-700
04-cv-274
Dorsey, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22 day of October, two thousand seven,

Present:

    Hon. Amalya L. Kearse,
    Hon. Peter W. Hall,
        *Circuit Judges,*
    Hon. Jed S. Rakoff,*
        *District Judge.*

Vorcelia Oliphant,

    *Petitioner-Appellant,*

v.                                                          06-5334-cv

Department of Transportation, et al.,

    *Respondents-Appellees,*

Appellant, *pro se*, moves to withdraw her appeal without prejudice. Upon due consideration, it is hereby ORDERED that the motion is DENIED, and the appeal is DISMISSED for Appellant's failure to comply with the revised Scheduling Order, which required that her brief be filed no later than June 15, 2007, and ordered that no further extensions would be granted.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: Lucille Carr

---

* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____

EXHIBIT B

ISSUED AS MANDATE: 11/6/07

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>*Plaintiff* | CIVIL ACTION NO.<br>3:02CV700(PCD) |
| v. | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL.<br>*Defendants* | December 28, 2004 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR RELIEF

Plaintiff's motion is yet another in a pattern of obstructionist and harassing conduct designed to distract the court from the merits of the case.

To the extent plaintiff alleges deceptive and harassing conduct on the part of defendants' counsel, the videotape speaks for itself. The videotape clearly sets forth defendants counsel's apology to plaintiff for the delay in the start of the deposition due to defendants' counsel presence at court in New Britain from 9:30 a.m. through 12:15 a.m. on the same day. The videotape also sets forth the defendants counsel's attempt to address plaintiff's obstructionist motion for scope and limitation of deposition by contacting the judge's chambers for a ruling regarding the same and the ruling itself. Plaintiff now accuses defendant's counsel of lying regarding the ruling. More importantly, the videotape sets forth several requests by defendants' counsel to plaintiff's brother to move away from the plaintiff as the witness. It also shows plaintiff receiving several notes from plaintiff's brother. Plaintiff's brother cooperated with each request only to move back toward plaintiff during the breaks in the deposition. Defendants'

EXHIBIT C

counsel finally requested that plaintiff's brother leave the deposition. Defendants' counsel had allowed plaintiff's brother to attend the deposition in an attempt to cooperate with plaintiff's request for a member of her immediate family to be present. Having abused the privilege, plaintiff's brother was requested to wait outside the room until completion of the deposition. It is also important to note that defendants had agreed to bear the expense of the videotaping of the deposition at the request of the plaintiff in yet another attempt to cooperate with plaintiff.

Accordingly, plaintiff's motion for relief should be denied as frivolous and vexatious.

DEFENDANTS
STATE OF CONNECTICUT,
DEPARTMENT OF
TRANSPORTATION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail Address:
eleanor.mullen@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Objection To Plaintiff'

Motion For Relief was mailed in accordance with Rule 5(b) of the Federal Rules of Civil

Procedure on this 28th day of December, 2004, first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann St., No.3
New Haven, CT 06514

Eleanor May Mullen
Assistant Attorney General