UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT | : | CIVIL NO. 3:02CV0700(PCD) |
|    *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | |
| ET AL. | | |
|    *Defendants.* | : | January 2, 2008 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION
## TO BILL OF COSTS

An inherent contradiction underlies pro se plaintiff's objection in demanding strict adherence to the rules of the court when it favors her while ignoring the rules contrary to her position. The defendants concede that the pro se plaintiff correctly recites Local Rule 54(a)(1) which states that the Bill of Costs shall be filed ten (10) days after a 30-day appeal period expires or within 10 days after a federal appellate court issues its mandate. If anything, the defendants concede that the Bill of Costs was filed prematurely with the Court on November 5, 2007 (Doc. # 325). The Bill of Costs was mailed November 2, 2007, on the ninth business day[1] following the Second Circuit's issuance of its ruling dismissing the plaintiff's long-delayed appeal. The undersigned is assigned to the Employment Rights Department of the Attorney General's Office and represents that in another matter within the unit, the mandate from the Second Circuit was inadvertently delayed by over a year after the issuance of a ruling dismissing a matter. The undersigned

---

[1] Rule 6(a) of the Federal Rules of Civil Procedure, in pertinent part, states, "…When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation…"

1

represents that she proceeded with an abundance of caution and, if the filing was premature, respectfully requests the indulgence of the Court. If the Court so orders, the undersigned on behalf of the defendants will re-submit the Bill of Costs for the Court's consideration.

HOWEVER, the plaintiff's argument regarding timeliness is disingenuous inasmuch as her Motion in Opposition (sic) to Taxation (Bill of Costs) is beyond the 10-day period in which she can file a response pursuant to Local Rule 54(b) which states, "Any objections to the bill of costs shall be filed with the Clerk within ten (10) days of the filing of the bill of costs…." The Bill of Costs was mailed to the plaintiff on November 2, 2007. Allowing a three-day mailing period, plaintiff's objection was due no later than November 20, 2007. Plaintiff cannot have it both ways. She cannot ask the Court to strictly interpret the rules when it benefits her and ignore the rules when it is not to her benefit inasmuch as the opposition motion is untimely. Plaintiff's opposition motion, based upon her own argument of un-timeliness, should not even be considered by the Court.

Plaintiff's argument in her Motion for Leave to File an Objection (Doc. # 327) is unavailing inasmuch as the pro se plaintiff has availed herself of this Court, the Second Circuit and the Supreme Court of the United States since this action was initiated in 2002. She has ample knowledge of the rules. She filed three interlocutory appeals to the Second Circuit; all of which were dismissed as frivolous. (Second Circuit Docket Nos. 03-0772, 05-0618, and 05-3765-cv). She even attempted to file a Writ of Mandamus with the Supreme Court of the United States. Her motion for leave to file a late objection should be denied based upon her obvious knowledge of the legal system.

This instant matter includes over 300 docket entries, a number which District Court Judge Peter C. Dorsey in one of his many rulings cited as beyond anything he has experienced in such a matter like this. Plaintiff's appeal of the Summary Judgment ruling to the Second Circuit was filed on November 17, 2006. The appellant brief was due on January 11, 2007. The plaintiff filed three extensions of time. She filed a Motion to Stay. The Second Circuit issued an order that her appellant brief was due no later than June 15, 2007 and "no further extensions" were to be granted. Plaintiff moved on July 3, 2007 for the Second Circuit to dismiss her appeal without prejudice until such time as she wanted to proceed. The Second Circuit on October 22, 2007 finally dismissed the appeal in its entirety.

The plaintiff's argument regarding the videographer is also unavailing. There is nothing in the Local Rules which precludes the defendants from recouping their costs for the presence of a videographer. In fact, this Court in the matter of <u>Fairbrother v. DMHAS</u>, 3:01CV0162(EBB) allowed costs for a videographer.

Plaintiff's argument regarding Exhibit A, Nos. 1 and 2 on page 3 of her brief is, frankly, confusing. No expedited cost was involved with the deposition of December 3, 2004. The amount for the deposition of December 13, 2004 is below the maximum allowable rate; therefore the undersigned admits confusing regarding plaintiff's argument here.

### **CONCLUSION**

For all the foregoing reasons, the plaintiff's objection to the defendants' Bill of Costs must be denied and the defendants should be awarded their costs in the amount of $16631.70 as requested.

DEFENDANTS

RICHARD BLUMENTHL
ATTORNEY GENERAL

By: _____
Eleanor May Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Email:
Eleanor.Mullen@po.state.ct.us
Federal Bar # ct22430

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Bill of Costs was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 2nd day of January, 2008, first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514

_____
Eleanor May Mullen
Assistant Attorney General

4