UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VORCELIA OLIPHANT<br>    *Plaintiff,* | : | CIVIL NO. 3:02CV0700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL. | : | |
|     *Defendants.* | : | April 7, 2008 |

## DEFENDANTS RENEWED BILL OF COSTS

The defendants hereby renew their Bill of Costs and hereby incorporate the Bill of Costs (Doc. # 325, November 5, 2007) previously submitted with the Court and request that the Court issue an order in the amount of $1,631.70 as costs assessed against the plaintiff consistent with the prior submission. In support of their motion, the defendants through counsel, represent as follows:

1. The defendants, following the plaintiff's filing of an appeal to the Second Circuit Court of Appeals and ruling by the Second Circuit dismissing the plaintiff's appeal, Docket No. 06-5334-cv, on October 22, 2007, filed their Bill of Costs on November 5, 2007 (Doc. # 325).

2. The plaintiff filed an objection to the Bill of Costs (Doc. # 329) and the defendants filed their response on January 2, 2008 (Doc. # 330[1]).

3. The plaintiff then filed a Re-notice of Appeal on January 9, 2008 (Doc. # 331), appealing virtually each and every order ever entered by the Honorable District Court Judge Peter C. Dorsey in the instant matter, including those favorable to the plaintiff. The

---

[1] The Judicial website lists the pleading as Objection filed by Vorcelia Oliphant. In actuality, the hyperlink is to the defendants' Response to Plaintiff's Objection to Bill of Costs dated January 2, 2008.

re-notice also appealed the District Court's granting of summary judgment, which was previously appealed to the Second Circuit and dismissed when the plaintiff failed to adhere to multiple Scheduling Orders. In her re-notice, plaintiff stated, inter alia, that "the filing of this notice of appeal is not done contumaciously or any way to harass the defendants…."

4.     The Second Circuit did not agree. The Second Circuit, in response to a motion to dismiss and motion for sanctions filed by the defendants, wrote on March 28, 2008 (copy attached for convenience of the Court)

> Appellees move for dismissal of the appeal and sanctions against the appellant. Upon due consideration, the appellant's "renotice of appeal" shall be construed as a motion for reinstatement of her defaulted appeal, *Oliphant v. Transportation*, 06-5334-cv. *See Castro v. United States*, 540 U.S. 375, 381 (2003). The two appeals are consolidated for the purposes of this order. The reinstatement motion is hereby DENIED and the appeal in 08-0183-cv is DISMISSED because the appealnt has not shown good cause for her default or that manifest justice would result if this Court does not consider her appeal. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). The appellees' motion to dismiss is therefore GRANTED, and the appellees' motion for sanctions is DENIED. **The appellant is warned, however, that the filing of further frivolous appeals of the district court's grant of summary judgment may subject her to sanctions.**
> (Emphasis added)

5.     The defendants respectfully represent that the Second Circuit's order of March 28, 2008, disposing of the plaintiff's latest appeal and putting her on notice that further frivolous appeals could be subject to sanctions being imposed, has made this Court's summary judgment ruling a Final Order.

6.     The defendants anticipate that the plaintiff, as she did previously[2], will recite to Local Rule 54(a)(1) which states that the Bill of Costs shall be filed ten (10) days after a 30-day appeal period expires or within 10 days after a federal appellate court issues

---

[2] Plaintiff's objection to the previously submitted Bill of Costs was untimely inasmuch as it was beyond the 10-day window for filing of a response pursuant to Local Rule 54(b). Plaintiff only insists matters be filed wholly within specific guidelines, if it is to her advantage.

its mandate. The defendants, as they did in their response to plaintiff's prior objection (Doc. # 330) states that in another matter within the department the mandate from the Second Circuit was inadvertently delayed by over a year after the issuance of a ruling dismissing a matter. The undersigned represents that in filing this renewed bill of costs that she is proceeding with an abundance of caution and, if the filing is premature, respectfully requests the indulgence of the Court. If the Court so orders, the undersigned on behalf of the defendants will re-submit a Renewed Bill of Costs as directed by the court.

      7.      Wherefore, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 54(a) of the Local Rules of Civil Procedure, the defendants hereby incorporate their prior submission to this court and respectfully request that an order of $1,631.70 be entered as costs assessed against the plaintiff consistent with the Bill of Costs and attachments submitted in November 2007.

DEFENDANTS

RICHARD BLUMENTHL
ATTORNEY GENERAL

By: _____
Eleanor May Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Email:
Eleanor.Mullen@po.state.ct.us
Federal Bar # ct22430

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Renewed Bill of Costs was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 7th day of April, 2008 first class postage prepaid to:

Vorcelia Oliphant
130 Cherry Ann Street, # 3
New Haven, CT 06514

                                                                                                            _____

                                                                                                            Eleanor May Mullen
                                                                                                            Assistant Attorney General