## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VORCELIA OLIPHANT,
*Plaintiff,*
vs.
Department of Transportation, ET. AL.
*Defendant*

CIVIL NO. 3:02CV00700(PCD)

April 28, 2008

## <u>RENEWED MOTION IN OPPOSITION TO TAXATION (BILL) OF COSTS AND FOR LEAVE TO FILE</u>

Plaintiff moves, in opposition to defendant's motion, to include all her pertinent points raised in her original opposition motion Docket No. 329 filed on November 26, 2007; entered December 19, 2007 and pursuant to Fed.R. Civ. P. 12 Local Rule of Procedure 54(a) 1 (b) objects to defendants' motion for Bill of Costs and requests that the motion be dismissed in its entirety with prejudice for the following reasons.

1) The defendants are only attempting to harass the plaintiff as they have done throughout this litigation without restraint from the Court.

a) The defendants' attorney used the videoagrapher for its own vexatious purpose and convenience in taping plaintiff's deposition. Defendants make many various claims in attempts to justify video taping the plaintiff for deposition and in support of the point that it was for their own purposes.

i. Defendants state that it was for "plaintiff's volatility" (see Exhibit A, footnote No. 3 on page 4, Docket No. 325)

ii. Defendants demonstrate no such volatility to the court by the plaintiff in none of her work history or character to justify such use of a videographer.

b) The video taping of plaintiff's deposition served to multiply the proceedings as another measure of the defendants' attorneys' vexatious conduct in taking the plaintiff's

1

deposition. There is no justifiable reason the defendant's could not use a stenographer to accomplish its purpose of taking the deposition.

    c) Costs for videotaping and stenographer the defendants attest were at their "own expense". (Exhibit (B) page 2 of Docket No. 220 attached).

2) Plaintiff because of defendants vexatious conduct throughout this litigation sought at various times the court intervention to stop the defendants abusive litigation tactics. One motion related to the deposition was made to the court on December 10, 2004 (Exhibit C, Docket No.213) prior to her scheduled deposition on December 13, 2004. Because of plaintiff's past experience with the attorney; the way the deposition was being conducted by the defendant's attorney; the defendants presence and passing of notes and making faces at the plaintiff, ((exhibits C,D,E,) Docket No. 213, 216, 217 [1]) the .Plaintiff requested a court monitor for the deposition or alternatively that the proceedings be videoed for the purpose of monitoring the defendants actions and curtail their harassment during the deposition, or for the deposition to be held at the court or a place other than the defendants' office for the same monitoring purpose or by video to show the entire room and the defendants' actions. None of these plaintiff's requests were granted by the court or done by defendants. Video was only of the plaintiff who was alone. After the deposition plaintiff filed a motion for sanctions on December 29, 2004 (see Docket Nos. 216, 217, ( Exhibits D, E)) against the defendants' attorney for her vexatious conduct during the deposition and supported it with affidavits see (Docket No. 218,221(Exhibits F,G))

    a)    Pursuant to 28 USC 1927 as afore stated, The videographer for defendant's purpose and the costs incurred thereby were unreasonable and excessive and

---

[1] . Plaintiff's Memorandum in Support of Sanctions Motion(Docket No. 217) was not put on Pacer for US Courts. The memorandum was filed December 21, 2004 along with her motion for sanctions(Docket no. 216) The memorandum is properly listed on pacer us courts as Docket No. 217 but the document shown there is not the memorandum filed. Attached is the memorandum which is to be properly docketed no. 217.

used in the plaintiff's deposition solely for the defendants purposes and to harass the plaintiff. The defendants' attorney should satisfy their own costs incurred especially since they said they were and the Court acknowledged the same.

b) Defendants in response to the plaintiff's motion for sanctions regarding the deposition states: "It is also important to note that defendants had agreed to bear the expense of the videotaping of the deposition…" Its of the defendants own accord that they opt to pay the costs of the video taping of the deposition and stenographer (Docket No. 220, p. 2 Exhibit B),. The Court acknowledges this in its ruling regarding the sanctions by stating:

Lastly, plaintiff requests that the court order the deopositon be conducted by video or monitored by a court appointed officer. This issue is noot, as this Court was informed that Defendants arranged, at their own cost, for both a stenographer and videographer to record the deposition. The court notes, however, that Defendants' provision , at no cost to Plaintiff, and while under no legal obligation to do so…(Docket 214, filed December 23, 2004Exhibit H)

3)      The defendants' cost for Court Reporter (Exhibit A, Item Nos. 1-2, and Exhbit I page 2 of her motion Docket No. 325). Defendants quote the maximum price of $4.13 per page for transcripts. Though defendants say this amount has been "'reduced" to allow for the "maximum allowable transcript rate of the $4.13' this amount is not permitted in accordance with the L.Civ.R. No. 54 (c) 2, this is an expedited rate and in accordance with L.Civ.R. No. 54 (c) 7(iv) it is excessive produced for the convenience of defendants' counsel.

