UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VORCELIA OLIPHANT,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:02-cv-700 (PCD) |
| | : |
| STATE OF CONNECTICUT, DEPARTMENT<br>OF TRANSPORTATION, ET AL.,<br>　　　　Defendants. | :<br>:<br>: |

## RULING ON DEFENDANTS' BILL OF COSTS

Judgment entered for Defendants in this matter on October 27, 2006, and, after multiple appeals pursued by Plaintiff and denied by the Second Circuit, Defendants may be considered prevailing parties entitled to costs. Defendants filed a Bill of Costs on November 2, 2007, after which Plaintiff filed an opposition and Defendants filed a further reply. After another appeal by Plaintiff to the Second Circuit and another order dismissing the appeal, Defendants filed a renewed Bill of Costs on April 8, 2008. For the reasons that follow, Defendants' Renewed Bill of Costs [Doc. No. 334] is **granted**.

Defendants seek $157.95 in fees to the Court Reporter for the December 3, 2004 deposition of Ms. Oliphant and $768.75 in fees to the Court Reporter for her December 13, 2004 deposition. Defendants' claim of $157.95 is allowed. It is not clear, however, on what Defendants base their claim for $768.75. The invoice for the December 13th Court Reporter lists $651.75 in costs for the original transcript plus one copy[1] and a $150 night appearance at 5pm fee, which brings the invoice total to $801.75. Defendants are entitled to recover the entire cost of the December 13th Court Reporter fees, so the full $801.75 is allowed.

---

[1] Although the invoice actually describes the cost as "original and two" copies, Defendants assert that this is an inexplicable typographical error by the reporting service, as only the original and one copy were ordered and received by the parties.

Defendants also request $705.00 in fees to the videographer from Ms. Oliphant's December 13th deposition. Plaintiff objects to Defendants' request for costs for the videotaping on the grounds that Defendants used the videographer for vexatious purposes. However, other than Plaintiff's conclusory allegations, there is no showing that Defendants ordered the videotaping of the depositions solely to harass or otherwise inconvenience Plaintiff. Videotaping depositions is relatively standard procedure in federal court litigation at this point, and nothing in the Local Rules precludes a defendant from recouping its costs for the presence of a videographer. See Fairbrother v. State of Conn., No. 3:01cv162 (PCD), Doc. No. 133 (allowing costs for a deposition videographer). In her opposition papers, Plaintiff also cites the Court's ruling denying her motion to limit the scope of her deposition, which noted that the Defendants arranged for the videographer to record the deposition at their own cost. (See Doc. No. 214, Dec. 23, 2004.) Although the Defendants agreed to cover the costs of the videographer at the time and the Court recognized this agreement as further evidence that Defendants were not trying to harass Plaintiff by rescheduling her deposition, Defendants are still entitled to seek recovery of costs for the videographer now that they have received a Final Order of judgment in their favor in this case. See Local Rule 54 (allowing costs to the prevailing party).

Plaintiff also contends that the price of $4.13 per page for transcripts as quoted by Defendants is an expedited rate in accordance with Local Rule 54(c) and is therefore not warranted in this instance. While Plaintiff is correct that Local Rule 54(c) does not permit parties to be reimbursed for expedited transcript rates, the rate of $4.13 per page for an original and one copy of a deposition transcript is considered the maximum acceptable rate under the Local Rules. See Fairbrother v. State of Conn., No. 3:01cv162 (PCD), Doc. No. 133 (allowing costs for transcripts at the rate of $4.13 per page).

Plaintiff's opposition to Defendants' Renewed Bill of Costs is therefore without merit. Accordingly, Defendants' bill of costs is allowed as follows:

Court Reporter Fees, December 3, 2004: $157.95
Court Reporter Fees, December 13, 2004: $801.75
Videographer Fees, December 13, 2004: $705.00

Total Fees: $1664.70

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 23rd day of June, 2008

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court