Defendants argue the timeliness of their motion and plaintiff's motion both being out of time. Plaintiff admitted to excusable neglect in not realizing the time frame that such a motion carried. Defendants offered no reason for their motion being out of time except that plaintiffs motion should be denied for its timeliness issue. Defendants show in their Reneweed Motion for Bill of Costs (Docket No. 334 p. 3 that such matters of timeliness can be confusing and overlooked for many reasons and therefore plaintiff requests that the court take judicial notice

that though both parties recognize timeliness as a serious matter, it is one that even a trained skilled attorney can confuse not to mention a pro se litigant even one having filed many motions but still without the formal training and years of experience of defendant's attorney and therefore requests that her objection on account of timeliness will be considered excusable neglect for this reason and should she have filed out of time, plaintiff also reqests the "indulgence" of the Court pursuant to Local Civil Rule Procedure No. 7, Fed. R. Civ. P. 6(b), 8, to permit her to file, as though her motion were within the time frame allowed. As a renewed motion plaintiff believed again that the motion was one of a twenty-day response time and it never occurred to her that it was one that could require 10 days(not until reviewing her previous motion for leave today in writing this motion did plaintiff question the time frame).

Defendants also state that the Second Circuit did not agree that plaintiff's assertion that "the filing of this notice of appeal is not done contumaciously or any way to harass the defendants..." by issuing its order to dismiss. However, defendants read far more into and stretches the truth of what the Second Circuit addressed: The Second Circuit stated that it "Dismissed because the appellant has not shown good cause for her default or that manifest justice would result if this Court does not consider her appeal" that is all the Court wrote as to why the appeal was dismissed. The Second Circuit disagreed with the defendants and denied defendants'/Appellees motion for sanctions, which is to say that Plaintiff did not file her appeal contumaciously.

Wherefore, plaintiff,who has been harassed throughout this litigation by the defendants', requests that defendants' harassment is stopped which a denial of their motion for costs will bring to a final end. Defendants' requests is unjustifiable and the court is constrained respectfully to have the defendants not harass plaintiff with such costs that they and the Court has recognized and the Court has ruled in determination of the same, that the defendants will pay. For all the above stated reasons and grounds the Court will determine in support of this denial of defendant's

motion, plaintiff requests that defendants' motion be denied with prejudice, never to be heard

from again, from now till eternity or at the risk of their own defeat *in these proceedings vto*

Respectfully submitted by:


Vorcelia Oliphant, Pro Se
130 Cherry Ann Street
New Haven, CT 06514
(203) 237-7515


## CERTIFICATION

This is to certify that a copy of the foregoing <u>RENEWED</u>
<u>MOTION IN OPPOSITION TO DEFENDANTS MOTION FOR BILL OF COSTS</u>
has been mailed, US Postage prepaid, this 28, day of April

2008, in accordance to Rule 5 of the Federal Rules of Civil

Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120


                              Pro Se



          BY: _____
              Vorcelia Oliphant
              130 Cherry Ann Street,# 3
              New Haven, CT 06514
              (203)237-7515

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VORCELIA OLIPHANT<br>    *Plaintiff,* | : | CIVIL NO. 3:02CV0700(PCD) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL.<br>    *Defendants.* | :<br>:<br>:<br>: | November 2, 2007 |

**BILL OF COSTS**

1. Fees of the Court Reporter[1] ........................................ $ 157.95
   Deposition of Vorcelia Oliphant, dated
   December 3, 2004 – invoice attached

2. Fees of the Court Reporter[2]............................$ 768.75
   Deposition of Vorcelia Oliphant, dated
   December 13, 2004 – invoice attached

3. Fees of the Videographer.................................. $ 705.00
   Deposition of Vorcelia Oliphant[3], dated
   December 13, 2004 –invoice attached


**TOTAL**                    **$ 1631.70**

---

[1] The attached invoice states "Original and Two." Counsel is aware that pursuant to Local Rule 54(c)(2)(ii) the cost of an original and one copy is recoverable. The cost for an original plus one is as noted, $82.95 plus the Attorney General Appearance fee, which is also recoverable. Counsel has no knowledge why the invoice says original plus two. No additional cost was incurred for a second copy.

[2] The attached invoice states "Original and Two." Counsel is aware that pursuant to Local Rule 54(c)(2)(ii) the cost of an original and one copy is recoverable. The cost for an original plus one is as noted, $651.75 plus the Attorney General Appearance fee, which is also recoverable. Counsel has no knowledge why the invoice says original plus two. No additional cost was incurred for a second copy.

[3] Nothing in the local rules prohibits recouping the costs for videotaping depositions. Pursuant to Fed R. Civ. P. 56 and D. Conn. Local Rule 54, the prevailing party has the right to recoup its costs for the entire duration of the proceeding. In this case, the deposition of the plaintiff Vorcelia Oliphant was videotaped at this time based upon her volatility and, if necessary, for use at trial to impeach the plaintiff's credibility. See Ruling, Bill of Costs, Fairbrother v. DMHAS, 3:01CV0162(PCD), dated December 20, 2006. (copy attached).

Docket 325
Exhibit A

counsel finally requested that plaintiff's brother leave the deposition. Defendants' counsel had allowed plaintiff's brother to attend the deposition in an attempt to cooperate with plaintiff's request for a member of her immediate family to be present. Having abused the privilege, plaintiff's brother was requested to wait outside the room until completion of the deposition. It is also important to note that defendants had agreed to bear the expense of the videotaping of the deposition at the request of the plaintiff in yet another attempt to cooperate with plaintiff.

Accordingly, plaintiff's motion for relief should be denied as frivolous and vexatious.

DEFENDANTS
STATE OF CONNECTICUT,
DEPARTMENT OF
TRANSPORTATION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _Eleanor May Mullen_____
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail Address:
eleanor.mullen@po.state.ct.us

Docket 220

Exhibit B

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

FILED

2004 DEC 10 P 2: 16

VORCELIA OLIPHANT,
    Plaintiff,

vs.

James F. Byrnes, Commissioner, ET. AL.
    Defendant

CIVIL NO. 3:02CV00700(PCD)

December 9, 2004

U.S. DISTRICT COURT
NEW HAVEN, CT

*Docket 213*

## MOTION FOR SCOPE AND LIMITATION OF DEPOSITION

Plaintiff pursuant to the Federal Rules of Civil Procedure 30(a)(7), 30d, 29, 28, 11 b and 1(One) requests the court's intervention to Plaintiff's Deposition being conducted by the defendants.

**Defendants appear to attempt to delay or confuse the date for the deposition to be had.**

Plaintiff has received confusing dates as to when the deposition is to take place. Plaintiff on Sunday received an email for the deposition to be had on Monday, December 13, 2004. Plaintiff then on Tuesday December 7, 2004 received two fax notices that the Deposition was to be held on Friday, December 13, 2004. Plaintiff on Thursday, December 9, 2004 received an Express Mail from the defendants that the Deposition is scheduled for Friday December 13, 2004.

The date conflicts because the Friday following December 9, 2004 is December 10, 2004 and the Monday following Monday is December 13, 2004.

**Pursuant to Fed. R. Civ. P. 30(d)(4) believes the deposition is being conducted in such a way as to harass the plaintiff.**

Docket 213
Exhibit # C

On Monday December 3, 2004, at first deposition plaintiff arrived to the deposition approximately 10 minutes early. The defendants counsel made it clear to the plaintiff that the person accompanying her, Peter Macher, could not remain because he was an employee of the department of transportation. At this time or no time prior did defendants' counsel ever mention that the defendants were attending the deposition.

Plaintiff was alone and all five defendants were given postit note pads and pens, for the purpose of passing questions to the attorney, which was done at that time. All of this was extremely distracting and distressing to the plaintiff and believed this was done to intimidate or harass the plaintiff. Also, the note passing was in conflict to Federal Rules of Civil Procedure 30(c) which states that such questions by parties are to be served in a sealed envelopes to be propounded to the witnesses by the attorney.

In addition, Plaintiff requests that the deposition be conducted by video recording. The Stenographer selected is one that the Attorney General's Office has done business with in the past or is contracted with. This too poses a conflict. To ensure there is no bias by the Court Recording company plaintiff requests a party that does not have a working relationship with the Attorney General's office and one that the plaintiff has input in the selection.

Plaintiff has notified the defendant of some of these concerns at the deposition and others concerns she has raised in email for which notification may be in short notice for the defendant to reply.

Wherefore, plaintiff has not had full opportunity to have defendant's input but has raised the most serious concerns previously. To ensure the defendants adhere to the Federal Rules of Civil Procedure without harassment to the plaintiff, it is requested that

the court order the deposition to be conducted by video or monitored by a court appointed

officer. AND THAT DEFENDANTS NOT BE PERMITTED TO PASS NOTES DURING THE PLAINTIFFS DEPOSITION PURSUANT TO FED. R. CIV. P. 30(c), V. D

Respectfully submitted: *Vorcelia Oliphant*
Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

**CERTIFICATION**

I hereby certify that a copy of the foregoing MOTION FOR SCOPE AND

LIMITATION OF DEPOSITION was mailed in accordance with Rule 5(b) of the Federal

Rules of Civil Procedure on this     day of December    , 2004, first class postage prepaid

to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O.Box 120
Hartford, CT 06141-0120

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203)237-7515

Subj:    **Deposition**
Date:    12/5/2004 11:35:22 AM Eastern Standard Time
From:    Eleanor.Mullen@po.state.ct.us
To:    VTO1@aol.com

Dear Ms. Oliphant:

    I am cancelling the deposition that is scheduled to be continued to Dec. 6 at 1 p.m. because of its possible conflict with an oral argument that was previously scheduled for tomorrow morning in court. Because I do not have a definite time for the oral argument, there is a possibility that it may conflict with the deposition scheduled for 1 p.m. I will contact you tomorrow afternoon regarding an alternative date after I check the availability of the individual defendants.

Eleanor Mullen

Eleanor May Mullen
Assistant Attorney General's Office
55 Elm Street
P.O. Box 120
Hartford, CT 06106

Phone: (860) 808-5340
Fax:   (860) 808-5383
URL:   http://www.cslib.org/attygen/

Thursday, December 09, 2004 America Online: VTO1

*Exhibit 5*

Subj:    **RE: Deposition**
Date:    12/6/2004 8:12:33 PM Eastern Standard Time
From:   Eleanor.Mullen@po.state.ct.us
To:      VTO1@aol.com

Dear Ms. Oliphant:
   The deposition has been continued to Monday, December 13, 2004 at 1 p.m.  Please email your confirmation of this date.
Thank you,
Eleanor Mullen

**From:** VTO1@aol.com [mailto:VTO1@aol.com]
**Sent:** Monday, December 06, 2004 11:00 AM
**To:** Mullen, Eleanor M.
**Subject:** Re: Deposition

I will wait to hear from you to set a date.

Thursday, December 09, 2004 America Online: VTO1

*Exhibit 4*

Subj:     **Re: Deposition**
Date:     **12/9/2004 3:35:36 PM Eastern Standard Time**
From:     **VTO1**
To:       **Eleanor.Mullen@po.state.ct.us**

I can attend Monday, December 13th, however I do have reservations concerning the selection of the Court Reporting Service taking the deposition.  I would prefer one that I would have a say in selecting or the court. Also, I would prefer that the deposition is video recorded.

Please let me know your position on these issue at your earliest convenience.

Thursday, December 09, 2004 America Online: VTO1

*Exhibit 3*



RICHARD BLUMENTHAL
ATTORNEY GENERAL

Office of The Attorney General
**State of Connecticut**

55 Elm Street, Fourth Floor
Hartford, Connecticut 06106
Tel.: (860) 808-5340
Fax: (860) 808-6383
E-mail: Eleanor.Mullen@CTAG.STATE.CT.US

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

# Fax

To: Voreeka Olphant

From: Eleanor M. Mullen
Assistant Attorney General
Office of the Attorney General

Fax: 203-237-7515

Pages: 5

Re: Deposition for Dec. 13, 2004

Date: 12/8/04

☐ Urgent    ☐ For Review    ☐ Please Comment
☐ Please Reply    ☐ Please Recycle

• Comments: Please see Federal Signature of Deposition for Dec. 13, 2004 attached hereto.

NOTICE:    This telecopy transmission and any accompanying documents may contain confidential or privileged information. They are intended only for use by the individual or entity named on this transmission sheet. If you are not the intended recipient, you are not authorized to disclose, copy, distribute or use in any manner the contents of this information. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange retrieval of the faxed documents.

002/005
002/005

Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VORCELIA OLIPHANT,            :    CIVIL ACTION NO.
    *Plaintiff*              :    3:02CV0700 (PCD)
                             :
    v.                       :
                             :
STATE OF CONNECTICUT,        :
DEPARTMENT OF TRANSPORTATION,:
ET AL.                       :
    *Defendants*             :    DECEMBER 8, 2004

### FEDERAL RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, the defendant will take the deposition of Vorcelia Oliphant, before Brandon Reporting Service, Court Reporters on Friday, December 13, 2004 at 1 p.m., or such other day to which the proceedings may be continued until completed, at the Office of the Attorney General, 55 Elm Street, 1st Floor Conference Room A, Hartford, CT 06106.

The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court, including the applicable Federal Rules of Civil Procedure.

Vorcelia Oliphant is further ordered to bring any and all documents relating to plaintiff's allegation of retaliation for the filing of her appeal to the Second Circuit Court of Appeals on August 4, 2003, including the following:

1.    A copy of the Notice of Decision from the Disability Retirement Commission denying your request for disability retirement.

2.    A copy of the medical document submitted to the Court on September 20, 2004, at the Order to Show Cause Hearing.

3.    A list of the thirty members of the organization formed by plaintiff to address issues of lack of promotion of minorities at the Department of Transportation that forms the basis of plaintiff's First Amendment retaliation claim.

4.    A list of the officers of the organization known as Minorities in Action.

5.    Copies of all documents relating to the organization known as Minorities in Action, including agendas, minutes, attendance records of any and all meetings, and information survey forms distributed to Department of Transportation employees as well as individual case documents prepared by or on behalf of said organization.

6.    Copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the plaintiff for injuries incurred as a result of the incident(s) alleged in the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for the filing of an appeal to the Second Circuit Court of Appeals on August 4, 2003, including but not limited to, nurse's notes, charts, treatment summaries, physician's reports, bills or statements for prescription drugs or medicines, physician's services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses and any other bills, costs or expenses referred to in answer to any of these interrogatories.

7.    Fully executed medical records release authorizations, which were previously attached to the Federal Renotice of Deposition for December 3, 2004, for each health care provider from whom plaintiff has received medical treatment (physical, mental or otherwise) for the injuries alleged in the amended complaint, dated February 23, 2004, limited to the issue of retaliation for filing an appeal to the Second Circuit Court of Appeals on August 4, 2003, including any hospital, clinic, physician, nurse, or other medical practitioner.

2

8.    All documents that relate to any treatment, examination or consultation that Ms. Oliphant received in the past ten (10) years for any medical, psychiatric or psychological illness, disorder or condition from any hospital, clinic, physician, nurse or other medical provider practitioner.

9.    A copy of any statement made by any individual regarding the subject matter of the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for filing an appeal to the Second Circuit Court of Appeals on August 4, 2003 or concerning the actions of any party or witness thereto regarding the same (except privileged statements made by a party in confidence to his or her attorney).

10.    All documents, notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for the filing of an appeal to the Second Circuit Court of Appeals on August 4, 2003.

11.    All documents in the possession of plaintiff that relate to the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for the filing of an appeal to the Second Circuit Court of Appeals on August 4, 2003.

12.    The certified return receipt setting forth the signature of the "addressee" or person accepting receipt on September 21, 2004, at 6:18 a.m. for the item addressed to Eleanor Mullen, P.O. Box 120, 55 Elm St., Hartford, CT 06141-0120 and referred to as Exhibit 2A in Plaintiff's Reply To Defendants' Objection To Plaintiff's Motion To Alter and Amend Judgment and Reconsideration From Judgment and Relief, dated September 26, 2004.

3

DEFENDANTS,

STATE OF CONNECTICUT
DEPARTMENT OF TRANSPORTATION
ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _Eleanor May Mullen_

Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct022430
55 Elm Street - P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5383
Email: eleanor.mullen@po.state.ct.us

## CERTIFICATION

I hereby certify that the original of the foregoing was mailed by overnight express mail, this 8th day of December, 2004 to:

Vorcelia Oliphant
130 Cherry Ann Street, Unit 3
New Haven, CT  06514

_Eleanor May Mullen_

Eleanor May Mullen
Assistant Attorney General



RICHARD BLUMENTHAL
ATTORNEY GENERAL

Office of The Attorney General
## State of Connecticut

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

55 Elm Street, Fourth Floor
Hartford, Connecticut 06106
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-mail: Eleanor.Mullen@CTAG.STATE.CT.US

# Fax

**To:** *Vorcelia Olphant*

**From:** Eleanor M. Mullen
Assistant Attorney General
Office of the Attorney General

**Fax:** *203-237-7515*

**Pages:** *3*

**Re:** *Deposition for Dec. 13, 2004*

**Date:** *12/8/04*

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**
☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:** *Please see Federal Signature of Deposition for Dec. 13, 2004 attached hereto.*

**NOTICE:**   This telecopy transmission and any accompanying documents may contain confidential or privileged information. They are intended only for use by the individual or entity named on this transmission sheet. If you are not the intended recipient, you are not authorized to disclose, copy, distribute or use in any manner the contents of this information. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange retrieval of the faxed documents.

*Exhibit 1*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VORCELIA OLIPHANT,
*Plaintiff*

    v.

STATE OF CONNECTICUT,
DEPARTMENT OF TRANSPORTATION,
ET AL.
    *Defendants*

:    CIVIL ACTION NO.
:    3:02CV0700 (PCD)
:
:
:
:
:
:
:
:    DECEMBER 8, 2004

## FEDERAL RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, the defendant will take the deposition of Vorcelia Oliphant, before Brandon Reporting Service, Court Reporters on Friday, December 13, 2004 at 1 p.m., or such other day to which the proceedings may be continued until completed, at the Office of the Attorney General, 55 Elm Street, 1st Floor Conference Room A, Hartford, CT 06106.

The deposition is being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court, including the applicable Federal Rules of Civil Procedure.

Vorcelia Oliphant is further ordered to bring any and all documents relating to plaintiff's allegation of retaliation for the filing of her appeal to the Second Circuit Court of Appeals on August 4, 2003, including the following:

1.    A copy of the Notice of Decision from the Disability Retirement Commission denying your request for disability retirement.

2.    A copy of the medical document submitted to the Court on September 20, 2004, at the Order to Show Cause Hearing.

3.    A list of the thirty members of the organization formed by plaintiff to address issues of lack of promotion of minorities at the Department of Transportation that forms the basis of plaintiff's First Amendment retaliation claim.

4.    A list of the officers of the organization known as Minorities in Action.

5.    Copies of all documents relating to the organization known as Minorities in Action, including agendas, minutes, attendance records of any and all meetings, and information survey forms distributed to Department of Transportation employees as well as individual case documents prepared by or on behalf of said organization.

6.    Copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the plaintiff for injuries incurred as a result of the incident(s) alleged in the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for the filing of an appeal to the Second Circuit Court of Appeals on August 4, 2003, including but not limited to, nurse's notes, charts, treatment summaries, physician's reports, bills or statements for prescription drugs or medicines, physician's services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses and any other bills, costs or expenses referred to in answer to any of these interrogatories.

7.    Fully executed medical records release authorizations, which were previously attached to the Federal Renotice of Deposition for December 3, 2004, for each health care provider from whom plaintiff has received medical treatment (physical, mental or otherwise) for the injuries alleged in the amended complaint, dated February 23, 2004, limited to the issue of retaliation for filing an appeal to the Second Circuit Court of Appeals on August 4, 2003, including any hospital, clinic, physician, nurse, or other medical practitioner.

2

8.    All documents that relate to any treatment, examination or consultation that Ms. Oliphant received in the past ten (10) years for any medical, psychiatric or psychological illness, disorder or condition from any hospital, clinic, physician, nurse or other medical provider practitioner.

9.    A copy of any statement made by any individual regarding the subject matter of the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for filing an appeal to the Second Circuit Court of Appeals on August 4, 2003 or concerning the actions of any party or witness thereto regarding the same (except privileged statements made by a party in confidence to his or her attorney).

10.    All documents, notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for the filing of an appeal to the Second Circuit Court of Appeals on August 4, 2003.

11.    All documents in the possession of plaintiff that relate to the Amended Complaint, dated February 23, 2004, limited to the issue of retaliation for the filing of an appeal to the Second Circuit Court of Appeals on August 4, 2003.

12.    The certified return receipt setting forth the signature of the "addressee" or person accepting receipt on September 21, 2004, at 6:18 a.m. for the item addressed to Eleanor Mullen, P.O. Box 120, 55 Elm St., Hartford, CT 06141-0120 and referred to as Exhibit 2A in Plaintiff's Reply To Defendants' Objection To Plaintiff's Motion To Alter and Amend Judgment and Reconsideration From Judgment and Relief, dated September 26, 2004.

3

DEFENDANTS,

STATE OF CONNECTICUT
DEPARTMENT OF TRANSPORTATION
ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _Eleanor May Mullen_

Eleanor May Mullen
Assistant Attorney General
Federal Bar No.ct022430
55 Elm Street - P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5383
Email: eleanor.mullen@po.state.ct.us

## CERTIFICATION

I hereby certify that the original of the foregoing was mailed by overnight express mail, this 8th day of December, 2004 to:

Vorcelia Oliphant
130 Cherry Ann Street, Unit 3
New Haven, CT  06514

_Eleanor May Mullen_

Eleanor May Mullen
Assistant Attorney General

4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

VORCELIA OLIPHANT,

      Plaintiff,

vs.

James F. Byrnes, Commissioner, ET AL,

      Defendant

CIVIL NO. 3:02CV00700(PCD)

December 29, 2004

## MOTION FOR SANCTIONS AND RELIEF

Plaintiff pursuant to Federal Rule of Civil Procedure 30(d)(3), 30(d)(4), and 37

and 26, 27 7b, Local Rule 11, moves for a court order and relief from the defendants' bad

faith conduct and deceptive dilatory methods employed in these proceedings and

employed to depose the Plaintiff on December 13, 2004.

      Wherefore, Plaintiff urges the court for an order for sanctions and relief from the

bad faith conduct of the defendant's counsel as setforth in plaintiff memorandum of law

and affidavits attached.

Respectfully submitted:

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

Docket # 216

DOCKET No. 216
EXHIBIT D

## CERTIFICATION

I hereby certify that a copy of the foregoing MOTION FOR SANCTIONS AND

RELIEF was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure

on this 29 day of December 2004, first class postage prepaid to:

Eleanor May Mullen
Assistant Attorney General
55 Elm Street
P.O.Box 120
Hartford, CT 06141-0120

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203)237-7515

# UNITED STATES DISTRICT COURT

*[handwritten: Docket # 217 →]*
*[handwritten: Should be memorandum not correct on pacer]*

## DISTRICT OF CONNECTICUT

VORCELIA OLIPHANT,  *[handwritten: Shewn as (210)]*  | CIVIL NO. 3:02CV00700(PCD)
    Plaintiff,  *[handwritten: Affidavit on pacer]*
    vs.  | December 20, 2004
James F. Byrnes, Commissioner, ET. AL.
    Defendant

## PLAINTIFF'S MEMORANDUM OF LAW FOR MOTION FOR RELIEF

    Plaintiff pursuant to Federal Rule of Civil Procedure 30(d), 30(d)(4), and 37 and

26, 27 and local rule 11b moves for relief from the defendants' bad faith conduct and

deceptive dilatory methods employed in deposing the Plaintiff on December 13, 2004.

    On December 10, 2004, Plaintiff filed a motion for Limitation of Scope of

Deposition ( Docket No. 213). Plaintiff attended the deposition on December 13, 2004

pursuant to the Notice of Deposition. Though the court had issued no ruling and Pro Se

Plaintiff was not fully aware of how things were to proceed, she appeared for the

deposition so as not to be accused or sanctioned for failing to appear.

    Plaintiff's brother came to the deposition with her. The deposition was set up

with a camera that did not encompass the entire room as plaintiff desired and requested at

that time. Approximately 6 of the defendants were present and passed notes throughout

the deposition which was very distracting and distressing to the plaintiff.

Prior to the deposition the defendant's counsel stated that she was awaiting a call from

the Judge regarding Plaintiff's December 10, 2004 motion[1]. Not long after, the

defendant's counsel stepped-out of the room (she had done so about three times) to

---

[1] Page: 1
In light of Plaintiff's pending December 10, 2004 motion (Docket No. 213) there is no record with the Court
that counsel requested Leave of the Court to take plaintiff's deposition.

*[handwritten: DOCKET No. 217]*
*[handwritten: EXHIBIT E]*

allegedly take a phone call that she said was from Judge Dorsey. Next, Defendants' counsel went through plaintiff's requests in the motion and reported one-by-one that the judge had denied all of them and that the deposition was to go forth. Under this false representation of the Court, plaintiff proceeded with the deposition.

Counsel again left the room and while she was out of the room and the deposition was **not** in progress, Plaintiff's brother came to talk with her. Defendant's counsel returned and immediately barred plaintiff's brother from the room: He had not said or done anything to warrant this action. He talked to the Plaintiff during the brief break when the defendant's counsel had stepped out of the room.

On December 16, 2004 plaintiff was able to access the Court docket and understood that there was no such ruling made on her December 10, 2004 motion as the defendant's counsel had said. Plaintiff spoke with the clerk to learn that there was no comments recorded regarding a phone conversation or any exparte communication with the Defendant's counsel or anything else besides. See *Lasalle National Bank v. First Connecticut Holding Group,L.L.C. XXIII* (3rd cir., 287 f3d 279 April 24, 2002). Plaintiff is aware that this case is not 2nd circuit but it speaks to the issues of this matter regarding exparte communication with the Court. In addition, Defendants' counsel ended the deposition abruptly before plaintiff could object and she did not have opportunity to clarify any questions that were asked.

Plaintiff has had to contend with such deceptive bad faith conduct of the defendants' counsel throughout these proceedings. Plaintiff has demonstrated previously (Docket No. 21) how Defendant's counsel has disregarded the rules; files motions when she chooses; and now has in bad faith conducted plaintiff's deposition. Defendant's bad

faith conduct in these proceedings, as shown in previous motions, continues to prejudice the plaintiff. And without the Court's intervention, defendants' counsel will continue as she has, to practice her dilatory tactics.

Wherefore, plaintiff urges the court to grant an order to a) Strike plaintiff's deposition or not permit it to be used in court or as evidence. b) Sanction the attorney, c) impose whatever relief the Court deems fair.

Respectfully submitted:

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514

United States District Court
District of Connecticut
FILED AT _____

12/29 ____ 2004

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

VORCELIA OLIPHANT,
    Plaintiff,
    vs.
James F. Byrnes, Commissioner, ET. AL.
    Defendant

CIVIL NO. 3:02CV00700(PCD)

December 29, 2004

*[Handwritten note in left margin: Pacer shows docket #218 as this Affidavit listed as # 217 (memorandum on pacer is also different) As this document #217 shown on pacer as this Affidavit is incorrect]*

## PLAINTIFF'S AFFIDAVIT FOR MOTION FOR SANCTIONS AND RELIEF

I, Vorcelia Tanya Oliphant do affirm in accordance with the laws of the United States of American and Connecticut, under penalty of perjury and in accordance with 28 USC 1746, do state and affirm the following:

1. I am over 18 years of age and reside in the State of Connecticut.

2. The facts documented in the foregoing Motion for Relief and Memorandum of Law are true and accurate to the best of my knowledge.

3. But for Defendants deceptive conduct, Plaintiff would not have proceeded with the deposition without the court's ruling on her December 10, 2004 motion( Docket No.213). The motion was made to ensure that the deposition be conducted fairly and to monitor defendants conduct to for this purpose.

4. Plaintiff went forth based on the Defendant's attorney false statement that she had spoken with the judge and that he had denied plaintiff's motion( Docket No.213).

5. Plaintiff only learned on December 16, 2004 that no such exparte conversation with the Court occurred.

6. All aspects of the deposition was done in such a way as to harass the plaintiff.

*[Handwritten at bottom right:] Docket 217*
*EXHIBIT F*

a. Plaintiff was made to stand waiting in the Lobby for about 45 minutes prior to the deposition(There are no seats in the Lobby). After about twenty-five minutes after the Defendants went upstairs plaintiff phoned the Defendants' to know when she would be brought upstairs or provided a place to sit. She called a second time to leave her cell phone number for them to call her when they were ready for her to be brought upstairs.

b. Plaintiff's only support, her brother, was harassed by having him constantly move his seat. Each time he would move it to the satisfaction of the defendant's counsel who would minutes later make him move his seat again. Plaintiff brother would not have done anything to talk or communicate with the plaintiff when he was made to move his seat. Each time plaintiff's brother complied. The last incident occurred when he was placed at the opposite end of the room behind the door at the direction and to the satisfaction of the defendants' counsel. At a break plaintiff's brother came to talk with her and then he was made to leave the room.

c. During the deposition defendants of the case came and went throughout and passed notes, and made faces at the plaintiff during the deposition which was distressing and distracting to the plaintiff.

7. Plaintiff's deposition was conducted in bad faith under which the defendants deliberately misled the plaintiff to proceed in a deposition, which was taken under deceptive tactics, and in every aspect as to harass and intimidate the plaintiff.

Submitted by: _____

Vorcelia Oliphant
130 Cherry Ann Street, Unit #3
New Haven, CT 06514

**CERTIFICATION**

This is to certify that a copy of the foregoing

AFFIDAVIT IN SUPPORT MOTION FOR SANCTIONS AND RELIEF has

been mailed, US Postage prepaid, this 29 day of December

2004, in accordance to Rule 5(b) of the Federal Rules of

Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

BY: _____
    Vorcelia Oliphant
    130 Cherry Ann Street,# 3
    New Haven, CT 06514
    (203)237-7515

Vorcelia Oliphant
130 Cherry Ann Street, No. 3
New Haven, CT 06514
(203)237-7515

December 29, 2004

Clerk of the Court
141 Court Street
New Haven, CT 06501

RE:  Refiling Motion filed on December 21, 2004 docket no. 3:02CV0700(PCD)

Dear Clerk of the Court:

Attached is plaintiff's motion I filed on December 21, 2004.  I believe it was returned because it may appeared not to be in compliance with Judge Dorsey's Supplemental Order on Filing.  I have corrected this and am filing this in accordance with Judge Dorsey's Supplemental Order 1(g) and Local Rule 11.

Thank you.

Sincerely yours,

Vorcelia Oliphant
Pro Se Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Vorcelia Oliphant,               :     CIVIL No. 3:04CV00274 (PCD)
    PLAINTIFF                    :

VS.                              :

STATE OF CONNECTICUT            :
DEPARTMENT OF TRANSPORTAT-      :     DATE:   December 16, 2004
ION, ET. AL.,                   :
    DEFENDANTS                  :

ANTHONY OLIPHANT DECLARATION OF FACTS ON DEPOSITION

CONDUCTED ON DECEMBER 13TH, 2004

I, Anthony W. Oliphant, being dully self-deposed hereby
state the following facts under the penalty of perjury:

1.)  I am the party identified in the above referenced title
and caption in this matter.

2.)  I have personal knowledge of the events occurring on
Decemebr 13,2004, at 55 Elm Street, Hartford, CT. 06106, involving
assistant attorney general:  Eleanor M. Mullen.

3.)  I am over eighteen (18) years of age and believe in
the obligation of an oath.

4.)  On approximately December 13,2004, I accompanied my
sister, Plaintiff: Vorcelia T. Oliphant, to her scheduled deposit-
ion in the above-entitled action at 55 Elm Street, Hartford, CT.

5.)  We  (I and Plaintiff) had arrived at about fifteen (15)

1

Docket 221
Exhibit G

minutes before 1:00 pm. , as the deposition was scheduled for.
Only to be,wrongfully, not met by AAG-Mullen staff until about
1:40 pm. inorder to be accompanied up to the deposition area.

6.) Upon reaching the area scheduled for the deposition, I
was surprised by the amount of people already in the area that had
total about seven (7) people, not including myself or plaintiff,
consisting of: AAG-Mullen, video-man, court-stenographer, and
four (4) other un-identified parties not introduced or mentioned.

7.) Before the deposition had begun, I was inappropriately
told by AAG-Mullen that I would have to move my seat away from
plaintiff, for no obvious reason.  Which I did as ordered.

8.) Upon the deposition being started I would not speak or
do anything that could be interpreted as being distracting.

9.) Within one (1) hour AAG-Mullen had requested over three
(3) breaks in the deposition and at each break AAG-Mullen would
again ask me to move my seat, again, for no obvious reason.  Also
with AAG-Mullen alleging to plaintiff that she had spoken to the
court and had gotten a ruling on the plaintiff's pending motion
for a protective-order, involving the questions at deposition as
I believe, with everything being in favor of AAG-Mullen during the
third (3rd) break in the depositions conducted this day (12/13/04).

10.) At about 2:40 pm., again, AAG-Mullen requested another
break in the deposition.  Which upon AAG-Mullen returning back in
the room, I was immediately told by AAG-Mullen that I would have to

2

leave the deposition and the building.  Which, again, was for no obvious reasons why I should have to leave the deposition being conducted (12/13/04) then?  With this being communicated to me in a nasty and very un-professional tone of voice, by AAG-Mullen.

11.)  I did as ordered of me by AAG-Mullen, dispite myself having done nothing wrong, and departed the facility as mandated.


Wherefore, I the undersigned hereby state that the foregoing is both true and correct, under penalty of perjury, under the laws of the state of Connecticut and the United States of America  as is now being executed on this 16th day of December, 2004, pursuant 28 U.S.C. §1746, for a valid declaration of facts,

BY: _Anthony W. Oliphant_____

     Anthony W. Oliphant, Witness
     130 Cherry Ann Street,#3
     Hamden, CT. 06514
     (203)809-0464

3

## CERTIFICATION

This is to certify that a copy of the foregoing

AFFIDAVIT IN SUPPORT MOTION FOR RELIEF has been mailed, US

Postage prepaid, this 21day of December 2004, in accordance

to Rule 5(b) of the Federal Rules of Civil Procedure to:

Eleanor M. Mullen
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

BY: _____
    Vorcelia Oliphant
    130 Cherry Ann Street,# 3
    New Haven, CT 06514
    (203)237-7515

stenographer, at her own cost, to attend the deposition. Plaintiff's failure to do so in no way

imposes an obligation upon this court to intervene.

Lastly, Plaintiff requests that the court order the deposition to be conducted by video[6] *or*

monitored by a court appointed officer.[7] This issue is moot, as this Court was informed that

Defendants arranged, at their own cost, for both a stenographer and videographer to record the

deposition. This Court notes, however, that Defendants' provision of the videographer, at no

cost to Plaintiff, and while under no legal obligation to do so, undermines Plaintiff's claim that

Defendants are attempting to harass her.

For the foregoing reasons, Plaintiff's motion is denied.

------------------------------

[6]Subsequent to this Court's oral notification of its resolution of the merits of the present motion, Plaintiff informed this Court that she had requested that the video recording encompass all of the persons in the room, not just the person being deposed. Plaintiff's motion, however, may not be reasonably interpreted to include such a request, as her request appears in paragraphs expressing concern about the potential bias of the stenographer who had worked previously with Defendants' counsel and about Defendants' adherence to the Federal Rules of Civil Procedure without harassing her. Even assuming, however, that Plaintiff's motion included such a request, it nevertheless would be without merit. The video recording of the deponent addresses both concerns raised by Plaintiff. Assuming, for the sake of argument, that the stenographer was biased, the video recording of the deposition could be used to dispute any alleged errors in the stenographer's transcription. Likewise, the video recording, even if focused only on the deponent, would capture the audio of the entire room.

[7]Subsequent to this Court's oral notification of its resolution of the merits of the present motion, Plaintiff informed this Court that she has requested both that the deposition be conducted by video *and* that a court appointed officer monitor the deposition. This Court's oral decision, however, was limited to the language contained in Plaintiff's motion. This court considered Plaintiff's request that the court order the deposition to be conducted by video *or* monitored by a court appointed officer as "an inclusive 'or,'" which may be interpreted as one or the other or both ("at least one"). As a result, this Court determined that a decision regarding Plaintiff's request for a court appointed officer to attend the deposition need not be resolved as Defendants informed the Court that they had arranged for the deposition to be video recorded. Accordingly, this decision does not address the merits of Plaintiff's request for a court appointed officer.

Appellant, pro se, moves to withdraw her appeal without prejudice. Upon due consideration, it is hereby ORDERED that the motion is DENIED and the appeal is DISMISSED for Appellant's failure to comply with the revised Scheduling Order, which required that her brief be filed no later than June 15, 2007, and ordered that no further extensions would be granted.

(Copy attached for convenience of the Court)

The Second Circuit Court of Appeals' dismissal of the pro se plaintiff-appellant's appeal makes the District Court's Summary Judgment ruling a Final Order. Wherefore, pursuant to the provisions of Rule 54(d) of the Federal Rules of Civil Procedure, and Rule 54(a) of the Local Rules of Civil Procedure, the defendants, who are the prevailing party in the above-captioned case, respectfully requests that

a.   The court assess costs in this action in the amount of $1,631.70 consistent with the Bill of Costs and Certification attached to this motion as Exhibits A and B.

The actual amounts paid have, in applicable situations, been reduced to reflect the maximum allowable transcript rate, $4.13 per page, pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures" and to omit any charges for shipping and handling.

*Docket 325*

*Exhibit I*

2